IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

         Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

         Defendants.

NO. C01-1351 TEH

CLASS ACTION

<u>ORDER APPOINTING RECEIVER</u>

On October 3, 2005, this Court issued its written Findings of Fact and Conclusions of Law in support of its June 30, 2005 decision to establish a Receivership to take control of the delivery of medical services to California state prisoners confined by the California Department of Corrections and Rehabilitation ("CDCR").[1] In its written ruling, the Court explained that it was undertaking a national search to find a Receiver with the leadership ability, experience, and vision to take on the monumental and critical task of bringing the

---

[1] As the October 3, 2005 ruling notes, Pelican Bay State Prison is exempted from this action and instead falls under this Court's jurisdiction in the separate case of *Madrid v. Woodford*, C90-3094 TEH.

1 level of medical care provided to California's 166,000 inmates up to federal constitutional
2 standards. Having undergone a thorough and successful search process, the Court HEREBY
3 APPOINTS Mr. Robert Sillen to serve as the Receiver in this case, at the pleasure of the
4 Court, effective Monday, April 17, 2006. A copy of the Receiver's curriculum vitae is
5 attached to this Order.

6 In furtherance of the Receivership, the Court sets forth the Receiver's duties and
7 powers as follows:

9 I. DUTIES OF THE RECEIVER
10     A. Executive Management

11 The Receiver shall provide leadership and executive management of the California
12 prison medical health care delivery system with the goals of restructuring day-to-day
13 operations and developing, implementing, and validating a new, sustainable system that
14 provides constitutionally adequate medical care to all class members as soon as practicable.
15 To this end, the Receiver shall have the duty to control, oversee, supervise, and direct all
16 administrative, personnel, financial, accounting, contractual, legal, and other operational
17 functions of the medical delivery component of the CDCR.

19     B. Plan of Action

20 The Receiver shall, within 180 - 210 calendar days of the effective date of
21 appointment, develop a detailed Plan of Action designed to effectuate the restructuring and
22 development of a constitutionally adequate medical health care delivery system. This Plan
23 shall include recommendations to the Court of which provisions of the (1) June 13, 2002
24 Stipulation for Injunctive Relief, and (2) September 17, 2004 Stipulated Order re Quality of
25 Patient Care and Staffing Order and Injunction (and/or policies or procedures required
26 thereby), should be carried forward and which, if any, should be modified or discontinued
27 due to changed circumstances. The Plan of Action shall also include a proposed time line for
28

2

all actions and a set of metrics by which to evaluate the Receiver's progress and success. The Receiver shall update and/or modify this Plan as necessary throughout the Receivership.

Pending development of the Plan of Action, the Receiver shall undertake immediate and/or short term measures designed to improve medical care and begin the process of restructuring and development of a constitutionally adequate medical health care delivery system.

### C. Budgeting and Accounting

The Receiver shall determine the annual CDCR medical health care budgets consistent with his duties and implement an accounting system that meets professional standards. The Receiver shall develop a system for periodically reporting on the status of the CDCR's medical health care budget and shall establish relations with the California Office of Inspector General to ensure the transparency and accountability of budget operations.

### D. Reporting

The Receiver shall provide the Court with bimonthly progress reports. These reports shall address: (a) all tasks and metrics contained in the Plan and subsequent reports, with degree of completion and date of anticipated completion for each task and metric, (b) particular problems being faced by the Receiver, including any specific obstacles presented by institutions or individuals, (c) particular successes achieved by the Receiver, (d) an accounting of expenditures for the relevant period, and (e) all other matters deemed appropriate for judicial review.

The Receiver shall meet with the Court on a bimonthly basis shortly following the issuance of each report and shall remain in contact with the Court throughout the Receivership on an informal, as needed, basis.

## II. POWERS AND AUTHORITY OF THE RECEIVER

3

The Receiver shall have all powers necessary to fulfill the above duties under this Order, including, but not limited to:

A. General Powers

The Receiver shall exercise all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation, and financing of the California prison medical health care system. The Secretary's exercise of the above powers is suspended for the duration of the Receivership; it is expected, however, that the Secretary shall work closely with the Receiver to facilitate the accomplishment of his duties under this Order.

B. Personnel

The Receiver shall have the power to hire, fire, suspend, supervise, promote, transfer, discipline, and take all other personnel actions regarding CDCR employees or contract employees who perform services related to the delivery of medical health care to class members. The Receiver shall have the power to establish personnel policies and to create, abolish, or transfer positions related to the delivery of medical health care to class members. The Receiver also shall be empowered to negotiate new contracts and to renegotiate existing contracts, including contracts with labor unions, in the event that such action is necessary for the Receiver to fulfill his duties under this Order.

C. Property

The Receiver shall have the power to acquire, dispose of, modernize, repair, and lease property, equipment, and other tangible goods as necessary to carry out his duties under this Order, including but not limited to information technology and tele-medicine technology.

D. Governing State Laws, Regulations, and Contracts

4

The Receiver shall make all reasonable efforts to exercise his powers, as described in this Order, in a manner consistent with California state laws, regulations, and contracts, including labor contracts.  In the event, however, that the Receiver finds that a state law, regulation, contract, or other state action or inaction is clearly preventing the Receiver from developing or implementing a constitutionally adequate medical health care system, or otherwise clearly preventing the Receiver from carrying out his duties as set forth in this Order, and that other alternatives are inadequate, the Receiver shall request the Court to waive the state or contractual requirement that is causing the impediment.  Upon receipt of any such request, the Court shall determine the appropriate procedures for addressing such request on a case-by-case basis.

### E. Access

The Receiver shall have unlimited access to all records and files (paper or electronic) maintained by the CDCR, including but not limited to all institutional, personnel, financial, and prisoner records, as deemed necessary by the Receiver to carry out his duties under this Order.

