IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

        Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.

NO. C01-1351 TEH

CLASS ACTION

ORDER

       The Court is in receipt of the Receiver's Supplemental Application No.1 seeking (1) an Order Waiving State Contracting Statutes, Regulations, and Procedures, and Approving Receiver's Substitute Procedure Bidding for Award of Contracts, and (2) an Order Approving *Nunc Pro Tunc* ACNL Supervisory Nurse Training Contract (hereafter "Supplemental Contract Waiver Application No. 1"). Defendants have filed a Statement of Non-Opposition and represent that the "pertinent state agencies that report to the Governor (Defendants), do not oppose the Receiver's [Supplemental Contract Waiver Application No.1]." *See* Defs.' Statement at 2. Plaintiffs have filed a response which similarly states that they "do not oppose any aspect of the Receiver's motion" but request that the Receiver provide them with certain information. *See* Pls.' Response at 2, 3. In his reply, the Receiver agrees to provide the requested information. The Court addresses both aspects of the Receiver's Application below.

## I. SUPPLEMENTAL APPLICATION NO. 1 FOR ORDER WAIVING STATE CONTRACTING STATUTES, REGULATIONS, AND PROCEDURES, AND APPROVING RECEIVER'S SUBSTITUTE PROCEDURE FOR BIDDING AND AWARD OF CONTRACTS

In April 2007, the Receiver filed a Master Application for a Waiver of State Contracting Law with respect to 13 projects in the following six areas: (1) Medical Records and Management of Patient Care, (2) Clinical Space, (3) Recruitment and Staff Accountability, (4) Emergency Response, (5) Fiscal Management, and (6) Pharmacy. He filed the Application pursuant to this Court's February 14, 2006 Order Appointing Receiver ("OAR"). The OAR directs the Receiver to make all reasonable efforts to exercise his powers in a manner consistent with California state laws but permits the Receiver to request a waiver of state law in the event such waiver becomes necessary and other alternatives are inadequate:

> In the event, however, that the Receiver finds that a state law, regulation, contract, or other state action or inaction is clearly preventing the Receiver from developing or implementing a constitutionally adequate medical health care system, or otherwise clearly preventing the Receiver from carrying out his duties as set forth in this Order, and that other alternatives are inadequate, the Receiver shall request the Court to waive the state or contractual requirement that is causing the impediment.

Feb. 14, 2006 Order at § II(D).

After reviewing the record, the Court found, and the parties did not dispute, that requiring full compliance with the State's extensive web of contracting laws and procedures would "effectively stymie the Receiver's efforts to implement the projects identified in his Application in a timely manner." *See* June 4, 2007 Order at 3. The Court further concluded that the requirements for a waiver were satisfied and that the Receiver's Application should therefore be granted:

> In short, the Court concludes that the lengthy and cumbersome State contracting process, combined with State inaction, is clearly preventing the Receiver from implementing the 13 projects identified in his Application in a timely manner, and thus, timely addressing the crisis in the delivery of medical care. Nor has any party offered any alternative to the requested waiver to achieve a constitutional remedy in this instance. It thus appears that, absent a

> waiver, the Receiver would ultimately be "constrained by the very burdens that have impeded the State in dealing with the undisputed challenges in the prison health care system." *See* Application at 9. It would indeed be a hollow gesture to appoint a Receiver only to let him become entangled in the same bureaucratic quagmire that has thwarted prior efforts to provide constitutional medical care. As such, the Court concludes that the instant request for a waiver has merit.

*Id.* 4-5.

The Court also affirmed, however, that the fundamental purposes underlying State contracting law – preventing fraud and corruption, ensuring transparency and procedural fairness, and protecting the public interest – should be preserved as much as possible. *Id*. at 5. The Court thus approved, with some modifications, the Receiver's proposal to impose three alternative contracting procedures in lieu of State law procedures.("The Court agrees that alternative procedures should be utilized in order to preserve the purposes of the State's contracting laws to the extent possible without unduly compromising the Receiver's need to act in a timely and effective manner given the on-going crisis in the delivery of medical care in California's state prisons.") *Id*. The three alternative procedures consist of (1) an expedited formal bidding procedure, (2) an urgent informal bidding procedure, and (3) a sole source bidding procedure. *Id*. at 6-8.

The Receiver now seeks a supplemental order (1) waiving the governing State contracting laws and regulations, and (2) substituting the above alternative procedures, with respect to five additional projects in the areas of (a) radiology services, (b) clinical laboratory services, (c) nursing leadership development, (d) physician credentialing, and (e) medical specialty services. The specific projects and anticipated contracts are described in the Receiver's Supplemental Contract Waiver Application No. 1 at pages 6-14 and will not be repeated here.

Having reviewed the record herein the Court agrees, and the parties do not dispute, that the above projects are "critical to the systemic changes necessary to achieve constitutional medical care in the State's prisons," *id.* at 15, and that without the requested waiver the Receiver would be prevented from achieving this goal in a timely fashion. Further, no party has identified any alternative to the requested waiver that would achieve a

3

constitutional remedy in this instance. Indeed, the State's inaction has necessitated this waiver. *See* June 4, 2007 Order at 3-4 (describing State's inaction with respect to contracting issues and the fact that the State has instead "'consistently recommended that the Receiver 'get an order from the Federal Court' to waive State law'") (citation omitted). As such, the Court is satisfied that the Receiver's Supplemental Contract Waiver Application No. 1 has merit and should be granted with respect to the five projects identified therein.

II. RECEIVER'S SUPPLEMENTAL APPLICATION NO.1 SEEKING AN ORDER APPROVING *NUNC PRO TUNC* ACNL SUPERVISORY NURSE TRAINING CONTRACT

In 2006, the California Department of Corrections and Rehabilitation ("CDCR"), through its Division of Correctional Health Care Services, engaged in an informal competitive process to obtain supervisory nurse training. Specifically, the CDCR solicited bids from three top California leadership training providers: Cal State Extension, Cross Country Nursing, and the Association of California Nurse Leaders ("ACNL"). Hagar Dec. ¶ 31. CDCR subsequently arranged for ACNL to provide four 3-day training sessions to nurse supervisors within the CDCR. In yet another example of its administrative dysfunction, however, the CDCR never executed a formal contract with ACNL and did not notify the Receiver of the informal arrangement when it was entered into in November 2006. *Id*. ¶ 29.

After ACNL had completed two of the four training sessions it refused to complete the remaining sessions without a formal contract. *Id* at 29. The Receiver concluded that the training "on a programmatic basis, was beneficial and necessary for CDCR nursing":

> An informal survey during the training session showed that approximately three-quarters of the nurses attending had never received any prior nurse leadership training. These nurses would have remained entirely without training had not ACNL – one of the top nurse leadership training organizations in the state – provided the necessary training.

*Id*. Further, without the final two training sessions, approximately half of the nursing supervisors within the CDCR would have been left untrained. *Id*. ¶ 30. Accordingly, the

1 Receiver entered into a contract with ACNL on an emergency basis so that the remaining two
2 training sessions could be concluded on a timely basis and to avoid the probability that
3 ACNL would otherwise refuse to offer its services to the CDCR or the Receiver in the future.
4 *Id.* "This would have been detrimental to the State since ACNL is among the leading nurse
5 leadership training organization[s] in the State, and nursing leadership is critical to reform of
6 the prison medical system." *Id.*

7 Under these unusual circumstances, and in light of the entire record herein, the Court
8 concludes that a retroactive waiver is appropriate with respect to the ACNL contract
9 described above. *See* Hagar Dec. ¶ 29 and Ex. 1. Accordingly, the Court grants the
10 Receiver's unopposed request to approve the ACNL Supervisory Nurse Training Contract
11 *nunc pro tunc.*

### III. CONCLUSION

In light of all of the above, and good cause appearing, the Court HEREBY ORDERS as follows:

1. The Receiver's Supplemental Contract Waiver Application No. 1 is granted.

2. .The following state codes and laws shall be waived with respect to the five projects identified in the Supplemental Contract Waiver Application No. 1. In the event the Receiver needs to seek a waiver for any project not identified in this Supplemental Contract Waiver Application No. 1, a separate waiver request shall be required.

Government Code ("Gov't Code") §§ 14825 – 14828 and State Contracting Manual ("SCM") §§ 5.10A, 5.75, 5.80 (governing advertisement of State contracts).

Public Contracts Code ("PCC") §§ 10290 – 10295, 10297, 10333, 10335, 10351, 10420 – 10425; Gov't Code § 14616; SCM §§ 4.00 – 4.11; (governing approval of contracts by Department of General Services ("DGS") and exemption from and consequences for failure to obtain DGS approval). PCC §§ 10308, 10309, 10314; SCM vol. 2, State Administrative Manual ("SAM") §§ 3500 – 3696.3 (governing procurement of goods).

PCC §§ 6106, 10109 – 10126, 10129, 10140, 10141, 10180 – 10185, 10220, 10301 – 10306, 10340 – 10345, 10351, 10367, 10369; Gov't Code §§ 4525 – 4529.20, 4530-4535.3, 7070-7086, 7105-7118, 14835-14837; and Mil. & Veterans Code §§ 999-999.13; 2 CCR §§ 1195 – 1195.6; SCM §§ 5.00 – 6.40 and Management Memo ("MM") 03-10 (governing competitive bidding, required language in bid packages, Non-Competitive Bid ("NCB") procedures, preferential selection criteria, contractor evaluations and notice, contract award and protest procedures for service, consulting service, construction project management and public works contracts).

PCC §§ 10314, 10346 (progress payment limitations).

Gov't Code § 13332.09 and MM 06-03 (governing vehicle purchases).

PCC §§ 12100 – 12113, 12120 – 12121, 12125 – 12128; SCM vol. 3; SAM §§ 4800 – 4989.3, 5200 – 5291 (governing procurement of IT, telecommunication and data processing goods and services and applicable alternate protest procedures).

Gov't Code §§ 13332.10, 14660, 14669, 15853 (governing acquisition and leasing of real property).

Gov't Code §§ 13332.19, 15815 (governing plans, specifications and procedures for major capital projects).

PCC §§ 10365.5, 10371; SCM § 3.02.4 (governing restrictions on and approval for multiple contracts with same contractor).

3. The Receiver shall follow the alternative, streamlined contracting procedures set forth in detail in this Court's June 4, 2007 Order for the five projects described in this Supplemental Contract Waiver Application No. 1.

4. Pursuant to the June 4, 2007 Order, the Receiver shall publish the relevant provisions requiring contractor certifications of compliance on his website and include a single representation in the contracts he awards to the effect that the contractor has read, and attests that he/she/it is in compliance with, the required provisions. *See* June 4, 2007 Order,

6

n.2 at 5-6.

5. Consistent with this Court's June 4, 2007 Order, the Receiver's quarterly progress reports shall contain a summary that (1) specifies each contract the Receiver has awarded during the quarter, (2) provides a brief description of each such contract, (3) identifies to which of the five categories of projects such contract pertains, and (4) identifies the method the Receiver utilized to award the contract (*i.e.,* expedited formal bid, urgent informal bid, sole source).

6. The Receiver shall, within 30 days of receipt, provide the parties with copies of the assessments, critiques, designs, and road maps provided by the respective contractors in phase one of the radiology services and clinical laboratory services projects. *See* Receiver's Supplemental Contract Waiver Application at 3-4, 5-6.  Further, once the Receiver has engaged any medical administrative services organization to provide local administrative support for the coordination of specialty services, *see id.* at 9*,* he shall, within 10 days of such engagement, notify the parties of the prison or prisons chosen for the "pilot" of this project.

7. The Receiver's contract with the Association of California Nurse Leaders to provide supervisory nurse training, *see* Hagar Dec. ¶ 28, Ex. 1, is hereby approved *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated:     8/13/07

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE