IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. C01-1351 TEH

CLASS ACTION

<u>ORDER ADOPTING AUGUST 20, 2007 STIPULATION BETWEEN RECEIVER AND STATE PERSONNEL BOARD</u>

    In April 2007, the Receiver filed a Motion for Waiver of State Law Re Receiver Career Executive Assignments to address the severe void in qualified health care executive level managers within the California Department of Corrections and Rehabilitation ("CDCR"). Defendants filed a Statement of Non-Opposition. Plaintiffs' response did not oppose in principal the Receiver's proposal to create Receiver Career Executive Assignments ("RCEAs") but argued that additional information should be provided. The State Personnel Board ("SPB") which is not a party, but was invited to submit a response in the capacity of amicus curiae, raised concerns regarding the constitutionality of the Receiver's proposal. The Receiver subsequently filed a reply to the responses of the SPB and Plaintiffs. In his papers, the Receiver emphasized that he expected to slowly phase in the proposed health care

executive/administrator hiring program "in order to ensure that the new management structure is effectively implemented." *See* July 3, 2007 Order at 9. Specifically, the Receiver anticipated starting with a pilot program at three prisons along with regional level nursing and physician positions. *See* Receiver's Reply at 10; Hagar Dec. ¶¶ 7, 18-19.

After considering all of the above, The Court deferred ruling on the Receiver's motion and instead directed the "Receiver and the SPB to meet and confer as soon as practical, and within 45 days . . . submit a joint report . . . as to whether the Receiver and SPB are able to agree upon a mechanism for hiring medical health care executives/administrators in the CDCR" that satisfactorily addresses the needs of the Receiver in a manner consistent with the California Constitution. *See* July 3, 2007 Order at 11. The Court also stated that it would approve implementation of any such agreement on a pilot basis, consistent with the Receiver's plan to first pilot a health care executive/administrator hiring program at three prisons, as well as at the regional level. *Id*. at 9-10.[1]

After extensive discussions, the Receiver and the SPB reached an agreement, and on August 20, 2007 they filed a Joint Report and Stipulation (hereafter "August 20, 2007 Stipulation"or "Stipulation") that sets forth a mechanism for the hiring of medical health care executives/administrators that is consistent with the Court's July 3, 2007 Order. As described in the Stipulation, "the core elements of [the agreed upon mechanism] will allow the Receiver to begin addressing the lack of medical leadership in CDCR through the use of new civil service classifications with minimum qualifications the Receiver concurs are essential for developing and maintaining a constitutionally-adequate medical care system." Stipulation at 2. In particular, the Receiver "can appoint individuals on a limited term (non-tenured) basis for up to two years, during which time the incumbent will be subject to discipline for cause or release without cause." *Id*. "Once permanent status is granted by the

---

[1] The reasons underlying the Court's July 3, 2007 Order, as well as further background to the motion, are set forth in the Court's July 3, 2007 Order and will not be repeated here.

2

Receiver it will be followed by a one-year probationary period." *Id.* The implementation details of this plan are set forth in paragraphs 1-5 of the August 20, 2007 Stipulation.

As the Stipulation emphasizes, the agreed-upon hiring program is a "trial" plan which may require modification or fine tuning as the Receiver and the SPB gain experience with its implementation. Thus the Stipulation provides that the Receiver and the SPB agree to "meet and confer as necessary in order to effectively implement [the] stipulation, to address problems which may arise, and to propose to the Court modifications to the stipulation which may prove necessary." Stipulation at 1 and ¶ 6.[2]

The Court's July 3 2007 Order permitted the parties to file responses to the Receiver and SPB's Joint Report and Stipulation within 7 days of receipt. The Court has received no such responses. The Court has reviewed the August 20, 2007 Stipulation and concludes that it will permit the Receiver to adequately address the severe void in qualified medical health care executive level managers within the CDCR while at the same time respecting the

---

[2] On August 21, 2007, the day after the Stipulation was filed, the Association of California State Supervisors ("ACSS") filed an Application for Leave to File Amicus Brief, along with a proposed brief in opposition to the Receiver's Motion for Waiver of State Law Re Receiver Career Executive Assignments. This Application is woefully untimely. ACSS was served with the Receiver's Motion for Waiver of State Law Re Receiver Career Executive Assignments in April 2007 and offers no explanation or justification for delaying its amicus application until August 21, 2007. Nor does it address the relevant issues before the Court since its proposed amicus brief addresses only the original motion and not the Court's subsequent July 3, 2007 Order or the August 20, 2007 Stipulation. Accordingly, the application is denied as untimely. The Court also notes that ACCS' request for an opportunity to conduct discovery goes well beyond the role of an amicus curiae. In addition, the Court observes that it is not unsympathetic to ACCS' concern that raising medical care standards within the CDCR to minimum constitutional levels may have implications for other state agencies. As the Court has previously stated, however, it "can not subjugate its obligations to remedy constitutional violations – violations that involve, in this instance, issues of life and death – because of speculative impacts on other agencies not under court order . . . [H]owever, if this becomes a serious concern, the Department of Finance can work with the Legislature to address . . .broader governmental issue[s]" that remedying the CDCR medical care system may reveal. *See* October 17, 2006 Order at 13 n. 7. Finally, the Court notes that under the August 20, 2007 Stipulation state employees will be fully eligible to compete for any medical health care executive/administrator positions that become available pursuant to the August 20, 2007 Stipulation.

3

parameters of the California Constitution. Indeed, the Stipulation does not even require the waiver of any state laws and thus moots the Receiver's original motion.

Accordingly, and good cause appearing, it is HEREBY ORDERED that:

1. The Receiver's Motion for Waiver of State Law Re Receiver Career Executive Assignments is mooted by the August 20, 2007 Stipulation Between the Receiver and the California State Personnel Board (Docket No. 818).

2. The August 20, 2007 Stipulation Between the Receiver and the California State Personnel Board ("Stipulation") is HEREBY ADOPTED as an Order of this Court.

3. Consistent with this Court's July 3, 2007 Order, the Receiver shall proceed with the medical health care executive/administrator hiring program set forth in the Stipulation with respect to positions needed to fully staff the Receiver's contemplated pilot program at three prisons as well as regional nursing and physician positions. The Receiver may seek approval of additional positions as he obtains more information regarding the specific needs of the remedial process.[3]

4. The Court finds that the above remedy is narrowly drawn to remedy the constitutional violations at issue, extends no further than necessary to correct a current and ongoing violation of a federal right, and is the least intrusive means necessary to correct these violations. The Court also is amply satisfied that this relief will impose no unnecessary

---

[3] The Court's July 3, 2007 Order stated that it would direct the Receiver to file two special status reports regarding implementation of a medical health care executive/ administrator hiring program. This issue is now satisfactorily addressed by paragraph six of the August 20, 2007 Stipulation, and thus does not need to be a separate subject of this Order.

4

burden on Defendants and will have no adverse impact on either the safety of the public or the operation of the criminal justice system.

**IT IS SO ORDERED.**

Dated: September 11, 2007

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

5