IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER BIFURCATING PROCEEDINGS AND SETTING DEADLINES FOR PHASE I</u> |

An initial hearing was held in the above-captioned matter on September 24, 2007. At the hearing, the court heard from the parties and the intervenors regarding scheduling and other procedural issues, and the role of the intervenors in these proceedings. At the conclusion of the hearing, the court took various matters under submission. The court has reviewed the transcript of the September 24, 2007 hearing. After due consideration of the

positions of the parties and the intervenors, and good cause appearing, the court now makes the following orders.

At issue in these proceedings is whether some form of prisoner release order is required to remedy the underlying violations of the Eighth Amendment in one or both of the above-captioned actions. The governing statute provides that a three-judge court "shall enter a prisoner release order only if the court finds by clear and convincing evidence that – (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right." 18 U.S.C. § 3626(a)(3)(E).

A "prisoner release order" is defined as any order "that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison," 18 U.S.C. § 3626(g)(4), and falls within the statute's general definition of "prospective relief," which is defined as "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). The statute requires that all prospective relief must be, *inter alia*, "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and . . . the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

The statute also creates a right of intervention for certain state and local officials and units of government "to oppose the imposition" of a prisoner release order. 18 U.S.C. § 3626(a)(3)(F). Pursuant to this provision of the statute, the court has granted motions to intervene filed by five California counties; thirty-one Republican members of the California Assembly; thirteen Republican state senators; the County of Sonoma, its Sheriff/Coroner, District Attorney, and Chief Probation Officer (Sonoma County Intervenors)[1]; district

---

[1] On September 19, 2007, the Sonoma County Intervenors were ordered to show cause at the September 24, 2007 hearing why their intervention pleading should not be severed and their pleadings consolidated with their respective counterparts. The Sonoma County Intervenors having shown good cause to continue their separate intervention, the order to show cause is discharged.

2

attorneys from twenty California counties; and, collectively, sixty-seven sheriffs, county probation officers, city chief of corrections, and city police chiefs. Collectively, these intervenors are referred to herein as the statutory intervenors.[2]

The governing statute provides that certain government officials and units of government have the right to intervene in proceedings relating to the imposition, continuation, or termination of prisoner release orders. 18 U.S.C. § 3626(a)(3)(F). Under the statute, however, before any such release order may be considered by the court, two conditions must be met. Only if the court decides, in "Phase I," that these two conditions have been satisfied, will we conduct proceedings, in "Phase II," to determine whether a prison release order will be imposed, and the nature and terms of any such order in light of public safety and other concerns. The conditions that must be satisfied in Phase I prior to conducting Phase II – proceedings relating to a prisoner release order – are that, "(i) crowding is the primary cause of the violation of a Federal right" and "(ii) no other relief [other than a prisoner release order] will remedy the violation of the Federal right." 18 U.S.C. §§ 3626(a)(3)(E)(i), (ii). The statutory intervenors will have an interest in this case, and may be impaired in protecting that interest, only if and when plaintiffs make the Phase I showing required by 18 U.S.C. §§ 3626(a)(3)(E)(i) and (ii). To the extent that the statutory intervenors may have any interest in Phase I issues, such interest is adequately represented by the defendants.[3] In any event, 18 U.S.C. § 3626(a)(3)(F) gives the statutory intervenors standing to intervene only in "proceedings relating to" a prisoner release order. None of the statutory intervenors presented meritorious arguments at the hearing on September 24, 2007 as to why the court should go beyond the scope of intervention

---

[2] In addition, the California Correctional Peace Officers' Association ("CCPOA") has been granted intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). *See* Order filed September 19, 2007. CCPOA's interest in this action is aligned with the plaintiffs. *See id; see also* Transcript of Proceedings, September 24, 2007 (hereafter Transcript), at 22-23. CCPOA indicated that it will not litigate its separate substantive due process claim in these proceedings. *See id.* at 20.

[3] To the extent that any of the statutory intervenors contend that they have a right to intervene under Federal Rule of Civil Procedure 24(a)(2), this reasoning limits intervention under that Rule.

3

1  contemplated by the statute, and allow the statutory intervenors to participate in the
2  proceedings relating to the two issues the court will consider in Phase I.
3      Rule 42 of the Federal Rules of Civil Procedure authorizes the court "in furtherance of
4  convenience or to avoid prejudice, or when separate trials will be conducive to expedition
5  and economy" to order "a separate trial of any claim, cross-claim, counterclaim, or third-
6  party claim, or of any separate issue or of any number of claims, . . . or issues. . . ." Fed. R.
7  Civ. P. 42(b). After careful consideration of the arguments of the parties and the governing
8  statute, the court will bifurcate these proceedings. In Phase I, the court will determine
9  whether the plaintiffs have established the prerequisites to considering issuance of a prisoner
10 release order that are set forth in 18 U.S.C. §§ 3626(a)(3)(E)(i) and (ii). Only if plaintiffs are
11 able to show that these prerequisites have been met will the court conduct Phase II
12 proceedings – proceedings relating to a prisoner release order – and consider the effects of
13 such an order on public safety, as well as whether such an order is narrowly drawn, extends
14 no further than necessary, and is the least intrusive means necessary to correct the violation
15 of the Federal right. 18 U.S.C. § 3626(a)(1).
16     The court has the authority to place "appropriate conditions or restrictions responsive
17 . . . to the requirements of efficient conduct of the proceedings" on intervenors under Federal
18 Rule of Civil Procedure 24. Advisory Committee's Note to 1966 amendment to Fed. R. Civ.
19 P. 24. One hundred forty individuals and government entities have intervened in this action
20 as of right under the provisions of 18 U.S.C. § 3626(a)(3)(F). As noted above, their
21 demonstrated interests lie in opposing imposition of a prisoner release order, in presenting
22 evidence concerning public safety impacts and in seeking to insure that such an order is
23 narrowly drawn, extends no further than necessary to correct the violation of the Federal
24 right, and is the least intrusive means necessary to correct the violation of the Federal right.
25 *See* 18 U.S.C. § 3636(a)(1)(A). That interest is not implicated unless and until the threshold
26 questions posed by 18 U.S.C. § 3626(a)(3)(E)(i) and (ii) have been resolved by the court in
27 plaintiffs' favor at the conclusion of Phase I.
28 ///

4

Moreover, allowing the statutory intervenors to participate in Phase I of this litigation would cause undue delay and render the proceedings unmanageable. Several examples of this are already apparent in the record, including delays resulting from the constraints under which many of the intervenors function, and the prospect of rendering depositions relating to the threshold statutory questions unwieldy.[4] In addition, the court finds no cognizable prejudice to the statutory intervenors by this limitation. The interests of the statutory intervenors lie in Phase II of this litigation, should such phase become necessary, and they will be permitted to participate fully in that phase. During Phase I, the intervenors may, however, be present during depositions, participate as amici during the proceedings, and sit at counsel table. To the extent that defense counsel wish to yield part of their oral argument time to amici, they may do so. As to Phase I, objections and requests heretofore made by the statutory intervenors are moot.

For the foregoing reasons, Phase I of these proceedings will be litigated by plaintiffs, and defendants, on the schedule set forth below. In addition, CCPOA, a non-statutory intervenor, will be permitted to participate in Phase I, along with plaintiffs and defendants.[5] Only plaintiffs, CCPOA, and defendants will be permitted to engage in discovery during Phase I. Said discovery, including but not limited to all expert depositions, must be

---

[4] A request that the parties extend a stipulation concerning ex parte communications, in effect in the *Plata* case, to these proceedings is illustrative. Counsel for one set of intervenors requested two weeks to consult with his twenty clients, *see* Transcript at 13, while another set has noted the need to await action by two county boards of supervisors before a response is provided. *See* County Intervenors' Response to the Court's Request Regarding Ex Parte Contacts, filed October 1, 2007, at 2. Authorization by local governing bodies was required by several officials prior to seeking intervention. *See* Letter filed August 14, 2007, from General Counsel for the California State Sheriff's Association. The delay inherent in consultations with 140 different clients, several of whom require authorization from other entities in order to act, supports limiting their participation to an appropriate phase of the proceedings.

[5] CCPOA, unlike the statutory intervenors, would be directly affected by orders preliminary to the consideration of prisoner release orders, specifically, Phase I orders involving the internal operation of the prison system, including hiring and assignment of prison personnel, medical and otherwise. In addition, it is uniquely situated, to present evidence relevant to the issues before the court in Phase I. *See, e.g.*, Transcript at 22-23. It may, therefore, participate in Phase I.

5

completed by December 20, 2007. These parties shall disclose their experts and shall serve the reports of said experts on or before November 9, 2007.

On or before December 20, 2007, plaintiffs, CCPOA, and defendants shall file a joint pretrial statement. The provisions of Eastern District of California Local Rule 16-281 notwithstanding, the joint pretrial statement shall contain: (1) a statement of undisputed facts and disputed factual issues; (2) a statement of disputed evidentiary issues; (3) identification of relevant points of law; (3) a list of witnesses for each of the participating parties; (4) a list of exhibits for each of the participating parties; (5) a list of discovery documents to be offered by each of the participating parties; and (6) any stipulations reached by the parties.

All motions in limine must be filed with the joint pretrial statement to be filed pursuant to this order. Opposition to such motions shall be filed on or before January 2, 2008. No reply briefs shall be filed.

A pretrial conference and hearing on motions in limine, including any *Daubert* motions, will be held on Wednesday, January 16, 2008, at 10:00 AM in the Ceremonial Courtroom of the United States District Court for the Northern District of California, located on the 19th Floor at 450 Golden Gate Avenue, San Francisco, California.

Court trial of Phase I will commence on February 6, 2008 at 10:00 AM in the Ceremonial Courtroom of the United States District Court for the Northern District of California. The court anticipates that trial will last three days.

Direct testimony from all percipient witnesses will be presented by affidavit and no more than fifteen minutes of live testimony, followed by cross-examination. Direct testimony from expert witnesses will be presented through their expert reports and no more than thirty minutes of live testimony, followed by cross-examination. The time limits for live testimony may be extended in unusual circumstances by order of the court. The court will set appropriate time limits for opening and closing arguments.

///

///

///

6

1   Finally, at the hearing on September 24, 2007, the court announced to the parties that,
2   with limited exceptions, the Local Rules of the Eastern District of California will apply to
3   these proceedings.[6] That order is confirmed.
4   Only if plaintiffs prevail in Phase I will discovery be permitted regarding Phase II, and
5   a trial be conducted on that phase. Should plaintiffs prevail on Phase I, the court will
6   announce the procedures and time schedule applicable to Phase II.

**IT IS SO ORDERED.**

Dated: 10/10/07        /s/
                       STEPHEN REINHARDT
                       UNITED STATES CIRCUIT JUDGE
                       NINTH CIRCUIT COURT OF APPEALS


Dated: 10/10/07        [signature]
                       LAWRENCE K. KARLTON
                       SENIOR UNITED STATES DISTRICT JUDGE
                       EASTERN DISTRICT OF CALIFORNIA


Dated: 10/10/07        [signature]
                       THELTON E. HENDERSON
                       SENIOR UNITED STATES DISTRICT JUDGE
                       NORTHERN DISTRICT OF CALIFORNIA

---

[6] Local Rule 78-230 sets forth procedures for noticing motions, other than discovery motions, on a civil motion calendar and for briefing said motions. That rule will not be followed in this action. Any such motions filed in this action shall be filed without a noticed hearing date. The court will thereafter issue an order setting, as appropriate, a hearing date and briefing schedule for any specific motions so filed.

7