IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER,<br>et al.,<br><br>   Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER,<br>et al.,<br><br>   Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

   This matter came on for hearing on October 25, 2007 on various discovery disputes. Amy Whelan, Esq. and Lisa Ells, Esq., appeared as counsel for plaintiffs. Ronald Yank, Esq. appeared as counsel for intervenor California Correctional Peace Officers Association (CCPOA). Charles Antonen, Deputy Attorney General, and Misha Igra, Deputy Attorney General, appeared as counsel for defendants. Martin H. Dodd, Esq., participated by telephone conference as counsel for the Receiver in Plata.[1]

---

[1] Mr. Dodd participated for the limited purpose of representing the Receiver's position that a representative of the Receiver must be present at any prison inspection during which medical records are reviewed or medical staff are interviewed. No party had any dispute with the Receiver's position. Mr. Dodd represented that representatives are available

1    Early in the period set aside for discussion of the disputes discussed below, the parties discussed their possible need for a discovery referee due to the complex nature of the discovery and the relatively short time frame allotted for that discovery. Because such an appointment risks consuming additional time and complicating discovery the court will not attempt such an appointment at this time. As occurred in the disputes dealt with below, the court will remain available for resolution of discovery disputes upon reasonable notice to chambers.

The first dispute arises in connection with site inspections of ten prisons to be conducted by plaintiffs' experts during the week of October 29, 2007. Plaintiffs' request for site inspections pursuant to Fed. R. Civ. P. 34 includes a request that plaintiffs' experts be given "an interview with the prison's Warden, Associate Warden for Health Care and the prison's highest ranking medical and mental health officers" and notice that plaintiffs' experts may "confer with" prison staff and class members concerning access to medical and mental health care and "as to issues of housing, programming, exercise and activities for class members." (Ex. K to Declaration of Michael W. Bien in Support of Joint Statement Regarding Discovery Dispute, filed October 22, 2007, at 3.) On October 18, 2007, counsel for defendants informed plaintiffs that the experts would not be permitted to speak with any staff or inmates during such inspections, (Joint Statement, at 8), giving rise to the instant dispute.

Plaintiffs contend that Rule 34 specifically authorizes inspection of "operations" on property, that the Rule should be broadly construed, and that the interests of judicial economy and efficiency will be best served if experts are allowed to confer with prison staff during site inspections. Defendants contend that Rule 34 does not give the experts a right to confer with or to interview, "anyone with whom they come in contact"

/////

---

for all inspections scheduled as Plata inspections in whole or in part. He agreed to continue to seek members of the Receiver's staff to be present on the inspections scheduled as Coleman inspections and to work with plaintiffs' counsel concerning any problems that may remain with representation by the Receiver at such inspections.

2

during a site inspection, and that "only Rule 30 of the Federal Rules of Civil Procedure permits a party to take the testimony of another person." (Id. at 8-9.)

Rule 34 of the Federal Rules of Civil Procedure provides in relevant part that

> [a]ny party may serve on any other party a request . . . (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon.

Fed. R. Civ. P. 34(a). "Rule 34, like the other rules relating to discovery, is to be liberally construed." Martin v. Reynolds Metals Corp., 297 F.2d 49, 56 (9th Cir. 1961). The proceedings before the three-judge court are directed to the impact of overcrowding on the delivery of constitutionally adequate medical and mental health care to inmates in California's prisons. In the context of these proceedings, questions by experts directed to prison employees and to class members concerning those matters identified in plaintiffs' inspection requests are properly included as part of an inspection of "any operation" on the prison facilities to be inspected.

At the hearing, it appeared that the gravamen of this dispute turns on whether defendants should be required to make the Wardens, Associate Wardens for Health Care, and the prisons highest ranking medical and mental health officers available for initial interviews with the experts at the start of each site inspection. Defendants will not be required to take extraordinary steps to ensure that each of these officials are present for interviews with plaintiffs' experts at the start of each scheduled site inspection. However, if these officials are, in the ordinary course of business, present at their respective prison facilities during an expert inspection and reasonably available to meet with plaintiffs' experts at some point during a scheduled site inspection, such meetings shall be permitted.

The second dispute arises from plaintiffs' request that defendants be required to provide notice to both plaintiffs and the CCPOA of any site inspections conducted by

//////

1  defense experts, and that their counsel be present during any such inspections.[2]  Plaintiffs
2  contend that such an order will "promote efficiency and fairness" by, inter alia, helping to
3  "establish a common factual baseline" of what took place during the inspections, as well as
4  ensuring protection for their clients.  (Joint Statement, at 11.)  The CCPOA intervenors also
5  request to be present during such inspections "in order to observe defendants' interactions
6  with its members."  (Id. at 13 n.7.)  Defendants' opposition is grounded solely in plaintiffs'
7  alleged inability to cite to any caselaw in support of their request.  Defendants do not cite to
8  any authority that precludes the requested order.

9  The court anticipates that the presence of all counsel on all expert inspections
10  will create the "common factual baseline" described by plaintiffs concerning the events of
11  each inspection, thereby reducing the number of preliminary questions that must be explored
12  in depositions and/or at the trial of this matter.  In addition, given the likelihood that
13  defendants' experts will want to talk with members of the plaintiff class and with members of
14  the CCPOA, the presence of counsel minimizes potential conflicts arising from these
15  communications.  For these reasons, plaintiffs' request will be granted.  Defendants will be
16  directed to provide plaintiffs and the CCPOA with reasonable notice of any scheduled site
17  inspection by a defense expert, and counsel for plaintiffs and the CCPOA will be permitted
18  to attend and observe any such inspection.[3]

19  The third dispute arises from a request for production of documents served by
20  plaintiffs on September 5, 2007.  Pursuant to an order of the three-judge court filed
21  September 25, 2007, responses to that production request were due October 25, 2007.
22  Defendants contend that the request is too broad to permit complete production by October
23  25, 2007, and they propose rolling production on a schedule to be announced on or before
24  /////

---

[2] It is not clear from the record whether any inspections are planned for defense experts.

[3] Nothing in this order is intended to bar defendants from proferring as expert witnesses prison employees whose testimony is based, in whole or in part, on observations made in the ordinary course and scope of their employment.

4

November 2, 2007. Defendants also seek an order "not deeming any privileges waived due to this rolling production." (Joint Statement, at 15.)

Plaintiffs oppose defendants' request primarily on the ground that defendants have failed to provide any concrete deadlines for production or information by which plaintiffs could participate in prioritizing the production.

After review of all of the relevant documents and consideration of the arguments of counsel, the court announced to the parties in open court that by November 1, 2007, defendants will be required to produce for inspection and copying all documents responsive to plaintiffs' request for production of documents unless before that date the parties reach an agreement for some other schedule for production. The date for a response to plaintiffs' September 5, 2007 request for production of documents remains October 25, 2007 consistent with the September 25, 2007 order of the three-judge court. A copy of defendants' response to the discovery request shall be filed with the court when served on the parties.

The fourth dispute concerns plaintiffs' request to shorten time for responses to certain discovery requests that have already been served and, prospectively, to any additional discovery requests that may be served during the time set for discovery in Phase I of these proceedings.[4] Plaintiffs' counsel has filed a list identifying all discovery requests outstanding as of the date of the hearing. Good cause appearing, responses to discovery already served will be due on the schedule set forth in this order. Responses to discovery served from October 25, 2007 forward shall be due twenty-one days after service.

The final dispute[5] concerns plaintiffs' objections to certain interrogatories and requests for production of documents propounded by defendants.[6] Plaintiffs object to these

---

[4] In accordance with the October 10, 2007 order of the three-judge panel, discovery closes on December 20, 2007.

[5] There are six disputes identified in the Joint Statement. The parties represented at the hearing that they have resolved the dispute concerning the claw back provision.

[6] The specific discovery requests are set forth in Appendix 1 of the Joint Discovery Statement.

5

requests on the ground that they fall within the scope of Phase II of the litigation as that has been defined by the October 10, 2007 order of the three-judge court. Defendants contend that the requests are relevant to the second question at issue in Phase I.[7] Phase I of this action focuses on "whether the plaintiffs have established the prerequisites to considering issuance of a prisoner release order" as set forth in 18 U.S.C.§§ 3626(a)(3)(E)(I) and (ii), i.e., whether plaintiffs have shown that "'(I) crowding is the primary cause of the violation of a Federal right' and '(ii) no other relief [other than a prisoner release order] will remedy the violation of the Federal right.' 18 U.S.C. § 3626(a)(3)(E)(I), (ii)." Order filed October 10, 2007, at 3,4. The October 10, 2007 order provides that the court will proceed to determine in Phase II whether a prisoner release order should be issued, and "[o]nly if the court decides, in 'Phase I', that these two conditions have been satisfied, will we conduct proceedings, in 'Phase II'". Id. at 3. The order further provides that "[o]nly if plaintiffs prevail in Phase I will discovery be permitted regarding Phase II, and a trial conducted on that phase." Id. at 7.

After careful review of the court's October 10, 2007 order and the discovery requests to which plaintiffs have objected, and good cause appearing, plaintiffs' objections to said requests will be sustained.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' experts shall be permitted to confer with prison staff and members of the plaintiff classes during their site inspections. Plaintiffs' experts shall also be permitted to interview Wardens, Associate Wardens for Health Care and/or the highest ranking medical and mental health care officers at prison facilities if these officials are, in the ordinary course of business, present at their respective prison facility during an expert inspection and reasonably available to meet with plaintiffs' experts during a scheduled site inspection.

/////

---

[7] Defendants also contend that plaintiffs have propounded discovery requests which "appear to fall under Plaintiffs' conception of Phase II." (Joint Discovery Statement, at 23.) This contention is irrelevant. Plaintiffs have not by propounding these requests waived their right to object to discovery propounded by defendants.

6

2. Defendants shall provide reasonable notice to plaintiffs and to CCPOA of any prison site inspection by any defense expert and counsel for plaintiffs and for CCPOA shall be permitted to attend any such site inspection.

3. On or before November 1, 2007, defendants shall produce for inspection and copying all documents responsive to plaintiffs' September 5, 2007 request for production of documents unless before that date the parties reach an agreement for some other schedule for production. The date for a response to plaintiffs' September 5, 2007 request for production of documents remains October 25, 2007. A copy of defendants' response to the discovery request shall be filed with the court when served on the parties.

4. Responses to all outstanding discovery requests served on October 17, 2007 shall be due on or before November 9, 2007.

5. Responses to all outstanding discovery requests served on October 23, 2007 shall be due on or before November 15, 2007.

6. Responses to any discovery requests served on or after October 25, 2007 shall be due twenty-one days from the date of service.

7. Plaintiffs' objection to the discovery requests set forth in the first three pages of Appendix A of the Joint Statement filed October 22, 2007 is sustained.

DATED: October 30, 2007.

UNITED STATES MAGISTRATE JUDGE