IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>PROTECTIVE ORDER RE: DEPOSITION OF THE CALIFORNIA PRISON HEALTH CARE RECEIVERSHIP CORPORATION |

　　　The Court is in receipt of a notice of deposition of the California Prison Health Care Receivership Corporation ("Receiver"), served by Defendant Arnold Schwarzenegger on November 21, 2007, which notices the deposition of the person most knowledgeable at the Receiver's office on a variety of topics, to commence on December 17, 2007. The scope of this notice of deposition is extremely broad and covers all of the Receiver's reports in *Plata v. Schwarzenegger*, as well as topics as expansive as "[t]he causes of the problems and deficiencies in the delivery of medical care to inmates at CDCR's adult institutions." Notice of Dep. Sch. A at 1. Schwarzenegger also asks the Receiver to produce a broad range of

1  documents, including "[a]ny and all DOCUMENTS authored or prepared by [the Receiver's
2  office] that refer, relate to, or describe the level of medical services provided inmates housed
3  in CDCR's adult institutions from April 2006 to the present." *Id.* at 3.  For the reasons
4  discussed below, this Court now enters a protective order barring the noticed deposition from
5  proceeding.

6  Under Federal Rule of Civil Procedure 26(c), and in the inherent discretion of a court
7  to manage its own discovery, a court may sua sponte enter a protective order for good cause
8  shown.  *E.g., Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 558 n.4 (D.N.J.
9  1994); *McCoy v. Southwest Airlines, Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).  A
10 protective order may include an order that "discovery not be had."  Fed. R. Civ. P. 26(c)(1).

11 In this case, although neither the Receiver nor any party has formally objected to the
12 noticed deposition, the Court finds good cause to bar the deposition based on immunity.  The
13 Receiver was "imbued with the power and authority to act in the name of the Court as the
14 Court's officer."  *Plata v. Schwarzenegger*, Case No. C01-1351 TEH, 2005 WL 2932253, at
15 *33 (N.D. Cal. Oct. 3, 2005).  Thus, like court-appointed special masters, the Receiver
16 "assumed the duties and obligations of a judicial officer" when appointed, *In re Gilbert*, 276
17 U.S. 6, 9 (1928), and acts as a "surrogate[]" of the court, *Cordoza v. Pac. States Steel Corp.*,
18 320 F.3d 989, 995 (9th Cir. 2003) (quoting *Louisiana v. Mississippi*, 466 U.S. 921, 921
19 (1984)).  Accordingly, just as quasi-judicial immunity applies to special masters appointed
20 under Federal Rule of Civil Procedure 53, *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d
21 1452, 1454-55 (9th Cir. 1993), this Court concludes that the Receiver is also protected by
22 quasi-judicial immunity.  *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)
23 (explaining that "[w]hen judicial immunity is extended to officials other than judges, it is
24 because their judgments are functionally comparable to those of judges – that is, because
25 they, too, exercise a discretionary judgment as a part of their function" (citation, internal
26 quotations, and alterations omitted)).  Not only does this conclusion follow from the case
27 law, but it also follows from the *Plata* court's order that the Receiver and his staff "shall
28 have the status of officers and agents of this Court, and as such shall be vested with the same

2

immunities as vest with this Court." *Plata v. Schwarzenegger*, Case No. C01-1351 TEH, Feb. 14, 2006 Order Appointing Receiver.

This Court therefore agrees with the result in *Gary W. v. Louisiana*, 861 F.2d 1366 (5th Cir. 1988), in which the court squarely held that a special master may not be deposed regarding his or her findings. A hearing was scheduled before a magistrate judge in that case regarding the suitability of the special master's recommendations. *Id.* at 1367.

> Dr. Lyles [the special master] began the preparation of a report on incidents of abuse and neglect to be submitted to the magistrate at the hearing on the recommendations she had made as special master. Seeking to discover the substance of this report, the state noticed Dr. Lyles' deposition and issued a subpoena and a subpoena duces tecum to her. The [plaintiff] classmembers moved to quash. The magistrate quashed the subpoenas because of Dr. Lyles' special relationship with the court. The district court affirmed that ruling. Dr. Lyles completed her report and, as ordered by the magistrate, distributed copies to the parties before the scheduled hearing. Following the hearing the magistrate ordered implementation of Dr. Lyles' formal recommendations. The state appeals the ruling on the motion to quash.

*Id.* at 1368. The appellate court affirmed the quashing of the subpoena, explaining that, "Dr. Lyles was performing a quasi-judicial function when, as special master, she submitted her formal recommendation. An examination of her mental processes in making that recommendation would have been inappropriate and the magistrate and district court correctly prevented such." *Id.* at 1369 (citation omitted).

Likewise, in this case, the Receiver has filed numerous reports, as detailed by Schwarzenegger in Schedule A of his notice of deposition listing subjects within the scope of the desired testimony. These reports speak for themselves, and any testimony about the reports, as well as testimony about or the production of underlying documents considered by the Receiver in his preparation of the reports, would impermissibly intrude on the Receiver's mental processes. *See, e.g., United States v. Roebuck*, 271 F. Supp. 2d 712 (D.V.I. 2003) (explaining that "[t]he overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties").

Accordingly, with good cause appearing, the Court hereby enters a protective order under Federal Rule of Civil Procedure 26(c) barring the deposition of the California Prison Health Care Receivership Corporation from proceeding.

**IT IS SO ORDERED.**

Dated:   11/29/07    /s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated:   11/29/07
LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated:   11/29/07
THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA