IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                Defendants. | NO. C01-1351 TEH<br><br>ORDER GRANTING RECEIVER'S SUPPLEMENTAL APPLICATION NO. 3 FOR ORDER WAIVING STATE CONTRACTING STATUTES, ETC. |

On June 4, 2007, this Court approved the Receiver's Master Application for Order Waiving State Contracting Statutes, Regulations, and Procedures and authorized three alternative substitute procedures for the bidding and award of contracts: expedited formal bidding, urgent informal bidding, and sole-source bidding.

On November 27, 2007, the Receiver filed his Supplemental Application No. 3 for an Order Waiving State Contracting Statutes, Regulations, and Procedures and Approving Receiver's Substitute Procedure for Bidding and Award of Contracts. Supplemental Application No. 3 concerns various projects related to the improvement of health care facilities at Avenal State Prison. The Receiver anticipates that most of the contracts related to these projects will be awarded through the expedited formal bidding process, although some may also be awarded under the urgent informal bidding process.

On November 30, 2007, the Court ordered the parties to file objections or statements of non-opposition to the Receiver's Supplemental Application No. 3 by December 14, 2007.

Plaintiffs filed a timely statement of non-opposition, and the Court construes Defendants' failure to file any objections as a statement of non-opposition.

Having carefully considered the Receiver's application and the record in this case, the Court finds good cause to GRANT the Receiver's Supplemental Application No. 3. The Court agrees with the Receiver that the identified projects at Avenal State Prison are critical to establishing a constitutional system of medical care delivery in California's prisons, and that failure to obtain a waiver of state law would prevent the Receiver from achieving that goal in a timely fashion. Moreover, no party has identified any alternatives to the requested waiver that would achieve a constitutional remedy in this instance. Accordingly, IT IS HEREBY ORDERED that:

1. The following state codes and laws shall be waived with respect to the Receiver's planned clinical space renovation and construction projects at Avenal State Prison that are described more fully in the Receiver's Supplemental Application No. 3:

- California Government Code ("Gov't Code") sections 14825-14828 and State Contracting Manual ("SCM") sections 5.10A, 5.75, and 5.80 (governing advertisement of state contracts);

- California Public Contract Code ("PCC") sections 10290-10295, 10297, 10333, 10335, 10351, and 10420-10425; Gov't Code section 14616; and SCM sections 4.00-4.11 (governing approval of contracts by Department of General Services ("DGS") and exemption from and consequences of failure to obtain DGS approval);

- PCC sections 10308, 10309, and 10314; SCM, volume 2; and State Administrative Manual ("SAM") sections 3500-3696.3 (governing procurement of goods);

- PCC sections 6106, 10109-10126, 10129, 10140, 10141, 10180-10185, 10220, 10301-10306, 10340-10345, 10351, 10367, and 10369; Gov't Code sections 4525-4529.20, 4530-4535.3, 7070-7086, 7105-7118, and 14835-14837; California Military and Veterans Code sections 999-999.13; California Code of

       Regulations, title 2, sections 1195-1195.6; SCM sections 5.00-6.40; and Management Memo ("MM") 03-10 (governing competitive bidding, required language in bid packages, non-competitive bid ("NCB") procedures, preferential selection criteria, contractor evaluations and notice, contract award and protest procedures for service, consulting service, construction project management, and public works contracts);

- PCC sections 10314 and 10346 (governing progress payment limitations);
- Gov't Code section 13332.09 and MM 06-03 (governing vehicle purchases);
- PCC sections 12100-12113, 12120-12121, and 12125-12128; SCM, volume 3; and SAM sections 4800-4989.3 and 5200-5291 (governing procurement of information technology, telecommunications, and data processing goods and services and applicable alternate protest procedures);
- Gov't Code sections 13332.10, 14660, 14669, and 15853 (governing acquisition and leasing of real property);
- Gov't Code sections 13332.19 and 15815 (governing plans, specifications, and procedures for major capital projects); and
- PCC sections 10365.5 and 10371; and SCM section 3.02.4 (governing restrictions on and approval for multiple contracts with the same contractor).

    2. The Receiver shall follow the alternative contracting procedures set forth in this Court's June 4, 2007 order for the projects described in his Supplemental Application No. 3.

    3. At the Receiver's discretion, he may either (1) publish provisions requiring contractor certifications of compliance on his website and include a single representation in the contracts he awards to the effect that the contractor has read, and attests that he/she/it is in compliance with, the required provisions; or (2) directly incorporate into the agreements standard contract provisions pertaining to contractor certifications of compliance utilized by DGS and available online on DGS's website.

    4. The Receiver's quarterly progress reports shall contain a summary that (1) specifies each contract the Receiver has awarded during the quarter under this waiver;

3

(2) provides a brief description of each such contract; and (3) identifies the method the Receiver utilized to award the contract (i.e., expedited formal bidding, urgent informal bidding, or sole-source bidding).

**IT IS SO ORDERED.**

Dated: 12/20/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT