IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. C01-1351 TEH

<u>ORDER GRANTING IN PART AND DENYING IN PART RECEIVER'S SUPPLEMENTAL APPLICATION NO. 2 FOR ORDER WAIVING STATE CONTRACTING STATUTES, ETC.</u>

On June 4, 2007, this Court approved the Receiver's Master Application for Order Waiving State Contracting Statutes, Regulations, and Procedures and authorized three alternative substitute procedures for the bidding and award of contracts: expedited formal bidding, urgent informal bidding, and sole-source bidding.

On November 20, 2007, the Receiver filed his Supplemental Application No. 2 for an Order Waiving State Contracting Statutes, Regulations, and Procedures and Approving Receiver's Substitute Procedure for Bidding and Award of Contracts. This application concerns the Receiver's planned "quality improvement projects," including the Asthma Initiative, which is designed to eliminate preventable inmate deaths due to undiagnosed or uncontrolled asthma. The development of this initiative follows an analysis of inmate-patient deaths in 2006, which concluded that asthma accounted for the single highest number of preventable deaths during that time period.

On November 30, 2007, the Court ordered the parties to file objections or statements of non-opposition to the Receiver's Supplemental Application No. 2 by December 14, 2007. Plaintiffs timely filed an opposition, and the Court construes Defendants' failure to file any

objections as a statement of non-opposition. The Receiver filed a timely reply to Plaintiffs' opposition on December 21, 2007.

Having carefully considered the Receiver's application and reply, Plaintiffs' opposition papers, and the record in this case, the Court finds good cause to grant the Receiver's Supplemental Application No. 2 as it relates to the Asthma Initiative. The Court is satisfied by the points raised in the Receiver's reply papers that Plaintiffs' objections are unwarranted. As discussed in the declaration of Terry Hill, the Receiver is taking and will continue to take short-term remedial measures to address quality of care for asthma patients, including taking adverse action against clinicians deemed responsible for identifiable deaths. However, the Court agrees with the Receiver that such measures are insufficient to effectuate sustainable change and that, therefore, the Asthma Initiative is a necessary part of the Receiver's reform efforts. The Court further agrees that it would be ineffective to attempt to implement existing models, such as that developed at Pelican Bay State Prison over a number of years, on a statewide basis, as such implementation would be likely to lead to unnecessary delay and greater numbers of preventable deaths, and, more importantly, because no California prison is even attempting to meet national standards regarding asthma education and prevention. Finally, the Receiver has adequately explained why outside expertise is needed to develop the Asthma Initiative, and the Court is satisfied that a twelve-month time frame to implement the majority of the proposed clinical interventions is, if anything, aggressive and not prolonged.

In short, the Court agrees with the Receiver that the Asthma Initiative is critical to establishing a constitutional system of medical care delivery in California's prisons, and that failure to obtain a waiver of state law would prevent the Receiver from achieving that goal in a timely fashion. Moreover, the Court is satisfied that there is no alternative to the requested waiver that would achieve a constitutional remedy in this instance.

That said, the Court does not find it appropriate to grant the Receiver his requested waiver of state law as to all "quality improvement projects." The Receiver's application identifies and discusses only one such project – the Asthma Initiative – and granting a

2

broader waiver as to unidentified projects would not comport with the careful manner in which this Court has approached waiving state law when necessary.

Accordingly, with good cause appearing for the reasons discussed above, IT IS HEREBY ORDERED that:

1. The Receiver's Supplemental Application No. 2 for a waiver of state law is GRANTED IN PART and DENIED IN PART. The application is DENIED without prejudice as to all unidentified "quality improvement projects." Should the need for a waiver arise once the Receiver develops the contemplated quality improvement projects, the Court will re-evaluate an application for a waiver at that time. To reduce inefficiency, the Receiver shall attempt to seek a stipulation from the parties before filing any further supplemental applications for waivers of state law.

2. The application for a waiver of state law is GRANTED as to the Receiver's Asthma Initiative, and the following state codes and laws shall be waived with respect to the Asthma Initiative that is described more fully in the Receiver's Supplemental Application No. 2:

- California Government Code ("Gov't Code") sections 14825-14828 and State Contracting Manual ("SCM") sections 5.10A, 5.75, and 5.80 (governing advertisement of state contracts);
- California Public Contract Code ("PCC") sections 10290-10295, 10297, 10333, 10335, 10351, and 10420-10425; Gov't Code section 14616; and SCM sections 4.00-4.11 (governing approval of contracts by Department of General Services ("DGS") and exemption from and consequences of failure to obtain DGS approval);
- PCC sections 10308, 10309, and 10314; SCM, volume 2; and State Administrative Manual ("SAM") sections 3500-3696.3 (governing procurement of goods);
- PCC sections 6106, 10109-10126, 10129, 10140, 10141, 10180-10185, 10220, 10301-10306, 10340-10345, 10351, 10367, and 10369; Gov't Code sections

4525-4529.20, 4530-4535.3, 7070-7086, 7105-7118, and 14835-14837; California Military and Veterans Code sections 999-999.13; California Code of Regulations, title 2, sections 1195-1195.6; SCM sections 5.00-6.40; and Management Memo ("MM") 03-10 (governing competitive bidding, required language in bid packages, non-competitive bid ("NCB") procedures, preferential selection criteria, contractor evaluations and notice, contract award and protest procedures for service, consulting service, construction project management, and public works contracts);

- PCC sections 10314 and 10346 (governing progress payment limitations);
- Gov't Code section 13332.09 and MM 06-03 (governing vehicle purchases);
- PCC sections 12100-12113, 12120-12121, and 12125-12128; SCM, volume 3; and SAM sections 4800-4989.3 and 5200-5291 (governing procurement of information technology, telecommunications, and data processing goods and services and applicable alternate protest procedures);
- Gov't Code sections 13332.10, 14660, 14669, and 15853 (governing acquisition and leasing of real property);
- Gov't Code sections 13332.19 and 15815 (governing plans, specifications, and procedures for major capital projects); and
- PCC sections 10365.5 and 10371; and SCM section 3.02.4 (governing restrictions on and approval for multiple contracts with the same contractor).

3. The Receiver shall follow the alternative contracting procedures set forth in this Court's June 4, 2007 order for the Asthma Initiative.

4. At the Receiver's discretion, he may either (1) publish provisions requiring contractor certifications of compliance on his website and include a single representation in the contracts he awards to the effect that the contractor has read, and attests that he/she/it is in compliance with, the required provisions; or (2) directly incorporate into the agreements standard contract provisions pertaining to contractor certifications of compliance utilized by DGS and available online on DGS's website.

5. The Receiver's quarterly progress reports shall contain a summary that (1) specifies each contract the Receiver has awarded during the quarter under this waiver; (2) provides a brief description of each such contract; and (3) identifies the method the Receiver utilized to award the contract (i.e., expedited formal bidding, urgent informal bidding, or sole-source bidding).

**IT IS SO ORDERED.**

Dated: 01/25/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5