AKIN GUMP STRAUSS HAUER & FELD LLP
STEVEN S. KAUFHOLD (SBN 157195) skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745) cstegeman@akingump.com
580 California, 15th Floor
San Francisco, CA 94104-1036
(415) 765-9500; Fax (415) 765-9501

Attorneys for Republican Assembly and Senator Intervenors

JONES & MAYER
MARTIN J. MAYER (SBN 73890) mjm@jones-mayer.com
MICHAEL R. CAPIZZI (SBN 35864) mrc@jones-mayer.com
KIMBERLY HALL BARLOW (SBN 149902) khb@jones-mayer.com
IVY M. TSAI (SBN 223168) imt@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448

Attorneys for the Law Enforcement Intervenors

WILLIAM E. MITCHELL (108483) wemitchell@rivcoda.org
WILLIAM C. HUGHES (155992) chughes@rivcoda.org
Assistant District Attorneys
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501
(951) 955-6620; Fax (951) 955-0190

Attorneys for District Attorney Intervenors

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br>     Plaintiffs, <br> vs. <br> ARNOLD SCHWARZENEGGER, et al., <br>     Defendants. | Case No: CIV S-90-0520 LKK JFM P <br> **THREE-JUDGE COURT** <br><br> [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] |
| MARCIANO PLATA, et al., <br>     Plaintiffs, <br> vs. <br> ARNOLD SCHWARZENEGGER, et al., <br>     Defendants. | Case No.: C01-1351 TEH <br> **THREE-JUDGE COURT** <br><br> **NOTICE OF MOTION AND RENEWED MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES** |

TO THE COURTS, TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSELS OF RECORD:

The Republican State Assembly and Senator Intervenors ("Legislator Intervenors"), Sheriff, Probation, Police Chief, and Corrections Intervenors ("Law Enforcement Intervenors"), and District Attorney Intervenors,[1] hereby jointly submit their Renewed Motion to Reconsider the Three-Judge Court's Order Bifurcating Proceedings, entered on October 10, 2007, and Order on Motion for Reconsideration/Clarification entered on November 9, 2007 (the "Bifurcation Orders"). Recent developments in these proceedings demonstrate the inadequacy of Defendants' representation of the Intervenors' interests. Thus, the Intervenors reiterate their request that the Court allow Intervenors to participate fully in the litigation of both phases of these proceedings pursuant to the rights afforded by Section 3626(a)(3)(F) of Title 18 of the United States Code and Federal Rule of Civil Procedure 24(a)(1).

Intervenors bring this motion pursuant to the Court's plenary power to review and revise its interlocutory orders in the interests of justice. *See John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91, 42 S.Ct. 196, 199 (1922). In accordance with the Court's October 10, 2007 Bifurcation Order, this Motion has not been set for hearing. *See* Plata Dkt. 880 at 7, note 6; Coleman Dkt. 2456 at 7, note 6. In the interests of justice, the Intervenors request expedited review of this Motion given the continuation of certain discovery without Intervenors' participation. *See* Coleman Dkt. 2647.

This Motion is based on this Notice of Motion and Renewed Motion for Reconsideration; the Memorandum of Points and Authorities in support thereof, the Declaration of Chad A. Stegeman in Support Thereof, and any other documents, pleadings, and orders on file with the Court, as well as any subsequent evidence or argument that may be submitted regarding the Motion in the future.

---

[1] Hereinafter, the Legislator Intervenors, Law Enforcement Intervenors, and District Attorney Intervenors are collectively referred to as "Intervenors."

## MEMORANDUM OF POINTS AND AUTHORITIES

The Intervenors move for reconsideration of the Three-Judge Court's Bifurcation Orders, in view of Defendants' inability to represent the interests of the Intervenors in these proceedings.[2] The Bifurcation Orders, which excluded the Intervenors from the Phase I of the proceedings, explicitly relied on the Three-Judge Court's belief that the Defendants would adequately represent the Intervenors' interests in Phase I of these proceedings. *See* Plata Dkt. 880 at 3; Coleman Dkt. 2456 at 3. While the Intervenors disagreed with that position at the time the Bifurcation Orders were made, recent events reveal, beyond doubt, the fact that the Defendants are not representing the interests of the Intervenors as this action has progressed.

While the Intervenors maintain that they have a statutory right to participate in all phases of the proceedings,[3] recent developments such as Governor Schwarzenegger's proposal to release 22,000 inmates from California state prisons have prompted this Renewed Motion for Reconsideration. *See* Stegeman Decl. Exhibits A, B. This proposal demonstrates that Defendants are clearly failing to represent the interests of Intervenors in opposing a prison release order. Accordingly, the Intervenors bring this Renewed Motion for Reconsideration, pursuant to this Court's plenary power to modify interlocutory orders in the interest of justice. *See Golden Gate Audobon Soc., Inc. v. U.S. Army Corps of Engineers*, 732 F. Supp. 1014, 1023 (N.D.Cal. 1989); *see also John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91, 42

---

[2] It is within the Three-Judge Court's power to bifurcate the "scope" of any possible prisoner release order from the preliminary determination of whether a prisoner release order should "issue," and the Intervenors do not object to the bifurcation of the proceedings. The Intervenors request reconsideration of the Bifurcation Orders to the extent they exclude the Intervenors from fully participating in all proceedings relating to a prisoner release order.

[3] As statutory intervenors of right, the Intervenors should be treated as full parties in all phases of these hearings. The clear language of the Prison Litigation Reform Act and Federal Rule of Civil Procedure 24(a)(1) demand that Intervenors be given full-party status. 18 U.S.C. § 3632(a)(3)(F); Fed. R. Civ. P. 24(a)(1); *see also League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) (statutory intervenors of right have a right to participate in proceedings as if they were original parties). In moving for reconsideration based on the underlying reasoning of the Three-Judge Court's Bifurcation Orders, the Intervenors maintain that this motion does not constitute a waiver of any rights. The Intervenors do not acknowledge that the purported adequate representation of their interests by Defendants is a valid basis for the exclusion of the Intervenors from Phase I. *See* Plata Dkt. 880 at 3; Coleman Dkt. 2456 at 3.

S.Ct. 196, 199 (1922).

## CONCLUSION

Because Defendants do not adequately represent the interests of the Intervenors, and in accordance with the plain language of the Prison Litigation Reform Act and Federal Rule of Civil Procedure 24, the Intervenors respectfully request the Three-Judge Court reconsider its Bifurcation Orders and grant the Intervenors the full-party status to which they are entitled.

Respectfully submitted,

DATED: January 28, 2008        AKIN GUMP STRAUSS HAUER & FELD
                               By: /s/Chad A. Stegeman
                                   Chad A. Stegeman
                                   Attorney for Republican Assembly and
                                   Senator Intervenors

DATED: January 28, 2008        JONES & MAYER
                               By: /s/Martin J. Mayer
                                   Martin J. Mayer
                                   Attorney for Sheriff, Probation,
                                   Police Chief, and Corrections
                                   Intervenors

DATED: January 28, 2008        COUNTY OF RIVERSIDE
                               By: /s/William E. Mitchell
                                   William E. Mitchell
                                   Attorneys for District Attorney
                                   Intervenors

I, Chad A. Stegeman, am the ECF user whose ID and password are being used to file this Notice of Motion and Renewed Motion for Reconsideration; Memorandum of Points and Authorities. In compliance with General Order 45, X.B., I hereby attest that Martin J. Mayer and William E. Mitchell have concurred in this filing.

January 28, 2008    AKIN GUMP STRAUSS HAUER & FELD

By: /s/Chad A. Stegeman
Chad A. Stegeman
Attorney for Republican Assembly and Senator Intervenors