1
2
3        IN THE UNITED STATES DISTRICT COURTS
4        FOR THE EASTERN DISTRICT OF CALIFORNIA
5        AND THE NORTHERN DISTRICT OF CALIFORNIA
6    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
7      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
8

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>              Plaintiffs, <br><br>      v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br>              Defendants. | NO. CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br>              Plaintiffs, <br><br>      v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br>              Defendants. | NO. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> ORDER GRANTING IN PART INTERVENORS' MOTION FOR RECONSIDERATION AND ORDER CONSOLIDATING PROCEEDINGS |

On January 28, 2008, the Republican Assembly and Senate Intervenors, District Attorney Intervenors, and Sheriff, Probation, Police Chief, and Corrections Intervenors (collectively, "Intervenors") filed a motion for reconsideration of this court's October 10, 2007 Order Bifurcating Proceedings and Setting Deadlines for Phase I and November 9, 2007 Order on Motion for Reconsideration and/or Clarification.  Defendants filed a statement of non-opposition to the motion on February 4, 2008, and Plaintiffs filed a statement of non-opposition on February 7, 2008.

1    After reviewing the Intervenors' arguments, the court rejects Intervenors' contention

2  that defendants are inadequate representatives of the Intervenors' interests on the questions

3  of whether "crowding is the primary cause of the violation of a Federal right" and whether

4  "no other relief [other than a prisoner release order] will remedy the violation of the Federal

5  right."  Oct. 10, 2007 Order at 3 (quoting 18 U.S.C. §§ 3626(a)(3)(E)(i)-(ii)).  The court

6  further rejects the Intervenors' repeated assertion that this court erred when it bifurcated

7  these proceedings into two phases and limited the Intervenors' participation to the second

8  phase.

9    Nonetheless, upon careful reconsideration of the court's prior scheduling orders and

10  of the procedures that are most likely to expedite the proceedings, including discovery and

11  trial, the court hereby GRANTS IN PART the Intervenors' motion for reconsideration.

12  Intervenors shall be allowed to participate in all stages of these proceedings, subject to the

13  following limitations:

14    1.  Intervenors' participation in discovery will be prospective only.  Intervenors will

15  not seek to reopen any matter unless they are able to demonstrate good cause.  The

16  magistrate judge shall determine whether this standard has been met in the first instance.

17    2.  All discovery exchanged between plaintiffs and defendants to date shall be

18  provided to intervenors as soon as possible.

19    3.  One attorney will represent all intervenors for further discovery propounded by

20  intervenors.  Similarly, one attorney will represent all intervenors at future depositions.  This

21  attorney may be a different attorney on each occasion.

22    4.  If any discovery is directed to a particular group of intervenors (e.g., probation

23  officers or Republican legislators), counsel representing that group of intervenors shall

24  respond.

25    5.  At trial, one attorney may question each witness on behalf of all intervenors.  The

26  same attorney need not question all witnesses.  Intervenors will, however, present their

27  evidence and question other parties' witnesses through not more than a total of three different

28  attorneys throughout the trial.

2

1    6.  One attorney will represent all intervenors during any subsequent motion practice,

2  including discovery motions.  This need not be the same attorney for each motion.

3    7.  The above conditions apply to all intervenors who intervened on behalf of

4  defendants, and not simply those who joined in the Intervenors' January 28, 2008 motion for

5  reconsideration.

6    Beyond reconsidering the level of participation granted to intervenors, this court has

7  also reconsidered, sua sponte, the desirability of a bifurcated trial.  The court now concludes

8  that it would be more efficient to move forward with a single proceeding and therefore

9  VACATES its October 10, 2007 order bifurcating proceedings.  Discovery and trial in this

10 matter shall occur in a single consolidated proceeding.  The court will set time limits for trial

11 after reviewing the parties' and intervenors' joint pretrial conference statement.

12    In light of the above changes to the court's management of this case, the parties,

13 including intervenors, shall arrange for an initial discovery conference before the magistrate

14 judge.  As soon as practicable, the magistrate judge shall advise this court of a reasonable

15 discovery cut-off date.  Once such a date can be ascertained, this court will reset all other

16 pretrial dates as appropriate.

17

18 **IT IS SO ORDERED.**

19

20 Dated:   02/08/08                              _____/s/_____
                                               STEPHEN REINHARDT
21                                             UNITED STATES CIRCUIT JUDGE
                                               NINTH CIRCUIT COURT OF APPEALS
22

23

24 Dated:   02/08/08                              _____
                                               LAWRENCE K. KARLTON
25                                             SENIOR UNITED STATES DISTRICT JUDGE
                                               EASTERN DISTRICT OF CALIFORNIA
26

27

28

                                    3

Dated:   02/08/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA