1
2
3
4
5
6
7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 | | Case No. C01-1351 TEH

12 MARCIANO PLATA, et al., | **[PROPOSED] ORDER GRANTING RECEIVER'S SUPPLEMENTAL**

13 *Plaintiffs,* | **APPLICATION NO. 4 FOR ORDER WAIVING STATE CONTRACTING**

14 v. | **STATUTES, REGULATIONS AND PROCEDURES, APPROVING**

15 ARNOLD SCHWARZENEGGER, et al., | **RECEIVER'S SUBSTITUTE PROCEDURE FOR BIDDING AND**

16 *Defendants.* | **AWARD OF CONTRACTS**

17

18

19    Receiver J. Clark Kelso submitted for the Court's consideration his Supplemental

20 Application No. 4 for an Order Waiving State Contracting Statutes, Regulations and Procedures

21 ("State Contracting Procedures") and Approving Receiver's Substitute Procedure for Bidding

22 and Award of Contracts ("Supplemental Application No. 4").

23    The subject matter of Supplemental Application No. 4 is the Strategic Offender

24 Management System ("SOMS") currently under development by the California Department of

25 Corrections and Rehabilitation ("CDCR"). The Receiver has determined that, rather than

26 develop and implement a stand-alone inmate tracking and scheduling system for use in the

27 medical care, mental health care, dental care and disability access programs in the State prisons,

28 he should integrate the health care tracking and scheduling systems into the inmate tracking

1

1  database to be developed and implemented through the SOMS project.  The Receiver has
2  determined that the economies and efficiencies that will result from a single inmate tracking and
3  scheduling system will enhance his ability to achieve a constitutionally adequate medical care
4  delivery system in a timely fashion.

5  Supplemental Application No. 4 is unique among the Receiver's waiver applications,
6  however, in that it has been brought, in part, by the Receiver on behalf of CDCR and requests
7  that CDCR be given the benefit of the waivers of State law contemplated in the February 14,
8  2006 Order Appointing Receiver.  The purpose of the request is to permit CDCR to utilize the
9  substituted contracting procedures developed and adopted by this Court in its Order, dated
10 June 4, 2007.  If the CDCR is required to utilize standard State contracting procedures, the
11 Receiver estimates that it may be at least 18 months before the health care component of SOMS
12 will be operational, whereas if CDCR is permitted the benefit of the substituted contracting
13 procedures, implementation will occur 6-12 months sooner.

14 The Receiver contends, therefore, that the streamlined bidding and contracting processes
15 approved by the Court in its June 4, 2007 Order will permit CDCR to move expeditiously to
16 award the SOMS contract and will therefore substantially assist the Receiver as he attempts to
17 accomplish his mandate.

18 The Receiver is nonetheless concerned that even the more expeditious process
19 contemplated by the Application will hamper his ability to achieve the goals set for him by this
20 Court and, therefore, as a precautionary measure, has requested a waiver of State Contracting
21 Procedures if he deems it necessary to award contracts for a short term, interim electronic inmate
22 tracking and scheduling system to be used until SOMS, as it applies to healthcare, is fully
23 operational.

24 Having considered the Supplemental Application No. 4, the parties' non-opposition
25 thereto, and the entire record herein, the Court hereby GRANTS the Receiver's Supplemental
26 Application No. 4.  Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

27 1.      The Court finds that the Receiver has demonstrated that a waiver of State
28 contracting law for the benefit of CDCR in this instance will enhance his ability to achieve a

2

1 constitutionally adequate medical care system in a timely fashion and that, absent such waiver,

2 the Receiver will be hampered in his ability to achieve the tasks set for him by this Court.

3     2.    Therefore, the Court waives any requirement that CDCR comply with the

4 following state codes, laws and regulations with respect to the contracts necessary for the design,

5 development and implementation of the SOMS project, described more fully in the Supplemental

6 Application No. 4:

7         • California Government Code ("Gov't Code") §§ 14825-14828 and State

8           Contracting Manual ("SCM") §§ 5.10A, 5.75, 5.80 (governing advertisement of

9           State contracts);

10         • California Public Contract Code ("PCC") §§ 10290-10295, 10297, 10333, 10335,

11           10351, and 10420-10425; Gov't Code § 14616; and SCM §§ 4.00-4.11

12           (governing approval of contracts by Department of General Services ("DGS") and

13           exemption from and consequences for failure to obtain DGS approval);

14         • PCC §§ 10308, 10309, and 10314; SCM, vol. 2; and State Administrative Manual

15           ("SAM") §§ 3500-3696.3 (governing procurement of goods);

16         • PCC §§ 6106, 10109-10126, 10129, 10140, 10141, 10180-10185, 10220, 10301-

17           10306, 10340-10345, 10351, 10367, and 10369; Gov't Code §§ 4525-4529.20,

18           4530-4535.3, 7070-7086, 7105-7118, and 14835-14837; California Military &

19           Veterans Code §§ 999-999.13; California Code of Regulations, title 2, §§ 1195-

20           1195.6; SCM §§ 5.00-6.40; and Management Memo ("MM") 03-10 (governing

21           competitive bidding, required language in bid packages, non-competitive bid

22           ("NCB") procedures, preferential selection criteria, contractor evaluations and

23           notice, contract award and protest procedures for service, consulting service,

24           construction project management, and public works contracts);

25         • PCC §§ 10314 and 10346 (governing progress payment limitations);

26         • Gov't Code § 13332.09 and MM 06-03 (governing vehicle purchases);

27         • Gov't Code § 11546; PCC §§ 12100-12113, 12120-12121, 12125-12128; SCM,

28           vol. 3; and SAM §§ 4800-4989.3 and 5200-5291 (governing approval and

3

1    procurement of information technology, telecommunications, and data processing

2    goods and services and applicable alternate protest procedures);

3    • Gov't Code §§ 13332.10, 14660, 14669, and 15853 (governing acquisition and

4    leasing of real property);

5    • Gov't Code §§ 13332.19 and 15815 (governing plans, specifications, and

6    procedures for major capital projects); and

7    • PCC §§ 10365.5 and 10371; and SCM § 3.02.4 (governing restrictions on and

8    approval for multiple contracts with the same contractor).

9    3.    CDCR, in collaboration with the Receiver, shall follow the alternative,

10   streamlined contracting procedures as set forth in detail in this Court's June 4, 2007 Order for the

11   SOMS project described in Supplemental Application No. 4. In each instance in which those

12   substituted procedures refer to the Receiver, the procedures shall be deemed to apply to CDCR,

13   in collaboration with the Receiver. CDCR shall award, negotiate and administer the contracts

14   generally, but shall do so in collaboration and cooperation with the Receiver as necessary.

15   4.    The Court also waives any requirement that the Receiver comply with the

16   foregoing state codes, laws and regulations to permit the Receiver, if he deems it necessary to do

17   so, to award contracts for a short-term, interim electronic inmate scheduling and tracking system

18   to be utilized until SOMS is fully operational. The Receiver shall comply with the alternate

19   contracting procedures set forth in the June 4, 2007 Order.

20   At the Receiver's discretion he may either (1) publish provisions requiring contractor

21   certifications of compliance on his website and include a single representation in the contracts he

22   awards to the effect that the contractor has read, and attests that he/she/it is in compliance with,

23   the required provisions; or (2) directly incorporate into the agreements standard contract

24   provisions pertaining to contractor certifications of compliance utilized by DGS and available

25   online on DGS's website.

26   5.    The Receiver's quarterly progress reports shall contain a summary that

27   (1) specifies any contract the Receiver has awarded during the quarter pertaining to an interim

28   inmate scheduling and tracking system; (2) provides a brief description of such contract; and

4

1  (3) identifies the method the receiver utilized to award the contract (i.e., expedited formal

2  bidding, urgent informal bidding, or sole-source bidding).

3

4  **IT IS SO ORDERED.**

5

6  Dated: 4/22/08

                       THELTON E. HENDERSON, JUDGE
7                         UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FUTTERMAN &
DUPREE LLP