IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER</u> |

This matter is before the court on plaintiffs' motion to compel production of documents that have been withheld by defendants on asserted claims of deliberative process privilege.[1]

/////

/////

/////

---

[1] The parties' disputes over defendants' assertions of attorney-client privilege and attorney work product were resolved by this court by order filed April 14, 2008. The disputes over defendants' assertions of official information privilege and privacy have been resolved by the parties.

BACKGROUND

The dispute at bar arises from plaintiffs' first request for production of documents, served in these proceedings on September 5, 2007.[2] On October 25, 2007, defendants served responses to plaintiffs' first document production request. Therein, defendants interposed several general objections, and they asserted various privileges and interposed objections to each of the specific requests. See Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents, filed October 26, 2007.

In a stipulation filed November 2, 2007, the parties agreed to a schedule for rolling production of responsive, non-privileged documents as well as privilege logs. On December 6, 2007, this court heard oral argument on plaintiffs' motion to compel production of documents withheld pursuant to claims of privilege. At the conclusion of the hearing, the court issued an oral ruling granting plaintiffs' motion to compel. A written order followed on December 7, 2007. On the same day, defendants filed a motion for reconsideration or, in the alternative, for a stay of this court's order.

/////

---

[2] That request contains thirty-eight separate requests for production of documents, including requests for documents related to: the implementation of Assembly Bill 900 (AB 900); any projected change in California's prison population; the California Department of Corrections and Rehabilitation's (CDCR) choice of prison sites for construction of additional prison beds, buildings to treat or house inmates, and reentry program facilities under various sections of AB 900, including site surveys and Environmental Impact Reports, communications from or to local community groups and/or government officials, timetables for the construction of such beds and progress in meeting the timetables; timetables for transfers of inmates out of state under AB 900; the CDCR's ability or inability to hire and/or retain medical and mental health staff, including analyses of the effect of AB 900 on medical and mental health staffing levels; studies or analyses of the effect of AB 900 on medical and mental health care at the prisons; any measures defendants have considered to reduce prison populations other than the measures in AB 900; contingency plans, other than population reducing measures, defendants have considered initiating when prisons reach their maximum capacity; defendants' determination of the maximum capacity of any prison or the entire prison system; timetables for obtaining funding to implement AB 900 and defendants' progress therewith; any consideration of placing limits on the prison population; any consideration of the effects of sentencing reform, a sentencing commission, and changes in parole policies on the prison population; specific matters referenced in the Declaration of Scott Kernan filed in opposition to plaintiffs' motion to convene a three judge panel; and changes or clarifications of parole discharge policies and parole revocation policies. See Ex. F to Declaration of Michael W. Bien in Support of Joint Statement Regarding Discovery Dispute, filed October 22, 2007.

By order filed December 11, 2007, the three-judge court stayed this court's order. Subsequently, by order filed December 17, 2007, the three-judge court granted defendants additional time to review and revised their privilege logs and the matter was referred back to the undersigned for further proceedings thereon. In accordance with that order, by order filed December 20, 2007, this court directed defendants to serve, inter alia, their revised privilege logs on or before January 28, 2008. On that date, defendants filed revised privilege logs and four declarations in support thereof. Thereafter, defendants were granted an additional period of time in which to complete the revisions to their privilege logs. See Order filed January 30, 2008. Defendants' final revised privilege logs were filed and served on February 22, 2008, together with four supplemental declarations in support thereof.

On February 25, 2008, the parties filed a Joint Statement Regarding Discovery Disputes setting forth disputes over defendants' assertions of deliberative process privilege, attorney-client privilege, and attorney work-product doctrine. By order filed March 24, 2008, the parties were directed to filed a joint statement setting forth all claims and defenses to be presented in this action, identifying the party or parties who will be tendering the claims the defenses so identified, and identifying what, if any, discovery might be needed for each claim and defense so identified. Ruling on the disputes over defendants' assertions of deliberative process privilege raised in the February 25, 2008 statement of discovery disputes was deferred pending filing of said joint statement. See Order filed April 14, 2008, at 3-4. Said disputes are resolved herein.

## PLAINTIFFS' MOTION

At issue are 4,653 documents withheld by defendants pursuant to a claim of deliberative process privilege, see Ex. A to Declaration of Lori Rifkin in Support of Plaintiffs' Statement Regarding Discovery Disputed, filed February 25, 2008, and sixty-nine documents listed in Attachment C to this court's April 14, 2008 order.[3] Plaintiffs advance

---

[3] This order does not resolve the dispute tendered to the parties in the Joint Statement Regarding Additional Discovery Dispute, filed May 27, 2008. That dispute will be resolved by separate order.

3

two main grounds in support of their motion. First, they contend that defendants have not sufficiently established the deliberative process privilege for many of the documents. Second, they contend that the deliberative process privilege is a qualified privilege that "is overcome int his case where almost all of the documents defendants have withheld pursuant to assertions of the deliberative process privilege are directly related to the defenses defendants have raised in this case." Joint Statement Regarding Discovery Disputes, filed February 25, 2008, at 11 (Joint Statement). In opposition, defendants contend that plaintiffs have not identified with specificity the documents they seek, that plaintiffs have not made "the sufficiently strong showing that is required to override the government's interest in protecting its deliberative processes" and that they have not put their deliberative processes in issue in these proceedings. Joint Statement, at 31-36.

## ANALYSIS

I. <u>General Principles</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . " Defendants' claims of privilege in these proceedings are governed by principles of federal common law. <u>See</u> Fed. R. Evid. 501; <u>see</u> also <u>Kerr v. United States District Court for the Northern District of California</u>, 511 F.2d 192, 197 (9th Cir. 1975).

It is well-established that the federal "policy favoring open discovery requires that privileges must be 'strictly construed.'" <u>Dowling v. American Hawaii Cruises, Inc.</u>, 971 F.2d 423, 425 (9th Cir. 1992) (quoting <u>University of Pennsylvania. v. EEOC</u>, 493 U.S. 182, 189 (1990)). The United States Supreme Court has made it clear that an evidentiary privilege is not applied "unless it 'promotes sufficiently important interests to outweigh the need for probative evidence. . . .'" <u>University of Pennsylvania</u>, 493 U.S. at 198 (quoting <u>Trammel v. United States</u>, 445 U.S. 40, 51 (1980). "Inasmuch as '[t]estimonial exclusionary rules and privileges contravene the fundamental principles that "the public . . . has a right to every

/////

4

man's evidence,'" id. at 50 [internal citation omitted], any such privilege must 'be strictly construed.' 445 U.S. at 50." University of Pennsylvania, id.

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party must:
>
> (I) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(I), (ii). The specific "nature" of the notice required by Rule 26(b)(5) "is explicitly left indeterminate." Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005). "'The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege. . . .'" Id. at 1147-48 (quoting Rule 26(b)(5) advisory committee's note (1993 Amendments)). However, it is clear that "the 'party must . . . provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.'" Id. at 1148 (quoting Rule 26(b)(5) advisory committee note (1993 Amendments)).[4]

In Burlington Northern, the United States Court of Appeals for the Ninth Circuit set forth several factors that a court is to consider in determining whether a particular assertion of privilege satisfies the requirements of Rule 26(b)(5)(A):

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying

---

[4] Rule 26(b)(5)(B) provides for the return of information produced during discovery that "is subject to a claim of privilege or of protection as trial-preparation material." See Fed. R. Civ. P. 26(b)(5)(B). The parties in these proceedings have also entered into a "claw back agreement." Ex. O to Declaration of Lori Rifkin in Support of Plaintiff's Motion to Compel Production of Documents, filed November 30, 2007.

5

>information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.

Id. at 1149.

Defendants have the burden of proving application of the asserted privilege. See Cobell v. Norton, 213 F.R.D. 1, 4 (D.D.C. 2003)  In camera inspection of documents by this court "'is not a substitute for the government's burden of proof.'" Maricopa Audubon Society v. U.S. Forest Service, 108 F.3d 1089, 1093 n.2 (9th Cir. 1997)(quoting Church of Scientology of California v. U.S. Department of the Army, 611 F.2d 738, 743 (9th Cir. 1979)).  "In cases involving requests for hundreds of documents, no trial court can reasonably be expected to wade through a mass of exhibits in camera." Church of Scientology, at 743.

II.  Standards for Deliberative Process Privilege

The deliberative process privilege "covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Department of Interior v. Klamath Water Users Protective Association, 532 U.S. 1, 8 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S.132, 150 (1975)).[5]  It "was developed to promote frank and independent discussion among those responsible for making governmental decisions, Environmental Protection Agency v. Mink, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to

---

[5] The case law addressing this privilege has generally been in the context of actions brought under the Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552.  The rationale of the FOIA cases, however, is equally applicable where the government asserts the privilege to protect documents from disclosure during civil discovery. See NLRB, 421 U.S. at 148-50.

6

1 protect against premature disclosure of proposed agency policies or decisions." F.T.C. v.
2 Warner Communications Inc., 742 F.2d 1156, 1161 (9th Cir. 1984) (citing Coastal States,
3 617 F.2d at 866); see also NLRB, 421 U.S. at 150-51.
4     To qualify for the privilege a document must be both "predecisional" and
5 "deliberative." Id.

> "A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."

Carter v. U.S. Department of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting Assembly of State of California v. U.S. Department of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (internal citations omitted)).

     "[P]roper invocation of the privilege requires:  (1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation why it properly falls within the scope of the privilege." Landry v. F.D.I.C., 204 F.3d 1125, 1135 (D.C. Cir. 2000).

     Defendants have tendered to the court a privilege log setting forth for each document: an identification number, the custodian, the privilege claimed, they type of document, and the state agency that was the source of the document, and a brief description of the document.  In addition, where available for each document the privilege log identifies the date of the document, the author, and individuals who received the document.  In addition, defendants have tendered declarations and supplemental declarations from Vincent P. Brown, Chief Deputy Director of the California Department of Finance; Cynthia A. Radavsky, Deputy Director of Long-Term Care Services with the Department of Mental Health of the California

Health and Human Services Agency; David Runnels, Undersecretary of Operations within the California Department of Corrections and Rehabilitation; and Robert Gore, Senior Deputy Cabinet Secretary for the California Governor's Office.[6]

     The court has reviewed the privilege log submitted by defendants as well as the declarations referred to in the preceding paragraph. The court finds that neither the privilege log nor the declarations, separately or in combination, meet the legal requirements for establishing the deliberative process privilege. Specifically, the description of each document contained in the privilege log is too conclusory to permit an adequate assessment of the claim of privilege. Cf. Fed. R. Civ. P. 26(b)(5). In addition, none of the declarants ties any of the statements in their declarations to particular documents for which the deliberative process privilege has been claimed.[7] Moreover, although the declarants aver generally that categories of materials are "maintained as privileged and confidential," see, e.g., Supplemental Declaration of Robert Gore Regarding Privileged Documents Identified on February 15, 2008 Privilege Log, at ¶¶ 7-9, there is no proof that defendants have preserved the confidentiality of each of the specific documents for which a claim of privilege has been made. Simply put, defendants have not met their burden of establishing that the deliberative process privilege applies to the documents for which it has been asserted.

/////

/////

---

[6] The declarations of each of these four individuals were filed on January 28, 2008; their supplemental declarations were filed on February 22, 2008.

[7] The declaration of Cynthia A. Radavsky filed January 28, 2008 refers to "[a] single document" that "revealed and enabled pre-decisional discussion of the roles and responsibilities to be undertaken by the Health and Human Services Agency in a certain time frame," but provides no information by which this court could identify that document in the privilege log. Declaration of Cynthia A. Radavsky in Support of January 28, 2008 Revised Privilege Log, filed January 28, 2008, at ¶ 15. Similarly, Ms. Radavsky's supplemental declaration refers to another document that "reveals proposed salaries for mental health clinicians" but sets forth no identification number or other y specific identifying information for that document. Supplemental Declaration of Cynthia A. Radavsky Regarding Privileged Documents Identified on February 15, 2008 Privilege Log.

1     For the foregoing reasons, the claims of deliberative process privilege in the revised
2 privilege logs filed on January 28, 2008 and, finally, on February 22, 2008, have not been
3 established.
4     In accordance with the above, IT IS HEREBY ORDERED that within five business
5 days from the date of this order, defendants shall produce to counsel for plaintiffs for
6 inspection and copying all documents listed in Ex. A to Declaration of Lori Rifkin in Support
7 of Plaintiffs' Statement Regarding Discovery Disputes, filed February 25, 2008, and in
8 Attachment C to this court's April 14, 2008 order.
9 Dated: May 29, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
discovery22.o