IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

This matter is before the court on defendant's March 18, 2008 motion for a protective order. By their motion, defendants to seek to protect from disclosure personal and private information of inmates in the California Department of Corrections and Rehabilitation (CDCR) who are not class members in either of the above-captioned actions as well as personal and private information of patients, parolees, and employees of any of the parties; documents that pertain to prison safety and/or security; and documents that "pertain to sensitive communications or reflect the deliberative process" of defendants. Defendants' Motion for a Protective Order, filed March 18, 2008, at 4. Defendants also seek to limit use of documents produced in discovery during the course of the instant proceedings before the

three-judge court to these proceedings. Defendants have proposed a protective order to supplement those already entered in the above-captioned actions. See Proposed Protective Order, submitted March 18, 2008, at 2.

Plaintiffs oppose defendants' proposed protective order, contending that it is overbroad and that defendants have failed to establish good cause for issuance of the requested protective order. Plaintiffs have instead proposed an addendum to the protective orders that already exist in each of the above-captioned cases.

By order filed April 1, 2008, the parties were directed to file a joint statement addressing several issues set forth in the order. See Order filed April 1, 2008, at 2-3. On April 25, 2008, the parties timely filed the required joint statement. The court has reviewed the papers filed in support of and in opposition to defendants' motion,[1] the joint statement filed April 25, 2008, and the protective orders filed in each of the above-captioned actions.[2]

> Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. In San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999), the court said, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." See also In re Agent Orange Product Liability Litig., 821 F.2d 139, 145 (2d Cir.1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.").

Phillips ex rel. Estates of Byrd v. General Motors Corporation, 307 F.3d 1206, 1210 (9th Cir. 2002. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (citing Phillips, at 1210-11 (in turn citing San Jose Mercury News, 187 F.3d at 1102); also

---

[1] Included in the papers filed in opposition to defendants' motion is a letter from the Associated Press filed March 26, 2008.

[2] See Orders filed September 12, 1991, July 29, 1992, and January 12, 2007, in the Coleman case; see also Order filed April 3, 2003 in the Plata case.

2

1  citing Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470 at 476 (9th Cir. 1992)
2  (additional citations omitted).  "'Broad allegations of harm, unsubstantiated by specific
3  examples or articulated reasoning, do not satisfy the Rule 26(c) test.'"  Beckman Indus., Inc.
4  v. International Ins. Co., 966 F.2d 470, 476 (9th Cir.1992) (quoting Cipollone v. Liggett
5  Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986).

6  As noted in this court's April 1, 2008 order, three protective orders have been filed in
7  the Coleman case and one has been filed in the Plata case.  See Order filed April 1, 2008, at 2
8  n.1.  For purposes of the proceedings before the three-judge court, the parties in Coleman
9  have agreed to be bound by the Plata protective order, and the parties in Plata have agreed to
10 be bound by the Coleman protective orders.  See Declaration of Lori Rifkin in Support of
11 Join Statement Regarding Defendants' Motion for a Protective Order, filed April 25, 2008
12 (Rifkin Declaration), at ¶ 2.  In addition, all intervenors in these proceedings before the three-
13 judge court have agreed to be bound by those protective orders.  Rifkin Declaration at ¶ 2
14 and Exs. A and C; Supplemental Declaration of Lori Rifkin, filed May 1, 2008 at ¶ 3 and Ex.
15 A.  In the April 25, 2008 joint statement, plaintiffs, defendants, the CCPOA Intervenor and
16 the District Attorney, Legislator, and Sheriff Intervenors all agree that these protective orders
17 apply to documents produced in the instant proceedings.[3]

18 By their motion, defendants propose a further protective order to govern documents
19 produced in the instant proceedings.  The first two categories of documents for which
20 defendants seek protection are those produced in these proceedings that (1) contain personal
21 identifying information regarding any individual, including but not limited to inmates,
22 patients, parolees, and employees of any of the parties; and (2) contain information impacting
23 the right of privacy regarding any individual including but not limited to inmates, patients,
24 parolees, and employees of any of the parties.

25 In relevant part, the existing protective orders in Coleman identify as confidential
26 material "all documents and information obtained by plaintiffs' counsel from defendants or

---

[3] The County Intervenors and the Sonoma County Intervenors take no position on this question but have agreed to be bound by the existing protective orders in Coleman and Plata.

3

the Department of Corrections, which identifies an inmate other than the named plaintiffs in this action" and "all State of California Department of Health Services' records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs." See Stipulated Protective Order filed September 12, 1991, at 1-2; Stipulated Protective Order filed July 29, 1992, at 1-2; see also Modified Protective Order filed January 12, 2007, at 1. The existing protective order in Plata identifies as confidential information "all Department of Corrections' ("CDC") records that identify any inmate or parolee ("personal information"). Stipulation and Protective Order, filed April 3, 2003, at 2.

Defendants' proposed protective order would expand this category of confidential information to cover all documents produced during the three-judge court proceedings (regardless of what state agency had possession of the documents) that contain personal identifying information regarding any individual, including but not limited to inmates, patients, parolees, and employees of any of the parties. Plaintiffs contend that the parties have already agreed to redaction of such information from documents for which defendants assert claims of official information privilege and privacy rights and that defendants have not shown why a protective order is also required. Plaintiffs do, however, propose an addendum to the existing protective orders to give protection to

> [a]ll documents obtained in this action that contain identifying personal information, including but not limited to inmate names and identification numbers, and employee social security numbers, federal identification numbers, personal telephone numbers, addresses, or personal e:mail addresses, for which a claim of privacy rights has been made.

Ex. A to Plaintiffs' Opposition to Defendants' Motion for a Protective Order, filed March 26, 2008, Proposed Addendum to Existing Coleman and Plata Protective Orders.

By the April 1, 2008 order, the parties were directed to address whether the existing protective orders should be modified to protect

> That part of documents and information produced in these proceedings that sets forth in unredacted form personal information, including but not limited to inmate names and identification numbers, and employee social security numbers,

4

1    federal identification numbers, personal telephone numbers,
     addresses, or personal e:mail addresses.

Order filed April 1, 2008, at 3. There is no opposition by any party to this modification. See Joint Statement Regarding Defendants' Motion for a Protective Order, filed April 25, 2008, at 6-7. The existing protective orders will be expanded accordingly.[4]

The third category of documents for which defendants seek protection are documents that "pertain to prison safety or prison security." Defendants' Motion for Protective Order, at 4. Plaintiffs propose an addendum to the existing protective orders that would protect

> [a]ll documents and information concerning timetables on out of state transfers or reflecting architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access and construction design details, for which an official information privilege has been claimed.

Ex. A to Plaintiffs' Opposition. In the April 1, 2008 order, the parties were directed to address whether existing protective orders should be modified to protect this category of documents. Defendants object to limiting the protection afforded by this paragraph to documents for which an official information privilege has been claimed. The District Attorney, Legislator, and Sheriff Intervenors concur with this position.

The Plata protective order defines as confidential material "all Department of Corrections' ("CDC") records that . . . are designated by defendants as threatening prison safety and/or security if disclosed without protective conditions." Stipulated Protective Order, filed April 3, 2003, at 2. Pursuant to that protective order, defendants may designate any or all documents described in the proposed addendum and produced to the parties in Plata as covered thereby, regardless of whether they have previously asserted an official information for such documents.

The Coleman protective orders do not include a comparable category in the definition of confidential materials. Good cause appearing, the Coleman protective orders will be expanded to include as confidential material

---

[4] Defendants have not shown what, if any, "information impacting the right of privacy regarding any individual" exists that is not covered by the existing protective orders and the modification to be made pursuant to this order.

5

> [a]ll documents and information produced during the three-judge court proceedings concerning timetables on out of state transfers or reflecting architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access and construction design details.

The fourth category of documents that defendants seek to define as "confidential material" are documents subject to a claim of deliberative process privilege. Defendants point specifically to Budget Change Proposals and "sensitive budget information for non-parties" that has been produced in these proceedings. Defendants' Motion, at 5. Defendants have the burden "for each particular document [they] seek[] to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). Defendants have not made the required showing for this category of documents. This aspect of their motion will be denied.

Defendants also seek to limit use of material produced during the proceedings before the three-judge court to said proceedings.[5] Such a limitation is contrary to the law of this circuit. See, e.g., Foltz, at 1131; see also Beckman, 966 F.2d at 475. Defendants have made no showing that overcomes this established rule. To the extent that defendants seek to limit use of documents produced during proceedings before the three-judge court to those

/////
/////
/////
/////
/////
/////
/////

---

[5] Although defendants seek this limitation for all documents produced in these proceedings, their argument in support of the limitation is directed primarily at the Coleman plaintiffs. Defendants argue that, except for these proceedings, discovery is closed in both Coleman and Plata, that the role of Coleman class counsel in the remedial phase has been "closely delineated" by the court and that Coleman class counsel are now trying to "upset the balance by providing their unsolicited input and comments on various draft policy documents." Defendants' Motion, at 6. Defendants also contend that plaintiffs' counsel "frequently litigates" other prison conditions cases and that introduction of information obtained during these proceedings may "adversely affect these other cases." Id.

1 proceedings and to preclude the use of such documents in the underlying actions, the motion
2 will be denied.[6]

3   Finally, defendants' proposed protective order contains two additional provisions,
4 proposed paragraphs 7 and 8, to which plaintiffs object. Provisions similar, though not
5 identical, to these proposals exist in the Coleman and Plata protective orders. These
6 provisions of the existing protective orders in Coleman and Plata are sufficient and the court
7 finds no grounds for imposing additional conditions on use of documents in these
8 proceedings.

9   In accordance with the above, IT IS HEREBY ORDERED that:

10   1. Defendants' March 18, 2008 motion for protective order is granted in limited part,
11 as follows:

12     a. The protective orders filed in the Coleman case on September 12, 1991, July
13 29, 1992, and January 12, 2007, and in the Plata case on April 3, 2003 are expanded by the
14 following addendum:

15     That part of documents and information produced during the three-judge court
16 proceedings that sets forth in unredacted form personal information, including but not limited
17 to inmate names and identification numbers, and employee social security numbers, federal
18 identification numbers, personal telephone numbers, addresses, or personal e:mail addresses.
19 shall be regarded as confidential, subject to the existing protective orders in Coleman and
20 Plata, and referred to as confidential material within the meaning of those orders.

21     b. The protective orders filed in the Coleman case are expanded by the
22 following addendum:

---

[6] The existing protective orders in Coleman and Plata describe the extent to which material defined as confidential in those orders can be used in other litigation. Compare Coleman Modified Protective Order filed January 12, 2007, at ¶ 3 (authorizing disclosure of confidential material to specified individuals involved in four other actions) with Plata Protective Order filed April 3, 2003, at ¶ 5 (prohibiting use of confidential material in any action other than Plata without agreement of the parties and order of the Court, "except that personal information may be used without limitation with the consent of the inmate or parolee concerned."). In accordance with the agreement of all parties except the County Intervenors and the Sonoma County Intervenors, who take no position on the issue, documents produced in these proceedings are subject to those protective orders.

1      All documents and information produced during the three-judge court
2 proceedings concerning timetables on out of state transfers or reflecting architectural
3 specifications, renderings, blueprints, infrastructure layout, building footprints, points of
4 access and construction design details shall be regarded as confidential, subject to the
5 existing protective orders in <u>Coleman</u>, and referred to as confidential material within the
6 meaning of those orders.
7      2. In all other respects, defendants' March 18, 2008 motion for protective order is
8 denied.
9 DATED:  June 20, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
discovery20.o1