**United States District Court**
For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9    MARCIANO PLATA, et al.,                    NO. C01-1351 TEH

10                    Plaintiffs,               ORDER GRANTING
                                                RECEIVER'S SUPPLEMENTAL
11             v.                               APPLICATION NO. 5 FOR
                                                ORDER WAIVING STATE
12   ARNOLD SCHWARZENEGGER,                     CONTRACTING STATUTES,
     et al.,                                    ETC.
13
                     Defendants.
14

15

16         On June 4, 2007, this Court approved the Receiver's Master Application for Order

17   Waiving State Contracting Statutes, Regulations, and Procedures and authorized three

18   alternative substitute procedures for the bidding and award of contracts: expedited formal

19   bidding, urgent informal bidding, and sole-source bidding.  On June 12, 2008, the Receiver

20   filed his Supplemental Application No. 5 for an Order Waiving State Contracting Statutes,

21   Regulations, and Procedures and Approving Receiver's Substitute Procedure for Bidding and

22   Award of Contracts.  This application concerns various projects related to the improvement

23   of health care facilities at Correctional Training Facility, Soledad ("CTF"); Mule Creek State

24   Prison ("MCSP"); and California Rehabilitation Facility, Norco ("CRC").  The Receiver

25   anticipates that most of the contracts related to these projects will be awarded through the

26   expedited formal bidding process.

27         On June 13, 2008, the Court ordered the parties to file objections or statements of non-

28   opposition to the Receiver's Supplemental Application No. 5 by June 27, 2008. Plaintiffs

United States District Court

For the Northern District of California

1   filed a statement of non-opposition on June 20, 2008.  Defendants filed a statement of non-

2   opposition on June 27, 2008, based on an understanding that the Receiver would withdraw

3   his request for a waiver of portions of Assembly Bill 900 ("AB 900").  On June 30, 2008, the

4   Receiver filed a reply withdrawing "his request that the Court waive Penal Code § 7021 and

5   Government Code § 15819.40 *et seq.* which are the codified provisions of AB 900 cited in

6   the Receiver's waiver application."  Reply at 1.

7        Having carefully considered the Receiver's application and the record in this case, the

8   Court finds good cause to GRANT the Receiver's Supplemental Application No. 5.  The

9   Court agrees with the Receiver that the identified projects at CTF, MCSP, and CRC are

10  critical to establishing a constitutional system of medical care delivery in California's

11  prisons, and that failure to obtain a waiver of state law would prevent the Receiver from

12  achieving that goal in a timely fashion.  Moreover, no party has identified any alternatives to

13  the requested waiver that would achieve a constitutional remedy in this instance, nor does

14  any party oppose the requested waiver.  Accordingly, IT IS HEREBY ORDERED that:

15       1.   The following state codes and laws shall be waived with respect to the Receiver's

16  planned clinical space renovation and construction projects at CTF, MCSP, and CRC that are

17  described more fully in the Receiver's Supplemental Application No. 5:

18       •    California Government Code ("Gov't Code") sections 14825-14828 and State

19            Contracting Manual ("SCM") sections 5.10A, 5.75, and 5.80 (governing

20            advertisement of state contracts);

21       •    California Public Contract Code ("PCC") sections 10290-10295, 10297, 10333,

22            10335, 10351, and 10420-10425; Gov't Code section 14616; and SCM sections

23            4.00-4.11 (governing approval of contracts by Department of General Services

24            ("DGS") and exemption from and consequences of failure to obtain DGS

25            approval);

26       •    PCC sections 10308, 10309, and 10314; SCM, volume 2; and State

27            Administrative Manual ("SAM") sections 3500-3696.3 (governing procurement

28            of goods);

**United States District Court**
For the Northern District of California

- PCC sections 1103, 1601, 3300, 3400, 4100-4114, 5101-5110, 6101-6109, 6610-6615, 7103, 7105, 7106, 10105-10126, 10129, 10140, 10141, 10160-10169, 10180-10185, 10220-10226, 10263, 10285-10286.1, 10301-10306, 10340-10345, 10351, 10367, 10369, 12183, 12203, 12205, 12404, and 22300; California Business and Professions Code section 7059(b); California Civil Code ("Civ. Code") sections 3247-3248; Gov't Code sections 4215, 4477-4478, 4525-4529.20, 4530-4535.3, 7070-7086, 7105-7118, and 14835-14842.6; California Labor Code section 6707; California Military and Veterans Code sections 999-999.13; California Code of Regulations ("CCR"), title 2, sections 1195-1195.6 and 1896 *et seq.*; 15 CCR sections 3456 and 3475 *et seq.*; 21 CCR sections 1310, 1351, and 1361; 24 CCR, pt. 1, section 7-152; SCM sections 5.00-6.40 and 11.10; and Management Memos ("MM") 03-09, 03-10 and 05-03 (governing competitive bidding, required language in bid packages, non-competitive bid ("NCB") procedures, preferential selection criteria, contractor evaluations and notice, contract award and protest procedures for service, consulting services, construction project management, and public works contracts);

- PCC sections 9201and 10253-10259 (governing a contractor's default and notices of claims);

- Gov't Code sections 4000 *et seq.* (governing day labor or force account work);

- PCC sections 10314 and 10346 (governing progress payments);

- PCC section 10261.5 and California Code of Civil Procedure ("CCP") section 685.010 (governing payment processing to contractors);

- PCC section 10262-10262.5 (governing contractors' payment of subcontractors);

- PCC section 10264 (governing payment for contractor mobilization costs);

- PCC section 7101 (governing the sharing of savings from cost reductions with contractors);

- SAM section 6854 (governing contingency amounts in construction contracts);

United States District Court

For the Northern District of California

1      •    PCC sections 6106.5, 7107, 7200, 10261 (governing retention for contracts with

2      design professionals and contractors);

3      •    PCC section 10251 (governing addition of work to a construction contract);

4      •    PCC section 7102 (governing contractors' damages for construction delays);

5      •    California Insurance Code section 11580.04 and Gov't Code sections 4420

6      *et seq.* (governing construction project insurance);

7      •    PCC section 10240 *et seq.* and 19100; CCP section 1296; Civ. Code section

8      1670; and 1 CCR sections 1300 *et seq.* (governing dispute resolution with

9      contractors);

10     •    24 CCR, pt. 1, section 7-137 (requiring submission of contract information to

11     Office of Statewide Health Planning and Development ("OSHPD"));

12     •    Gov't Code section 13332.09 and MM 06-03 (governing vehicle purchases);

13     •    PCC sections 12100-12113, 12120-12121, and 12125-12128; SCM, volume 3;

14     and SAM sections 4800-4989.3 and 5200-5291 (governing procurement of

15     information technology, telecommunications, and data processing goods and

16     services and applicable alternate protest procedures);

17     •    Gov't Code sections 13332.10, 14660, 14669, and 15853 (governing acquisition

18     and leasing of real property);

19     •    Gov't Code sections 13332.11, 13332.19, and 15815; and SAM sections 6844 *et*

20     *seq.* (governing plans, specifications, and procedures for major capital projects);

21     •    PCC sections 10365.5 and 10371; and SCM section 3.02.4 (governing

22     restrictions on and approval for multiple contracts with the same contractor);

23     •    PCC section 7109 (governing anti-graffiti abatement programs);

24     •    California Penal Code ("PC") sections 7000-7001 (governing CDCR master

25     planning requirements);

26     •    PC section 7050 (governing special CDCR construction funding procedures);

27     •    PC section 7003 and SAM section 6851 (governing approval of CDCR facility

28     design plans by the legislature);

4

United States District Court

For the Northern District of California

1   •   PC section 7003.5 and SAM sections 7900 *et seq.* (governing certain CDCR

2       reporting to the legislature for construction projects);

3   •   PC sections 7004 and 7004.5 (providing for certain public input for CDCR

4       facility siting);[1]

5   •   Gov't Code section 14681.5 (providing for notices to certain public officials prior

6       to bidding or construction);

7   •   SAM section 6856 (providing for certain administrative requirements for

8       completion of projects);

9   •   California Health and Safety Code sections 121975, 129820, 129825, 129830,

10      129980; 22 CCR section 79823; and 24 CCR, pt. 1, sections 7-135, 7-139, 7-141,

11      7-144, 7-145, 7-149, 7-151, 7-153, 7-155, 7-156, 7-159, 7-161, 7-163, 7-165,

12      7-167, 7-169, 7-171, and 7-212 (providing for certain OSHPD approvals and

13      oversight of construction);

14  •   22 CCR sections 71105, 71109, 71115, and 71603; and 24 CCR, pt. 1, section

15      8-501 (governing approval of plans and construction by Department of Health

16      Services and compliance with state and local building standards for licensing of

17      acute psychiatric facilities);[2]

18  •   22 CCR sections 72201 and 72205 (governing approval of plans and construction

19      by Department of Health Services and compliance with state and local building

20      standards for licensing of skilled nursing facilities);[3]

21  •   22 CCR section 79583 (governing certification of compliance with state and local

22      building standards for licensing of correctional treatment centers);[4]

23

24

25      [1]The public input procedures of the California Environmental Quality Act, Cal. Pub. Res. Code §§ 21000 *et seq.*, shall not be waived.

26      [2]These regulations shall not be waived as to compliance with state building standards.

27      [3]These regulations shall not be waived as to compliance with state building standards.

28      [4]This regulation shall not be waived as to compliance with state building standards.

5

**United States District Court**

For the Northern District of California

1    • Gov't Code sections 4451 *et seq.* and 21 CCR sections 81 *et seq.* (providing

2    detailed state requirements on handicapped accessibility with certain DGS

3    approvals);[5]

4    • Gov't Code sections 14684.1, 15814.21, 15814.30-15814.32, and 15814.34;

5    Executive Order W-83-94; and Executive Order S-20-04 (governing certain

6    environmental sustainability and energy efficiency requirements);[6] and

7    • Design Criteria Guidelines issued by the CDCR (providing certain criteria and

8    approval processes for design of CDCR facilities).

9    2.    The following limited waiver shall apply to the Receiver's planned clinical space

10   renovation and construction projects at CTF, MCSP, and CRC that are described more fully

11   in the Receiver's Supplemental Application No. 5:  If the Receiver or its contractor has filed

12   the appropriate documentation to request an approval or permit from a state agency, but the

13   agency has not timely processed the request and the project schedule would be materially

14   delayed by further waiting for the agency to respond, then the Receiver may proceed with the

15   project as if such permit or approval had been granted.  The Receiver shall, however,

16   continue his efforts to obtain the permit or approval in due course while the project proceeds,

17   and the Receiver shall also take appropriate action to satisfy any legitimate concerns of the

18   applicable state agency.

19   3.    The Receiver shall follow the alternative contracting procedures set forth in this

20   Court's June 4, 2007 order for the projects described in his Supplemental Application No. 5.

21   4.    At the Receiver's discretion, he may either (1) publish provisions requiring

22   contractor certifications of compliance on his website and include a single representation in

23   the contracts he awards to the effect that the contractor has read, and attests that he/she/it is

24   in compliance with, the required provisions; or (2) directly incorporate into the agreements

25   _____

26   [5]The Receiver shall comply with federal Americans with Disabilities Act and state
building code requirements for accessibility.

27   [6]The Receiver shall design energy-efficient and environmentally sustainable buildings
to the extent the Receiver determines it is feasible and appropriate to do so under the
28   circumstances.

United States District Court

For the Northern District of California

1   standard contract provisions pertaining to contractor certifications of compliance utilized by

2   DGS and available online on DGS's website.

3       5.    The Receiver's quarterly progress reports shall contain a summary that

4   (1) specifies each contract the Receiver has awarded during the quarter under this waiver;

5   (2) provides a brief description of each such contract; and (3) identifies the method the

6   Receiver utilized to award the contract (i.e., expedited formal bidding, urgent informal

7   bidding, or sole-source bidding).

8

9   **IT IS SO ORDERED.**

10

11   Dated:   07/01/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7