IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. C01-1351 TEH<br><br>ORDER GRANTING <u>RECEIVER'S SUPPLEMENTAL APPLICATION NO. 6 FOR ORDER WAIVING STATE CONTRACTING STATUTES, ETC.</u> |

On June 4, 2007, this Court approved the Receiver's Master Application for Order Waiving State Contracting Statutes, Regulations, and Procedures and authorized three alternative substitute procedures for the bidding and award of contracts: expedited formal bidding, urgent informal bidding, and sole-source bidding. On June 16, 2008, the Receiver filed his Supplemental Application No. 6 for an Order Waiving State Contracting Statutes, Regulations, and Procedures and Approving Receiver's Substitute Procedure for Bidding and Award of Contracts. This application concerns design and construction planning for the Receiver's project ("10,000 Bed Program") to construct facilities to house and treat approximately 10,000 inmates whose medical and/or mental health conditions require separate housing to facilitate appropriate access to necessary health care services.

Pursuant to the Court's June 13, 2008 order setting a standard briefing schedule for the Receiver's applications for waivers of state law, any objections were due on June 30, 2008. Plaintiffs filed a late statement of non-opposition on July 1, 2008, and the Court construes Defendants' failure to file any objections as a statement of non-opposition.

Having carefully considered the Receiver's application and the record in this case, the Court finds good cause to GRANT the Receiver's Supplemental Application No. 6. The Court agrees with the Receiver that the identified activities relating to the 10,000 Bed Program are critical to establishing a constitutional system of medical care delivery in California's prisons, and that failure to obtain a waiver of state law would prevent the Receiver from achieving that goal in a timely fashion. Moreover, no party has identified any alternatives to the requested waiver that would achieve a constitutional remedy in this instance, nor does any party oppose the requested waiver. Accordingly, IT IS HEREBY ORDERED that:

1. The following state codes and laws shall be waived with respect to the design and construction planning for the Receiver's 10,000 Bed Program, described more fully in the Receiver's Supplemental Application No. 6 and the Receiver's Turnaround Plan of Action:

- California Government Code ("Gov't Code") sections 14825-14828 and State Contracting Manual ("SCM") sections 5.10A, 5.75, and 5.80 (governing advertisement of state contracts);

- California Public Contract Code ("PCC") sections 10290-10295, 10297, 10333, 10335, 10351, and 10420-10425; Gov't Code section 14616; and SCM sections 4.00-4.11 (governing approval of contracts by Department of General Services ("DGS") and exemption from and consequences of failure to obtain DGS approval);

- PCC sections 10308, 10309, and 10314; SCM, volume 2; and State Administrative Manual ("SAM") sections 3500-3696.3 (governing procurement of goods);

- PCC sections 1103, 1601, 3300, 3400, 4100-4114, 5101-5110, 6101-6109, 6610-6615, 7103, 7105, 7106, 10105-10126, 10129, 10140, 10141, 10160-10169, 10180-10185, 10220-10226, 10263, 10285-10286.1, 10301-10306, 10340-10345, 10351, 10367, 10369, 12183, 12203, 12205, 12404, and 22300; California Business and Professions Code section 7059(b); California Civil Code ("Civ.

2

Code") sections 3247-3248; Gov't Code sections 4215, 4477-4478, 4525-4529.20, 4530-4535.3, 7070-7086, 7105-7118, and 14835-14842.6; California Labor Code section 6707; California Military and Veterans Code sections 999-999.13; California Code of Regulations ("CCR"), title 2, sections 1195-1195.6 and 1896 *et seq.*; 15 CCR sections 3456 and 3475 *et seq.*; 21 CCR sections 1310, 1351, and 1361; 24 CCR, pt. 1, section 7-152; SCM sections 5.00-6.40 and 11.10; and Management Memos ("MM") 03-09, 03-10 and 05-03 (governing competitive bidding, required language in bid packages, non-competitive bid ("NCB") procedures, preferential selection criteria, contractor evaluations and notice, contract award and protest procedures for service, consulting services, construction project management, and public works contracts);

- PCC sections 9201 and 10253-10259 (governing a contractor's default and notices of claims);
- Gov't Code sections 4000 *et seq.* (governing day labor or force account work);
- PCC sections 10314 and 10346 (governing progress payments);
- PCC section 10261.5 and California Code of Civil Procedure ("CCP") section 685.010 (governing payment processing to contractors);
- PCC section 10262-10262.5 (governing contractors' payment of subcontractors);
- PCC section 10264 (governing payment for contractor mobilization costs);
- PCC section 7101 (governing the sharing of savings from cost reductions with contractors);
- SAM section 6854 (governing contingency amounts in construction contracts);
- PCC sections 6106.5, 7107, 7200, 10261 (governing retention for contracts with design professionals and contractors);
- PCC section 10251 (governing addition of work to a construction contract);
- PCC section 7102 (governing contractors' damages for construction delays);
- California Insurance Code section 11580.04 and Gov't Code sections 4420 *et seq.* (governing construction project insurance);

3

- PCC section 10240 *et seq.* and 19100; CCP section 1296; Civ. Code section 1670; and 1 CCR sections 1300 *et seq.* (governing dispute resolution with contractors);
- 24 CCR, pt. 1, section 7-137 (requiring submission of contract information to Office of Statewide Health Planning and Development ("OSHPD"));
- Gov't Code section 13332.09 and MM 06-03 (governing vehicle purchases);
- PCC sections 12100-12113, 12120-12121, and 12125-12128; SCM, volume 3; and SAM sections 4800-4989.3 and 5200-5291 (governing procurement of information technology, telecommunications, and data processing goods and services and applicable alternate protest procedures);
- Gov't Code sections 13332.10, 14660, 14669, and 15853 (governing acquisition and leasing of real property);
- Gov't Code sections 13332.11, 13332.19, and 15815; and SAM sections 6844 *et seq.* (governing plans, specifications, and procedures for major capital projects);
- PCC sections 10365.5 and 10371; and SCM section 3.02.4 (governing restrictions on and approval for multiple contracts with the same contractor);
- PCC section 7109 (governing anti-graffiti abatement programs);
- California Penal Code ("PC") sections 7000-7001 (governing CDCR master planning requirements);
- PC section 7050 (governing special CDCR construction funding procedures);
- PC section 7003 and SAM section 6851 (governing approval of CDCR facility design plans by the legislature);
- PC section 7003.5 and SAM sections 7900 *et seq.* (governing certain CDCR reporting to the legislature for construction projects);
- PC sections 7004 and 7004.5 (providing for certain public input for CDCR facility siting);[1]

---

[1] The public input procedures of the California Environmental Quality Act, Cal. Pub. Res. Code §§ 21000 *et seq.*, shall not be waived.

4

- PC section 7021 and Gov't Code sections 15819.40 *et seq.* (governing a CDCR mandate to build certain prison facilities, including health care facilities);
- Gov't Code section 14681.5 (providing for notices to certain public officials prior to bidding or construction);
- SAM section 6856 (providing for certain administrative requirements for completion of projects);
- California Health and Safety Code sections 121975, 129820, 129825, 129830, 129980; 22 CCR section 79823; and 24 CCR, pt. 1, sections 7-135, 7-139, 7-141, 7-144, 7-145, 7-149, 7-151, 7-153, 7-155, 7-156, 7-159, 7-161, 7-163, 7-165, 7-167, 7-169, 7-171, and 7-212 (providing for certain OSHPD approvals and oversight of construction);
- 22 CCR sections 71105, 71109, 71115, and 71603; and 24 CCR, pt. 1, section 8-501 (governing approval of plans and construction by Department of Health Services and compliance with state and local building standards for licensing of acute psychiatric facilities);[2]
- 22 CCR sections 72201 and 72205 (governing approval of plans and construction by Department of Health Services and compliance with state and local building standards for licensing of skilled nursing facilities);[3]
- 22 CCR section 79583 (governing certification of compliance with state and local building standards for licensing of correctional treatment centers);[4]
- Gov't Code sections 4451 *et seq.* and 21 CCR sections 81 *et seq.* (providing detailed state requirements on handicapped accessibility with certain DGS approvals);[5]

---

[2] These regulations shall not be waived as to compliance with state building standards.

[3] These regulations shall not be waived as to compliance with state building standards.

[4] This regulation shall not be waived as to compliance with state building standards.

[5] The Receiver shall comply with federal Americans with Disabilities Act and state building code requirements for accessibility.

5

- Gov't Code sections 14684.1, 15814.21, 15814.30-15814.32, and 15814.34; Executive Order W-83-94; and Executive Order S-20-04 (governing certain environmental sustainability and energy efficiency requirements);[6] and
- Design Criteria Guidelines issued by the CDCR (providing certain criteria and approval processes for design of CDCR facilities).

2. The following limited waiver shall apply to the design and construction planning for the Receiver's 10,000 Bed Program: If the Receiver or its contractor has filed the appropriate documentation to request an approval or permit from a state agency, but the agency has not timely processed the request and the project schedule would be materially delayed by further waiting for the agency to respond, then the Receiver may proceed with the project as if such permit or approval had been granted. The Receiver shall, however, continue his efforts to obtain the permit or approval in due course while the project proceeds, and the Receiver shall also take appropriate action to satisfy any legitimate concerns of the applicable state agency.

3. The Receiver shall follow the alternative contracting procedures set forth in this Court's June 4, 2007 order for the projects described in his Supplemental Application No. 6.

4. At the Receiver's discretion, he may either (1) publish provisions requiring contractor certifications of compliance on his website and include a single representation in the contracts he awards to the effect that the contractor has read, and attests that he/she/it is in compliance with, the required provisions; or (2) directly incorporate into the agreements standard contract provisions pertaining to contractor certifications of compliance utilized by DGS and available online on DGS's website.

5. The Receiver's quarterly progress reports shall contain a summary that (1) specifies each contract the Receiver has awarded during the quarter under this waiver; (2) provides a brief description of each such contract; and (3) identifies the method the

---

[6] The Receiver shall design energy-efficient and environmentally sustainable buildings to the extent the Receiver determines it is feasible and appropriate to do so under the circumstances.

6

1  Receiver utilized to award the contract (i.e., expedited formal bidding, urgent informal
2  bidding, or sole-source bidding).

**IT IS SO ORDERED.**

Dated:   07/02/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT