IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. CIV S-90-0520 LKK JFM P

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. C01-1351 TEH

**THREE-JUDGE COURT**

ORDER FOR PRETRIAL PREPARATION

The Court has carefully considered the pretrial dates and issues discussed by the parties and intervenors in their June 9, 2008 written statement and at the June 27, 2008 status conference. With good cause appearing, the Court orders as follows:

1. **Dispositive motion schedule:**

    a. In their June 9, 2008 statement, Defendants contended that a dispositive motion schedule would be appropriate based on testimony by Plaintiffs' experts that overcrowding was not the primary cause of the constitutional violations at issue and that a prisoner release order was not the only means of remedying the constitutional violations. At the June 27, 2008 status conference, Defendants further represented that they could file a

statement detailing such testimony in short order.  Accordingly, on or before **July 10, 2008**, Defendants shall file with the Court a list of the specific testimony by Plaintiffs' experts that Defendants contend eliminates any issue of material disputed facts in these proceedings.  No responses to Defendants' filing shall be required nor accepted unless otherwise ordered by this Court.  The Court will review Defendants' filing to determine whether a summary judgment schedule would be appropriate and will issue an appropriate scheduling order as necessary.

      b.     Defendants and Defendant-Intervenors represented to the Court at the June 27, 2008 status conference that they may seek to file a motion to dissolve the proceedings before this Court based on changed circumstances.  Any such motions shall be filed within fourteen calendar days after the close of the current state legislative session, or by **September 8, 2008,** whichever is later.  Oppositions to such motions shall be filed no later than twenty-one calendar days after the motion is filed, and replies shall be filed no later than twenty-eight calendar days after the motion is filed.  No oral argument will be heard unless otherwise ordered by the Court.

   2.   **Discovery:**

      a.     As ordered at the June 27, 2008 status conference, the magistrate judge's October 30, 2007 order requiring discovery responses within twenty-one calendar days of service shall remain in full effect.

      b.     On or before **August 1, 2008,** the parties and intervenors shall disclose lists of all non-expert witnesses whom they intend to call to testify at trial.[1]  Absent a showing of very good cause, depositions of non-testifying witnesses shall be prohibited, as will trial testimony by any witnesses who are not timely disclosed.  Motions to depose a non-testifying witness shall be brought before the magistrate judge.  Motions to allow a non-disclosed witness to testify at trial shall be brought before this Court.

---

[1] These disclosures need not include witnesses who may only be called for impeachment or rebuttal.

      c.    Expert disclosures shall be made, and expert reports exchanged, on or before **August 15, 2008.**

      d.    Rebuttal expert disclosures shall be made, and rebuttal expert reports exchanged, on or before **August 27, 2008.**

      e.    Additional site inspections of prison facilities may be conducted through and including **August 30, 2008.** No evidence of changed prison conditions after August 30, 2008, shall be admitted at trial. This prohibition does not include evidence of legislative changes that may occur after August 30, 2008.

      f.    Non-expert discovery shall be completed on or before **September 8, 2008.**

      g.    Expert discovery shall be completed on or before **October 6, 2008.**

3. **Motions in limine:** Any motions in limine shall be filed on or before **October 20, 2008.** Oppositions shall be filed on or before **October 30, 2008.** No oral argument will be heard unless otherwise ordered by the Court.

4. **Other pretrial filings:** On or before **October 30, 2008,** the parties and intervenors shall file a joint pretrial conference statement, all expert reports, and all trial declarations of percipient witnesses.

5. **Pretrial conference:** The Court will conduct a pretrial conference on **Monday, November 10, 2008, at 1:30 PM,** in Courtroom Number 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California. Pursuant to 28 U.S.C. § 2284(b)(3), Judge Henderson may conduct the pretrial conference individually, although Judges Reinhardt and Karlton may also choose to participate.

6. **Trial:**

      a.    As ordered at the June 27, 2008 status conference, the Court's October 10, 2007 order regarding direct testimony shall remain in effect. Thus, "[d]irect testimony from all percipient witnesses will be presented by affidavit and no more than fifteen minutes of live testimony, followed by cross-examination. Direct testimony from

3

expert witnesses will be presented through their expert reports and no more than thirty minutes of live testimony, followed by cross-examination." Oct. 10, 2007 Order at 6. As the Court explained at the status conference, its allowing time to present live testimony on direct is not intended to encourage the parties or intervenors to do so.

  b. Trial will begin on **November 18, 2008, at 1:30 PM.** Trial shall run on Tuesdays from 1:30 PM to 4:00 PM, and on Wednesdays through Fridays from 9:15 AM to 4:00 PM.[2] There will be no trial on Mondays, or on November 25 through November 28. Trial shall be held in the Ceremonial Courtroom for the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California.

  c. Whether trial should be bifurcated remains under submission. Trial will not be bifurcated unless otherwise ordered by the Court.

  d. Intervenors are reminded of this Court's February 8, 2008 order that "[a]t trial, one attorney may question each witness on behalf of all intervenors. The same attorney need not question all witnesses. Intervenors will, however, present their evidence and question other parties' witnesses through not more than a total of three different attorneys throughout the trial." Feb. 8, 2008 Order at 2.

**IT IS SO ORDERED.**

Dated: 07/02/08           /s/
                 STEPHEN REINHARDT
                 UNITED STATES CIRCUIT JUDGE
                 NINTH CIRCUIT COURT OF APPEALS

---

[2] The Court may revisit the daily trial schedule as the trial date nears. It will provide the parties and intervenors with as much notice as possible if there are any scheduling changes.

Dated: 07/02/08

_____
LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 07/02/08

_____
THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA