IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S MAY 29, 2008 ORDER |

  Pending before the court is defendants' motion for reconsideration of or, alternatively, to stay the magistrate judge's May 29, 2008 order compelling the production of documents for which the defendants had asserted the deliberative process privilege. For the reasons stated herein, the court DENIES the motion.

//

//

## I. Background and Procedural History[1]

The discovery dispute at issue here originated with a request for production of documents, served by plaintiffs on September 5, 2007. Defendants responded on October 25, 2007, asserting various privileges in response to several of the requests. The parties subsequently stipulated to the defendants' rolling production of privilege logs.

On November 30, 2007, the plaintiffs moved to compel the production of documents for which the defendants had asserted privileges. The magistrate judge granted the motion, holding that defendants' privilege logs contained many entries that lacked key information, such as the author, recipient, or date of creation of the document. The magistrate judge also concluded that defendants' evidence in support of their claimed deliberative process privilege, which included declarations from four individuals, only discussed the documents in vague, sweeping terms, leading the court to conclude that defendants had not met their burden to show that the deliberative process privilege applied to all or any of the documents for which it was asserted. Finally, the magistrate judge held that the defendants' defense relied, at least in part, on evidence of alternatives to the imposition of a population cap and evidence of "how AB 900 is rolling out and how it will roll out in the near future." Dec. 7, 2007 Order at 14 (quoting Transcript of Proceedings, Sept. 24, 2007, at 100). As such, defendants had waived the deliberative process privilege.

Defendants moved for reconsideration or, alternatively, a stay of that order. The three-judge court granted the stay on December 11, 2007, and on December 17, 2007, denied the motion for reconsideration except to allow the defendants additional time to revise their privilege logs. The magistrate judge later directed defendants to file and serve their revised privilege logs no later than January 28, 2008. Defendants complied, but also requested additional time to revise further and file their privilege logs. The final, revised logs were filed on February 15, 2008, in compliance with the magistrate judge's order.

---

[1] Much of the facts described herein derive from the magistrate judge's May 29, 2008 order.

2

On February 25, 2008, the parties filed a joint statement of discovery disputes, the bulk of which addressed disputes over the asserted deliberative process privilege. The magistrate judge resolved this dispute by order on May 29, 2008. In it, he acknowledged that the defendants had revised their privilege logs to include more information about each document and had filed supplemental declarations in support of their claims of privilege. The court found, however, that "neither the privilege log nor the declarations, separately or in combination, meet the legal requirements for establishing the deliberative process privilege. Specifically, the description of each document contained in the privilege log is too conclusory to permit an adequate assessment of the claim of privilege." Order, May 29, 2008, at 8. It is from this order that defendants now move for reconsideration or, alternatively, to stay.

## II.    Standard

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge. The district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A).

Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, 684 F.2d 1316, 1318 (9th Cir. 1982).

//
//

**III.   Analysis**

Defendants move for reconsideration of the magistrate judge's order on the grounds that it utilized an improperly strict standard for evaluating the adequacy of defendants' privilege logs and other evidence supporting their claim of privilege. As such, defendants argue that the magistrate judge's order is clearly erroneous and contrary to public policy.[2] The court disagrees.

Preliminarily, the magistrate judge employed the correct standard in evaluating defendants' assertion of the deliberative process privilege. Despite defendants' representation to the contrary, the entity asserting the privilege bears the burden of justifying it. *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 93 (1973); *Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992); *see* Defs.' Reply, June 25, 2008, at 2. The deliberative process privilege protects from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The purpose of the privilege is "to promote frank and independent discussion among those responsible for making governmental decisions and also to protect against premature disclosure of proposed agency policies or decisions." *F.T.C. v. Warner Commc'n Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (internal citations omitted).

In order to be covered by the privilege, a document must be both "predecisional" and "deliberative." *Id.* A document is predecisional if it was "prepared in order to assist an agency decisionmaker in arriving at his decision," *Assembly of State of Cal.*, 968 F.2d at 920, and "may include 'recommendations, draft documents, proposals, suggestions, and other

---

[2] In their opposition, the plaintiffs assert that the magistrate judge's order was correct because, in addition to the deficiencies in defendants' privilege logs, defendants had waived the deliberative process privilege by putting the deliberative process at issue in their defense and because plaintiffs' and the public's use for the documents outweighed defendants' interest in withholding them. The magistrate judge's May 29, 2008 order did not rely on, or even mention, these latter two grounds, nor did defendants raise them in their motion. The court therefore finds it unnecessary to address them here.

4

subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002).

A predecisional document is "deliberative" if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Assembly of State of Cal.*, 968 F.2d at 920. A "deliberative" document is one in which the writer has expressed opinions on legal and policy matters or has made recommendations. *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

Moreover, the magistrate judge correctly stated the manner by which the state discharges its burden of showing that the documents at issue were protected by the deliberative process privilege. Defendants' burden is met through detailed affidavits that establish in a nonconclusory and logical fashion the decision-making deliberative process to which the documents pertain and the role played by the document. *Wiener v. F.B.I.*, 943 F.2d 972 (9th Cir. 1991); *Bay Area Lawyers Alliance for Nuclear Arms Control (BALANAC) v. Dep't of State*, 818 F. Supp. 1291 (N.D. Cal. 1992). The entity claiming the privilege must offer a particularized explanation of why a document is privileged, providing enough information to enable the opposing party and court to evaluate the appropriateness of withholding the documents. *Wiener*, 943 F.2d at 977-78.

There is flexibility in the amount of detail required in the evidence offered to justify the privilege. The Advisory Committee Notes explain that Rule 26(b)(5) does not specify what information must be provided when a party asserts a privilege and the quantity and type of information required vary based on circumstance. Fed. R. Civ. P. 26 advisory committee's note (1993). "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged and protected, particularly if the items can be described in categories." *Id.* Where the volume of documents presents a burden, the Notes advise that the party asserting the privilege seek a protective order. *Id.*; *see also Burlington N. & Santa Fe Railway Co. v. U.S. District Court for the Dist. of Mont.*, 408 F.3d

5

1142, 1149 (9th Cir. 2005) (the timeliness and completeness required of a privilege log depends, inter alia, on the magnitude of documents at issue and whether discovery is unusually hard; if a party is burdened with "exhaustive" discovery requests, it may seek a protective order).

Notwithstanding this flexibility, the party asserting the privilege must always provide enough information to permit the court to review the applicability of the privilege to the documents at issue. Fed. R. Civ. P. 26 advisory committee's note (1993). A party does not satisfy its burden by offering assertions of privilege that are "functionally silent," or, in other words, expressly invoke a particular privilege but offer little information about the basis for the invocation of that privilege. *Burlington N.*, 408 F.3d at 1147 & n.2 (citations omitted). The cases offered by the defendants are not to the contrary. In *In re Imperial Corp. of America*, 174 F.R.D. 475 (S.D. Cal. 1997), the district court held that a document-by-document showing of the applicability of the asserted privilege was not necessary. At issue were "hundreds of thousands, if not millions" of documents, for which it would be "unreasonable and unduly burdensome" to require the party claiming the privilege to explain the privileged nature of each and every document. *Id.* at 478-79. Moreover, the large majority of the documents had been created in connection with litigation and consequently it was obvious that they would be protected by the attorney-client privilege or as work product. *Id.* Accordingly, the court ordered the party withholding the documents to create a log identifying the documents, the years they were created, and whether they were confidential attorney-client communications. *Id.* at 479.

Here, it is apparent that the magistrate judge did not err in concluding that defendants had not met their burden to show that the withheld documents were protected under the deliberative process privilege. While it is true that the number of documents at issue was large and this militates towards requiring less detail in the privilege logs and accompanying declarations, the detail offered cannot be so minimal as to prevent the court from evaluating the privilege claim. Such is the case here. Defendants did not offer sufficient explanation to permit the magistrate judge to determine whether the privilege assertion was proper. Even if

6

the defendants believed a document-by-document explanation of the privilege was unfeasible, they also failed to describe the documents categorically with sufficient detail to assess their privilege claim. *See* Fed. R. Civ. P. 26 advisory committee's note (1993); *Burlington N.*, 408 F.3d at 1147. Unlike the situation confronted by the court in *In re Imperial*, there is no basic information about the documents – such as their date of creation, author or recipient – that makes it obvious that the asserted privilege would apply to them. *See In re Imperial Corp. of America*, 174 F.R.D. at 478-79. The court therefore cannot agree that the magistrate judge clearly erred or acted contrary to law in holding that defendants had not met their burden in this regard.

Finally, although the defendants titled their motion a motion for reconsideration or, alternatively, a stay of the magistrate judge's order, they did not address the factors guiding the court in determining whether a stay is proper nor make any showing in this regard. A district court has discretion to stay its order, pending appeal, upon consideration of, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, at a minimum, defendants have not made a strong showing that they would succeed on the merits of a review of the magistrate judge's order. *See Golden Gate Restaurant Ass'n. v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). The motion to stay is denied.

## IV.  Conclusion

For the reasons stated herein, defendants' request for reconsideration of the magistrate judge's May 29, 2008 ruling or, alternatively, request for a stay of that order is DENIED.

////

////

////

7

**IT IS SO ORDERED.**

Dated: 07/08/08

/s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 07/08/08

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 07/08/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA