United States District Court

For the Northern District of California

1

2              IN THE UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6    MARCIANO PLATA, et al.,                    NO. C01-1351 TEH

7                    Plaintiffs,                ORDER APPROVING, WITH
                                                MODIFICATIONS, PROPOSED
8              v.                               POLICIES REGARDING
                                                PHYSICIAN CLINICAL
9    ARNOLD SCHWARZENEGGER,                     COMPETENCY
     et al.,
10
                    Defendants.
11

12

13        This matter comes before the Court on the Receiver's request to approve the policies

14   submitted on June 20, 2008, regarding physician clinical competency.  The Court now

15   APPROVES these policies subject to the modifications discussed below.

16

17   **BACKGROUND**

18        On May 23, 2008, the Court granted in part and denied in part the Receiver's motion

19   for waiver of state law regarding physician clinical competency.  The Court ordered the

20   Receiver to meet and confer with the parties and both amici, the State Personnel Board

21   ("SPB") and the Union of American Physicians and Dentists ("UAPD"), to revise the

22   proposed peer review policies based on the Court's rulings.  The Court also ordered the SPB

23   to "take the lead in preparing an implementation plan that includes deadlines, for example,

24   for completing training of the SPB ALJs [administrative law judges] who will be conducting

25   the evidentiary hearings; entering into a contract with CMAIMQ [California Medical

26   Association Institute for Medical Quality] to provide a pool of physicians for use on the peer

27   review panels; and hiring any additional SPB staff necessary to implement the proposed

28   policies."  May 23, 2008 Order at 16-17.

**United States District Court**
For the Northern District of California

1        The Receiver timely submitted a revised set of policies on June 20, 2008.  The SPB

2   filed timely objections on June 25, 2008.  Defendants filed a statement of non-opposition on

3   June 20, 2008, and the Court construes Plaintiffs' and the UAPD's failure to file any

4   objections as statements of non-opposition.  On June 27, 2008, the Receiver filed an

5   application for leave to file a response to the SPB's objections, and the Court now grants

6   such leave and has considered the reply brief attached to the Receiver's application.

7

8   **DISCUSSION**

9        As a general matter, the majority of the SPB's objections are based on a flawed

10   interpretation of this Court's May 23, 2008 order.  The medical issues to be decided by the

11   peer review panel – i.e., the Judicial Review Committee ("JRC") – are not limited to whether

12   the physician under review has met the appropriate standard of care.  Contrary to the SPB's

13   interpretation, medical issues falling under the expertise of the peer review panel also include

14   whether privileges should be revoked or suspended in cases where the standard of care was

15   not met, or whether lesser corrective measures such as additional supervision or professional

16   development would be more appropriate.  Indeed, if the system allowed peer review only on

17   the limited issue of whether a physician has met the applicable standard of care, and

18   individuals with no medical expertise were allowed to determine whether a physician should

19   retain his or her privileges, then the system would not be one of meaningful peer review.

20   Where the peer review panel's decision adversely impacts employment status by, for

21   example, resulting in the permanent revocation of privileges, the SPB retains jurisdiction to

22   review that decision.  However, because the privileging decision requires medical expertise,

23   such review must be under the substantial evidence standard adopted by the Court in its

24   May 23, 2008 order.  This clarification resolves many of the SPB's objections.

25        The Court now addresses SPB's specific objections to particular portions of the

26   revised policies in turn below.  Page references are to the proposed policies attached as

27   Exhibit 1 to the Declaration of Linda Buzzini filed on June 20, 2008.

28

2

United States District Court
For the Northern District of California

1    Purpose (page 2, paragraph 3).  In accord with the above discussion and this Court's

2  May 23, 2008 order, the policies should clarify that the JRC shall render a decision

3  concerning privileges but shall not have authority over affirmative defenses or other issues

4  unrelated to the standard of care.  Thus, this paragraph shall be revised to read:

5              The outcome of the evidentiary hearing shall be determined by a
             three-member judicial review committee (JRC) composed of
6            independent and impartial physicians who shall, by majority vote,
             make findings of fact based on the preponderance of evidence;
7            make credibility determinations; and render a decision
             concerning privileges, as well as employment to the extent that
8            the findings of fact relating to the standard of care and privileging
             conclusions impact employment.  The State Personnel Board
9            (Board) shall review the JRC's employment decision based on
             the substantial evidence standard if the matter adversely impacts
10           employment status, grade level, benefits, and/or wages.  The
             Board shall simultaneously consider the administrative law
11           judge's (ALJ's) decision regarding procedural issues and
             affirmative defenses, as well as the ALJ's recommendations as to
12           whether substantial evidence supports the JRC's decision.

13   Conditions of Employment (page 4).  The SPB's interpretation of this language is

14  incorrect.  As stated in the revised policies, and in accord with the Court's May 23, 2008

15  order, privileges are a condition of employment.  Thus, if the SPB sustains the revocation of

16  privileges to practice medicine at CDCR, that determination shall – not may – warrant

17  discipline such as suspension or termination.

18   Scope of JRC and SPB Review (page 4).  In accord with the above discussion and this

19  Court's May 23, 2008 order, the first paragraph of this section shall be revised to read: "The

20  Judicial Review Committee (JRC) shall decide privileging decisions that are appealed for an

21  evidentiary hearing.  The JRC shall also decide employment decisions adversely impacting

22  employment status, grade level, benefits, and/or wages where those decisions are based on

23  privileging conclusions and findings of fact relating to the standard of care."

24   Notice of Final Proposed Action (pages 22-23).  To clarify what "pertains to

25  employment," the following shall be added after the end of paragraph 3 of this section: "An

26  action does not pertain to employment if it concerns only privileges (e.g., corrective

27  measures including, but not limited to, non-permanent privilege restrictions, duty changes,

28  training, and monitoring) and does not adversely impact employment status, grade level,

3

United States District Court

For the Northern District of California

1   benefits, and/or wages." The Court does not find it necessary to reference California

2   Government Code section 19572 because the adverse actions contemplated in these policies

3   will necessarily fall under at least one of the legal causes for discipline under that code

4   section. For example, if the peer review panel finds that a physician's practices have fallen

5   below the appropriate standard of care, then that physician would undoubtedly be subject to

6   discipline under section 19572(b) based on "[i]ncompetency."

7        Filing Copy of Final Proposed Action, *Skelly* Officer, *Skelly* Hearing, and Final

8   Proposed Action Takes Effect (page 23). The word "continued" shall be removed from the

9   paragraph under "Filing Copy of Final Proposed Action." The following shall be added as a

10  separate section following "Final Proposed Action Takes Effect," under the heading

11  "Definition of Employment Action": "An action does not pertain to or impact employment if

12  it concerns only privileges (e.g., corrective measures including, but not limited to, non-

13  permanent privilege restrictions, duty changes, training, and monitoring) and does not

14  adversely impact employment status, grade level, benefits, and/or wages."

15       Time and Place for Hearing Before Judicial Review Committee (page 24). The Court

16  finds no merit to the SPB's objection that the title of this provision omits reference to the

17  SPB as an adjudicatory body. This provision concerns only the hearing before the JRC, and

18  it is abundantly clear from these policies that the SPB has an adjudicatory role in other parts

19  of the proceedings. This provision shall, however, be modified as follows to specify when

20  the 30-day period for scheduling a hearing shall commence: "The State Personnel Board

21  shall schedule (or cause to be scheduled) a hearing before an ALJ and the Judicial Review

22  Committee and, within 30 days of the SPB's receipt of the notice of appeal, shall give notice

23  to the parties. . . ."

24       Confidentiality (page 25). The SPB's objections to this provision are nonsensical, and

25  it appears that the SPB inadvertently repeated its objections to other provisions. The

26  confidentiality provision, for example, does not contain the terms "employment" or

27  "continued employment," and it therefore makes no sense to object to this provision on

28  grounds that these terms are ambiguous.

4

United States District Court

For the Northern District of California

1    Role of Administrative Law Judge (pages 25-26). In accord with the above discussion

2  and this Court's May 23, 2008 order, the fourth paragraph of this provision shall be revised

3  to read: "The ALJ may participate in the JRC deliberations when requested to do so by the

4  judicial review committee.  However, clinical competency and privileging determinations, as

5  well as employment decisions based on such determinations, shall be made exclusively by

6  the judicial review committee."  The fifth paragraph shall be revised to read: ". . . pertaining

7  to privileges and employment decisions based on privileging conclusions and findings of fact

8  relating to the standard of care . . . ."  The SPB's objection regarding language describing the

9  ALJ's decision has no merit because the ALJ is clearly authorized to submit written

10 recommendations to the SPB as to whether substantial evidence supports the JRC's decision.

11 The JRC's and ALJ's decisions will be submitted simultaneously to the SPB, and there is no

12 need to have a single written decision that incorporates both the JRC's and ALJ's findings

13 and conclusions.

14    Role of Judicial Review Committee (page 26). In accord with the above discussion

15 and the Court's May 23, 2008 order, the following shall be added to the end of the first

16 paragraph of this provision: ". . . based on privileging conclusions and findings of fact

17 relating to the standard of care."  In addition, the second paragraph shall be revised to read:

18 ". . . which pertains to privileging and, therefore, employment determinations based on

19 privileging conclusions and findings of fact relating to the standard of care . . . ."  Finally, the

20 fourth paragraph shall be revised to read: ". . . the privileging and employment actions based

21 on privileging conclusions and findings of fact relating to the standard of care. . . ."

22    Time and Content of Decisions (page 27). While the Court understands the need for

23 an expedient final decision on privileging and employment issues, the Court agrees that 15

24 days after receipt of the JRC's findings may be insufficient to allow the ALJ to prepare a

25 meaningful recommendation to the SPB.  The Court also does not see any substantial harm to

26 allowing an additional 15 days for the ALJ to prepare his or her decision.  Accordingly, the

27 first paragraph of this provision shall be revised to read as follows: ". . . the written judicial

28 review committee decision shall be available to the ALJ, who, within 30 days thereafter,

5

United States District Court

For the Northern District of California

1  shall complete preparation of his/her written proposed decision. . . .  Within 60 days after

2  submission of the case, the JRC's decision, the ALJ's proposed decision, and the ALJ's

3  written recommendations to the five-member Board regarding substantial evidence shall be

4  delivered to the Board. . . ."  To promote expediency, the Court encourages the JRC, ALJ,

5  and SPB to act as quickly as possible within the time limits prescribed in these policies, and

6  the prescribed time limits shall not be extended under any circumstances.

7        State Personnel Board Scope and Standard of Review (pages 28-29).  The above

8  discussion and modifications resolve the SPB's objections regarding the scope of the SPB's

9  review.  Regarding the SPB's objections to the time frames imposed by this section, the

10  Court finds that three business days for service is adequate.  The SPB also proposes a 45-day

11  time frame from the time of submission of the ALJ's proposed decision until the Board acts

12  on that decision, but the time frame in this provision is already 45 days: "The Board shall

13  complete its review and render a final decision within 45 days of receiving JRC decisions."

14  The JRC decision and ALJ decision are submitted to the Board simultaneously.

15        Licensing Actions (page 29).  While it appears that only the California Medical Board

16  can take actions against a physician's license, this provision shall be amended to make

17  explicit that the provision applies only to such actions: "In those cases where privileges have

18  been automatically suspended or revoked due to an action against the physician's license by

19  the California Medical Board . . . ."

20

21  **CONCLUSION**

22        The Receiver shall modify the policies regarding physician clinical competency to

23  reflect the changes ordered above.  With those modifications, the Receiver's proposed

24  policies, attached as Exhibit 1 to the Declaration of Linda Buzzini filed on June 20, 2008, are

25  hereby APPROVED and shall take effect immediately.  The following state laws are waived

26  to the extent necessary to implement the policies: California Government Code sections

27  19574.2, 19574.5, 19575-76, 19578, 19581-83, 19585, 19587, 19590, and 19592.2; and

28  California Code of Regulations, title 2, section 51.4.

United States District Court

For the Northern District of California

1    IT IS FURTHER ORDERED that the Receiver, the parties, and amici SPB and UAPD

2  shall continue to meet and confer regarding an implementation plan that is responsive to this

3  Court's May 23, 2008 order.  While the SPB contends that its ALJs will be ready to conduct

4  hearings under the above policies by August 15, 2008, the Court agrees with the Receiver

5  that it would be premature to approve an implementation plan on which the Receiver has

6  been unable to comment on the SPB's proposals, and on which the parties and the UAPD

7  have had no opportunity to provide input.  Until the implementation plan is finalized, the

8  policies approved by this order shall be modified to allow ALJs employed by the Office of

9  Administrative Hearings, rather than SPB-employed ALJs, to preside over the evidentiary

10 hearings.  Once an implementation plan is finalized, the Receiver shall file a report with the

11 Court with the implementation plan attached.  This shall occur no later than **August 1, 2008.**

12 If an extension of time is needed, the Receiver shall submit an application – ideally a

13 stipulation – requesting an extension and explaining the reasons for delay.

14

15 **IT IS SO ORDERED.**

16

17 Dated:   07/09/08

18                                          THELTON E. HENDERSON, JUDGE
                                            UNITED STATES DISTRICT COURT

19

20

21

22

23

24

25

26

27

28

7