United States District Court
For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8
9    MARCIANO PLATA, et al.,                    NO. C01-1351 TEH
10                   Plaintiffs,                ORDER GRANTING RECEIVER'S
                                                UNOPPOSED MOTION TO JOIN
11            v.                                CONTROLLER AS DEFENDANT
                                                AND ORDER GRANTING IN
12   ARNOLD SCHWARZENEGGER,                      PART RECEIVER'S REQUEST
     et al.,                                    FOR DISCOVERY ORDER
13
                     Defendants.
14
15
16          This matter comes before the Court on the Receiver's motion to join John Chiang,

17   Controller for the State of California ("Controller"), as a Defendant and for an order

18   permitting certain focused discovery on state officials, including the Controller.  Plaintiffs do

19   not oppose either motion, and neither Defendants nor the Controller oppose the motion to

20   join the Controller as a Defendant.  Defendants and the Controller both, however, oppose the

21   Receiver's request for an order permitting formal discovery.  After carefully reviewing the

22   written arguments presented by the Receiver and the Controller,[1] the Court finds oral

23   argument to be unnecessary and hereby VACATES the hearing scheduled for July 14, 2008.

24          The Court now GRANTS the Receiver's unopposed motion to join the Controller as a

25   Defendant.  On or before **July 18, 2008,** the Receiver shall serve the Controller with the

26   February 14, 2006 Order Appointing Receiver and January 23, 2008 Order Appointing New

27   _____

28          [1]Plaintiffs' statement of non-opposition includes no substantive argument, and
     Defendants' statement simply joins in the statement and arguments of the Controller.

United States District Court

For the Northern District of California

1   Receiver, and shall file proof of service thereof.  The Controller need not file a responsive

2   pleading and shall be deemed to have joined in all pleadings previously filed by Defendants.

3          The Receiver also seeks an order from this Court allowing focused discovery on state

4   officials regarding "the amount and location of State funds that may be available to satisfy a

5   transfer order, as well as how and by whom those funds are held; and what, if any specific

6   procedures or language should be included in a fund transfer order to ease and ensure

7   compliance without the necessity of multiple trips to this Court for amendments to such

8   order." Mot. at 20.  He seeks to conduct such discovery so that, in case other funding options

9   fail, he may bring without undue delay a motion for an order that state funds be transferred to

10  the Receivership.  Defendants and the Controller object to the Receiver's request on grounds

11  that the request is premature and that the Controller "fully intends to cooperate with the

12  Receiver."  Controller's Opp'n at 2.

13         Upon careful consideration, the Court finds that it would be inefficient to order that

14  formal discovery proceed when the Receiver may be able to gain all necessary information

15  through informal means.  Nonetheless, the Court finds no legal authority for barring

16  discovery against the Controller or any other Defendant.  It is undisputed that joinder for the

17  sole purpose of seeking discovery is not permitted by the Federal Rules of Civil Procedure.

18  However, the Receiver does not seek joinder solely for that purpose, and the Receiver's

19  motion to join the Controller is unopposed.  Thus, the issue before the Court is whether, now

20  that the Controller has been joined, formal discovery against the Controller should be

21  permitted.  Given the factual and procedural history of this case and the significant

22  constitutional violations at issue, the Court finds that discovery should be permitted, but only

23  after a period of time in which Defendants, which now include the Controller, are permitted

24  to meet and confer with the Receiver in an attempt to produce all necessary information

25  without formal discovery.

26         Accordingly, IT IS HEREBY ORDERED that the Receiver shall be permitted to

27  conduct the focused discovery he seeks within the confines of the Federal Rules of Civil

28  Procedure.  However, this order shall be STAYED through **July 31, 2008**, to allow

2

1  Defendants time to meet and confer with the Receiver to attempt to avoid formal discovery.

2  If such meet-and-confer efforts fail, the Receiver is authorized to begin formal discovery on

3  **August 1, 2008**, without further order from this Court.

4

5  **IT IS SO ORDERED.**

6

7  Dated:   07/10/08

THELTON E. HENDERSON, JUDGE
8  UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3