IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>ORDER RE: MEDICAL DEVELOPMENT INTERNATIONAL'S MOTION FOR CLARIFICATION |

  On May 15, 2008, Medical Development International ("MDI") filed an application for leave to sue the Receiver in state court. In its June 24, 2008 order, the Court denied MDI's application, finding that the Receiver was entitled to absolute quasi-judicial immunity from suit based on MDI's allegations. MDI filed a motion for clarification on July 3, 2008, explaining that it intended to file a lawsuit in state court against the California Department of Corrections and Rehabilitation ("CDCR") but not the Receiver. In its motion, MDI sought guidance as to whether the Court intended the June 24, 2008 order to rule on the CDCR's immunity from suit as well as the Receiver's. MDI noticed its motion for clarification for hearing on August 11, 2008, but the Court finds oral argument to be unnecessary and therefore VACATES the August 11 hearing date. The Court now clarifies its June 24 order as discussed below.

  First, the Court declines MDI's invitation, which the CDCR also joins, to decide whether the CDCR is immune from MDI's intended lawsuit. MDI did not seek leave of this Court to sue the CDCR in state court, and there is no requirement that such leave be obtained. MDI's application sought only leave to sue the Receiver, an issue the Court resolved in its June 24, 2008 order. There is no pending case between MDI and the CDCR in

this Court,[1] nor any other court at this time, and MDI essentially seeks an order deciding whether an immunity defense, if raised by the CDCR in an as yet unfiled lawsuit, would succeed.

Such a decision would be advisory only and therefore unconstitutional. *E.g.*, *United Pub. Workers of Am. v. Mitchell*, 330 U.S. 75, 89 (1947) ("As is well known, the federal courts established pursuant to Article III of the Constitution do not render advisory opinions."). As the Supreme Court has explained, a federal court may not adjudicate an action for declaratory relief where one party "attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense." *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). Here, there does not even exist an action for declaratory relief. If MDI believes it has one or more valid causes of action against the CDCR, then it may initiate a lawsuit against the CDCR. If the CDCR so chooses, it may then raise immunity based on the Receivership as a defense, and the appropriate court will decide the validity of that and any other defenses the CDCR may raise.

This Court also clarifies that, contrary to MDI's interpretation, the Court's June 24, 2008 order does not allow the Receiver to be sued in this Court based on the allegations in MDI's proposed complaint. As the Court explained:

> a receiver is absolutely immune from suit for functions "intimately connected with his receivership duties." *Id.* [*New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298 (9th Cir. 1989)] at 1304 (finding absolute immunity based on charges of mismanagement but not for allegations of theft or slander); *see also Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1386, 1390-91 (9th Cir. 1987) (finding absolute immunity for a bankruptcy trustee for alleged "acts or omissions within the ambit of the trustee's official duties").

---

[1] Absent a waiver of sovereign immunity, the CDCR may not be sued in this Court. *E.g., Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought."); *Natural Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996) ("State immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity.").

2

Here, as Judge Shubb correctly explained:

> . . . [This Court] charged the receivership with the "duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, *contractual*, legal, and other operational functions of the medical delivery component of the [CDCR]." [Feb. 14, 2006 Order Appointing Receiver] OAR at 2 (emphasis added). [This Court] supplemented this responsibility by explicitly providing that, in deployment of the aforementioned duties and directives, "the Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court." *Id.* at 6.
>
> Because [MDI's] lawsuit challenges [the Receiver's] conduct in terminating whatever quasi-contractual relationship may have existed when he suspected illegality on the part of [MDI], the lawsuit challenges [the Receiver's] conduct in performing the very duties [this Court] set up the receivership to perform.

*MDI v. CDCR*, 2008 WL 436930, at *4. Put another way:

> [MDI's] causes of action against [the Receiver] do not arise from tortious conduct or negligent acts pursuant to day-to-day, routine, or ordinary business operations unrelated to his official responsibilities. Rather, [MDI] challenges the very core of [the Receiver's] authority and administration of the CDCR medical services system – i.e., duties explicitly prescribed in [this Court's] creation of the receivership.

*Id.* at *3 (citation omitted). This is in contrast to cases in which "a receiver or trustee has been sued in his/her capacity as an employer, or for torts committed by agents of the estate/business in receivership during the course of routine or day-to-day operations distinct from the receiver's official responsibilities." *Id.*

> Because MDI challenges actions taken by the Receiver that go to the core of his judicially conferred duties, the Receiver is immune from suit based on MDI's allegations under the Ninth Circuit precedent cited above. Consequently, MDI has failed to state a prima facie case against the Receiver in which there is a reasonable probability of recovery, and the Court does not find good cause to grant MDI leave to sue the Receiver.

June 24, 2008 Order Denying Med. Dev. Int'l's Appl. to Sue Receiver in State Ct. at 6-7 (footnote omitted).

3

Thus, after MDI and the Receiver had a full and fair opportunity to brief the immunity issue, the Court decided the issue adversely to MDI. The Court did not deny leave to sue the Receiver in state court based on the Court's discretion "to maintain jurisdiction over MDI's claims based on the 'the balancing of the interests of all parties involved,'" *id.* at 4 (citations omitted); to the contrary, the Court explicitly found that MDI could not make out a prima facie case because the Receiver is absolutely immune from suit based on MDI's factual allegations. While MDI is technically correct that the Court's June 24, 2008 order does not bar MDI from filing a lawsuit against the Receiver in this Court, such a lawsuit would be futile. Although this Court resolved the immunity issue on MDI's application for leave to sue the Receiver in state court, the result would have been the same had the issue been presented to the Court as part of a motion by the Receiver to dismiss a lawsuit filed by MDI.

In short, this Court clarifies its June 24, 2008 order as follows:

1. The Court did not intend to decide, and does not now decide, whether the CDCR would be immune from MDI's proposed lawsuit in state court.

2. The Receiver's immunity from suit based on the allegations in MDI's proposed complaint extends to any complaint that might be filed in any court, including this Court.

**IT IS SO ORDERED.**

Dated: 07/31/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT