IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

    This matter came on for hearing on August 7, 2008 on three discovery disputes. Maria V. Morris, Esq., appeared as counsel for the Coleman plaintiffs. Rebekah Evenson, Esq., appeared as counsel for the Plata plaintiffs. Lisa Tillman, Deputy Attorney General, appeared as counsel for the Coleman defendants. S. Anne Johnson, Esq. and Renju Jacobs, Esq. appeared as counsel for the Plata defendants. Two of the disputes are resolved herein, while the third is resolved pursuant to a stipulation reached by the parties at the time of the hearing and approved by separate order of this court.

/////

/////

I. <u>Plaintiffs' Motion to Compel Supplemental Responses and Production</u>

The first dispute centers on whether defendants should be compelled to provide supplemental responses to requests 22, 28, 30 and 38 of the <u>Coleman</u> plaintiffs' First Request for Production of Documents and to requests 32 and 33 of the <u>Plata</u> plaintiffs' First Request for Production of Documents.[1] Plaintiffs seek an order compelling supplemental responses to these requests pursuant to Rules 26(e) and 37(c) of the Federal Rules of Civil Procedure.

Defendants oppose the motion on two separate grounds. With respect to requests 22 and 38 of the <u>Coleman</u> plaintiffs' First Request for Production of Documents, defendants state that they "do not believe any new documents exist that will be responsive to these requests." Joint Statement Re Plaintiffs' Motion to Compel Supplemental Responses and Production, at 18. With respect to the other four requests, defendants assert that they are not obligated to provide supplemental responses because their initial responses to these four requests were "solely objections and Plaintiffs never filed a motion to compel further responses." <u>Id</u>. at 18-19.

Rule 26(e) of the Federal Rules of Civil Procedure provides in relevant part:

**(e) Supplementing Disclosures and Responses.**

>**(1) In General.** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
>>(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>>(B) as ordered by the court.

Fed. R. Civ. P. 26(e). Under Rule 26(e), litigants have a continuing duty to supplement their discovery responses at appropriate intervals if the prior responses were "incomplete or

---

[1] All other disputes set forth in the parties' August 1, 2008 Joint Statement Re Plaintiffs' Motion to Compel Supplemental Responses and Production have been resolved by the parties either prior to or at the August 7, 2008 hearing on the motion.

2

incorrect" and "additional or corrective information has not otherwise been made known to" their opponent during discovery or in writing. Fed.R.Civ.Proc. 26(e)(1).

The sanction for failing to comply with Rule 26(e) is set forth in Rule 37(c), which provides:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> > **(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> >
> > > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> > >
> > > (B) may inform the jury of the party's failure; and
> > >
> > > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c). Rule 37(c) "gives teeth" to the requirements of Rule 26(e) "by forbidding the use on a motion or at trial of any information required to be disclosed by" that rule, unless the parties' failure to disclose the required information is substantially justified or harmless. See Yetti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001) Rule 37(c) was promulgated to be "self-executing" in order to provide "a strong inducement for disclosure." Fed.R.Civ.P. 37(c), advisory comm. Note (1993).

Defendants have not attempted to tender into evidence information responsive to these requests that has not been produced to plaintiffs during discovery. To the extent that plaintiffs seek an order precluding defendants from using on a substantive motion or at trial information responsive to the six requests at issue in this dispute, the Rule 37(c) motion is premature. Plaintiffs' motion to compel will therefore be denied.

/////

/////

3

II. <u>Depositions</u>

The second dispute arises from three deposition notices served by plaintiffs for the depositions of three individuals that plaintiffs have identified as witnesses for trial: Susan Kennedy, Chief of Staff to Governor Arnold Schwarzenegger; Governor Arnold Schwarzenegger, who is a named defendant in this action; and Deputy Cabinet Secretary Robert Gore. The depositions are noticed for September 2, 3 and 4, 2008, respectively. Defendants contend that these three individuals are entitled to the limited immunity from depositions afforded to high-ranking government officials.[2]

The immunity on which defendants rely originated in <u>United States v. Morgan</u>, 313 U.S. 409 (1941). In <u>Morgan</u>, "the district court allowed plaintiffs to take the deposition of the Secretary of Agriculture regarding decisions made in his official capacity, and subsequently to call him to testify at trial." <u>Green v. Baca</u>, 226 F.R.D. 624, 648 (C.D.Cal. 2005). The Court held that it was error to permit inquiry into the mental process of the Secretary of Agriculture in making an order fixing maximum rates to be charged by market agencies at the Kansas City Stockyards. <u>Morgan</u>, 313 U.S. at 421-22. The Court reasoned that the administrative proceeding at issue was similar to a judicial proceeding and that "just as a judge cannot be subjected to such a scrutiny . . . so the integrity of the administrative process must be equally respected." <u>Id</u>. at 422.

/////

---

[2] Defendants also contend that plaintiffs only identified these individuals as trial witnesses to evade the requirement of the three-judge court's July 2, 2008 order prohibiting, absent a showing of very good cause, the depositions of witnesses who will not be called to testify at trial, <u>see</u> Order filed July 2, 2008, at 2, and that plaintiffs have not shown "very good cause" for these three depositions. Plaintiffs note that they identified all defendants as potential witnesses in their initial disclosures, and that the proposed deponents were specifically identified identified as potential witnesses by the legislative intervenors in their initial disclosures. <u>See</u> Ex. S. to Evenson Declaration in Support of Joint Statement Re Discovery Disputed About Depositions, filed August 1, 2008. Defendants now represent that only plaintiffs have identified the three proposed deponents as trial witnesses in the August 1, 2008 disclosures of non-expert trial witnesses, and that they will object to these three being called as trial witnesses. Defendants' Statement in Response to Court's Inquiries, filed August 11, 2008, at 2. This court finds no purpose of evasion in the manner in which these individuals were named as trial witnesses by plaintiffs and, in any event, as discussed <u>infra</u> that "very good cause" appears in the record for each of the proposed depositions.

4

1    Since Morgan, other courts have held that high public officials "'"should not, absent
2 extraordinary circumstances, be called to testify regarding their reasons for taking official
3 actions."'" Green, 226 F.R.D. at 648 (quoting In re United States, 985 F.2d 510, 512 (11th
4 Cir.1993) (in turn quoting Simplex Time Recorder Co. v. Secretary of Labor, 766 F.2d 575,
5 586 (D.C.Cir.1985)). In addition, courts have recognized that high-ranking public officials
6 "'should not have to spend their time giving depositions in cases arising out of the
7 performance of their official duties unless there is some reason to believe that the deposition
8 will produce or lead to admissible evidence.'" Stagman v. Ryan, 176 F.3d 986, 994-95 (7th
9 Cir. 1999) (quoting Olivieri v. Rodriguez, 122 F.3d 406, 409-10 (7th Cir. 1997), cert. denied,
10 522 U.S. 1110 (1998)); see also Kyle Eng. Co. v. Kleppe, 600 F.2d 226, 231-32 (9th
11 Cir.1979) ( "Heads of government agencies are not normally subject to deposition and the
12 district court's order directing [the Administrator of the Small Business Administration] to
13 answer interrogations in lieu of a deposition does not appear unreasonable." (internal citation
14 omitted)).

15    The immunity from testifying at a deposition afforded to high-ranking officials is not
16 absolute. Courts have permitted depositions of high-ranking government officials on a
17 showing that the officials had "'direct personal factual information pertaining to material
18 issues in an action . . . [that] is not available through any other source.'" Green, 226 F.R.D.
19 at 648 (quoting Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 12 (D.Mall. 1990).
20 Courts have also permitted depositions of high-ranking government officials on a showing
21 that the officials approved or were personally involved in matters at issue in the litigation.
22 See, e.g., Bagley v. Blagojevich, 486 F.Supp.2d 786, 789 (C.D.Ill. 2007); see also Prisma
23 Zona Exploratoria De Puerto Rico, Inc. v. Calderon, 154 F.Supp.2d 245 (D.P.R. 2001).
24 /////
25 /////
26 /////
27 /////
28

The record before the court shows that all three of the proposed deponents have personal knowledge of facts related to, or direct involvement in, matters related to issues at bar.[3] The instant proceedings originated with motions by the Coleman and Plata plaintiffs to convene a three-judge panel to limit the prison population in California. In its July 23, 2007 order granting plaintiffs' motion in the Coleman case, the Coleman court found, inter alia, that "[t]here is no dispute that prisons in California are seriously and dangerously overcrowded [and] [t]he Governor of California has repeatedly and eloquently noted the public emergency caused by overcrowded prison conditions." Order filed July 23, 2007, at 8. In addition, plaintiffs have made a persuasive showing: that the Governor has made a number of public pronouncements on matters that will be at issue at the trial of this matter, that the Governor has been personally involved in meetings and strategy sessions with state legislative leaders and others concerning prison overcrowding, and that the Governor has personal information relevant to several defenses tendered in these proceedings. See, e.g., Joint Statement Regarding Discovery Dispute About Depositions, filed August 1, 2008, at 6-9, 22, and documents cited therein. Similarly, plaintiffs have made a persuasive evidentiary showing of the personal involvement of Deputy Cabinet Secretary Gore and Chief of Staff Kennedy in matters of critical importance to the proceedings at bar. Id. at 9-11, 22 and documents cited therein. Plaintiffs are entitled to inquire about these matters directly of the Governor, his deputy cabinet secretary and his chief of staff.

Defendants contend that the information plaintiffs seek through these three depositions is equally available to plaintiffs through depositions of other state officials or serving written discovery requests on the Governor, or through documents produced by

---

[3] The parties have not squarely addressed the question of which party has the burden of proof on the instant motion. The motion has been framed as a request for depositions, rather than as a motion for a protective order, and the parties apparently agree that plaintiffs have the burden of making the showing required to establish that the deponents are not entitled to immunity from being deposed. This is in accord with the decisions of at least two district courts in the Seventh Circuit. See Bagley, 486 F.Supp.2d at 789 (quoting Hobley v. Burge, 2007 WL 551569, at 2 (N.D.Ill. Feb. 22, 2007).

defendants during the course of these proceedings.[4] In fact, plaintiffs have made a sufficient showing that the information they seek from the three proposed deponents is uniquely possessed by those three individuals, and that depositions are the most appropriate way to elicit that information.

For the foregoing reasons, plaintiffs' request for a court order allowing them to depose Governor Arnold Schwarzenegger, Deputy Cabinet Secretary Robert Gore, and Chief of Staff Susan Kennedy will be granted. The deposition of the Governor shall take place at the time and place identified in Plaintiffs' July 10, 2008 Notice of Deposition and Revised Notice of Deposition of Defendant Witnesses, and shall not exceed four hours. The depositions of Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy shall take place at the times identified in Plaintiffs' July 10, 2008 Notice of Deposition and Revised Notice of Deposition of Defendant Witnesses. Within five days from the date of this order, Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy may request of plaintiffs, orally or in writing, that the depositions be conducted at their regular place of business, which requests if made shall be honored by plaintiffs. The depositions of Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy shall not exceed six hours each.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' July 21, 2008 motion to compel supplemental responses and production is denied on this record.

---

[4] In a footnote in their part of the joint statement filed in connection with this dispute, plaintiffs noted that defendants had failed to produce documents in accordance with orders of this court filed April 14, 2008 and May 29, 2008, despite the fact that the three-judge court had denied requests for reconsideration or for stay of both orders. At the August 7, 2008 hearing of this matter, the court directed defendants to file by noon on August 11, 2008, a statement of the authority on which they were relying for their continued non-compliance with this court's orders or a statement that the documents had been delivered. On August 11, 2008, defendants filed a statement that the documents would be delivered to plaintiffs by noon that day. In the statement, defendants assert that the documents so produced "provid[e] Plaintiffs with yet another source of the information they seek." Defendants' Statement in Response to Court's Inquiries, filed August 11, 2008, at 2. To put it mildly, even if defendants had endeavored to actually make an evidentiary showing to support this assertion, which they have not, it comes too late.

7

2. Plaintiffs' July 21, 2008 motion to compel the depositions of Governor Arnold Schwarzenegger, Deputy Cabinet Secretary Robert Gore, and Chief of Staff Susan Kennedy is granted, as follows:

    a. The deposition of Governor Arnold Schwarzenegger shall take place at the time and place identified in Plaintiffs' July 10, 2008 Notice of Deposition and Revised Notice of Deposition of Defendant Witnesses, and shall not exceed four hours.

    b. The depositions of Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy shall take place at the times identified in Plaintiffs' July 10, 2008 Notice of Deposition and Revised Notice of Deposition of Defendant Witnesses.  Within five days from the date of this order, Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy may request of plaintiffs, orally or in writing, that the depositions be conducted at their regular place of business, which requests if made shall be honored by plaintiffs.  The depositions of Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy shall not exceed six hours each.

DATED:  August 14, 2008.

_____
UNITED STATES MAGISTRATE JUDGE