1    IN THE UNITED STATES DISTRICT COURTS

2    FOR THE EASTERN DISTRICT OF CALIFORNIA

3    AND THE NORTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7    RALPH COLEMAN, et al.,

8                      Plaintiffs,                    NO. CIV S-90-0520 LKK JFM P

9         v.                                          **THREE-JUDGE COURT**

10   ARNOLD SCHWARZENEGGER,
     et al.,

11

12                    Defendants.

13   MARCIANO PLATA, et al.,

14                     Plaintiffs,                    NO. C01-1351 TEH

15        v.                                          **THREE-JUDGE COURT**

16   ARNOLD SCHWARZENEGGER,                           ORDER
     et al.,

17

18                   Defendants.

19

20          Pursuant to court order, this matter came on for hearing on August 20, 2008 on

21   plaintiffs' August 12, 2008 motion for discovery sanctions.  Maria Morris, Esq. appeared as

22   counsel for plaintiffs.  Danielle O'Bannon, Deputy Attorney General appeared as counsel for

23   defendants.

24          Plaintiffs' motion for discovery sanctions raises two separate issues.  The first

25   concerns the format in which documents ordered produced by this court in orders filed April

26   14, 2008 and May 29, 2008 were produced to plaintiffs.  That issue has been resolved by

27   separate order.  The second concerns claims of privilege raised in privilege logs served on

28   June 10, 2008 and August 5, 2008.  The latter disputes are resolved herein.

1    Plaintiffs seek an order requiring defendants to produce in native format: all

2  documents withheld based on claims of deliberative process privilege asserted in the August

3  5, 2008 privilege log, and certain documents in the June 10, 2008 and August 5, 2008

4  privilege logs for which they contend that the attorney-client privilege was improperly

5  asserted.[1]  Plaintiffs also seek an award of expenses of this motion, including attorneys' fees,

6  and such sanctions as this court deems just.

7    Principles of federal law govern the privileges asserted in these proceedings, which

8  arise under federal law.  <u>See</u> <u>Kerr v. U.S. District Court</u>, 511 F.2d 192, 197 (9th Cir. 1975)

9  (quoting <u>Heathman v. United States District Court</u>, 503 F.2d 1032, 1034 (9th Cir. 1974)).

10 The standards applicable to claims of privilege in general were set forth in the court's May

11 29, 2008 order:

> Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure
> provides:
>
> > When a party withholds information otherwise
> > discoverable under these rules by claiming that it is
> > privileged or subject to protection as trial
> > preparation material, the party must:
> >
> > (I) expressly make the claim; and
> >
> > (ii)  describe the nature of the documents,
> > communications, or tangible things not produced or
> > disclosed -- and do so in a  manner that, without
> > revealing information itself privileged or protected,
> > will enable other parties to assess the claim.
>
> Fed. R. Civ. P. 26(b)(5)(A)(I), (ii).  The specific "nature" of the
> notice required by Rule 26(b)(5) "is explicitly left indeterminate."
> <u>Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for</u>
> <u>Dist. of Mont.</u>, 408 F.3d 1142, 1147 (9th Cir. 2005). "'The rule
> does not attempt to define for each case what information must be
> provided when a party asserts a claim of privilege. . . .'" <u>Id.</u> at
> 1147-48 (quoting Rule 26(b)(5) advisory committee's note (1993
> Amendments)).  However, it is clear that "the 'party must . . .
> provide sufficient information to enable other parties to evaluate
> the applicability of the claimed privilege or protection.'" <u>Id.</u> at

---

26    [1]  Plaintiffs also sought an order requiring production of all documents withheld based
on claims of deliberative process privilege asserted in the June 10, 2008 privilege log.
27 Defendants have agreed to produce those documents. <u>See</u> Defendants' Opposition to
Plaintiff's [sic] Motion for Improper Withholding of Non-Privilege Documents, filed August
28 19, 2008 (Defendants' Opposition), at 3 n.1.

2

1148 (quoting Rule 26(b)(5) advisory committee note (1993 Amendments)).[2]

In <u>Burlington Northern</u>, the United States Court of Appeals for the Ninth Circuit set forth several factors that a court is to consider in determining whether a particular assertion of privilege satisfies the requirements of Rule 26(b)(5)(A):

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.

<u>Id</u>. at 1149.

Defendants have the burden of proving application of the asserted privilege.  See <u>Cobell v. Norton</u>, 213 F.R.D. 1, 4 (D.D.C. 2003).

Order filed May 29, 2008, at 5-6.

## I.  <u>June 10, 2008 Privilege Log</u>

The parties have resolved all disputes arising from claims of privilege in the June 10, 2008 privilege log with the exception of claims of attorney-client privilege for seven

---

[2] Rule 26(b)(5)(B) provides for the return of information produced during discovery that "is subject to a claim of privilege or of protection as trial-preparation material."  <u>See</u> Fed. R. Civ. P. 26(b)(5)(B).  The parties in these proceedings have also entered into a "claw back agreement."  Ex. O to Declaration of Lori Rifkin in Support of Plaintiff's Motion to Compel Production of Documents, filed November 30, 2007.

3

1   documents.[3]  The documents in issue are identified by Bates Numbers E00100148,

2   E00100274, E00100275, E00100276, E00100315, E00100316, and E00100346.[4]

3       The attorney-client privilege protects what a client tells a lawyer. The privilege

4   encourages full disclosure between lawyer and client, so that the lawyer may give informed

5   legal advice. Clarke v. American Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992).

6   The privilege has eight essential elements: "(1) [w]here legal advice of any kind is sought (2)

7   from a professional legal advisor in his [or her] capacity as such, (3) the communications

8   relating to the purpose, (4) made in confidence (5) by the client, (6) are at his [or her]

9   instance permanently protected, (7) from disclosure by him [or her] self or by the legal

10  advisor, (8) unless the protection be waived."  Admiral Ins. v. U.S. Dist. Court for Dist. of

11  Ariz., 881 F.2d 1486, 1492 (9th Cir. 1989) (citing In re Fischel, 557 F.2d 209, 211 (9th Cir.

12  1977).

13      The court has reviewed the entries on the June 10, 2008 privilege log for the

14  documents at issue, and has conducted an in camera review of all seven documents.  See,

15  e.g., U.S. v. Zolin, 842 F.2d 1135, 1138-39 (9th Cir. 1988) ("In the Ninth Circuit the rules of

16  evidence with respect to privileges do allow for in camera review: a court undertakes in

17  camera review of documents to decide whether the attorney-client privilege  even exists with

18  _____

19      [3]  At the August 20, 2008 hearing, the parties listed eight documents as disputed,
    including document E00100278 in the list of documents in dispute.  There is no entry for
20  document E00100278 on the June 10, 2008 privilege log, see Ex. A to Declaration of Maria
    V. Morris In Support of Plaintiffs' Motion for Discovery Sanctions and Ex Parte Application
21  for Shortening Time, filed August 12, 2008 (Morris Declaration), nor was the document
    submitted to this court for in camera review.  In addition, in their supplemental brief,
22  plaintiffs both represent that the document is in dispute, and that it was "erroneously
    challenged" in the motion and had not been withheld.  See Plaintiffs' Supplemental Brief in
23  Support of Motion for Discovery Sanctions, filed August 19, 2008 (Plaintiffs' Supplemental
    Brief), at 2 & n.1.  The document was not submitted to the court for in camera review.  The
24  court will not make any orders with respect to document E00100278.

25      [4]  At the August 20, 2008 hearing, counsel for defendants contended that documents
    E00100315 and E00100346 were not properly at issue because they had not been part of the
26  parties' meet and confer.  In defendants' brief, filed August 19, 2008, however, defendants
    include these two documents in a list of documents that they contend were the subject of an
27  agreement by the parties. Defendants' Opposition at 3 n.1.  Plaintiffs dispute that an
    agreement was reached with respect to those two documents.  Given the representation in
28  defendants' brief, the court finds that the dispute over the privilege asserted for documents
    E00100315 and E00100346 is before the court.

4

1  respect to those documents.")  After completion of said review, the court finds that

2  defendants have failed to establish that any of the seven documents are covered by the

3  attorney-client privilege.  Accordingly, defendants will be required to produce those

4  documents.

5  II.  <u>August 5, 2008 Privilege Log</u>

6       At the outset, the court sets forth the documents at issue in this part of plaintiffs'

7  motion.  There are 313 documents in the August 5, 2008 privilege log for which only a claim

8  of deliberative process privilege is raised.  The claims of privilege for all of those documents

9  are before the court and resolved by this order.

10      At a telephone conference on August 21, 2008, the parties jointly represented that

11 there are ten documents for which a dispute over claims of attorney-client privilege remain.

12 The parties identified those as the documents identified by log entry numbers 4, 171, 187-

13 190, 195, and 364-366 of the August 5, 2008 privilege log.[5]  Five of those documents, log

14 entry numbers 187-190 and 195, are subject to claims of work product protection in addition

15 to claims of attorney-client privilege and, except log entry number 195, deliberative process

16 privilege.  After careful review of the briefing, the court find that plaintiffs have failed to

17 adequately place in issue the work product protection claimed for the documents identified

18 by log entry numbers 187-190 and 195.  As discussed <u>infra</u>, the court has analyzed the

19 validity of the claims of attorney-client privilege and deliberative process privilege for those

20 documents.  They will not, however, be ordered produced at this time.

21      There are twenty documents listed in the August 5, 2008 privilege log which are

22 subject solely to a claim of attorney-client privilege[6], four documents which are subject to

23

24  _____

25      [5]  The documents submitted for in camera review identify these numbers as "Row"
    numbers.  The declarations provided with the privilege log refer these numbers as log entry
26  numbers.  <u>See</u>, <u>e.g.</u>, Ex. J to Morris Declaration, Supplemental Declaration of Robert Gore in
    Support of Privilege Log of August 5, 2008 (Supplemental Gore Declaration), at ¶ 12(b).
27

28      [6]  Log entry numbers 10, 11, 170, 173-176, 196-200, 202, 206-207, 212-213, 218,
    245, and 328.

claims of attorney-client privilege and work product protection[7], and one document for which a claim of privacy has been made.[8]  The validity of the privilege claims for those documents is not in dispute.  See Joint Statement Pursuant to August 26, 2008 Order, filed August 28, 2008, at 1.

The following documents are all subject to claims of attorney-client privilege and, in some instances, work product protection, in addition to claims of deliberative process privilege:  forty-one documents[9] which are subject to claims of attorney-client privilege and deliberative process privilege[10]; and four documents which are subject to claims of attorney-client privilege, deliberative process privilege, and work product protection.[11]  The claims of attorney-client privilege and work product protection raised for these documents are not disputed.  See Joint Statement Pursuant to August 26, 2008 Order, at 1.  While plaintiffs challenge the validity of defendants' assertion of the deliberative process privilege for these documents, resolution of that challenge is futile because the documents are subject to other undisputed claims of privilege and these documents need not be produced.  Those documents are not, therefore, included in this court's findings concerning the instant dispute over claims of deliberative process privilege.

The court turns now to the specific disputes at bar.

A.  Attorney-Client Privilege

As noted above, at a telephone conference on August 21, 2008, the parties jointly represented that this dispute involves claims of attorney-client privilege in the August 5,

---

[7]  Log entry numbers 208-211.

[8]  Log entry number 92.

[9]  Defendants have agreed to produce four documents that were subject to claims of attorney-client privilege and deliberative process privilege:  Log entry numbers 300, 358, 369, and 371.  See Declaration of Danielle F. O'Bannon in Support of Defendants' Opposition for Sanctions Regarding Production of Documents in the August 5, 2008 Log, filed August 19, 2008, at ¶ 3a.

[10]  Log entry numbers 7-8, 12-13, 114-118, 172, 193-194, 201, 203-205, 214, 225-227, 320-321, 326-327, 329-334, 337-340, 349-350, 357, 362, 368, 370, and 377.

[11]  Log entry numbers 9, 191-192, and 244.

2008 privilege log for the documents referred to in log entry numbers 4, 171, 187-190, 195, and 364-366.[12]  The court has reviewed the entries on the August 5, 2008 privilege log for the documents at issue, and has conducted an in camera review of all ten documents.  See, e.g., U.S. v. Zolin, supra.  After completion of this review, the court finds that defendants have failed to establish that any of the ten documents are covered by the attorney-client privilege.  Defendants will be required to produce the five documents for which no claim of work product protection has been made.

B.  Deliberative Process Privilege

Plaintiffs challenge all claims of deliberative process privilege made in the August 5, 2008 privilege log.  Plaintiffs contend that: the declarations submitted in support of the claims of privilege are inadequate[13], there is no evidence that the confidentiality of each document has been maintained, the descriptions in the privilege log are too conclusory, and many of the documents on the log are not predecisional.  In addition, plaintiffs contend that the deliberative process is a qualified privilege which, given the defenses raised in this case, should not apply to the documents at issue.

---

[12]  In their August 12, 2008 motion, plaintiffs identify nine specific documents that they contend are the subject of improper assertions of attorney-client privilege, including log entry numbers 357, 358, 364, 365, 366, 368, 369, 370, and 371. In addition, plaintiffs contend that "various documents" in the August 5, 2008 log are the subject of improper claims of attorney-client privilege.  In their supplemental brief, filed August 19, 2008, plaintiffs challenge the assertion of the attorney-client privilege as to documents referred to in log entry numbers 4, 171, 187-190, 195, and 364-366.  In their opposition, also filed August 19, 2008, defendants state that the parties  resolved their disputes over the claims of attorney-client privilege raised in the August 5, 2008 log during an August 15, 2008 meet and confer.  Defendants' Opposition at 3 n.1.  Defendants state that the parties agreed at that meeting that the documents referred to in log entry numbers 4, 171, 187-190, 195, and 364-366 were covered by the attorney-client privilege.  Id.  As noted above, defendants also state that they have produced documents identified at log entry numbers 300, 358, 369, and 371. See footnote 9, supra.  However, at the August 20, 2008 hearing the parties concurred that there were disputes remaining concerning assertions of attorney-client privilege in the August 5, 2008 privilege log.

[13]  The claims of privilege raised in the August 5, 2008 privilege log were originally made in a privilege log served on July 24, 2008.  Declarations of David Runnels, Robert Gore, and Ana Matosantos in support of the latter privilege log were provided therewith.  See Exs. C-E to Morris Declaration.  Following discussions with plaintiffs' counsel, defendants revised the July 24, 2008 privilege log.  See Morris Declaration at ¶ 8.  The revised log and three supplemental declarations from the same individuals are dated August 5, 2008.  See Morris Declaration at ¶ 9 and Exs. I-L.

7

The standards applicable to claims of deliberative process privilege were set forth in the court's May 29, 2008 order:

> The deliberative process privilege "covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Department of Interior v. Klamath Water Users Protective Association, 532 U.S. 1, 8 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S.132, 150 (1975)).[14] It "was developed to promote frank and independent discussion among those responsible for making governmental decisions, Environmental Protection Agency v. Mink, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to protect against premature disclosure of proposed agency policies or decisions." F.T.C. v. Warner Communications Inc., 742 F.2d 1156, 1161 (9th Cir. 1984) (citing Coastal States, 617 F.2d at 866); see also NLRB, 421 U.S. at 150-51.
>
> To qualify for the privilege a document must be both "predecisional" and "deliberative." Id.
>
> "A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."
>
> Carter v. U.S. Department of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting Assembly of State of California v. U.S. Department of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (internal citations omitted)).
>
> "[P]roper invocation of the privilege requires: (1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation why

/////

---

[14]   The case law addressing this privilege has generally been in the context of actions brought under the Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552. The rationale of the FOIA cases, however, is equally applicable where the government asserts the privilege to protect documents from disclosure during civil discovery. See NLRB, 421 U.S. at 148-50.

8

1     it properly falls within the scope of the privilege."  <u>Landry v.</u>
2     <u>F.D.I.C.</u>, 204 F.3d 1125, 1135 (D.C. Cir. 2000).

3     Order filed May 29, 2008, at 6-7.

4         The August 5, 2008 privilege log sets forth for each document:  an identification

5     number, the privilege claimed, the date of the document or an indication that the document is

6     undated, the type of document, the author of the document, the recipient(s) of the document,

7     and a brief description of the document. The court has reviewed the August 5, 2008 privilege

8     log as well as the July 24, 2008 and August 5, 2008 declarations of David Runnels, Robert

9     Gore, and Ana Matosantos.  The court finds that neither the privilege log nor the

10    declarations, separately or in combination, meet the legal requirements for establishing the

11    deliberative process privilege.

12        The description of the documents for which a deliberative process privilege is claimed

13    in the privilege log is too vague and conclusory to permit an adequate assessment of the

14    claim of privilege.  <u>Cf</u>. Fed. R. Civ. P. 26(b)(5).  In addition, none of the declarants ties any

15    of the statements in their declarations to the documents identified in log entry numbers 2-5,

16    7-9, or 12-91.  Moreover, although the declarants aver generally that categories of materials

17    are "maintained as privileged and confidential," <u>see</u>, <u>e.g.</u>, Supplemental Gore Declaration at

18    ¶¶ 6-9, there is no showing that defendants have preserved the confidentiality of the specific

19    documents for which a claim of privilege has been made.[15]

20        In the interest of caution the court drew a randomly selected 10 percent sample of the

21    documents for which a claim of deliberative process privilege is at issue and then read those

22
23    [15]  In their supplemental declarations, each of the declarants avers that they have
      "reviewed" specific documents for which a claim of deliberative process privilege has been
      raised.  <u>See</u> Supplemental Gore Declaration at ¶ 12(a), (b) and (c); Ex. K to Morris
24    Declaration, Supplemental Declaration of Ana Matosantos in Support of Privilege Log of
      August 5, 2008 (Supplemental Matosantos Declaration), at ¶ 12(a) and (b); Ex. L to Morris
25    Declaration, Supplemental Declaration of David Runnels in Support of Privilege Log of
      August 5, 2008 (Supplemental Runnels Declaration), at ¶ 10(a), (b) and (c).  Each of the
26    declarants has identified "categories of information revealed" in documents they reviewed
      and identifies by log entry number specific documents that fall within each of the categories.
27    <u>See</u> Supplemental Gore Declaration at ¶ 12(a), (b) and (c); Supplemental Matosantos
      Declaration at ¶ 12(a) and (b); Supplemental Runnels Declaration at ¶ 12(a), (b) and (c).
28    None of the declarants avers that the confidentiality of the specified documents has been
      maintained.

9

1   documents. See Stephenson v. IRS, 629 F.2d 1140, 1145-46 (5th Cir. 1980) (cited in Doyle

2   v. F.B.I., 722 F.2d 554 (9th Cir. 1983).  The results did not inspire confidence in the

3   "review" asserted by the declarants.  Of the thirty-one documents one was a press release of

4   Republican legislators with the heading "FOR IMMEDIATE RELEASE June 26, 2008."

5   One document was a copy of a letter to the lawyers for the Plata v. Schwarzenegger

6   Receiver.  One was a copy of an e:mail from the Plata Receiver.  One was an organizational

7   chart marked as a draft with no indication of who produced it or to whom it was sent.  One

8   was an e:mail to a subordinate with a clear direction that the subordinate was to assure the

9   Receiver of complete support.  As discussed earlier, the declarations offered in support of the

10  claim of deliberative process privilege were facially inadequate to support the claim of

11  privilege.  Additionally, it is clear from the review of the individual documents that the

12  declarations were not based on an adequate review of the documents.

13          Plaintiffs also contend that the deliberative process privilege is a qualified one which

14  is overcome in the circumstances of this case.  As the court noted in its December 7, 2007

15  order,

16              [t]he deliberative process privilege is not absolute.  Even where
                properly asserted, the privilege may be overcome on a showing
17              that a litigant's "need for the materials and the need for accurate
                fact-finding override the government's interest in
18              non-disclosure." F.T.C. v. Warner, 742 F.2d at 1161 (citations
                omitted).  In making this determination, the court considers, inter
19              alia, "1) the relevance of the evidence; 2) the availability of other
                evidence; 3) the government's role in the litigation; and 4) the
20              extent to which disclosure would hinder frank and independent
                discussion regarding contemplated policies and decisions." Id.
21              (citations omitted).

22  Order filed December 7, 2007, at 12.  While this court finds it difficult to imagine how

23  defendants could present evidence at trial in their own behalf without abandoning the

24  deliberative process privilege, the court need not reach that question for the purpose of

25  deciding this order.

26          This court finds that defendants have failed to meet their burden of establishing

27  application of the deliberative process privilege to documents encompassed by this order.

28

10

1    Plaintiffs seek sanctions and an award of expenses.  Pursuant to Rule 37(a)(5), and

2    good cause appearing, plaintiffs' request for expenses will be granted.  Plaintiffs will be

3    directed to file a declaration of their expenses for the part of their August 12, 2008 motion

4    that is resolved by this order.

5    For all of the foregoing reasons, IT IS HEREBY ORDERED that within five days

6    from the date of this order defendants shall produce to counsel for plaintiffs for inspection

7    and copying in native format:

8        1.  documents identified by Bates Numbers E00100148, E00100274,

9    E00100275, E00100276, E00100315, E00100316, and E00100346;

10       2.  all of the documents in the August 5, 2008 privilege log for which only a

11   claim of deliberative process privilege has been made; and

12       3.  the documents referred to in log entry numbers 4, 171, and 364-366 of the

13   August 5, 2008 privilege log.

14   Plaintiffs' request for expenses is granted.  Within five days from the date of this

15   order plaintiffs shall file a declaration of their expenses for the part of their August 12, 2008

16   motion that is resolved by this order.

17   Dated:  August 29, 2008.

18

19

20   UNITED STATES MAGISTRATE JUDGE

21

22

23   12
     discovery30.o

24

25

26

27

28

11