IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER RE: DEFENDANT-INTERVENORS' MOTION FOR CLARIFICATION</u> |

      This matter comes before the Court on Defendant-Intervenors' August 14, 2008 motion for clarification. At issue in this motion is whether intervenors, such as police chiefs and district attorneys, or employees of intervenors, such as department commanders of a sheriff's department, who intend to testify as both percipient and expert witnesses must disclose expert reports before they are allowed to present opinion testimony under Federal Rules of Evidence 702, 703, or 705. Upon careful consideration, the Court GRANTS IN PART and DENIES IN PART Defendant-Intervenors' motion as discussed below.

**DISCUSSION**

Plaintiffs first contend that this Court's pretrial orders require all expert witnesses to submit expert reports. For example, on October 10, 2007, the Court ordered that "[d]irect testimony from expert witnesses will be presented through their expert reports *and* no more than thirty minutes of live testimony, followed by cross-examination." Oct. 10, 2007 Order Bifurcating Proceedings & Setting Deadlines for Phase I at 6 (emphasis added). Similarly, on July 2, 2008, the Court ordered that "[e]xpert disclosures shall be made, *and* expert reports exchanged, on or before **August 15, 2008.**" July 2, 2008 Order for Pretrial Prep. at 3 (emphasis added). Plaintiffs contend that these provisions make clear "that all expert testimony will be disclosed in writing, with a limited amount of additional live testimony." Opp'n at 2. However, the Court did not consider the sort of non-retained percipient-expert witnesses at issue in the pending motion when issuing its orders regarding expert reports, and Plaintiffs' argument based on these orders is therefore unpersuasive.

Instead, the Court turns to the Federal Rules of Civil Procedure to resolve this dispute. Federal Rule of Civil Procedure 26(a)(2)(B) provides that:

> Unless otherwise stipulated or ordered by the court, [the] disclosure [of the identity of an expert witnesses] must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs contend that the witnesses at issue in this motion are essentially "specially employed to provide expert testimony in the case" or individuals "whose duties as the party's employee regularly involve giving expert testimony," *id.*, because they are testifying outside the scope of their employment.

Defendant-Intervenors do not dispute that "a majority of courts require reports from employee experts who render opinions on matters outside the scope of their employment." *Funai Elec. Co. v. Daewoo Elecs. Corp.*, Case No. C04-1830 CRB (JL), 2007 WL 1089702, at *3 (N.D. Cal. Apr. 11, 2007). Rather, Defendant-Intervenors argue that their witnesses have been designated to testify on issues within the scope of their duties as public officials.

2

Plaintiffs do not appear to contest that it is within the scope of an employee's duties to form opinions on the potential impact of a prisoner release order on operations within that employee's jurisdiction. For example, Plaintiffs argue that the scope of employment for one witness, who has since been withdrawn as an expert witness,[1] "surely does not include assessing impacts of potential court orders on other counties," but they do not argue that the witness's ordinary course of employment would not include assessing the impacts of such orders within his county of employment Opp'n at 4. The Court agrees that a city or county employee may, within the regular scope of his or her employment, develop opinions as to the impact of a prisoner release order on his or her city or county. Consequently, the designated witnesses need not prepare expert reports regarding such opinions.

However, Defendant-Intervenors fail to persuade the Court that it is within a city or county employee's scope of employment to opine on the possible effects of a prisoner release order on other cities or counties or, more broadly, on public safety generally. Indeed, Defendant-Intervenors' reply makes clear that such opinions are not based on personal experience gained during the regular scope of employment:

> Only those designated experts who have personal experience based on employment related service on such committees and commissions [such as the Little Hoover Commission or committees related to Assembly Bill 900], or through service in statewide organizations such as the California State Sheriff's Association, California Police Chief's Association or Chief Probation Officers of California, or through employment with more than one law enforcement agency will be testifying regarding impacts beyond their current employing agency.

Barlow Decl. ¶ 4. Thus, to the extent that the designated witnesses "testify regarding impacts beyond their current employing agency," they do so based not on their day-to-day employment responsibilities but, rather, based on specialized knowledge gained through prior employment or service in organizations or on committees and commissions. Such testimony is therefore indistinguishable from expert testimony that would be obtained from a

---

[1] The witness, Rick Dostal, appears in the Law Enforcement Intervenors' list of expert witnesses dated August 15, 2008. Ex. A to Norman Decl. at 3. However, he does not appear in the Law Enforcement Intervenors' amended list of expert witnesses dated August 27, 2008. Ex. A to Barlow Decl.

3

retained expert, and this Court would ordinarily be inclined to require expert reports regarding such testimony.

Nonetheless, "[t]he reason for requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources." *Elgas v. Colo. Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998) (internal quotations and citation omitted). Given the history of this case, as well as Plaintiffs' completed or planned depositions of all designated non-retained experts, the Court does not find it expedient to order all designated witnesses to produce expert reports. In particular, Plaintiffs have not demonstrated that they will be unduly prejudiced by being required to take depositions of these witnesses in the absence of expert reports. Accordingly, the Court finds good cause to order the parties and intervenors to proceed as follows:

1. For Jerry Powers and John Ingrassia, who were deposed by Plaintiffs prior to the designation of expert witnesses and whose depositions did not include questions regarding expert testimony, Barlow Decl. ¶ 7, Defendant-Intervenors shall either withdraw the witness as an expert witness on or before **September 15, 2008,** or allow a brief supplemental deposition of the witness limited to expert testimony. If Defendant-Intervenors choose the latter option, they shall either (a) produce an expert report prior to the supplemental deposition and no later than **September 15, 2008,** or (b) have the witness's expert testimony at trial be limited to the scope of the witness's supplemental deposition testimony.

2. For all other non-retained expert witnesses disclosed by Defendant-Intervenors who have not produced an expert report but who have been deposed, Defendant-Intervenors shall either (a) produce an expert report on or before **September 15, 2008,** and thereafter allow a brief supplemental deposition of the witness limited to any additional issues raised in the report that were not discussed at the original deposition, or (b) have the witness's expert testimony at trial be limited to the scope of the witness's original deposition testimony.

3. For all non-retained expert witnesses disclosed by Defendant-Intervenors who have neither produced an expert report nor yet been deposed, Defendant-Intervenors shall either (a) produce an expert report prior to the deposition and on or before **September 15, 2008,** or

4

(b) have the witness's expert testimony at trial be limited to the scope of the witness's deposition testimony.

4. Any expert reports produced in compliance with this order need only include issues outside of the witness's scope of employment. Thus, such reports need not discuss opinions on the potential impact of a prisoner release order within the city or county in which the witness is currently employed, but they must discuss opinions on the potential impact of a prisoner release order outside the city or county in which the witness is currently employed.

5. Plaintiffs shall have until **September 25, 2008,** to disclose rebuttal experts and produce rebuttal expert reports in response to any expert reports produced by Defendant-Intervenors in compliance with this order.

6. The expert discovery cut-off shall remain on **October 6, 2008.** However, the following may, if necessary, be taken through **October 13, 2008**: (a) supplemental depositions of Jerry Powers and John Ingrassia regarding their expert testimony; (b) depositions of any designated witnesses at issue in this motion who produce expert reports following the date of this order; and (c) depositions of any rebuttal witnesses disclosed by Plaintiffs in compliance with the preceding paragraph.

**CONCLUSION**

For the reasons discussed in this order, Defendant-Intervenors' motion for clarification is GRANTED IN PART and DENIED IN PART. The parties and intervenors shall proceed with discovery regarding non-retained expert witnesses as ordered above.

**IT IS SO ORDERED.**

Dated:   09/05/08                                         /s/
                                                STEPHEN REINHARDT
                                                UNITED STATES CIRCUIT JUDGE
                                                NINTH CIRCUIT COURT OF APPEALS

5

Dated:  09/05/08

_____
LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated:  09/05/08

_____
THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA