IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>       Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER RE: DEFENDANTS' REQUEST FOR EVIDENCE FROM THE CALIFORNIA PRISON HEALTH CARE RECEIVERSHIP CORPORATION |

      On August 29, 2008, Defendants filed a request for this Court to permit Defendants to obtain "updated, authenticated, and admissible factual evidence regarding the delivery of medical care at CDCR [California Department of Corrections and Rehabilitation] institutions for use at trial." Req. at 3. In particular, Defendants "seek all reports, memoranda, and any other documents providing factual data and/or current information regarding the following":

    1.     The status of the URS/Bovis 10,000 bed project, including accomplishments, timelines, and goals, as of August 30, 2008.

    2.     The status of the information technology system, including timelines, capabilities, and goals, as of August 30, 2008.

3. The status of the Clinical Data Repository/Clinical Portal project, including accomplishments and timelines, as of August 30, 2008.

4. Staffing and staffing vacancies for medical positions both statewide and at each CDCR institution as of August 30, 2008, including but not limited to, registered nursing positions, physician and surgeon positions, physician assistant positions, Chief Medical Officer positions, Chief Physician and Surgeon positions, and licensed vocational nursing positions.

5. Current statistics regarding the number of physicians who were fired and/or retired due to actions taken by the Receiver in accordance with the State Personnel Board.

6. Current status of the Receiver's physician clinical competency policies and implementation plan, including timelines for completion and goals.

7. Current status of any and all training and supervision plans for any and all medical staff positions, including but not limited to, registered nurses, physicians and surgeons, physician assistants, Chief Medical Officers, Chief Physicians and Surgeons, and licensed vocational nurses.

8. Current status of the Receiver's Career Executive Assignment program, including number of positions created and filled.

9. Current statistics regarding the number of preventable and/or possibly preventable deaths statewide, as of August 30, 2008.

10. The status of each institution's adoption of the Emergency Medical Response System policy.

11. The status of implementation of a central fill pharmacy.

12. The status of implementation of a standardized health records practice.

13. The status of the Receiver's efforts to improve radiology and laboratory services.

14. The status of the Receiver's "Construction Upgrade Program."

15. The status of the Receiver's plans to improve the screening of incoming prisoners at all reception centers, including the status of the San Quentin pilot program and plans for a statewide roll-out.

*Id.* at 6-7.

2

Part of the rationale for Defendants' request is that this Court ordered that "[n]o evidence of changed prison conditions after August 30, 2008, shall be admitted at trial," July 2, 2008 Order for Pretrial Prep. at 3, but that the Receiver's next quarterly report is not due to be filed until September 15, 2008. Defendants argue that without the information they request, they will be prejudiced because they will be forced to rely at trial on the Receiver's previous quarterly report, filed on June 17, 2008, instead of being permitted to introduce evidence of prison conditions as of the Court-ordered August 30, 2008 deadline.

The Court agrees that the Receiver has made progress between the date of the last quarterly report and August 30, 2008, and that evidence of such progress may be relevant to the issues to be presented at trial. However, the Court has consulted with the Receiver and determined that it would be unduly burdensome on the Receiver to produce both his next quarterly report and information on the above items as of August 30, 2008. The Receiver has further informed the Court that the September 15, 2008 quarterly report will cover all of the fifteen items included in Defendants' request for evidence.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that the Receiver's September 15, 2008 quarterly report shall be admissible at trial as to the fifteen items identified in Defendants' request for evidence. To be clear, the Court will permit a limited exception to the August 30, 2008 cut-off for evidence of changed prison conditions and, subject to the Federal Rules of Evidence, will allow the Receiver's September 15, 2008 quarterly report, and any exhibits thereto, to be admitted into evidence at trial as to the fifteen items listed above. Consequently, the Defendants' request for information is DENIED as moot.

**IT IS SO ORDERED.**

Dated:   09/05/08                              /s/
                                               STEPHEN REINHARDT
                                               UNITED STATES CIRCUIT JUDGE
                                               NINTH CIRCUIT COURT OF APPEALS

3

1
2
3  Dated: 09/05/08
4  _____
   LAWRENCE K. KARLTON
   SENIOR UNITED STATES DISTRICT JUDGE
   EASTERN DISTRICT OF CALIFORNIA
5
6
7  Dated: 09/05/08
   _____
   THELTON E. HENDERSON
   SENIOR UNITED STATES DISTRICT JUDGE
   NORTHERN DISTRICT OF CALIFORNIA
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4