IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

    This matter came on for hearing on September 8, 2008 on plaintiffs' motion to reopen the deposition of Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation (CDCR), and to require Secretary Cate to answer questions concerning communications with the Governor and aides to the Governor that he declined to answer on pursuant to the deliberative process privilege. Rebekah Evenson, Esq., participated by telephone conference as counsel for plaintiffs. Samantha Tama, Esq., participated by

/////

/////

/////

1 telephone conference as counsel for defendants.[1]  At the conclusion of the hearing, the court
2 announced its oral ruling granting plaintiffs' motion and setting Mr. Cate's reopened
3 deposition for 10:00 a.m. on Friday, September 12, 2008.  The reasons for that ruling are set
4 forth herein.

5       Plaintiffs contend that the deliberative process privilege has been overcome in this
6 case because defendants have placed their deliberative processes at issue and their need for
7 the information "greatly outweighs" any interest the government may have in non-disclosure.
8 Plaintiffs' Statement re Discovery Dispute re Matthew Cate Deposition, filed September 5,
9 2008, at 10.  Defendants contend the line of inquiry violates the long-standing prohibition
10 against compelled testimony into the mental processes of government decisionmakers.

11       This court has on three prior occasions in these proceedings considered claims of
12 deliberative process privilege asserted by defendants.  See Order filed December 7, 2007, at
13 11-12; Order filed May 29, 2008, at 6-7; Order filed August 29, 2008, at 8-9.  All of those
14 orders resolved challenges to claims of deliberative process privilege asserted for documents.

15       The deliberative process privilege protects "'advisory opinions, recommendations and
16 deliberations comprising part of a process by which governmental decisions and policies are
17 formulated.'" Department of Interior v. Klamath Water Users Protective Association, 532
18 U.S. 1, 8 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S.132, 150 (1975)).  It
19 "was developed to promote frank and independent discussion among those responsible for
20 making governmental decisions, Environmental Protection Agency v. Mink, 410 U.S. 73, 87,
21 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to protect against premature disclosure of
22 proposed agency policies or decisions." F.T.C. v. Warner Communications Inc., 742 F.2d
23 1156, 1161 (9th Cir. 1984) (citing Coastal States, 617 F.2d at 866); see also NLRB, 421 U.S.
24 at 150-51.  "The ultimate purpose of the privilege is to protect the quality of agency

---

[1] The court set the motion for hearing on September 8, 2008, the date set by the three-judge court for completion of non-expert discovery.  See Order filed July 2, 2008, at 3.  Although the parties stipulated to extend the time for briefing and hearing of the motion past this deadline, they did not obtain an extension of the discovery cut-off for this purpose from the three-judge court.

2

decisions." F.T.C. v. Warner Communications, Inc., at 1161 (quoting Sears, 421 U.S. at 151).

"In most cases, the privilege has been invoked to protect documents. However, courts have applied the privilege to testimony as well as documents and have made no distinction in the application of the privilege with respect to the two kinds of evidence." North Pacifica, LLC v. City of Pacifica, 274 F.Supp.2d 1118, 1121 n.1 (N.D.Cal. 2003); see also Kay v. City of Rancho Palos Verdes, 2003 WL 25294710 (C.D.Cal. 2003), slip op. at 16.

To qualify for protection under the deliberative process privilege, a communication must be both "predecisional" and "deliberative." Id. These criteria have been defined with respect to documents in the court's prior orders as follows:

> "A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."
>
> Carter v. U.S. Department of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting Assembly of State of California v. U.S. Department of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (internal citations omitted)).

Order filed May 29, 2008, at 7. The court has also laid out the requirements for proper assertion of the privilege:

> "[P]roper invocation of the privilege requires: (1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation why it properly falls within the scope of the privilege." Landry v. F.D.I.C., 204 F.3d 1125, 1135 (D.C. Cir. 2000).

1   Id.  There must also be a showing that the material for which the privilege is asserted has

2   been kept confidential.  See, e.g., National Wildlife Federation v. U.S. Forest Service, 861

3   F.2d 1114, 1117 (9th Cir. 1988) (deliberative process privilege maintains confidentiality of

4   agency communications).

> As with privileges generally, the deliberative process privilege should be narrowly construed because confidentiality may impede full and fair discovery of the truth. See Eureka Fin. Corp. v. Hartford Accident and Indem. Co., 136 F.R.D. 179, 183 (E.D.Cal.1991) (citing Weil v. Investment/Indicators, Research and Management, Inc., 647 F.2d 18, 24 (9th Cir.1981)); see also North Pacifica, 274 F.Supp.2d at 1122 (deliberative process privilege is "strictly confined within the narrowest possible limits consistent with the logic of its principles.")

10  L.H. v. Schwarzenegger, 2007 WL 2009807, slip op. at 3 (E.D. Cal. 2007) (Karlton, J.).

11         The dispute at bar arose during Secretary Cate's deposition on August 29, 2008.  Near

12  the start of the deposition[2] plaintiffs asked questions concerning subjects he had discussed

13  with Cabinet Secretary Dan Dunmoyer, including meetings attended by Deputy Cabinet

14  Secretary Robert Gore.  Ex. A to Specter Declaration, at 15, 18-19.  Defense counsel

15  objected to the question on the basis of, inter alia, deliberative process privilege.  Id. at 15,

16  19.  Defense counsel agreed not to object to questions seeking a list of subjects discussed at

17  the meetings.  Id. at 15, 19.  Secretary Cate identified the following subjects:  (1) his plans

18  for the first one hundred days as CDCR Secretary; (2) overcrowding; (3) building plans; (4)

19  parole reform; (5) the budget; (6) personnel; (7) vision, mission, goals of the department; (8)

20  healthcare; (9) the three-judge panel proceedings; and (10) a list of corrections reform

21  packages appended to outcomes of the June 5th meeting of the Senate Budget Committee.

22  Id. at 17-20.  Thereafter, defense counsel instructed Secretary Cate not to answer any further

23  questions on those topics, asserting the "executive and deliberative process privilege."  Id. at

24  21.  A similar line of questioning and corresponding objections were made with respect to

25  conversations with Susan Kennedy, Chief of Staff to the Governor, id. at 23-25, and the

---

[2] In accordance with the court's request that a copy of the deposition transcript be filed, plaintiffs have filed an "uncertified rough draft transcript" of the deposition.  See Ex. A to Declaration of Donald Specter in Support of Plaintiffs' Statement re Discovery Dispute re Matthew Cate Deposition, filed September 5, 2008 (Specter Declaration).

4

1  Governor. Id. at 28-30. On the advice of counsel, Secretary Cate refused to answer
2  questions concerning those conversations. Id. at 35. He did agree to answer questions about
3  the subject areas. Id.

4  The record fails to support Secretary Cate's sweeping assertion of the deliberative
5  process privilege at the start of his deposition. Specifically, there is no suggestion in the
6  record that his assertion of the privilege was limited to "predecisional" and "deliberative"
7  communications about governmental decisions or policies, which are the only type of
8  communications to which the privilege may apply. Nor is there evidence of whether the
9  confidentiality of those communications has been maintained. Instead, he simply refused to
10 answer any questions about meetings and conversations with the Governor, his Chief of
11 Staff, a Cabinet Secretary or a Deputy Cabinet Secretary concerning a wide range of issues
12 directly relevant to matters at bar. For that reason alone, the claim of privilege cannot be
13 sustained.

14 The gravamen of the dispute between the parties concerns whether the deliberative
15 process privilege is properly invoked to protect communications between the Secretary of the
16 CDCR and the Governor and his staff in the circumstances of this case. As noted above,
17 plaintiffs contend that any protection that might have been afforded by the privilege has been
18 overcome in this case, while defendants contend that it is "improper to compel the deposition
19 testimony regarding the mental processes of a government-decisionmaker in reaching a
20 decision." Defendants' Opposition to Plaintiffs' Motion to Compel the Privileged
21 Deposition Testimony of Matthew Cate, filed September 5, 2008, at 2.

> The deliberative process privilege is a qualified one. A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. See United States v. Leggett & Platt, Inc., 542 F.2d 655, 658 (6th Cir.1976), cert. denied, 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); United States v. American Telephone and Telegraph Co., 524 F.Supp. 1381, 1386 n. 14 (D.D.C.1981). Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. See, e.g., Carl

>   Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 327-329
>   (D.D.C.1966), aff'd, 384 F.2d 979 (D.C.Cir.), cert. denied, 389
>   U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967); In re Franklin
>   National Bank Securities Litigation, 478 F.Supp. 577, 583
>   (E.D.N.Y.1979); 2 J. Weinstein & M. Berger, Weinstein's
>   Evidence ¶ 509[07] at 46-47 (1982).

F.T.C. v. Warner Communications, Inc., at 1161; see also L.H. v. Schwarzenegger, slip op. at 3.

The three-judge court defined the matters at issue in these proceedings in an order filed October 10, 2007:

>   At issue in these proceedings is whether some form of prisoner release order is required to remedy the underlying violations of the Eighth Amendment in one or both of the above-captioned actions. The governing statute provides that a three-judge court "shall enter a prisoner release order only if the court finds by clear and convincing evidence that -- (I) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right." 18 U.S.C. § 3626(a)(3)(E).
>
>   A "prisoner release order" is defined as any order "that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison," 18 U.S.C. § 3626(g)(4), and falls within the statute's general definition of "prospective relief," which is defined as "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). The statute requires that all prospective relief must be, *inter alia*, "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and . . . the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

Order filed October 10, 2007, at 2. If the three-judge court determines that prison overcrowding is the primary cause of the violation of a federal right and that no relief other than a prisoner release order will remedy that violation, it will then be required to determine "whether a prisoner release order will be imposed, and the nature and terms of any such order in light of public safety and other concerns." Id. at 3.

This court has on three prior occasions in these proceedings considered claims of deliberative process privilege asserted by defendants. See Order filed December 7, 2007, at 11-12; Order filed May 29, 2008, at 6-7; Order filed August 29, 2008, at 8-9. In each

1  instance, the court found that the privilege had not been established. In addition, in its'
2  December 7, 2007 order, the court found that

> it is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege. The Governor has responded to interrogatories from plaintiffs that his administration "continues to aggressively use the [October 4, 2006 overcrowding] Emergency Proclamation to address overcrowding in ways that are less intrusive than a prisoner release order." [Citation omitted.]

8  Order filed December 7, 2007, at 13-14. The court made a similar observation in its' August
9  29, 2008 order, noting that it is "difficult to imagine how defendants could present evidence
10 at trial in their own behalf without abandoning the deliberative process privilege." Order
11 filed August 29, 2008, at 10.

12       These proceedings have arisen as a result of dangerous overcrowding in California's
13 prisons. That is the essence of the Emergency Proclamation issued by the Governor on
14 October 4, 2006. Defendants represent that they will defend this action by contending "that
15 overcrowding is not the primary cause of the constitutional violations," contesting "the
16 existence of constitutional violations that necessitate this particular form of relief" and
17 contending that "less intrusive alternatives to a prisoner release order exist that would
18 remedy the alleged constitutional violations." Joint Supplemental Discovery Statement
19 Pursuant to Federal Rule of Civil Procedure 26(f), filed April 28, 2008 (Joint Supplemental
20 Discovery Statement), at 2, 5. Several matters are at issue in this proceeding, including: the
21 effect that prison overcrowding is having on the constitutional rights of class members in the
22 Plata and Coleman actions to adequate medical and mental health care; what steps defendants
23 are taking, have taken, or have rejected to remedy the constitutional violations found in each
24 of these actions; and what steps defendants are taking, have taken, or have rejected to relieve
25 prison overcrowding. These matters are of weighty importance, and the interests of all
26 parties to this litigation and the public in accurate judicial fact-finding are aligned. That
27 interest is not served by application of the deliberative process privilege to shield
28

7

1  communications between the Secretary of the CDCR and the Governor and his staff
2  concerning the issues listed by Secretary Cate at his August 29, 2008 deposition.[3]
3      For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs'
4  September 5, 2008 motion to reopen the deposition of Matthew Cate and to require Mr. Cate
5  to respond to questions about communications with the Governor and the Governor's aides is
6  granted.  Mr. Cate's deposition shall be conducted on Friday, September 12, 2008,
7  commencing at 10:00 a.m.
8  DATED:  September 10, 2008.

                        _____
                        UNITED STATES MAGISTRATE JUDGE

12
discovery34.o

---

[3] It bears repeating that defendants have not established the application of the privilege in any event, nor have they established that the line of inquiry proposed by plaintiffs' counsel would impermissibly intrude on the mental processes of decisionmakers.

8