1    Gregg McLean Adam, No. 203436
     Natalie Leonard, No. 236634
2    James W. Henderson, Jr., No. 071170
     **CARROLL, BURDICK & McDONOUGH LLP**
3    Attorneys at Law
     44 Montgomery Street, Suite 400
4    San Francisco, CA 94104
     Telephone:    415.989.5900
5    Facsimile:    415.989.0932
     Email:        gadam@cbmlaw.com
6                jstoughton@cbmlaw.com

7

8    Daniel M. Lindsay, No. 142895
     **CALIFORNIA CORRECTIONAL**
     **PEACE OFFICERS' ASSOCIATION**
9    755 Riverpoint Drive, Suite 200
     West Sacramento, CA 95605-1634
10   Telephone:    916.372.6060
     Facsimile:    916.372.9805
11   E-Mail:       dan.lindsay@ccpoa.org

12   Attorneys for Intervenor California Correctional
     Officers' Association

13

14         IN THE UNITED STATES DISTRICT COURTS
     FOR THE NORTHERN AND EASTERN DISTRICTS OF CALIFORNIA
15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
16

17   MARCIANO PLATA, *et al.*,

18            Plaintiffs,

19        v.

20   ARNOLD SCHWARZENEGGER, *et al.*,

21            Defendants.

| No. Civ C01-1351 TEH (N.D. Cal.) *and* |
| No. Civ S90-0520 LKK-JFM (E.D. Cal.) |
| **THREE-JUDGE COURT** |

22

23   RALPH COLEMAN, *et al.*,

24            Plaintiffs,

25        v.

26   ARNOLD SCHWARZENEGGER, *et al.*,

27            Defendants.

28

**PLAINTIFF INTERVENOR, CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE (a) CCPOA WITNESSES AND (b) CCPOA TESTIMONY ABOUT HOUSING, VIOLENCE, DANGER, SECURITY**

**TRIAL DATE: NOVEMBER 18, 2008**

1

**I**

2

**INTRODUCTION**

3           In Motion in Limine No. 2, the Defendants, in effect, seek to preclude Plaintiff

4    Intervenor California Correctional Peace Officers' Association (hereinafter "CCPOA")

5    from presenting any evidence by way of testimony regarding the issues which are the

6    heart of this case:  Namely, the effect of overcrowding on the delivery of proper health

7    care to the inmates incarcerated within the California correctional system.  Defendants

8    first argue that all of the evidence to be presented by all six witnesses constitutes improper

9    expert testimony presented through lay witnesses.  Alternatively, the Defendants seek to

10   preclude testimony regarding overcrowding on the grounds that it is irrelevant.

11          These arguments are meritless.  In the first place, much of the evidence to be

12   presented through these witnesses is evidence of observations of overcrowding and its

13   effects on the inmates in terms of the health of those inmates which goes to the very heart

14   of this action.  Second, to the extent that the testimony regarding such observations may

15   include opinion testimony, such opinion testimony is admissible and in compliance with

16   Federal Rules of Evidence Rule 701.  Finally, any challenges to the testimony go to the

17   weight of the evidence, not its admissibility.  Accordingly, the Motion should be denied.

18

**II**

19

**DISCUSSION**

20    **A.    The Testimony Of The CCPOA Witnesses Is Admissible Because It
              Is Based On Their Personal Knowledge And Observations**

21

22          Federal Rule of Evidence Rule 601 provides that every person is competent to

23   be a witness except as otherwise provided in the Rules of Evidence.  Federal Rule of

24   Evidence Rule 602 provides that a witness may testify to evidence based on personal

25   knowledge and pursuant to that Rule, any uncertainty with respect to a witness's

26   testimony goes to the weight of the evidence, not its admissibility.  *Nielson v. Armstrong*

27   *Rubber Co.,* 570 F2d 272, 277 (8th Cir. 1978).

28

1        In its List of Non-Expert Witnesses Expected to Testify at Trial, CCPOA

2   identified six individuals who will be testifying at the trial of this matter.  None of these

3   has been disclosed as an expert witness and all will be testifying as lay witnesses.  Each

4   CCPOA witness is entitled to testify regarding his or her personal knowledge and

5   observations that are relevant to the issues of this litigation.

6        Five of CCPOA's designated witnesses (Debbra Rowlett, Eric Adelman, Gary

7   Benson, Brenda Gibbons and Ruben Leija, Jr., hereinafter collectively "Correctional

8   Officer Witnesses") will be testifying based on their observations and perceptions of the

9   effects of overcrowding on the health of the inmates incarcerated at various California

10   facilities.  Each of these five witnesses has several years experience as correctional

11   officers and several of them have worked at more than one institution.  See Exhibits A, B,

12   C, D and E to the Declaration of Natalie Leonard submitted with this Opposition

13   (hereinafter "Leonard Decl.").  These five witnesses will be testifying regarding their

14   daily observations within the facilities where they work.  (See Leonard Decl., Exhibits A,

15   B, C, D and E, Passim.)  The sixth witness, Kevin Raymond,[1] will also be testifying as a

16   lay percipient witness regarding his observations and knowledge through his job duties

17   but in a different capacity.  Mr. Raymond's current position at the California Department

18   of Corrections and Rehabilitation ("CDCR") Office of Facilities Management requires

19   him to work extensively with the staffing of correctional facilities in the State and his

20   testimony will relate to how the prison staffing decisions are made by the CDCR.  (See

21   Leonard Decl., Exhibit E, pg. 3, lns. 13 – 24, pg. 4, lns 1-4.)

**B.   To The Extent That Opinions Will Be Offered By The Lay Witnesses Such Opinions Are Proper Under Federal Rule Evidence 701**

        Federal Rule of Evidence Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness'

---

[1]   Mr. Raymond is also a correctional officer.  However his current job duties do not require him to work at a specific correctional institution.

testimony or the determination of a fact and issue, and (c) not based on scientific, technical of other specialized knowledge within the scope of Rule 702.

An opinion is an inference or conclusion that a witness draws from his or her own personal perceptions or acquired knowledge. *Stagman v. Ryan*, 176 Fed.3d 986, 996 (7th Cir. 1999). The courts have shown great liberality in allowing lay witness opinion testimony on a variety of issues. Thus, lay witnesses have been allowed to provide opinion testimony not only regarding their own health or physical condition (*Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)), but also the health and physical condition of other individuals if such testimony is based on the witness' personal observations. *Bilby v. Schweiker*, 762 F.2d 716, 719, fn. 3 (9th Cir. 1985). The courts have also allowed testimony regarding a person's mental condition if the opinion is rationally based on the witness' perceptions. *United States v. Bogan*, 267 F.3d 614, 618-620 (7th Cir. 2001); see also, *John Hancock Mut. Life Ins. Co. v. Dutton*, 585 F. 2d 1289, 1293-1294 (5th Cir. 1978) (lay witness permitted to testify about another's feelings or subjective state of mind.)

The courts have also admitted opinion testimony from lay witnesses regarding a third party's demeanor, physical appearance or conduct, including whether or not a person "looked drunk" *Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Engineering*, 57 F.3d 1190, 1196 (3rd Cir. 1995). Lay witnesses have also been allowed to express opinions regarding personal observations that a person was hostile or uncooperative, *Alexis v. McDonald's Restaurants of Massachusetts, Inc.,* 67 F.3d 341, 347-348 (1st Cir. 1995). The courts have even allowed a lay witness to state an opinion as to whether another person was pretending to be grieving. *United States v. Meling,* 47 F.3d 1546, 1556 (9th Cir. 1995

Furthermore, lay witness opinion testimony is admissible even where the perceptions may be based on the specific knowledge or experience of that witness. Thus, in *United States v. Durham,* 464 F.3d 976, 982-983 (9th Cir. 2006), the court permitted a known drug user to express a lay opinion regarding the identity of the particular drug

CBM-SAC\SA067491.1
-4-

1    substance at issue based on the witness' familiarity with the drug and the substance's

2    taste, smell and effect on the witness.  *Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153,

3    1175 (3rd Cir. 1993) (business owner allowed to give lay testimony on damages based on

4    personal knowledge); see also Advisory Committee Notes to Federal Rules of Evidence

5    Rule 701 ("Such opinion testimony is admitted not because of experience, training or

6    specialized knowledge within the realm of an expert, but because of the particularized

7    knowledge that the witness has by virtue of his or her position in the business.")[2]

8            In the present case, each of the CCPOA witnesses will be offering testimony

9    that clearly falls within the parameters of admissible lay opinion testimony.  These

10   individuals will be testifying based on their own observations and perceptions from their

11   multiple years of experience as employees of the CDCR.  As to the five Correctional

12   Officer Witnesses, these witnesses will be testifying about their on specific day-to-day

13   observations as to what occurs within their respective facilities due to the size of the

14   inmate populations and how the size and resulting overcrowding affects inmate health and

15   the delivery (or non-delivery) of medical care and metal health services.  There is no

16   expert, scientific, technical or specialized knowledge required to provide this information

17   and this testimony from percipient witnesses will undoubtedly be of assistance to this

18   Court in reaching its decision on the ultimate issue.

19           With respect to Mr. Raymond, he also will be testifying based on his day-to-

20   day experiences in working in the Office of Facilities Management, where he has acquired

21   specific knowledge of how the staffing of correctional facilities is handled by the CDCR,

22

23

24   _____

25   [2]   The fact that one of the witnesses, Debbra Rowlett, has medical knowledge by virtue of
     her being a Licensed Vocational Nurse (See Leonard Decl., Exhibit F, pg. 2, lns. 7 - 25)

26   does not as the Defendants suggest, bar Ms. Rowlett from testifying as a lay witness.  She
     is still entitled to present testimony based on her personal knowledge, experience and

27   observations.

28

1   as well as other projects regarding staffing that he handled on behalf of the state.[3]  This

2   testimony is also clearly relevant to the overcrowding issues of this case, and is also

3   admissible under Rule 701.  *Lightning Tube, Inc. v. Witco Corp.*, supra, 4 F.3d at 1175.

4   See also *Tampa Bay Ship Building & Repair Co. v. Cedar Shipping Co., Ltd.*, 325 F.3d

5   1213, 1222 (11th Cir. 2003) (ship repairer's employees allowed to give lay opinion

6   testimony as to whether charges were fair and reasonable).

7          In short, the Defendants have not made any showing that would justify a

8   blanket preclusion of the testimony of the CCPOA witnesses.  As is shown by the

9   witnesses' declarations (See Leonard Decl., Exhibits A, through F) and the applicable

10  case law, their testimony is rationally based on their perceptions and observations.

11       **C.   Testimony Regarding All Effects Of Overcrowding On Medical Care
              And Mental Health Services Issues Is Admissible**

13         As an alternative to the complete exclusion of testimony by the Correctional

14  Officer Witnesses, the Defendants argue that testimony from these witnesses regarding

15  issues of housing, violence, danger and security should be excluded because such

16  evidence is irrelevant to the issues in this case.  Contrary to the Defendant's argument,

17  however, it is clear that testimony regarding each of these issues is directly relevant.  All

18  aspects of overcrowding that contribute to the inadequate delivery of medical and mental

19  health care in the correctional system should be considered by this Court in making its

20  decision.

21         Accordingly, it is not just the sheer numbers of inmates that determines

22  whether overcrowding is the primary cause.  Rather, the other effects overcrowding has in

23  creating demands on the mental health and medical care systems must also be considered.

24  For example, to the extent that overcrowding results in the inability of the CDCR to

25  isolate inmates with contagious diseases due a lack of adequate housing, testimony

26

27  [3]   As Defendants point out, in its list of Non-Expert Witnesses, CCPOA indicated that
       Mr. Raymond might also authenticate certain video footage.  Since CCPOA has decided
28     not to offer any video footage, Mr. Raymond will not be authenticating any video footage.

CBM-SAC\SA067491.1                         -6-

1    regarding that condition is relevant.  To the extent that overcrowding is increasing the

2    tensions and physical altercations involving inmates and thus physical injuries sustained

3    by those inmates, that testimony is relevant.  To the extent that overcrowding causes

4    delays in laundry services, which in turn causes inmates to wash their clothes in toilets

5    with the resulting health risks, such testimony is relevant.  To the extent that

6    overcrowding causes cancellation or delays of canteen privileges to mental health patients

7    and thus creates the potential for a further deterioration of their mental health, that

8    testimony is relevant.  To the extent that overcrowding of inmates is creating health

9    conditions in those inmates that the medical and mental health services components of the

10   CDCR are unable to handle, then such conditions are clearly relevant to the issues to be

11   decided by this Court.  In short, the testimony in this case, both expert and non-expert,

12   will establish that overcrowding has had a myriad of negative effects on the ability of the

13   CDCR to deliver timely and effective medical care and mental health services to the

14   inmate population, and the testimony of the CCPOA witnesses regarding this situation is

15   clearly relevant and admissible.

16          **D.    There Is No Need To Protect The Trier Of Fact From Potentially
               Inadmissible Evidence.**

17

18          One of the primary purposes of motions in limine is to obtain evidentiary

19   rulings in advance of the commencement of a jury trial to avoid the prejudicial impact that

20   a question seeking inadmissible testimony could have on the jury as the trier of fact.  A

21   motion in limine provides the means to avoid those situations where a party will not be

22   able to "unring the bell" once the issue has come up before the jury.

23          That is not the situation in the present case.  This Court will sit as the trier of

24   fact in this matter.  In such situations, it has been recognized that "[a] trial judge sitting

25   without a jury is entitled to greater latitude in the admission or exclusion of evidence."

26   *Southern Pacific Trans. Co. v. Chavert*, 973 F.2d 441, 448 (5th Cir. 1992).  Since the

27   Defendants by filing this Motion have already brought the issue to the Court's attention

28   and there is no trier of fact who needs to be protected (even assuming any protection was

CBM-SAC\SA067491.1                              -7-

1    necessary).  Any issues relating to specific testimony to be presented by the CCPOA

2    witnesses can be resolved during the trial itself.

3        **E.    The Testimony To Be Presented Will Not Unduly Delay Or Prolong
              The Trial Of This Matter.**

4

5              The Defendants obviously would like nothing better than to prevent this Court

6    from hearing any evidence regarding the actual effects of overcrowding from those

7    individuals who witness it on a daily basis.  That certainly would explain why the

8    Defendants are seeking blanket exclusions of the CCPOA percipient witnesses.  The

9    presentation of the testimony of these witnesses is not cumulative nor will it unduly delay

10   or prolong the trial of this action.  CCPOA is unaware of any other party who intends to

11   offer direct observational testimony of overcrowding and its effects based on day-to-day

12   experiences at the institution that is similar to that which will be offered by the CCPOA

13   witnesses.

14             As this Court noted in its Order granting CCPOA's Motion to Intervene,

15         "It is plain that California's prison guards are affected by the
           conditions of the prisons of which they work, and the resolution of
16         the plaintiff's request from prison overcrowding will affect the
           membership of the CCPOA.
17

18                                    . . . . . .

19         It is equally clear that the interests asserted by CCPOA will be
           affected by this proceeding and, depending on the Court's
20         disposition, that CCPOA's ability to protect those interests may be
           impaired or impeded if they are not a party to this proceeding"

21             Order Granting Motions to Intervene Filed on September 14, 2007 (Order filed

22   September 19, 2007), pg. 4, lns. 22-25; pg. 5, lns. 5-7.  If, as this Court has correctly

23   recognized,  the interests and rights of California's correctional officers are affected by

24   this Court's decision in this case, then CCPOA is entitled to present evidence that directly

25   relates to those interests.

26

27

28

1

**III**

2

**CONCLUSION**

3        The Defendants have completely failed in their attempt to seek an order barring

4   the testimony of the six lay witnesses designated by CCPOA.  Within the moving papers

5   alone it is clear that the testimony to be offered is proper testimony permitted by Federal

6   Rules of Evidence Rules 601, 602 and 701.  Specific issues relating to that testimony can

7   certainly be the subject of evidentiary rulings at the time of trial, but there is no basis for a

8   blanket preclusion of the testimony of these witnesses.  Accordingly, Motion in Limine

9   No. 2 should be denied.

10  Dated:  October 30, 2008

11                          CARROLL, BURDICK & McDONOUGH LLP

12

13                          By _____/s/  Natalie Leonard_____
                                    Gregg McLean Adam
14                                  Natalie Leonard
                                    James W. Henderson, Jr.
15                          Attorneys for Intervener California Correctional
                                    Peace Officers' Association
16

17

18

19

20

21

22

23

24

25

26

27

28