IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

            Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

            Defendants.

NO. C01-1351 TEH

ORDER GRANTING IN PART RECEIVER'S MOTION FOR POSTPONEMENT OF AUTOMATIC STAY

On January 28, 2009, Defendants filed a motion (1) to replace the Receiver with a special master and, during the transition, to establish a process to ensure the Receiver's compliance with state and federal law, and (2) to terminate the Receiver's construction plan. It is undisputed that at least part of Defendants' motion constitutes a "motion to modify or terminate prospective relief" under the Prison Litigation Reform Act ("PLRA"), and that the automatic stay provisions of 18 U.S.C. § 3626(e)(2)(A)(i) therefore apply. Thus, absent any action by the Court, an automatic stay will go into effect 30 days after the motion was filed – i.e., on February 27, 2009. However, the PLRA provides that the Court may postpone the effective date of the automatic stay "for not more than 60 days for good cause." 18 U.S.C. § 3626(e)(3).

The Receiver filed a motion for an order postponing the automatic stay for the full 60 days allowable. Plaintiffs support the Receiver's motion, but Defendants oppose the requested 60-day postponement.

Defendants do not dispute that serious harm to Plaintiffs would result if an automatic stay were allowed to put on hold the Receiver's efforts toward improving the health care provided to Plaintiffs. Nor do Defendants dispute that some postponement of the automatic stay is necessary because the parties have agreed to a briefing schedule that will not be

completed until March 9, 2009, and have also agreed to a hearing date of March 16, 2009. Defendants argue, however, that good cause does not exist for a full 60-day postponement and instead propose a 30-day postponement, to March 29, 2009.

Having carefully considered the arguments presented, the Court agrees that good cause for a 60-day postponement of the automatic stay has not yet been demonstrated. Although the Receiver has argued that an evidentiary hearing is necessary to rule on Defendants' motion, Defendants dispute that contention and the Court has not yet determined whether such a hearing will be required. If the Court orders an evidentiary hearing, that would present good cause for a full 60-day postponement; however, until the Court makes that determination, or finds that it cannot otherwise "promptly rule" on Defendants' motion, 18 U.S.C. § 3626(e)(1), the Court agrees that only a shorter postponement of the automatic stay is warranted.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that the Receiver's motion for a postponement of the automatic stay is GRANTED IN PART. No automatic stay shall go into effect until April 1, 2009. The postponement of the automatic stay may be further extended for good cause if, for example, the Court determines that it must hold an evidentiary hearing to resolve Defendants' motion. The parties and the Receiver are advised that if the Court determines such a hearing is necessary, it will expect the parties and the Receiver to be prepared to proceed forthwith.

**IT IS SO ORDERED.**

Dated: 02/26/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2