IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

              Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

              Defendants.

NO. C01-1351 TEH

ORDER DENYING RECEIVER'S MOTION TO SET DATE FOR EVIDENTIARY HEARING AND FOR LEAVE TO TAKE LIMITED DISCOVERY

      This matter comes before the Court on the Receiver's motion to set a date for an evidentiary hearing and for leave to take limited discovery related to Defendants' pending motion to replace the Receiver with a special master and to terminate the Receiver's construction plan ("motion to terminate"). Defendants filed a timely opposition to the Receiver's motion. Plaintiffs filed neither an opposition nor a statement of non-opposition; however, a declaration filed with the Receiver's motion states that Plaintiffs' position, as relayed to counsel for the Receiver, is that neither an evidentiary hearing nor discovery is necessary at this time. For the reasons discussed below, the Court cannot yet determine whether an evidentiary hearing or discovery is necessary to resolve Defendants' motion to terminate and therefore DENIES the Receiver's motion without prejudice.

      The Court has reviewed the Receiver's moving papers and Defendants' opposition thereto, and it has also considered the moving and opposition papers filed concerning Defendants' motion to terminate. Having done so, the Court finds that an evidentiary hearing does not appear to be necessary to resolve the portion of Defendants' motion that seeks to terminate the Receiver's construction plan.

      It also does not appear that an evidentiary hearing will be necessary to resolve the portion of Defendants' motion that seeks to replace the Receiver with a special master.

1  According to a declaration filed by the Receiver's counsel, Defendants' counsel "confirmed
2  that the only ground on which Defendants seek termination of the Receivership is the
3  argument that the Prison Litigation Reform Act ('PLRA') does not permit appointment of
4  receivers." Feb. 23, 2009 Plunkett Decl. ¶ 2. Defendants' counsel further "confirmed that, if
5  the Court finds that the PLRA permits appointment of Receivers, Defendants do not seek
6  termination of the Receivership." *Id.* Although Defendants' counsel refused to sign a
7  stipulation to that effect or withdraw and re-file their motion to terminate, they indicated that
8  the Receiver's counsel "could confirm [their] conversations in writing." *Id.* Assuming this
9  declaration accurately reflects Defendants' position, then the only asserted basis for
10 terminating the Receivership and replacing the Receiver with a special master is a purely
11 legal one that is suitable for resolution without an evidentiary hearing.
12     If, however, Defendants intend to argue that Mr. Plunkett's declaration is inaccurate
13 and that their motion seeks to replace the Receiver with a special master on factual grounds,
14 then an evidentiary hearing may well be necessary to resolve Defendants' motion. In their
15 reply papers to the motion to terminate, Defendants shall make clear whether they dispute the
16 portions of Mr. Plunkett's declaration cited above. The Court will be unable to determine
17 whether an evidentiary hearing is necessary until it reviews Defendants' reply or any earlier-
18 filed statement by Defendants indicating that Mr. Plunkett's declaration accurately reflects
19 Defendants' position.
20     The parties and the Receiver shall be prepared to address the need for an evidentiary
21 hearing, as well as the schedule for any such hearing, at the March 16, 2009 hearing on
22 Defendants' motion to terminate. The Court advises the parties and the Receiver that any
23 evidentiary hearing necessary to resolve Defendants' motion to terminate must be completed
24 on or before April 3, 2009, and that post-hearing briefs must be submitted on or before
25 April 10, 2009. The Court is cognizant that Defendants have stated that they are "unable to
26 participate in an evidentiary hearing until April 20, 2009 because of the unavailability of trial
27 counsel." Mar. 3, 2009 Kwong Decl. ¶ 3; *see also* Mar. 3, 2009 Mello Decl. ¶ 4. While the
28 Court understands that the time pressures of completing a hearing by April 3 may require

2

counsel to adjust their schedules, or the parties or the Receiver to elect to have substitute counsel represent them at the hearing, the Court does not find it possible to postpone any necessary evidentiary hearing until April 20.[1]  The PLRA provides that this Court may only postpone the effective date of the automatic stay "for not more than 60 days," 18 U.S.C. § 3626(e)(3); thus, the latest date on which the automatic stay would go into effect would be April 28, 2009.  Any evidentiary hearing must conclude sufficiently in advance of that date to allow time for the parties and the Receiver to file post-hearing briefs and for the Court to issue its ruling.  The Court reiterates that it is not now ordering an evidentiary hearing in this case; rather, it wishes to provide counsel with as much notice as possible in case the Court determines that an evidentiary hearing is necessary.

In light of the uncertainty concerning whether an evidentiary hearing will be ordered, the Court concludes that it would be premature to consider whether discovery should be allowed to proceed at this time.  The parties shall be prepared to discuss any issues related to discovery at the March 16, 2009 motion hearing and must be prepared to proceed forthwith with any necessary discovery so that an evidentiary hearing, if ordered, can be completed by April 3, 2009.

**IT IS SO ORDERED.**

Dated:   03/04/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court does not lightly decline to accommodate counsel's schedules.  However, given the pressures of the automatic stay, and the extreme prejudice to Plaintiffs that would result if such a stay went into effect, it finds it must do so in this case.  The Court has also considered that Defendants are represented by both a large Attorney General's office and a reasonably sized law firm, including several other attorneys who have made appearances in this case, and so finding substitute counsel should not pose an undue hardship.

3