IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER RULING ON EVIDENTIARY MATTERS RELATED TO OPINION AND ORDER |

   Several evidentiary matters are before the court and resolved by this order.

   The parties to these proceedings, including intervenors, filed exhibits in support of their respective positions and tendered objections to exhibits offered by other parties. In addition, the parties, including intervenors, tendered objections to expert witness declarations proferred by other parties and to deposition excerpts designated by other parties. All objections to exhibits, portions of expert witness declarations, and deposition excerpts cited in the opinion and order filed concurrently with this order are overruled. We find no need to reach objections to exhibits, portions of expert witness declarations, and deposition excerpts not cited in the order as we have not relied on such evidentiary material in making our ruling.

On January 23, 2009, plaintiffs filed a request, pursuant to Federal Rule of Evidence 201, that the court take judicial notice of the following eleven documents:

1. Assembly Bill 8, commonly known as ABX1_8, passed by the California Legislature on December 18, 2008.

2. Governor Schwarzenegger's veto message for ABX1_8, dated January 6, 2009.

3. Assembly Bill 10, commonly known as ABX1_10, passed by the California Legislature on December 18, 2008.

4. Governor Schwarzenegger's veto message for ABX1_10, dated January 6, 2009.

5. 2009-2010 Governor's Budget General Fund Proposals.

6. The U.S. Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, National Prisoner Statistics Program report entitled Census of State and Federal Correctional Facilities, 2005, October 2008, NCJ 222182, by James J. Stephan, BJS Statistician (referred to herein as National Prisoner Statistics Program report).

7. The *Plata* Receiver's October 27, 2006 Newsletter, vol. 1, No. 4.

8. The Tenth Tri-Annual Report of the *Plata* Receiver's Turnaround Plan of Action, dated January 15, 2009 and filed in *Plata* and *Coleman* on January 20, 2009.

9. The November 7, 2008 order of the United States Court of Appeals for the Ninth Circuit in *Plata v. Schwarzenegger*, No. 08-17412, staying the district court's October 27, 2008 order.

10. The homepage of the website of the University of California at Irvine Center for Evidence-Based Corrections, setting forth the mission of the Center and its relationship with the California Department of Corrections.

11. The "About the Commission" page of the website of the Little Hoover Commission, setting forth the mission and make-up of the Little Hoover Commission.

*See* Jan. 23, 2009 Req. for Judicial Notice at 2-4.  On February 2, 2009, defendants filed objections to the request for judicial notice, contending that (1) admission of the eleven documents after the close of evidence in these proceedings "is manifestly unfair" and would

be prejudicial to defendants[1]; (2) some of the proposed evidence is barred by a provision of this court's July 2, 2008 order preventing admission at trial of evidence of "changed prison conditions after August 30, 2008"; and (3) the documents are not properly subject to judicial notice. Defendants contend that plaintiffs have not satisfied their burden of identifying which facts within the eleven documents can be judicially noticed. Defendants also contend that it is improper to take judicial notice of the entire contents of the documents and that judicial notice, if any, should be limited to the fact that the documents exist.

Rule 201 of the Federal Rules of Evidence provides in relevant part:

> (a) Scope of rule.
>
> This rule governs only judicial notice of adjudicative facts.
>
> (b) Kinds of facts.
>
> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> (c) When discretionary.
>
> A court may take judicial notice, whether requested or not.
>
> (d) When mandatory.
>
> A court shall take judicial notice if requested by a party and supplied with the necessary information.
>
> (e) Opportunity to be heard.
>
> A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
>
> (f) Time of taking notice.
>
> Judicial notice may be taken at any stage of the proceeding.

---

[1] Defendants also assert that admission of the evidence would be prejudicial to the defendant-intervenors, but none of the defendant-intervenors have filed objections to plaintiffs' request, nor have any of them joined in defendants' objections.

3

Fed. R. Evid. 201(a)-(f). Rule 201 "permits a court to take judicial notice of adjudicative facts 'not subject to reasonable dispute.'" *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994). "Adjudicative facts are simply the facts of the particular case." Advisory Notes to Fed. R. Evid. 201.

The two assembly bills and the Governor's vetoes thereof are relevant to the matters at bar and properly subject to judicial notice. Plaintiffs' request for judicial notice is granted as to these four documents.[2]

On January 7, 2009, the court ordered the state to, "advise the Court and the parties whether the Governor has submitted a budget proposal to the legislature containing any provisions relating to the release of prisoners" and, if so, to "further advise the Court and the parties whether such provisions include any statements regarding public safety as well as the method by which any reductions in the prison system should be accomplished" and "what effect, if any, the provisions in the Governor's proposed budget have on the State's position in this lawsuit." Jan. 7, 2009 Order at 1. The state was directed to "attach to its response . . . a copy of all relevant portions of the Governor's proposed budget." *Id.* The state filed its response on January 16, 2009, accompanied by a declaration to which is appended several pages of the Governor's 2009-10 Budget Proposal that is the subject of plaintiffs' request for judicial notice. Plaintiffs' request for judicial notice is granted as to the budget proposal.

The Receiver's Tenth Tri-Annual Report is dated January 15, 2009, and it was filed in both of the underlying actions on January 20, 2009. On September 5, 2008, the court ordered that the Receiver's Ninth Tri-Annual Report would be admissible at trial as to fifteen items contained therein and identified in a request filed by defendants on August 29, 2008. The September 5, 2008 order specifically provided that, in making the order, the court was permitting "a limited exception" to the August 30, 2008 cut-off for evidence of changed

---

[2]On July 2, 2008, the court issued an order for pretrial preparation following a June 27, 2008 status conference. In that order, the court held that "[a]dditional site inspections of prison facilities may be conducted through and including August 30, 2008. No evidence of changed prison conditions after August 30, 2008 shall be admitted at trial. This prohibition does not include evidence of legislative changes that may occur after August 30, 2008." July 2, 2008 Order, at 3.

4

prison conditions. It appears that plaintiffs' request for judicial notice of the Receiver's Tenth Tri-Annual Report seeks admission of the Report in part as evidence of the impact of crowding on the delivery of medical care, in part as evidence to impeach defendants' reliance on the Receivership and the work of the Receiver and his staff as a defense in these proceedings, and in part as evidence of delays that have attended plans to construct new facilities and the length of time that would be required to do so.[3]

The court has not considered as evidence in these proceedings any part of the Receiver's Tenth Tri-Annual Report that addresses the impact of crowding on the delivery of medical care or the impact of an alleged lack of state funding on the Receiver's schedule for construction of new healthcare facilities. The court does take judicial notice of the ongoing litigation in *Plata* concerning the state's refusal to comply with court orders in that case to provide funds to the Receiver and the state's motion to terminate the Receivership, but it does so with reference to documents filed by the state in *Plata* and relevant court orders rather than through the Receiver's Tenth Tri-Annual Report. *See Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) (it is "established rule" that "federal district court can take judicial notice of its own records"). Plaintiffs' request for judicial notice of the Receiver's Tenth Tri-Annual Report is denied.

The November 7, 2008 order of the United States Court of Appeals for the Ninth Circuit in *Plata v. Schwarzenegger*, No. 08-17412, staying the district court's October 27, 2008 order is properly subject to judicial notice and relevant to issues at bar, specifically the state's refusal to provide court-ordered funding to the Receiver. Plaintiffs' request for judicial notice is granted as to this document.

---

[3] Plaintiffs' request for judicial notice was filed on the same day that plaintiffs and the other parties in this action filed, pursuant to court order, proposed findings of fact and conclusions of law. Plaintiffs filed a corrected version of their proposed findings of fact and conclusions of law on January 28, 2009. Plaintiffs' corrected proposed findings of fact and conclusions of law contain citations to nine of the eleven documents for which judicial notice is sought, including the Receiver's Tenth Tri-Annual Report. The court construes plaintiffs' request for judicial notice as a request for judicial notice of the specific facts for which the Receiver's Tenth Tri-Annual Report is cited in the corrected proposed findings of fact and conclusions of law.

5

The court has already taken judicial notice of the *Plata* Receiver's October 27, 2006 Newsletter, vol.1, No. 4, in connection with its consideration of defendants' motion for summary judgment and, as a consequence, the document is part of the record in these proceedings.  *See* Nov. 3, 2008 Order; Ex. B to Req. for Judicial Notice in Supp. of Pls.' Opp'n to Defs.' Mot. to Dismiss and/or Mot. for Summ. Judgment/Adjudication.

The court has not considered as evidence in these proceedings the Bureau of Justice Statistics report.  Plaintiffs' request for judicial notice of this document is denied.

Plaintiffs' request for judicial notice of the two web pages is granted.

On February 25, 2009, defendants filed a request for judicial notice of Senate Bill 14, signed into law by Governor Schwarzenegger on February 20, 2009.  There are no objections to this request.  The request is granted.

On June 8, 2009, and July 29, 2009, plaintiffs filed two additional requests for judicial notice, seeking judicial notice of various documents related to proposals by Governor Schwarzenegger to reduce the prison population.  Defendants have filed objections to both requests.  These requests were filed well after final argument in these proceedings and this court's Feb. 9, 2009 tentative ruling, but the documents may be relevant in connection with the court's consideration of any plan produced by defendants in response to the court's order. Plaintiffs' request for judicial notice of these documents is denied without prejudice.

On December 1, 2008, defendants filed a motion to strike paragraphs 15 and 53 of the expert report of Dr. James Austin, wherein Dr. Austin reports that he was asked to give an opinion on whether overcrowding is the primary cause of the constitutional violations and then gives that opinion.  On December 4, 2008, plaintiffs filed a motion to strike similar portions of the expert report of Dr. James Marquart.  Both parties contend that these witnesses were not proffered as witnesses during Phase I of the trial, which focused on the causation question.  Plaintiffs do not oppose defendants' motion.  Defendants oppose plaintiffs' motion to the extent that it might cover matters related to Phase II issues.  The court has not considered the opinions of either Dr. Austin or Dr. Marquart concerning

whether overcrowding is the primary cause of the constitutional violations in the underlying cases. Accordingly, both motions to strike are denied as moot.

**IT IS SO ORDERED.**

Dated: 08/04/09                    /s/
                                   STEPHEN REINHARDT
                                   UNITED STATES CIRCUIT JUDGE
                                   NINTH CIRCUIT COURT OF APPEALS


Dated: 08/04/09                    LAWRENCE K. KARLTON
                                   SENIOR UNITED STATES DISTRICT JUDGE
                                   EASTERN DISTRICT OF CALIFORNIA


Dated: 08/04/09                    THELTON E. HENDERSON
                                   SENIOR UNITED STATES DISTRICT JUDGE
                                   NORTHERN DISTRICT OF CALIFORNIA