IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

          Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

          Defendants.

NO. C01-1351 TEH

ORDER STAYING MOTION BY DONDI VAN HORN FOR LEAVE TO FILE COMPLAINT AGAINST RECEIVERS

On July 2, 2009, Dondi Van Horn, a former prisoner, filed a motion for leave to file a complaint against Receiver J. Clark Kelso and his predecessor, Robert Sillen, based on a claim for deliberate indifference pursuant to 42 U.S.C. § 1983. Van Horn and the Receiver subsequently stipulated to have the motion heard on August 31, 2009. With good cause appearing for the reasons discussed below, this Court now VACATES the motion hearing and STAYS consideration of Van Horn's motion pending resolution of two cases currently before the United States Court of Appeals for the Ninth Circuit.

Van Horn initially filed suit against the Receivers and various other defendants in the United States District Court for the Eastern District of California. On January 28, 2009, Judge Lawrence J. O'Neill granted the Receivers' motion to dismiss because Van Horn failed to obtain leave of this Court to sue the Receivers.[1] *Van Horn v. Hornbeak* Order on Receiver Defs.' Mot. to Dismiss (Ex. B to Ernst Decl.). The court based its ruling in part on the conclusion that the lawsuit "challenges the Receivers' conduct in performing the very duties Judge Henderson created the receivership to accomplish" and not "tortious conduct or negligent acts pursuant to ordinary business operations unrelated to the Receivers' official

---

[1] The case remains pending against other defendants.

1 responsibilities." *Id.* at 6-7.  Van Horn's appeal of the order dismissing the Receivers is
2 currently pending before the Ninth Circuit.

3        The Ninth Circuit's decision on Van Horn's appeal may be dispositive of the instant
4 motion.  In her moving papers, Van Horn agrees that the Receiver is entitled to immunity
5 when he "performs actions within the ambit of his judicial-prescribed duties," including
6 "high-level operational" or "managerial functions," as opposed to "oversight of the day-to-
7 day delivery of medical services within the prison system."  Mot. at 12-14.[2]  If the Ninth
8 Circuit affirms the order dismissing the Receivers and agrees that Van Horn's allegations are
9 based on the Receivers' conduct "within the ambit of [their] judicial-prescribed duties," then
10 the Receivers would be immune from Van Horn's proposed suit based on Van Horn's own
11 interpretation of the law.  Alternatively, if the Ninth Circuit reverses the order dismissing the
12 Receivers, then Van Horn could proceed against the Receivers in the Eastern District of
13 California and her motion for leave to sue the Receivers in this Court would become moot.

14        Another case involving a request for leave to sue the Receiver is also currently
15 pending before the Ninth Circuit.  In that case, *Medical Development International ("MDI")*
16 *v. CDCR*, MDI sought leave to sue the Receiver on a breach-of-contract theory.  Although
17 Van Horn's claims based on allegations of deliberate indifference are distinguishable from
18 MDI's contract claims, the Ninth Circuit's decision may nevertheless help define the scope
19 of the Receivers' immunity.

20        In light of both of the above pending appeals, this Court finds it prudent and efficient
21 to stay resolution of Van Horn's motion until after both appeals have been decided.  Once
22 those decisions have become final, Van Horn and the Receiver shall meet and confer and file
23 a joint statement with the Court proposing a supplemental briefing schedule in light of the
24 appellate decisions.  In the meantime, the Court encourages Van Horn and the Receiver to
25 discuss whether, as the Receiver's counsel has declared under penalty of perjury, the

---

[2] The Court does not decide at this time whether, assuming Van Horn's dichotomy is correct, the allegations at issue in the proposed complaint would fall on the side of "day-to-day operations" or "high-level operational functions."

2

Receivers actually adopted the policy Van Horn alleges they failed to adopt, *see* Exs. 2a & 2b to Dodd Decl., and, if so, whether Van Horn's proposed complaint against the Receivers remains viable.

**IT IS SO ORDERED.**

Dated:   08/12/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT