IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

        Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.

NO. C01-1351 TEH

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS FOR THIRD AND FOURTH QUARTERS OF 2007 AND FIRST QUARTER OF 2008

This matter comes before the Court on Plaintiffs' motion for disputed attorneys' fees and costs for the third and fourth quarters of 2007 and the first quarter of 2008.[1] Defendants dispute Plaintiffs' entitlement to fees and costs incurred for two categories of tasks: (1) work before the three-judge court considering whether to issue a prisoner release order and (2) work opposing the Receiver's May 10, 2007 motion to modify the injunctive relief in this case. For the reasons discussed below, the Court GRANTS IN PART Plaintiffs' motion. The Court concludes that Plaintiffs are entitled to fees and costs incurred on the two disputed categories of work and orders the parties to meet and confer as to the reasonableness of the amounts claimed.

**DISCUSSION**

Plaintiffs' entitlement to fees and costs in this matter stems from the stipulation and order entered by the Court on June 13, 2002, which provides that:

---

[1] Defendants agreed to pay Plaintiffs certain attorneys' fees and costs for work during these periods, and the Court signed stipulations and proposed orders regarding these undisputed fees and costs on April 30, July 24, August 29, and November 3, 2008.

> Plaintiffs may apply for reasonable attorney's fees to which they are entitled. Defendants shall pay plaintiffs for 90% of the work performed in connection with this Stipulation at hourly rates set forth under the PLRA [Prison Litigation Reform Act], 42 USC § 1997e(d). Defendants shall pay plaintiffs for 10% of the work performed in connection with this Stipulation at hourly rates set forth under the ADA [Americans with Disabilities Act] and § 504 of the Rehabilitation Act.

June 13, 2002 Stip. & Order ¶ 32. Notably, the parties' stipulation does not require Plaintiffs to re-establish prevailing party status at each stage of litigation or to obtain a separate cognizable and successful result prior to being awarded fees. Instead, the agreement requires only that Plaintiffs' work be "in connection with" the stipulation and that the claimed attorneys' fees be reasonable.[2]

### **Plaintiffs' Work Before the Three-Judge Court**

Defendants first argue that the three-judge court, and not this Court, must decide Plaintiffs' request for fees and costs for work before the three-judge court. However, the single case cited by Defendants in support of their argument stands only for the unremarkable proposition that a court must have subject matter jurisdiction before it can award fees. *See Zambrano v. I.N.S.*, 282 F.3d 1145, 1149-50 (9th Cir. 2002). There is no dispute that this Court has retained jurisdiction even after the three-judge court was convened. Defendants have also failed to cite any authority for the proposition that the three-judge court is a separate tribunal from this Court. *See Jacobs v. Tawes*, 250 F.2d 611, 614 (4th Cir. 1957) ("The court of three judges is not a different court from the District Court, but is the District Court composed of two additional judges sitting with the single District Judge . . . ."). Moreover, even if Defendants were correct that the three-judge court must decide Plaintiffs' request for fees, this Court, as a single judge sitting on the three-judge court, could nonetheless resolve Plaintiffs' request pursuant to 28 U.S.C. § 2284(b)(3).

---

[2] Defendants assert that "Plaintiffs' success at the Stipulated Injunction [seven] years ago does not equate to a circumstance, where, no matter how much time and money is expended, and regardless of whether the effort benefits the *Plata* class, any post-judgment fees and costs claimed in this action should be paid by the government." Opp'n at 13. This is, of course, correct, as Plaintiffs may request only "*reasonable* attorneys' fees" for work performed "in connection with" the stipulation and order. June 13, 2002 Stip. & Order ¶ 32 (emphasis added).

United States District Court
For the Northern District of California

1 In addition, as the three-judge court explained when rejecting Defendants' exhaustion
2 arguments, "[t]he PLRA provisions governing three-judge court proceedings clearly
3 demonstrate that these [three-judge court] proceedings are part of preexisting civil actions,
4 not a new action." Nov. 3, 2008 Order Denying Defs.' Mot. for Dismissal or, Alternatively,
5 Summ. J. at 3. Plaintiffs' work before the three-judge court is simply a continuation of their
6 work before this Court. Indeed, the PLRA precludes a single district judge from entering a
7 prisoner release order, 18 U.S.C. § 3626(a)(3)(B); thus, given Plaintiffs' contention that
8 crowded prison conditions prevent the development of a constitutionally adequate system of
9 delivering medical care, Plaintiffs had no option but to proceed before a three-judge court.

10 The parties' stipulation and order provided that "[t]he Court shall have the power to
11 enforce the Stipulation through specific performance *and all other remedies permitted by*
12 *law*." June 13, 2002 Stip. & Order ¶ 29 (emphasis added). Plaintiffs' work before the three-
13 judge court was both permitted by law – specifically, by the PLRA, 18 U.S.C. § 3626(a)(3) –
14 and in furtherance of enforcing the stipulation for injunctive relief, which was intended "to
15 require defendants to provide . . . the minimum level of medical care required under the
16 Eighth Amendment," June 13, 2002 Stip. & Order ¶ 4; *see, e.g.,* July 23, 2007 Order
17 Granting Pls.' Mot. to Convene Three-Judge Court at 5-10 (discussing propriety of the
18 consideration of a prisoner release order by a three-judge court to ensure constitutionally
19 adequate delivery of medical care to inmates). Consequently, Plaintiffs' work before the
20 three-judge court was squarely "in connection with" the June 13, 2002 stipulation and order,
21 June 13, 2002 Stip & Order ¶ 32, and is therefore compensable.[3]

---

[3]The Court understands that similar motions for attorneys' fees and costs are pending before the district court in *Coleman v. Schwarzenegger*, Case No. Civ. S-90-0520 LKK JFM (E.D. Cal.). Defendants in both cases raise the possibility of inconsistent rulings by the *Coleman* court and this Court, and they also suggest that separate rulings on requests for attorneys' fees for work before the three-judge court may result in a windfall for Plaintiffs' counsel. If the *Coleman* court subsequently issues a ruling inconsistent with this order, or if Defendants can demonstrate that Plaintiffs' counsel inappropriately claimed duplicative fees from both courts, then this Court will entertain a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9 and may reconsider its ruling.

3

**Plaintiffs' Opposition to the Receiver's May 10, 2007 Motion**

Plaintiffs' work opposing the Receiver's May 10, 2007 motion to modify the June 13, 2002 and September 17, 2004 stipulated orders for injunctive relief and the December 1, 2005 order regarding clinical staffing was also firmly "in connection with" the June 13, 2002 stipulation and order. *Id.* In opposing the Receiver's motion, Plaintiffs' counsel reasonably represented the interests of the class, and it is difficult to imagine how opposing a motion to modify a stipulation and order would not be considered work "in connection with" that same stipulation and order. Defendants argue that fees should not be awarded for this work because Plaintiffs' opposition failed to prove any constitutional violation. However, the Ninth Circuit has already rejected that argument. *Webb v. Ada County*, 285 F.3d 829, 834-35 (9th Cir. 2002) (holding that the PLRA allows an award of fees "incurred in enforcing and monitoring the court's judgment and the consent decree," and that an attorney seeking such an award need not "demonstrate that the postjudgment fees were incurred in proving an actual violation of the Constitution"). Defendants are similarly mistaken when they argue that Plaintiffs' opposition conferred no benefit on the class. Not only does the parties' stipulation not require Plaintiffs to be successful before fees are awarded, but, even if such a requirement were imposed, Plaintiffs' opposition helped to ensure Plaintiffs' counsel's "important role in monitoring progress toward achieving minimum constitutional standards," Sept. 6, 2007 Order at 9, as well as persuading the Court to reject several of the Receiver's requests for modification, *id.* at 7-14 – results that benefit the class.

**Adequacy of Plaintiffs' Billing Statements**

Finally, Defendants raise a conclusory objection that Plaintiffs' billing statements are inadequate to allow Defendants to evaluate the reasonableness of Plaintiffs' request. However, a review of the correspondence submitted by Defendants indicates only that Defendants complained of being unable to determine whether certain entries were associated with the three-judge court proceedings. *See* Mar. 26, 2008 Letter from Thomas Gilevich to Alison Hardy (Ex. A to Nov. 21, 2008 Gilevich Decl.). Now that the Court has ruled that Plaintiffs are entitled to fees for work on those proceedings, it is unnecessary to distinguish

4

whether any of the work claimed by Plaintiffs related to the three-judge court proceedings or proceedings before the individual *Plata* court. While the Court might, in the absence of objections to specific billing entries, grant Plaintiffs' request for fees and costs in its entirety, it will instead order the parties to meet and confer in light of the Court's rulings in this order.

**CONCLUSION**

With good cause appearing for the above reasons, the Court now GRANTS IN PART Plaintiffs' request for disputed attorneys' fees and costs incurred during the third and fourth quarters of 2007 and the first quarter of 2008. The Court finds, as a general matter and in the absence of objections by Defendants to any specific billing entries, that Plaintiffs' efforts in opposition to the Receiver's May 10, 2007 motion and before the three-judge court were reasonable and "in connection with" the June 13, 2002 stipulated order for injunctive relief. Plaintiffs' are therefore entitled to compensation for such work under the parties' agreement. June 13, 2002 Stip. & Order ¶ 32. The parties shall meet and confer regarding the specific amounts due to Plaintiffs pursuant to that agreement and this order establishing Plaintiffs' entitlement to fees and costs for the disputed categories of work.

The Court will not re-visit Plaintiffs' entitlement to fees for work before the three-judge court – an issue that the parties have already fully briefed in the context of the motion decided today – and the parties shall therefore also meet and confer to discuss the impact of this order on the motions filed by Plaintiffs on July 31 and August 18, 2009. It appears to the Court that the issues remaining to be decided on those motions can be significantly narrowed following this order.

**IT IS SO ORDERED.**

Dated: 08/26/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5