IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

　　　　　　　　Plaintiffs,

　　v.

ARNOLD SCHWARZENEGGER, et al.,

　　　　　　　　Defendants.

NO. C01-1351 TEH

<u>ORDER GRANTING
PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND
COSTS FOR CALENDAR
YEAR 2008</u>

This matter comes before the Court on Plaintiffs' motion for disputed attorneys' fees and costs for calendar year 2008.[1]  The motion raises two issues: (1) whether Plaintiffs are entitled to fees and costs for work performed during the second through fourth quarters of 2008 before the three-judge court considering whether to issue a prisoner release order[2] and (2) the rate at which Plaintiffs should be compensated for paralegal work throughout the entire 2008 calendar year.  Upon review of the parties' written arguments, the Court finds oral argument to be unnecessary and hereby VACATES the motion hearing scheduled for September 21, 2009.  For the reasons discussed below, the Court GRANTS Plaintiffs' motion but DENIES Plaintiffs' request, raised in their reply brief, that Defendants be ordered to pay all claimed fees within thirty days.

---

[1]The Court signed stipulations and proposed orders regarding undisputed fees and costs for work incurred during this period on November 3 and November 6, 2008, and February 12 and May 7, 2009.

[2]Plaintiffs previously filed a motion, which the Court granted, seeking entitlement to fees and costs for work before the three-judge court for the third quarter of 2007 through the first quarter of 2008.

1    **DISCUSSION**

2        After Plaintiffs filed the instant motion, the Court granted in part Plaintiffs' motion for

3    attorneys' fees and costs for the third quarter of 2007 through the first quarter of 2008.  In

4    that ruling, the Court determined that Plaintiffs were entitled to fees and costs for work

5    before the three-judge court and explained that it would "not re-visit" that issue, which "the

6    parties have already fully briefed in the context of the motion decided today."  Aug. 26, 2009

7    Order at 5.

8        Thus, the only remaining issue on this motion is the rate at which Plaintiffs should be

9    compensated for paralegal work.  The parties agree that paralegal fees in this action are

10   governed by the Prisoner Litigation Reform Act ("PLRA"), which provides that:

> 11   In any action brought by a prisoner who is confined to any jail,
> 12   prison, or other correctional facility, in which attorney's fees are
>      authorized under section 1988 of this title, . . . [n]o award of
> 13   attorney's fees . . . shall be based on an hourly rate greater than
>      150 percent of the hourly rate established under section 3006A of
> 14   Title 18 for payment of court-appointed counsel.

15   42 U.S.C. §§ 1997e(d)(1), (3); *see also Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)

16   (holding that an award of reasonable attorneys' fees under 42 U.S.C. § 1988 may include

17   paralegal fees).  Defendants raise no objections to the reasonableness of the time claimed by

18   Plaintiffs' paralegals; they contest only the claimed hourly rates.

19       For work performed in 2006 and 2007, Defendants paid paralegal fees at Plaintiffs'

20   claimed $160 hourly rate.  For work performed in 2008, Defendants were willing to pay only

21   $135 per hour for paralegal work and now, for the first time, contend that § 1997e(d)(3)'s

22   reference to "the hourly rate established under section 3006A of Title 18 for payment of

23   court-appointed counsel" requires the Court to look to the rates set for paralegal services

24   under this district's Criminal Justice Act Panel Attorney Manual.  That manual provides in

25   relevant part that, "[f]or paralegals who are employees, the appropriate hourly rate is the

26   salaried hourly rate, plus costs of employer-paid basic benefits."  Ex. 2 to Opp'n at AGO 2-3.

27       Defendants have cited no precedent, and it appears that no court has ever decided, that

28   § 1997e(d)(3)'s reference to § 3006A incorporates the latter section in its entirety.  The Court

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

agrees with Plaintiffs that the plain language of § 1997e(d)(3) incorporates only the hourly rate for payment of counsel – i.e., attorneys – and not the entire payment scheme for court-appointed representation under 18 U.S.C. § 3006A.  *See McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008) ("The first step in construing the meaning of a statute is to determine whether the language at issue has a plain meaning.").  Indeed, in an order that both parties inexplicably failed to reference in their briefs, this Court already ruled that the PLRA neither imposes a cap on nor requires a reduction of paralegal rates.  Mar. 10, 2003 Order re: Attorneys' Fees & Costs at 6-8.  The Court now modifies its earlier ruling to make clear that, while the PLRA does not require any reduction in paralegal rates, the statute's cap on attorneys' fees applies equally to paralegal rates, as Plaintiffs now acknowledge.  Based on the undisputed hourly rate established under 18 U.S.C. § 3006A for court-appointed counsel, the hourly fee cap for both attorneys and paralegals under the PLRA was $169.50 throughout 2008.

In their moving papers, Plaintiffs requested that paralegals be compensated at this maximum hourly rate.  However, in their reply papers, Plaintiffs requested that paralegals be reimbursed at an hourly rate of $170, arguing that the statutory cap was raised to $177, effective January 1, 2009.  While it appears that the cap has, in fact, been raised, Exs. B & C to Hardy Reply Decl. (Congressional Budget Summary for Fiscal Year 2009 and July 2, 2009 order in *Graves v. Arpaio*, Case No. CV-77-0479-PHX-NVW (D. Ariz.)), Plaintiffs seek reimbursement for work performed prior to the effective date of the new cap.  This Court previously ruled that fees may not be recovered "at the current PLRA rate for time incurred before the effective date of that rate," Mar. 10, 2003 Order at 6, and Plaintiffs have presented no authority to persuade the Court to reverse that ruling.[3]  Accordingly, the maximum rate that Plaintiffs may recover for paralegal work performed in 2008 is $169.50 per hour.

---

[3]Additionally, Plaintiffs failed to request the higher rate in their moving papers, which were filed after the date of the statutory increase.

3

**United States District Court**
For the Northern District of California

1    Of course, simply because the PLRA sets a maximum rate does not mean that

2    Plaintiffs are entitled to recover attorneys' fees at that rate, and Plaintiffs do not dispute that

3    they bear the burden of demonstrating that their requested fee award, including the claimed

4    hourly rates, is reasonable.  In this case, the Court finds Plaintiffs' requested hourly rate of

5    $169.50 to be reasonable based on the nature of the work performed by the paralegals and

6    their experience, *see* Hardy Decl. ¶ 17; Ex. B to Hardy Reply Decl. (Plaintiffs' billing

7    records), as well as the uncontested evidence that $169.50 falls below the prevailing market

8    hourly rate for paralegals in the San Francisco Bay area, *e.g.*, Ex. C to Hardy Decl. at 783

9    (International Paralegal Management Association's 2008 compensation survey); Ex. H to

10   Hardy Decl. ¶ 8 (Decl. of Richard M. Pearl).[4]

11   Although Plaintiffs' moving papers appear to ask that all paralegal time be

12   compensated at $169.50 per hour, their billing records make clear that the requested market

13   rate for some paralegals is below $169.50.  Those paralegals shall be reimbursed at the

14   market rates reflected in Exhibit A to the Hardy Reply Declaration, rather than the statutory

15   maximum of $169.50 per hour.

16   Finally, in their reply papers, Plaintiffs requested that the Court order Defendants to

17   pay the total requested attorneys' fees and costs within thirty days based on Defendants'

18   failure to meet and confer following the Court's August 26, 2009 order to do so.  However,

19   Defendants have filed a motion to stay attorneys' fees and costs pending appeal of the three-

20   judge court's August 4, 2009 Opinion and Order to the Supreme Court, and argument on that

21   motion is scheduled to be heard on October 19, 2009.  The Court finds no undue prejudice to

22   entering a temporary stay on its attorneys' fees orders for work performed before the three-

23   judge court and therefore denies Plaintiffs' request for immediate payment of disputed fees

24   and costs for such work.  As an exception to this temporary stay, to the extent that Plaintiffs

25   seek paralegal fees for 2008 work on the individual *Plata* case, as opposed to work before the

26

27   _____

28   [4]Another judge in this district, Judge Jeffrey White, recently reached the same
     conclusion in a related case, *Perez v. Cate*, Case No. 05-5241 JSW.

three-judge court, Plaintiffs may initiate a meet and confer with Defendants to request full payment of such fees within thirty calendar days of the date of this order.

**CONCLUSION**

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for attorneys' fees and costs incurred during calendar year 2008. The Court already determined on August 26, 2009, that Plaintiffs are entitled to fees and costs for work performed before the three-judge court, and it now holds that the PLRA's statutory cap applies equally to work by attorneys and work by paralegals. For calendar year 2008, the Court concludes that Plaintiffs' requested billing rates are reasonable, and Plaintiffs may therefore recover for paralegal work at those rates, up to the statutory maximum hourly rate of $169.50.

The Court temporarily stays enforcement of all orders to pay attorneys' fees related to proceedings before the three-judge court pending resolution of Defendants' motion to stay, noticed for hearing on October 19, 2009. If the Court denies Defendants' motion, it will order the parties to meet and confer regarding the specific amount due to Plaintiffs. The Court chastises Defendants for failing to respond to Plaintiffs' efforts to meet and confer following the Court's August 26, 2009 order to do so, but it opts not to impose any sanctions at this time.

**IT IS SO ORDERED.**

Dated:   09/16/09

_____

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT