STEVEN S. KAUFHOLD (SBN 157195)
skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:     415-765-9500
Facsimile:     415-765-9501

Attorneys for Assembly Republican Intervenors:
California State Assemblymembers Bill Berryhill, Connie Conway, Nathan Fletcher, Danny Gilmore, Curt Hagman, Diane Harkey, Steven Knight, Dan Logue, Jeff Miller, Brian Nestande, and Jim Nielsen

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE-JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No. CIV S-90-0520 LKK JFM P <br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No. C 01-cv-1351 TEH <br> **THREE-JUDGE COURT** |
| CALIFORNIA ASSEMBLYMEMBERS BILL BERRYHILL, CONNIE CONWAY, NATHAN FLETCHER, DANNY GILMORE, CURT HAGMAN, DIANE HARKEY, STEVEN KNIGHT, DAN LOGUE, JEFF MILLER, BRIAN NESTANDE, AND JIM NIELSEN, <br><br> Assembly Republican Intervenors. | **NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHAD A. STEGEMAN** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Pursuant to Rule 24 of the Federal Rules of Civil Procedure and The Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq.* ("PLRA"), California State Assemblymembers Bill Berryhill, Connie Conway, Nathan Fletcher, Danny Gilmore, Curt Hagman, Diane Harkey, Steven Knight, Dan Logue, Jeff Miller, Brian Nestande, and Jim Nielsen (collectively the "Assembly Republican Intervenors") hereby respectfully move this Three-Judge Court for leave to intervene in the above-captioned matter.  These Assembly Republican Intervenors are newly elected and did not have the opportunity to participate in the proceedings before they took office.  In taking office, each of the "freshmen" Assemblymembers acquired standing to participate in these proceedings.  It is in the best interests of the Three-Judge Court proceedings, and it is in the best interest of the public to encourage participation of these legislators.

No hearing date has been set on this motion as counsel for the Assembly Republican Intervenors have been instructed in the past that the Motion would be decided on the papers. *See* Declaration of Chad A. Stegeman at ¶ 2.  The motion should be granted because the Prison Litigation Reform Act, 18 U.S.C. § 3626, makes specific provision for legislators to intervene in a case such as this where a panel has been convened to discuss issuance of a prisoner release order, a prisoner release order has been issued, and the Three-Judge Court seeks party participation in effectuating the Opinion and Order issued on August 4, 2009 (Docket No. 2197 in C 01-1351 TEH; Docket No. 3641 in S-90-0520-LKK-JFM P).  Furthermore, no party will be prejudiced by the intervention and the motion is timely.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and the Declaration of Chad Stegeman in support thereof, the documents and records on file with the Court, and any other matter that the Court deems proper.

Dated:  September 21, 2009                    AKIN GUMP STRAUSS HAUER & FELD LLP

                                               By         /s/ Chad A. Stegeman
                                                     Steve S. Kaufhold
                                                     Chad A. Stegeman
                                               Attorneys for Assembly Republican Intervenors

NOTICE OF MOTION AND MOTION TO                1
INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES;
AND DECLARATION OF CHAD A. STEGEMAN                    CIV S-90-0520 LKK JFM P, C 01-1351 TEH

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and The Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq.* ("PLRA"), California Assemblymembers Bill Berryhill, Connie Conway, Nathan Fletcher, Danny Gilmore, Curt Hagman, Diane Harkey, Steven Knight, Dan Logue, Jeff Miller, Brian Nestande, and Jim Nielsen (collectively the "Assembly Republican Intervenors") hereby respectfully move this Court for leave to intervene in the above-captioned matter.

## BACKGROUND

On July 23, 2007, Judge Thelton Henderson of the United States District Court for the Northern District of California, and Judge Lawrence Karlton of the United States District Court for the Eastern District of California, issued orders pursuant to the PLRA to convene a three-judge judicial panel to consider issuing prisoner release orders in *Marciano Plata, et al. v. Arnold Schwarzenegger, et. al.,* Case No. C01-1351 TEH (N.D.C.A.), and *Ralph Coleman, et al. v. Arnold Schwarzenegger, et. al.*, Case No. S-90-0520 LKK JFM (E.D.C.A.), respectively.  For convenience and judicial economy, the same panel presided over both cases.  The Chief Judge of the Ninth Circuit Court of Appeals, Mary Schroeder, subsequently appointed Judge Henderson, Judge Karlton and Ninth Circuit Judge Stephen Reinhardt to the panel (the "Three-Judge Court").

The Three-Judge Court granted two motions to intervene made by California state legislators shortly after convening the Three-Judge Court, acknowledging their intervention of right mandated by the PLRA and Rule 24.  These Assembly Republican Intervenors are similarly situated, but were elected in November 2008 and did not have the opportunity to participate in the proceedings before they took office.  In taking office, each of the "freshmen" Assemblymembers acquired standing to participate in these proceedings.  After a period of relative inactivity in this lawsuit while the Three-Judge Court considered the evidence and arguments presented at trial, the Court issued its order on the merits on August 4, 2009.  This prisoner release order required the State to formulate a Population Reduction Plan, which the State submitted on September 18, 2009.  These legislators wish to participate in the proceedings moving forward.  Indeed, it is in the best interests of the Three-Judge Court proceedings, and it is in the best interest of the public to encourage participation of these elected officials.

Like the two motions before, this motion should be granted because the Prison Litigation Reform Act, 18 U.S.C. § 3626, makes specific provision for legislators to intervene in a case such as this where a panel has been convened to discuss issuance of a prisoner release order, such an order has been issued, and the Three-Judge Court seeks party participation in effectuating the Opinion and Order issued on August 4, 2009 (Docket No. 2197 in C 01-1351 TEH; Docket No. 3641 in S-90-0520-LKK-JFM P).

Counsel for the Assembly Republican Intervenors sought to ascertain whether the parties would oppose this Motion to Intervene. No party indicated that they would oppose the motion, even after extensive discussion with Plaintiffs' counsel. *See* Declaration of Chad A. Stegeman at ¶ 1.

## LEGAL DISCUSSION

### A.   Legal Standard for Intervention

Federal Rule of Civil Procedure 24 governs intervention in the federal courts. Specifically, Rule 24(a) provides: "Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene…."

Should a party meet the criteria established by Rule 24(a)(1), intervention is "absolute and unconditional." *See Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co., et. al.,* 331 U.S. 519, 531, 67 S.Ct. 1387, 1393 (1947). Rule 24(a)(1) "statutory intervenors" need not show inadequacy of representation or that their interests may be impaired if not allowed to intervene. *Cf.* Fed.R.Civ.P. 24(a)(2) (absent statutory grant, intervention as of right requires showing of timeliness, interest in the subject matter of the transaction, threat that interest may be impaired if not permitted to intervene, and inadequacy of representation by existing parties). Under Rule 24(a)(1), "[o]nce it is clear that [the statute applies], there is no room for the operation of a court's discretion." *See Brotherhood of Railroad Trainmen*, 331 U.S. at 531, 67 S.Ct. at 1393.

### B.   The PLRA Confers an Unconditional Right for the Assembly Republican Intervenors to Intervene

The Three-Judge Court has already acknowledged that legislators "meet the statutory criteria for intervention as of right under [the PLRA]." Three-Judge Court Order, September 19, 2007, Docket

No. 857 in C 01-1351 TEH; Docket No. 2427 in S-90-0520-LKK-JFM P, at 2:03-07.  To summarize, the PLRA expressly provides for standing for certain officials and units of government.  Specifically, 18 U.S.C. § 3626(a)(3)(F) provides:

> Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief.

The PLRA grants individual legislators the right to intervene in prison litigation as a legislators' "jurisdiction or function" includes "appropriation of funds for the construction, operation, or maintenance of prison facilities" within meaning of PLRA.  *See, e.g., Ruiz v. Estelle*, 161 F.3d 814, 821 (5th Cir. 1998) ("Beyond doubt, the November 1997 amendment to the PLRA grants an unconditional right to intervene to individual legislators.").  Individual legislators have the right "to oppose the imposition or continuation in effect of [a prison release order] and to seek termination of such relief." 18 U.S.C. § 3626(a)(3)(F).

The responsibilities and duties of the Assembly Republican Intervenors include appropriation of funds for the construction, operation, or maintenance of prison facilities.  Furthermore, Judge Henderson's and Judge Karlton's July 23, 2007 Orders make it clear that the Three-Judge Court was convened specifically to address whether to issue "prisoner release orders" as that term is defined by the PLRA, a trial on the merits was held, and the Three-Judge Court's August 4, 2009 order specifically requires the reduction of the California state prison population "to 137.5% design capacity within two years" and requires the State "to submit a plan within 45 days to implement our order." Docket No. 2197 in C 01-1351 TEH; Docket No. 3641 in S-90-0520-LKK-JFM P, at 132:05-07. Accordingly, this is exactly the situation for which the PLRA creates an unconditional right for the Assembly Republican Intervenors to participate in this action.  As noted before, the Three-Judge Court has already acknowledged the legislators' right to intervene by granting the motions to intervene of

similarly situated intervenors.  *See* Docket Nos. 817 and 857 in C 01-1351 TEH; Docket Nos. 2376 and 2427 in S-90-0520-LKK-JFM P.  The Assembly Republican Intervenors respectfully request the Three-Judge Court grant them status as intervenors.

**C.  The Motion of the Assembly Republican Intervenors is Timely**

The final requirement for intervention under Rule 24(a) is that such application be timely made. *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997).  Timeliness is evaluated based on a three factor test: "( 1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)).[1]  Each of the three factors, as well as the language of the PLRA, supports a finding of timeliness here.

First, the PLRA specifically allows for intervention "to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief."  18 U.S.C. § 3626(a)(3)(F).  The Assembly Republican Intervenors seek to intervene at a point where the Court has issued a prisoner release order, and requires the parties to plan the effectuation of that order.  Participation by legislators in this plan is essential from a pragmatic standpoint because the California legislature will play an instrumental role in the effectuation of such a plan.  Further, the PLRA contemplates intervention at almost any stage of the proceedings, including after the imposition of a prisoner release order, opposition to continuation of such relief required by a prisoner release order and even at the point of termination of such relief.  The freshmen legislators are clearly permitted to intervene at this point in the proceedings.

---

[1] The requirements of Rule 24, including "timeliness," are to be construed broadly in favor of the party seeking intervention.  *See Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995).  Furthermore, courts are more lenient in applying the timeliness requirement where intervention is sought as a matter "of right," than where it is merely "permissive."  *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230, fn. 2 (1st Cir. 1992).

NOTICE OF MOTION AND MOTION TO  
INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES;  
AND DECLARATION OF CHAD A. STEGEMAN          CIV S-90-0520 LKK JFM P, C 01-1351 TEH

5

1    Second, no party will be prejudiced by this intervention.  The Assembly Republican Intervenors seek participation in the ongoing proceedings and participation in the plan envisioned by the August 4, 2009 order and filed by the Defendants on September 19, 2009, which involves consideration by the Three-Judge Court of issues of profound importance to the people of California.

Third, the Assembly Republican Intervenors seeking to join their legislator colleagues are "freshmen" legislators, who did not have an opportunity to join the proceedings at the outset because the legislators acquired standing to do so well after their election in November 2008.  Further, this motion is timely even though it is filed after the Three-Judge Court considered and issued a prisoner release order because Congress specifically granted standing for legislators not only to "oppose imposition" of such prison release orders, but also to challenge the ongoing efficacy of such an order and eventually to "seek termination of such relief. . . ." 18 U.S.C. § 3626(a)(2)(F).

Finally, even if there were some issue regarding the timeliness of this intervention (and there is not), the matters before the Three-Judge Court raise "matters of broad social significance," which, under the circumstances, militate in favor of a finding of timeliness.  *See Doe v. Duncanville Ind. School Dist.*, 994 F.2d 160, 168 (5th Cir. 1993); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1233 (1st Cir. 1992).  This fact also weighs in favor of permitting the requested intervention.

## CONCLUSION

For all of these reasons, the Assembly Republican Intervenors respectfully request that this Motion to Intervene be granted.

Dated:  September 21, 2009            AKIN GUMP STRAUSS HAUER & FELD LLP


By     /s/ Chad A. Stegeman
       Steve S. Kaufhold
       Chad A. Stegeman
Attorneys for Assembly Republican Intervenors

NOTICE OF MOTION AND MOTION TO            6
INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES;
AND DECLARATION OF CHAD A. STEGEMAN            CIV S-90-0520 LKK JFM P, C 01-1351 TEH

# DECLARATION OF CHAD STEGEMAN

I am a member in good standing of the California State Bar, and am counsel at the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys for California Assemblymembers Bill Berryhill, Connie Conway, Nathan Fletcher, Danny Gilmore, Curt Hagman, Diane Harkey, Steven Knight, Dan Logue, Jeff Miller, Brian Nestande, and Jim Nielsen (collectively the "Assembly Republican Intervenors").  I am admitted to practice in the United States District Courts for the Northern District of California and Eastern District of California.  I make this declaration in support of the Assembly Republican Intervenors' Motion to Intervene.  I have personal knowledge of the facts set forth herein, and if called upon to do so, could and would testify competently thereto.

1. On September 18, 2009, I contacted counsel of record for the parties by e-mail correspondence noting the Assembly Republican Intervenors intent to file this motion.  I requested that parties reply if they intend to oppose the motion.  The Defendants, several intervenors and Plaintiffs responded to the correspondence, and none of these parties indicated they would oppose the motion.  At the filing of this motion, no party responded that they would oppose the motion.

2. In filing similar Motions to Intervene during the late summer of 2007, I contacted Rowina Espinoza, clerk to the Honorable Thelton Henderson, who indicated that a hearing date would not be necessary as the Motion to Intervene would be decided on the submissions by the parties.  I also contacted Ana Rivas in the Honorable Lawrence Karlton's Chambers on the same date, who instructed me to follow the same procedure.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

September 21, 2009                   /s/Chad A. Stegeman_____
                                                            Chad A. Stegeman