1 | Gregg McLean Adam, No. 203436
Natalie Leonard, No. 236634
2 | **CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
3 | 44 Montgomery Street, Suite 400
San Francisco, CA 94104
4 | Telephone: 415.989.5900
Facsimile: 415.989.0932
5 | Email: gadam@cbmlaw.com

6 | Daniel M. Lindsay, No. 142895
**CALIFORNIA CORRECTIONAL**
7 | **PEACE OFFICERS' ASSOCIATION**
755 Riverpoint Drive, Suite 200
8 | West Sacramento, CA 95605-1634
Telephone: 916.372.6060
9 | Facsimile: 916.340.9372
E-Mail: dan.lindsay@ccpoa.org

10 |
Attorneys for Plaintiff Intervenor California Correctional
11 | Peace Officers' Association

IN THE UNITED STATES DISTRICT COURTS

FOR THE NORTHERN AND EASTERN DISTRICTS OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| MARCIANO PLATA, *et al.*, | No. Civ C01-1351 TEH (N.D. Cal.) *and* |
| Plaintiffs, | No. Civ S90-0520 LKK-JFM (E.D. Cal.) |
| v. | **THREE-JUDGE COURT** |
| ARNOLD SCHWARZENEGGER, *et al.*, | |
| Defendants. | |
| RALPH COLEMAN, *et al.*, | **INTERVENOR CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION'S OBJECTIONS TO DEFENDANTS' POPULATION REDUCTION PLAN** |
| Plaintiffs, | |
| v. | |
| ARNOLD SCHWARZENEGGER, *et al.*, | |
| Defendants. | |

CBM-SF\SF458409.7

**INTERVENOR CCPOA'S OBJECTIONS TO DEFENDANTS' POPULATION REDUCTION PLAN**

In its August 4, 2009 Opinion and Order ("the Order"), this Court directed Defendants "to provide the court with a population reduction plan that will in no more than two years reduce the population of the CDCR's[1] adult institutions to 137.5% of their combined design capacity." (Dock. No. 2237, p. 183.) On September 18, 2009, Defendants filed their proposed Population Reduction Plan ("the Plan") with this Court (*Plata* Docket 2237 and 2237-1). Defendants have trumpeted their intent to challenge the Order[2], and the Plan presented appears to this intervenor to be intended merely to facially comply with the first deadline set in the Court's Order. As a general observation, CCPOA finds that a good-faith effort to present a meaningful reduction plan is not readily apparent from what is presented.

CCPOA makes these observations:

- **The Plan ignores the timeframe specified by the Court's Order**

Defendants concede that the Plan does not meet the requirements of this Court's Opinion and Order. (See *Plata* Docket 2197, 183; 2237-1, 2.) Defendants propose mechanisms to safely reach a population level of 137.5% *over time*" (*Id.*) --not within two years as required by the Order. (*Plata* Docket 2197 183.)

- **The Plan is inherently contradictory**

Different arms of state government appear to be playing off different playbooks in at least three areas:

¤ *Work with the Receiver—and move to dissolve him*

On one hand, the Plan espouses cooperation with the *Plata Receiver* (Plata Docket 2237-1, 10, 12, 19). For example, it highlights initiatives developed in concert with the *Plata* Receiver. (*Id.* ["CDCR is consulting with the *Plata* Receiver"; "many of these projects are being planned in consultation with the *Plata* Receiver"; "CDCR has

---

[1] CDCR is the abbreviation for the California Department of Corrections and Rehabilitation.

[2] Defendants filed a notice of request for stay and appeal to the Supreme Court (*Plata* Docket 2224); while the stay was denied the appeal remains pending.

CBM-SF\SF458409.7

**INTERVENOR CCPOA'S OBJECTIONS TO DEFENDANTS' POPULATION REDUCTION PLAN**

collaborated with the *Plata* Receiver"]). But Defendants simultaneously disavow projects created in consultation with the *Plata* Receiver (see e.g., *Plata* Docket 2039) and omit any discussion of their ongoing attempt to dissolve the Receivership. See *Plata v. Schwarzenegger*, No. 09-15864 (9th Cir. filed April 30, 2009.)

### ¤ *Improve correctional staffing—then lay-off*

The Plan showcases increased correctional staff hiring: the number of correctional officers employed by the department rose from 20,741 in October 2005 to more than 24,090 in August 2008 (*Plata* Docket 2237-2, 2) —mostly, if not invariably, prompted by the *Coleman* and *Plata* cases. Yet in recent months CDCR: (1) sent "surplus" letters to over 2,500 correctional officers, indicating that these officers are at risk of being laid off; and (2) implemented three days per month of furloughs for correctional staff—theoretically resulting in significant reductions in actual staffing hours. (Declaration of Steve Weiss, ¶¶ 5, 6, 9.) Layoffs and furloughs are budget-driven, not service-driven, and can only increase the staffing shortages that the Court has identified as exacerbating the constitutional problems. (*Plata* Docket 2197, 77-79.)

### ¤ *Stress rehabilitative programming—then cut it*

The Plan advocates enhanced credits for completing key training and rehabilitation programs. For example, defendants explain that their Credit Earning Enhancement initiatives "provide[] eligible inmates up to six weeks of credit per year for completion of approved programs." (*Plata* Docket 2237-1, 4.) Yet just five days after Defendants filed this Plan, CDCR announced in a press release that it would cut rehabilitation programs to "reduc[e] … over a third of the adult programs budget" while "[s]pending related to rehabilitation programs at CDCR headquarters also will be cut by almost 70 percent, from over $54 million to approximately $17 million." (See attached Request for Judicial Notice 1 and 2 regarding http://www.cdcr.ca.gov/News/2009_Press_Releases/Sept_17_Programs.html, last visited October 8, 2009.) Credit Earning Enhancement may survive the cuts; however, it is

CBM-SF\SF458409.7                                  -2-
**INTERVENOR CCPOA'S OBJECTIONS TO DEFENDANTS' POPULATION REDUCTION PLAN**

1  hardly realistic to tie compliance with the Order to rehabilitative programming given the
2  present priorities of state spending on rehabilitative programming.
3       Dated: October 8, 2009
4                                    CARROLL, BURDICK & McDONOUGH LLP
5
6                                    By  */s/ Natalie Leonard*
7                                         Gregg McLean Adam
                                          Natalie Leonard
                                          Attorneys for Plaintiff Intervenor California
8                                         Correctional Peace Officers' Association

CBM-SF\SF458409.7                    -3-

**INTERVENOR CCPOA'S OBJECTIONS TO DEFENDANTS' POPULATION REDUCTION PLAN**