IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>       Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER REJECTING DEFENDANTS' POPULATION REDUCTION PLAN AND DIRECTING THE SUBMISSION OF A PLAN THAT COMPLIES WITH THE AUGUST 4, 2009 OPINION AND ORDER</u> |

    On August 4, 2009, this three-judge court issued an opinion and order finding that plaintiffs had met their burden under the Prisoner Litigation Reform Act, 18 U.S.C. § 3626, of establishing that crowding was the primary cause of the constitutionally inadequate medical and mental health care systems at issue in the underlying cases and that a prisoner release order was necessary to remedy those violations. Having determined that such an

order was narrowly tailored, extended no further than necessary, and was the least intrusive means possible to correct the constitutional violations at issue, we ordered defendants to present the court within 45 days with a plan "that will in no more than two years reduce the population of the CDCR's adult institutions to 137.5% of their combined design capacity." Aug. 4, 2009 Opinion & Order at 183.

On September 18, 2009, defendants provided this court with a "Population Reduction Plan." The plan defendants provided does not comply with our August 4, 2009 order. Rather than reducing the population of the CDCR's adult institutions to 137.5% of their combined design capacity within two years, it provides for a reduction of the population of those institutions to 166% of their combined design capacity in that period. Additionally, defendants' plan fails to set forth effective dates for the various actions proposed and fails to provide estimates of the reduction in population they expect to achieve after six, twelve, eighteen, and twenty-four months; instead, it provides estimates of the fiscal year in which actions may take effect and estimated population reductions for each fiscal year through 2014/15. In light of these inadequacies, defendants' September 18, 2009 Population Reduction Plan is REJECTED.

Plaintiffs' response urges this court to initiate contempt proceedings against defendants on the basis of their failure to comply with our August 4, 2009 order. Action on this request is STAYED pending further proceedings detailed below.

The Court VACATES the deadline in its August 4, 2009 Opinion and Order for defendants to file a response to the objections of plaintiffs and intervenors to defendants' proposed population reduction plan. Instead, defendants shall, within 21 days of this order, submit a population reduction plan that complies with this court's August 4, 2009 Opinion and Order and that, most important, provides for a reduction of the prison population to 137.5% of design capacity within two years. Defendants are reminded that they "shall set forth in their proposal the effective dates of the various actions they propose to undertake and their estimate of the reduction in population they expect to achieve after six, twelve, eighteen, and twenty-four months." *Id.*

2

Additionally, defendants shall set forth the following in their response to this order: First, defendants shall (1) explain the calculations through which they obtained the estimates of the population reductions associated with each action that they propose; (2) identify the assumptions underlying those calculations; and (3) explain why those assumptions are reasonable.

Second, in accordance with the request of Intervenor California Correctional Peace Officers' Association, this court takes judicial notice of a September 17, 2009 press release issued by CDCR and publicly available on the CDCR website. The press release describes a reduction of $250 million in rehabilitation programs for adult offenders, and identifies that reduction as eliminating over one-third of the budget for such programs.[1] Defendants' September 18 Population Reduction Plan relies on that programming for some of its reductions. To the extent that the population reduction plan that defendants submit within 21 days of this order relies on rehabilitation programs, whether for earning credit towards release or otherwise, defendants shall explain how the September 17, 2009 budget reduction and any planned additional reductions in funding for such programs affect their estimates of population reductions associated with that plan. Additionally, defendants shall advise the court on a continuing basis of all budget reductions announced or implemented in 2009 that (1) affect the provision of medical or mental health services at CDCR's adult institutions, and (2) otherwise affect the size of the population of CDCR's adult institutions.

Third, defendants shall advise the court of the specific measures that the state will take to ensure public safety through reentry and diversionary programs, including programs provided for incarcerated inmates, post-incarceration programming, and programs for persons diverted from incarceration. The state shall catalogue and provide descriptions of current programs, including the number of persons served by each program, and shall also provide details of any programs planned for the future and the specific implementation dates

---

[1] *See* Press Release, California Department of Corrections and Rehabilitation, CDCR Reduces Offender Rehabilitation Programs (September 17, 2009) available at http://www.cdcr.ca.gov/News/2009_Press_Releases/Sept_17_Programs.html (last visited October 8, 2009) (Ex. A to CCPOA Req. for Jud. Notice).

3

of such future programs. Moreover, our August 4, 2009 Opinion and Order recognized the necessary role of community-level rehabilitation and reentry programs for ensuring the safe and successful implementation of population reduction measures, and noted that the decision lies with California's elected officials whether to allocate state funds to communities to promote and support such programs and the crime reduction and gains to public safety that accompany them. *See* Aug. 4, 2009 Opinion & Order at 164-66. Defendants shall advise the court on a continuing basis of the measures that the state is taking to support and assist counties and other community-level providers of rehabilitation and reentry programs in providing such programs, and of any steps that it may have taken or will be taking to increase, reduce, or eliminate such support or assistance since January 2009 and in each succeeding six-month period.

Fourth, the court takes judicial notice that Defendant Schwarzenegger is reported to have submitted a plan to the California State Legislature providing for a population reduction of 37,000 over two years. That such a plan was submitted by the Governor was widely reported in the press, including in an article written by Defendant Matthew Cate.[2] Defendants shall advise the court of: (1) whether the plan submitted to the legislature by the Governor provided for a prison population reduction of 37,000 prisoners, and, if not, the correct estimate of the prison population reduction for which this plan provided; (2) the estimated reduction for which this plan provided in the population of CDCR's adult institutions expressed as a percentage of the combined design capacity of those institutions; (3) the specifics of the plan submitted to the legislature, including the population reduction actions proposed therein, the date that each such action would be implemented under that plan, and defendants' estimate of the reduction in population that such a plan would achieve after six, twelve, eighteen, and twenty-four months; (4) whether this plan was adopted by the California State Senate, and, if modified, the estimated population reduction associated with

---

[2]*See* Matthew Cate, *Prisons: it's time to reduce and reform the population*, Capitol Weekly, August 13, 2009, available at http://www.capitolweekly.net/article.php?_c=ybp9m22r8xx2n4&xid=y6x62x72akddqo&done=.ybxkujml11kc1t (last visited October 8, 2009) (Ex. B to Evenson Decl. in Supp. of Pls.' Response).

4

the plan as it was adopted by the Senate; and (5) whether, if adopted by the Senate, the plan was submitted to a vote of the California State Assembly in the form adopted by the Senate, and, if so, whether it failed in the Assembly by a formal recorded vote and what such recorded vote was.  Additionally, defendants shall explain the calculations through which they obtained the estimates of the population reductions associated with each action proposed in the plan submitted to the California State Legislature; identify the assumptions underlying those calculations; and explain why those assumptions are reasonable.

Defendants are reminded that our August 4 order provided that "should any of defendants' proposed population reduction measures require the waiver of any provisions of state law, [defendants] shall so advise the court, and shall explain why the requested waiver is permissible under 18 U.S.C. §3626(a)(1)(B)."  Aug. 4, 2009 Opinion & Order at 183. Should state law limit defendants' ability to implement any measures that would, in their view, aid in achieving the constitutionally required prison population reduction explained in our August 4, 2009 Opinion and Order, defendants shall so notify this court, and in such notification describe the specific provisions of state law at issue and explain how those provisions limit their ability to implement such measures.  Even if defendants contend that state law waivers are not permissible in this instance, *see* Defs.' Sept. 18, 2009 Population Reduction Plan at 16 n.11, they must identify those waivers of state law that would be required to implement their proposals to reduce the prison population in compliance with our order.

Plaintiffs shall forthwith commence preparation of an alternative population reduction plan.  Should defendants fail to submit a timely population reduction plan that complies with the August 4, 2009 Opinion and Order and with this order, this court shall, in addition to any other action it may take, order plaintiffs to provide the court within 14 days with a population reduction plan that will in no more than two years reduce the population of the CDCR's adult institutions to 137.5% of their design capacity.  Should any of the population reduction measures plaintiffs propose in such a plan require the waiver of any provisions of state law, they shall so advise the court, and shall explain why the requested waiver is permissible

under 18 U.S.C. §3626(a)(1)(B). Intervenor California Correctional Peace Officers' Association may also submit any proposals or suggestions it may have for compliance with the August 4, 2009 Opinion and Order at such time as any population reduction plan by plaintiffs is due to be submitted, or within seven days thereafter.

This court is unaware of any excuse for the state's failure to comply with our August 4, 2009 Opinion and Order but, as noted earlier, will stay any sanctions, including possible contempt proceedings, pending defendants' response to this order. We will view with the utmost seriousness any further failure to comply with our orders. As has been made clear, this court would prefer that the state develop its own plan to meet the constitutionally required prison reduction goals explained in our August 4, 2009 Opinion and Order. We have afforded the state every opportunity to do so, even at the cost of delaying the reduction of the overcrowding of California's prisons – a reduction that is necessary to the elimination of the unconstitutional medical and mental health conditions that lie at the heart of these proceedings, and that will, in addition, significantly reduce the prison system's criminogenic effects so detrimental to public safety and welfare. Should the state again fail to submit a population reduction plan that complies with our August 4, 2009 Opinion and Order, the court will be left with no alternative but to develop a plan independently and order it implemented forthwith.

**IT IS SO ORDERED.**

Dated: 10/21/09

STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 10/21/09

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 10/21/09

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA