IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

    Plaintiffs,

  v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. C01-1351 TEH

ORDER RE-APPOINTING ADVISORY BOARD

  On June 6, 2008, this Court appointed nine individuals to the Advisory Board and subsequently appointed three additional members. Ms. Madeleine LaMarre and Dr. Michael Puisis were appointed to terms that expire on June 30, 2011. All other members of the Board have terms that expire on June 15, 2010.

  The Court has found the services of the Board to be extremely useful in its consideration and evaluation of the Receivership and all other aspects of the remedial process in this case. Each member of the Board has provided valuable contributions at regular meetings and, in many cases, in between such meetings. Accordingly, with good cause appearing, the following members shall be reappointed to the Board, with terms expiring on June 30, 2012: Mr. Starr Babcock (as an *ex officio* member), Dr. Henry Chambers, Ms. Rebecca Craig, Dr. Joe Goldenson, Ms. Kathleen Howard, Ms. Madeline LaMarre, Dr. David Lawrence, Dr. Michael Puisis, Mr. Arnold Perkins, Dr. Jacqueline Tulsky, and Professor Robert Weisberg.[1] All other provisions of the June 6, 2008 Order Appointing Advisory Board shall remain in effect as to all Board members.

---

[1] The Court extends the terms of Ms. LaMarre and Dr. Puisis to be concurrent with the terms of all other Board members. Mr. Richard Bayquen, an original member of the Board, voluntarily resigned in September 2009.

In addition, when the Court initially appointed the Advisory Board, it indicated the possibility that the Board might be asked "to consider specific questions concerning the remedial process and to perform other duties as assigned," as well as reviewing the Receiver's periodic reports and advising the Court on the Receiver's progress. June 6, 2008 Order at 2. The Court may, for example, request individual members to conduct reviews of one or more aspects of the Receiver's operations, especially in cases where the Board may suggest to the Court that such reviews are necessary for the Board to fulfill its mission. While some Board members may be willing to undertake small projects pro bono, the Court understands that this may not be feasible in all instances and directs that reasonable compensation shall be provided when requested. The Court will resolve any compensation issues on an individual basis, and the Receiver shall enter into written contracts with the necessary Board members for administrative purposes only. Any such contracts shall not undermine the independence of the Board, which shall continue to report solely to the Court. Moreover, they shall not change the confidential and privileged status of the communications by members of the Board with the Court, with other members of the Board, or with the Receiver and his staff.

**IT IS SO ORDERED.**

Dated:   05/12/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2