PRISON LAW OFFICE
DONALD SPECTER #83925
STEVEN FAMA #99641
ALISON HARDY #135966
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621
ahardy@prisonlaw.com

BINGHAM McCUTCHEN
WARREN E. GEORGE #53588
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

No. C-01-1351 T.E.H.

**STIPULATION AND ~~[PROPOSED]~~ ORDER TO PAY PLAINTIFFS INTERIM FEES AND TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGALS DURING 2009 UNTIL THE RESOLUTION OF PEREZ V. CATE APPEAL NO. 09-17185**

**STIPULATION TO PAY PLAINTIFFS INTERIM FEES AND TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES FOR WORK PERFORMED BY NONPARALEGAL LITIGATION ASSISTANTS DURING 2009 UNTIL THE RESOLUTION OF PEREZ V. CATE APPEAL NO. 09-17185**

Plaintiffs and Defendants STIPULATE as follows:

1. Pursuant to the Plata Periodic Fees Order, "Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year." December 17, 2002 Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs (attached as Appendix A). The parties have already stipulated to stay all attorneys' fees, costs and expense matters related to the Three-Judge Panel and related appeals until January 17, 2011. The only fee issue remaining in dispute for 2009, other than the Three-Judge Panel fees, is the rate or rates defendants must pay plaintiffs for work performed by paralegals and by nonparalegal litigation assistants.

2. On June 28, 2010, the parties agreed to stay Plaintiffs' motion to compel regarding the rate to be paid paralegals pending final resolution of *Perez, et al. v. Cate, et al.*, Court of Appeals Docket No. 09-17185, United States Court of Appeals for the Ninth Circuit, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court (hereinafter "Perez appeal"). Docket No. 2319. The parties agreed, however, that plaintiffs would move to compel based on defendants' refusal to pay any fees for work performed by nonparalegal litigation assistants. *Id.*

3. Plaintiffs now withdraw their motion to compel payment for work performed by nonparalegal litigation assistants (Docket No. 526), as defendants agree to pay these fees, at a reduced rate. The parties agree to stay Plaintiffs' motion regarding the final rate to be paid nonparalegal litigation assistants pending final resolution of the *Perez* appeal, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court.

4. In the interim, defendants agree to pay nonparalegal litigation assistant fees at the hourly rate of $82.50. For 2009, defendants will pay plaintiffs, within 30 days of the passage of the California state budget for 2010/2011, $72,839 for 882.9 hours of hours that defendants had previously refused to compensate. In so doing, Plaintiffs do not waive and will enforce their right to interest in accordance with the provisions set forth in the December 17, 2002 Periodic Fees order. Nothing in this Stipulation may be deemed a waiver or concession of any party's legal arguments regarding this issue.

5. If the Ninth Circuit rules in the *Perez* appeal that the Prison Litigation Reform Act governs paralegal fees, then the PLRA also governs nonparalegal litigation assistant fees.

6. If the requested stay is granted, the parties will meet and confer regarding the nonparalegal rate issue, as well as the paralegal rate issue, within 10 days after the mandate issues in the *Perez* appeal. If the parties are still unable to resolve this issue, Plaintiffs will re-file a motion to compel within 60 days of the completion of the meet and confer.

**IT IS SO STIPULATED.**

Date: August 27, 2010

/s/
Alison Hardy
Prison Law Office
Attorney for Plaintiffs

Date: August 30, 2010

/s/
Samantha Wolff
Hanson Bridgett
Attorney for Defendants

I, Alison Hardy, attest that Samantha Wolff signed this document on August 30, 2009.

**IT IS SO ORDERED.**

Dated: 08/31/10




rict Judge

# APPENDIX A

ORIGINAL

RECEIVED
02 DEC 17 AM 11:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
DEC 18 2002
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

97kk

| | |
|---|---|
| MARCIANO PLATA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GRAY DAVIS, et al.<br><br>Defendants. | No. C01 1351 TEH<br><br>~~[Proposed]~~<br>STIPULATION AND ORDER FOR PERIODIC COLLECTION OF ATTORNEY'S FEES AND COSTS |

THIS MATTER comes before the Court on the parties' request to authorize an informal process through which compliance fees may be resolved periodically. The parties by their undersigned counsel do stipulate and the COURT having considered the matter hereby ORDERS as follows:

1. Plaintiff's counsel will submit quarterly statements to defendants' counsel for fees and costs incurred in connection with the Stipulation for Injunctive Relief (Stipulation), filed June 13, 2002. The statements will itemize the time spent, subject activity, applicable attorney and the other personnel billing rates, and costs and expenses with sufficient particularity to allow the defendants and the Court to identify which efforts were or were not useful and necessary to ensure compliance with the court's order. The first quarterly statement of each year will identify the billing rates plaintiffs'

counsel seeks for that year. Unless and until defendants dispute any of the fees or costs requested, the billing statements submitted by plaintiff's counsel shall not include declarations or other supporting pleadings which shall be prepared only for and at the time of filing any Motion to Compel. Plaintiffs shall serve the statement simultaneously on the Attorney General's Office and the Legal Affairs Division of the CDC.

2. Upon receipt of plaintiffs' statement each quarter, defendants will have thirty (30) days in which to respond with their requests for clarification or their objections and the bases therefore. As to disputed items, including the proposed billing rates in the first quarterly statement, plaintiffs' and defendants' counsel are required to meet and confer within thirty (30) days after defendants have notified plaintiff of any disputed item(s). If the parties are able to promptly resolve any part or all of the fee disputes, counsel shall immediately prepare a stipulated order for payment of the fees not subject to defendants' objections. Both sides shall sign the Order and present it to the court for entry. Defendants shall have thirty (30) days from the entry of the order to pay the undisputed fees at the rates provided in the Stipulation. Interest on any undisputed fees and costs will run from the thirty-first day after the Order is filed. Interest shall accrue at the rate provided by 28 U.S.C. § 1961.

3. If Defendants decline to agree to any Stipulated Payment Order, or unreasonably fail to timely process a fees' request described in Paragraph 2, above, plaintiffs' counsel may submit directly to the Court an undisputed form of Order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within 5 court days of receipt of the proposed Order and certification. Plaintiffs' counsel may reply within two court days after receipt of defendants response, if any. The Court will rule on plaintiffs' application without conducting a hearing unless it considers such a hearing necessary, and will issue plaintiffs' proposed Order or another appropriate Order unless defendants show a

reasonable basis for disputing the fees and expenses plaintiffs have claimed to be undisputed. If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process, by notice motion made pursuant to the Federal Rules of Civil Procedure and the Rules of this Court.

4. Plaintiff's will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. If defendants oppose any billing rates proposed by plaintiffs' counsel, plaintiffs' will bring a motion to compel on this issue following the first quarterly statement of each year.

5. In the event that an unusually large number of hours or a significant issue is in dispute, plaintiffs may bring a quarterly motion to compel on those issues alone. Any such quarterly motion to compel will be filed no later than thirty (30) days after the parties have met and conferred on the quarterly statement at issue. Such motions will be briefed and heard on the usual 35-day schedule. See Local Rule 220.

6. Interest on any disputed amount will accrue at the rate provided by 28 U.S. C. § 1961 from the thirty-first day following defendants' receipt of the statement in which the items in question appears.

7. Provided that defendants pay the amounts ordered pursuant to paragraph 8 below, all fees awarded to plaintiffs will be compensated at the rates current at the time the services were performed. (Nothing in this paragraph shall be used by either party in litigating plaintiffs' pending motion for attorneys fees and costs.)

8. Defendants shall pay the full amounts ordered with any legal interest owing, no later than thirty days after the date each payment Order is filed by the Court. If payment is not voluntarily made by the thirtieth day, counsel for plaintiffs may obtain

///

said amount by writ of execution upon state fund and/or other appropriate accounts by certification under penalty of perjury that voluntary payment has not been made.

IT IS SO STIPULATED.

Dated: December 12, 2002

JOHN M. APPELBAUM
Deputy Attorney General
Counsel for Defendants

Dated: December 16, 2002

DONALD SPECTER
Counsel for Plaintiffs

**IT IS SO ORDERED.**

Dated: 12/17/02

THELTON E. HENDERSON
United States District Court

DECLARATION OF SERVICE BY MAIL

Case Name: Plata v. Davis

USDC No. C-01-1351 T.E.H.
Northern District of California

I am employed in the County of Marin, California. I am over the age of 18 years and not a party to the within entitled cause: my business address is Prison Law Office, General Delivery, San Quentin, California 94964.

On December 16, 2002, I served the attached

**[PROPOSED] STIPULATION AND ORDER FOR PERIODIC COLLECTION OF ATTORNEY'S FEES AND COST**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Rafael, California, addressed as follows:

John Applebaum, DAG
Office of the Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550

Attorney for Defendants

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Rafael, California on December 16, 2002.

Bonnie Cash