KAMALA D. HARRIS
Attorney General of the State of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE VOROUS - State Bar No. 166884
WILLIAM KWONG - State Bar No. 168010
DANIELLE F. O'BANNON - State Bar No. 207096
KYLE A. LEWIS - State Bar No. 201041
DAVID BRICE - State Bar No. 269443
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone:  (415) 703-5500
Facsimile:  (415) 703-5843
debbie.vorous@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
WALTER R. SCHNEIDER - 173113
MEGAN OLIVER THOMPSON - 256654
SAMANTHA D. WOLFF - 240280
RENJU P. JACOB - 242388
PAUL B. GRUWELL - 252474
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366
pmello@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.<br><br>          Plaintiffs,<br>    v.<br>EDMUND G. BROWN, JR., et al.<br>          Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.<br><br>          Plaintiffs.<br>    v.<br>EDMUND G. BROWN, JR. et al.<br>          Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REPORT IN RESPONSE TO JANUARY 12, 2010 ORDER** |

- 1 -

DEFS.' RESPONSE TO COURT'S JAN. 12, 2010 ORDER
CASE NOS. 2:90-CV-00520 LKK JFM; C01-1351 TEH

3038285.1

## I.    INTRODUCTION

Defendants file this report in response to the court's January 12, 2010 order requiring an update on the measures that the State has taken or is pursuing to ensure that its in-state prison population is brought to within 137.5% of institutional design capacity.  As the Supreme Court remarked in its May 23 decision affirming this court's order, "significant progress" in reaching this goal has already been achieved. *Brown v. Plata*, No. 09-1233, 2011 U.S. LEXIS 4012, at *89 (U.S. May 23, 2011).  Further progress is imminent.

Today, the prison population for in-state adult institutions stands at approximately 143,500 inmates, a reduction of approximately 19,000 inmates since November 2006 when Plaintiffs filed their motions to convene the three-judge court.  Stated in terms of "design capacity,"[1] the State's prisons were operating at approximately 202% when Plaintiffs filed their motions to convene the three-judge court, and they are now operating at approximately 179%.[2]  This is the lowest level of crowding, as defined by design capacity, since 1995.

This reduction in prison crowding was achieved through a number of measures, many of which were summarized in the State's November 12, 2009 population-reduction plan.  But in addition to these measures, and even before this Court's January 12, 2010 order became effective when it was affirmed by the Supreme Court, the State was moving ahead aggressively to do more to reduce prison crowding.  Most notably, Assembly Bill 109 was passed by the Legislature and signed by Governor Brown this spring.  This law, once funded and implemented, will require tens of thousands of adult felons to serve their sentences under local control.  The funding to implement this law has been proposed as part of the May Revision of the Governor's Budget, which should

---

[1] Although the current design capacity of the State's in-state adult institutions is 79,650, the operable capacity is significantly higher.

[2] Monthly and weekly population reports can be found on CDCR's website at: http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/Population_Reports.html

DEFS.' RESPONSE TO COURT'S JAN. 12, 2010 ORDER
CASE NOS. 2:90-CV-00520 LKK JFM; C01-1351 TEH

3038285.1

soon be acted on by the Legislature. In addition, the State is building new in-state prison capacity. However, until AB 109 is funded and implemented and all necessary construction projects are approved, it is too soon to know precisely how fast and at what rate crowding will be reduced. What is known for certain is that prison crowding has been relieved significantly, and further extensive relief is likely to happen quickly with the implementation of AB 109 and the construction of new facilities.

Defendants will keep the court fully informed of their progress in implementing these and other measures. While Defendants will work vigorously to meet all of the crowding-reduction milestones set forth in the court's January 12, 2010 order, it is premature to predict with certainty whether the first milestone—a reduction in prison crowding to no more than 167% by approximately November 28, 2011 (six months after the order became effective)—will be achieved. Defendants do not request a modification of the January 12, 2010 order at this time, but they may need to seek modifications if and when it becomes apparent that they are necessary and appropriate. Needless to say, any modification requested will be made in accordance with the standards announced by the Supreme Court. *Brown,* 2011 U.S. LEXIS 4012, at *88.

## II. PRISON CROWDING REDUCTION MEASURES

The court's January 12, 2010 order requires Defendants to file this report to advise "whether they have obtained the requisite authority for [measures to reduce prison crowding to 137.5% of design capacity] or for other alternative measures that would achieve equal or greater reductions in the prison population, and, if not, what efforts they have made towards obtaining such authority, including what specific proposals they have made and what specific responses have been received from the legislature, if any." (Order at 7, Jan. 12, 2010, *Plata* ECF No. 2287.)

Set forth below are prison-crowding reduction measures for which Defendants have obtained authority and have already been implemented, or are pending:

- 3 -

***Senate Bill 18 (2009), effective January 2010***

This law will substantially reduce prison crowding in a number of ways. First, it enhances sentencing credits for many inmates by:

- Providing eligible inmates up to six weeks of credit per year for completion of approved programs.

- Providing all eligible parole violators who are returned to custody with one day of credit for each day served.

- Providing two days of credit for every one day served once the inmate is endorsed to transfer to a fire camp, rather than providing such credit only after the inmate actually participates in the camp.

- Providing a consistent rule of one day of credit for every day served for all eligible inmates, whether those inmates are on a waiting list for a full-time assignment, participating in college, or being processed in reception centers, so long as the inmate is discipline-free.

- Providing for one day of sentence credit for every day served in county jail from the time of sentencing. (Before SB 18 was passed, the law provided one day of credit for every two days served in county jail.)

Second, SB 18 creates new parole rules whereby parolees will not be returned to prison, placed on parole hold, or reported to the Board of Parole Hearings if they (1) are not a sex offender; (2) have not been committed to prison for a sexually violent offense; (3) have no prior conviction for a sexually violent offense; (4) have no convictions that are violent or serious; (5) have not been found guilty of a serious disciplinary offense during his or her current term of imprisonment; (6) are not a validated prison gang member or associate; (7) have not refused to accept parole conditions; and (8) have not been determined to pose a high risk to reoffend. Fewer inmates sent to state prison after they have been placed on parole reduces the prison population by eliminating revolving-door, short-term incarcerations.

Third, SB 18 (and subsequently enacted Senate Bill 678) provides for community-corrections programs that will provide funding to counties to implement and expand evidence-based programs for felony probationers, and to encourage probation success. Better local rehabilitation programs help probationers stay out of trouble and avoid future

sentences to state prison.

Fourth, SB 18 authorizes the California Department of Corrections and Rehabilitation (CDCR) to collaborate with the California Administrative Office of the Courts to establish and expand drug and mental health reentry courts for parolees. These courts allow parole violators to receive highly structured rehabilitative treatment in the community rather than being sent back to prison for their parole violations. The court proceedings feature a dedicated calendar, non-adversarial proceedings, and frequent drug and alcohol testing to ensure the best chance of parole success. *See, e.g.,* Cal. Penal Code § 3015 (Deering 2011). In late 2010, parole reentry courts had been successfully established in Los Angeles, San Francisco, Alameda, San Diego, Santa Clara, and San Joaquin counties.

Finally, SB 18 also increases the dollar threshold for numerous "wobblers" — crimes punishable as a misdemeanor or a felony depending on the amount stolen—so that fewer crimes would result in felony convictions and prison sentences. For example, Senate Bill 18, along with Assembly Bill 2372, which became effective September 30, 2010, changed the $400 threshold for grand theft to $950. *See, e.g.,* Cal. Penal Code § 487. Over 30 property crime thresholds were similarly raised.

***Thousands of Inmates Have Been Transferred to Out-of-state Facilities***

The State has reduced its in-state prison population by transferring inmates to out-of-state prisons. Currently, about 10,000 inmates are housed at out-of-state facilities. As in-state capacity increases, efforts will be made to reduce the number of out-of-state inmates.

***New Facilities Are Being Added Under Assembly Bill 900 (2007)***

Under AB 900, the State is currently planning, designing or constructing:

- A new 1.2 million square foot health-care facility in Stockton.

- New high-security prison facilities to be built on existing prison sites.

- New mental health facilities at the California Medical Facility and the California Institution for Women.

- Conversions of former juvenile facilities to adult facilities.
- New re-entry facilities.

(*See, e.g.,* Bed Plans, Nov. 6, 2009, Feb. 3, 2010, Feb. 18, 2010, Mar. 30, 2010, *Coleman* ECF Nos. 3724, 3794, 3805, 3830.) Some of these projects have been denied by the Legislature, but Defendants will seek reconsideration of those that they consider to be critical.

In addition to projects that will add design capacity, under AB 900, the State has completed and is planning upgrades that add health care treatment and clinical space.

***Senate Bill 1399, effective January 1, 2011***

This law establishes the requirements and definition of medical parole for inmates, and medical parole hearings have taken place or are pending. Cal. Penal Code §§ 2065, 3550.

***Senate Bill 1266, effective January 1, 2011***

This law authorizes the Secretary of the CDCR to offer female inmates, pregnant inmates, or primary caregiver inmates, participation in a voluntary alternative custody program in lieu of confinement in state prison. Cal. Penal Code § 1170.05.

***Assembly Bill 109, signed into law on April 4, 2011***

Once funded and implemented, AB 109 will dramatically reduce prison crowding by authorizing a realignment that will require tens of thousands of adult felons to serve their sentences under local authority. Under the law, counties will incarcerate, provide community supervision, and rehabilitate lower-level adult offenders, including non-serious, non-violent offenders who have not been convicted of a registrable sex crime. No State prisoners will be released early. The State will continue to incarcerate and provide parole supervision for more dangerous offenders, including those who commit serious, violent, or sexual crimes, and those who are revoked on parole after serving a life sentence. Significantly, AB 109 will:

- Generally punish some felons by imprisonment in county jail instead of in CDCR facilities. *See* AB 109, § 450, Cal. Penal Code § 1170(h)(1) ("a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment *in a county jail* for 16 months, or two or three years") (emphasis added).

- Transfer from the State to the counties the primary responsibility for monitoring certain classifications of offenders after release from state prison. *Id.*; AB 109, § 479, Cal. Penal Code tit. 2.05; § 3451(a) (categories of felony offenders subject to community supervision); *see also* § 3451(b) (persons whom CDCR will still supervise).

- Generally require that individuals returned to custody for violating their conditions of parole "serve any custody term in county jail." AB 109, § 470, Cal. Penal Code § 3000.09(e). Thus, thousands of felony offenders arrested for parole violations will not be returned to state prison. *Governor's Budget Summary 2011-12*, 23 (Jan. 10, 2011), http://www.ebudget.ca.gov/pdf/BudgetSummary/Realignment.pdf.

AB 109 will reduce State prison crowding as State inmates are released upon completing their terms and the flow of some new offenders is redirected to local custody. Defendants anticipate that this legislation will reduce the population of prisoners in California's adult facilities by tens of thousands.

///

///

### III. CONCLUSION

Today, in-state prison crowding stands at its lowest level in more than fifteen years, and will be further reduced through a number of measures, including a historic realignment of adult felons to local control. As required by the January 12, 2010 order, the State will continue to provide updates on its progress in reducing prison crowding.

DATED: June 7, 2011          HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Edmund G. Brown Jr., et al.

DATED:  June 7, 2011          KAMALA D. HARRIS
Attorney General of the State of California


By: /s/ Debbie Vorous
DEBBIE VOROUS
Deputy Attorney General
Attorneys for Defendants
Edmund G. Brown Jr., et al.

- 8 -