The Receiver shall have unlimited access to all CDCR facilities, as deemed necessary by the Receiver, to carry out his duties under this Order.  Ordinarily, the Receiver shall attempt to provide reasonable notice when scheduling such visits, but this shall not preclude the Receiver from making unannounced visits to facilities or offices as the Receiver deems necessary to carry out his duties under this Order.

The Receiver shall have unlimited access to prisoners and to line and managerial staff, including the authority to conduct confidential interviews with staff and prisoners.

### F. Immunity and Indemnification

The Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court.

Additionally, Defendants shall indemnify the Receiver and members of his staff to the same extent as Defendants are obligated to indemnify the Secretary of the CDCR.

III. <u>OFFICE OF THE RECEIVER</u>

A. The Receiver shall be paid a reasonable compensation for his services in an amount to be approved by this Court.

B. The Receiver shall establish an Office of the Receiver in a location to be determined in consultation with the Court, with staffing necessary to fully carry out his duties as set forth in this Order. Upon approval from the Court, the Receiver shall set reasonable compensation and terms of service for each member of his staff, (including employees and/or consultants) and shall be authorized to enter into contracts with the employees or consultants of the Office.

C. Because time is of the essence, and in order to begin operations immediately, Defendants shall, within 30 days of the date of this Order, establish an initial operating fund with the Court in the amount of $750,000. The Receiver shall submit monthly requests for payment from this fund to the Court. Further funds for the Office of the Receiver shall be deposited to the Receiver's Office Fund Account set forth in paragraph F below.

D. Throughout the Receivership, the Receiver shall submit to the Court a monthly accounting of all receipts and expenditures of the Office of the Receiver and shall arrange for an independent financial audit of the Receiver's Office Fund Account on an annual basis.

E. Within 45 calendar days from the date of effective appointment, the Receiver shall establish an interest-bearing account, with respect to which he shall be the signatory and fiduciary. This account shall be designated as the Receiver's Office Fund Account and shall be maintained solely for the reasonable and necessary expenses associated with the operation of the Office of the Receiver, including but not limited to salaries, consulting fees, and the

costs of supplies, equipment, office space, transportation,[2] and the like. The Receiver shall arrange with Defendants a system for regularly replenishing the Receiver's Office Fund Account.

F. Within 75 calendar days of the date of effective appointment, the Receiver shall establish a budget for the Office of the Receiver's first year of operation. The Receiver shall also establish a budget for the Office of Receiver for each subsequent year of operation, with each such budget due 90 days in advance of each budget year.

IV. COSTS

All costs incurred in the implementation of the policies, plans, and decisions of the Receiver relating to the fulfillment of his duties under this Order shall be borne by Defendants. Defendants shall also bear all costs of establishing and maintaining the Office of Receiver, including the compensation of the Receiver and his staff.

V. LENGTH OF RECEIVERSHIP

The Receivership shall remain in place no longer than the conditions which justify it make necessary, and shall cease as soon as the Court is satisfied, and so finds in consultation with the Receiver, that Defendants have the will, capacity, and leadership to maintain a system of providing constitutionally adequate medical health care services to class members. The Court expects that as the Receivership progresses, the Receiver will attempt to engage Defendants in assuming responsibility over portions of the system that are within Defendants' demonstrated ability to perform, so that the ultimate transfer of power back to the State will be transitional.

---

[2] When engaged in travel, the Receiver and his staff shall use their best efforts to contain direct expenses in a cost-effective fashion. For example, when engaged in necessary travel, the Receiver and his staff shall, when possible, utilize advanced-purchase economy airfares and reasonably priced accommodations.

7

1    Prior to the cessation of the Receivership, the Receiver shall develop a Plan for Post-
2 Receivership Governance of the system, which shall include consideration of its structure,
3 funding, and governmental responsibility for its long-term operation.  The Receiver shall
4 present this plan to the Court for approval and adoption as an order.

## VI. COOPERATION

A.  All Defendants, and all agents, or persons within the employ, of any Defendant in this action (including contract employees), and all persons in concert and participation with them, and all counsel in this action, shall *fully* cooperate with the Receiver in the discharge of his duties under this Order, and shall promptly respond to all inquiries and requests related to compliance with the Court's orders in this case.  Any such person who interferes with the Receiver's access, as set forth in section II.E., or otherwise thwarts or delays the Receiver's performance of his duties under this Order, shall be subject to contempt proceedings before this Court.

B.  Counsel for Defendants shall ensure that the following state agencies are given prompt notice of the substance of this paragraph: the Department of Personnel Administration, the Department of Finance, the Department of General Services, the State Personnel Board, and any other state agencies that Defendants deem should be notified. Defendants shall notify the Court in writing of their compliance with this paragraph within 30 days of the date of this Order.

C.  The Secretary of the CDCR shall ensure that all of the CDCR's employees and agents (including contract employees) are given prompt notice of the substance of this paragraph.  Defendants shall notify the Court in writing of their compliance with this paragraph within 30 days of the date of this Order.

## VII. ADVISORY BOARD

The Court, in consultation with the Receiver, shall appoint an Advisory Board of no more than five members to assist and advise the Court and the Receiver with respect to achieving the goals of the Receivership.

## VIII. MODIFICATION

Given that this Receivership is unprecedented in scope and dimension, this Court finds that flexibility will be an important element in ensuring its effectiveness. Accordingly, this Order may be modified as necessary from time to time to assure the success of this Receivership and the eventual return of the operation of the CDCR's medical health care delivery system to the State of California.

**IT IS SO ORDERED.**

Dated: February 14, 2006

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE