IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

               Plaintiffs,

v.

EDMUND G. BROWN JR., et al.,

               Defendants.

NO. C01-1351 TEH

ORDER GRANTING IN PART DEFENDANT'S MOTION TO CLARIFY OCTOBER 17, 2006 ORDER

     This matter comes before the Court on Defendant Edmund G. Brown Jr.'s motion to clarify the Court's October 17, 2006 order. Plaintiffs and the Receiver filed statements of non-opposition to the motion. Interested third party Service Employees International Union, Local 1000 ("SEIU") opposes the motion. After carefully reviewing the submitted written arguments, the Court finds oral argument to be unnecessary and now VACATES the hearing scheduled for August 29, 2011, and GRANTS IN PART Defendant's motion. The Court agrees with Defendant that it has the authority to clarify its prior orders but disagrees as to the impact of such clarification.

**BACKGROUND**

     This motion concerns the Court's October 17, 2006 order, which granted the Receiver's September 12, 2006 motion to waive state law to allow for increasing the salary ranges for certain positions relevant to the remedial phase of this case. The parties' September 26, 2006 responses to the motion expressed no opposition, although Defendants requested certain clarifications that the Court addressed in its order.

     The Court made the following "essentially undisputed findings":

        1. The recommended salary adjustments are appropriate and necessary to attract and retain qualified permanent, full-time, clinical employees within the CDCR, and without such

1. adjustments Defendants will be unable to address their chronically high vacancy rates in the area of medical health care.

2. Satisfactorily addressing the chronically high vacancy rates within CDCR's health care division is a necessary predicate to achieving a constitutionally adequate medical health delivery system.

3. Defendants have been given every opportunity to address this issue in a timely manner and are unable or unwilling to remedy the chronically high vacancy rates on their own and this inaction is clearly preventing the Receiver from developing or implementing a constitutionally adequate medical health care system and otherwise carrying out his duties as set forth in this Court's February 14, 2006 Order.

4. The requested waiver, as invited by Defendants, is necessary because there are no adequate alternatives that have been presented to the Court.

Oct. 17, 2006 Order at 10. The Court further concluded that:

> the Receiver has satisfactorily demonstrated that he has satisfied the standard for obtaining a waiver set forth in this Court's February 14, 2006 Order. Specifically, he has shown that he has "made all reasonable efforts to exercise his powers . . . in a manner consistent with California state laws" but that a "state law" or "state inaction" is "clearly preventing him from developing or implementing a constitutionally adequate medical health care system" and that "other alternatives are inadequate." *See* February 14, 2006 Order at Section II (D).

*Id.* at 10-11. Accordingly, the Court waived California Government Code sections 3516.5, 3517, 19816, 19826, 19829, 19832, and 19836, and title 2, section 599.681 of the California Code of Regulations, "*for the sole and limited purpose* of enabling the Receiver to direct the implementation, adjustment, and administration of the proposed salaries and structural changes to the pay system set forth in Exhibit 6 to the Receiver's Motion for Waiver." *Id.* at 11 (emphasis in original). The Court continued: "In granting this limited waiver, the Court clarifies that such waiver is not intended to relieve Defendants or the State of any of their duties and responsibilities under California law, including the obligation to collectively bargain regarding salaries." *Id.* Finally, in compliance with the Prison Litigation Reform Act of 1996, the Court found:

> that the above remedy is narrowly drawn to remedy the constitutional violations at issue, extends no further than necessary to correct a current and ongoing violation of a federal

2

> right, and is the least intrusive means necessary to correct these violations. The Court also is amply satisfied that this relief will impose no unnecessary burden on defendants and will have no adverse impact on either the safety of the public or the operation of the criminal justice system.

*Id.* at 11-12 (footnote omitted). The Court denied the Receiver's request for an on-going waiver of state law relating to salaries and instead ordered the Receiver to meet and confer with the parties if "the Receiver determines that additional salary modifications are necessary to achieve a constitutionally adequate medical health care system." *Id.* at 13.

The positions affected by the Court's October 17, 2006 order include positions in Bargaining Units 17 and 20, which are represented by the SEIU. The SEIU reached collective bargaining agreements with the Department of Personnel Administration ("DPA") in June 2006 as to these bargaining units. The memoranda of understanding ("MOUs") were approved by the California Legislature and then-Governor Arnold Schwarzenegger and became effective on September 6, 2006. The MOU for Bargaining Unit 17 provided that an "equity increase" of 7.5% shall be added to "the maximum salary rate" for all classifications in that unit effective January 1, 2007. Ex. B to SEIU's Req. for Judicial Notice at 73. Similarly, the MOU for Bargaining Unit 20 provided that 10% shall be added to "the maximum salary rate" for certain classifications in that unit, and that 5% shall be added to "the maximum salary rate" for other classifications, all effective January 1, 2007. Ex. C to SEIU's Req. for Judicial Notice at 77. Although the agreements became effective prior to the briefing on the Receiver's motion for waiver of state law, neither the Receiver's nor Defendants' briefing mentioned the future increases contained in these MOUs.

To date, DPA has not authorized payment of the above percentage salary increases because it has taken the position that the salary ranges in the Court's October 17, 2006 order superceded all previously negotiated salaries, including future increases not yet effective as of the date of the Court's order. SEIU subsequently filed a grievance, which was decided in SEIU's favor at arbitration. DPA then filed a petition to vacate the arbitration award in state court, but the state trial court found no grounds for doing so. The case is currently pending on appeal before the California Third District Court of Appeal.

3

**DISCUSSION**

As the October 17, 2006 order unambiguously stated, the increased clinical salaries required by that order were the least intrusive means of ensuring that clinical positions could be filled with qualified candidates, such that the level of care provided to California inmates could be brought to constitutional levels.[1] Thus, the Court agrees with Defendant's assertion that "the Receiver and this Court intended in 2006 to establish new salary ranges, above then-existing wages, that would be sufficiently high to fill clinical positions with qualified candidates, but at the least possible cost to the State." Reply at 7.

The intent of the Court's order was to replace all then-existing salary ranges with the new ranges proposed by the Receiver, as set forth in Exhibit 6 to the Receiver's September 12, 2006 motion. The Court was unaware at the time that any clinical salaries were due to be increased under collective bargaining agreements in January 2007 – less than three months later – and may well have denied those increases after such a short time had they been timely presented to the Court. For example, had Defendants requested clarification in their response to the Receiver's motion as to whether percentage salary increases due to become effective at a later date would be nullified by the Receiver's requested waiver of state law, the Court could have addressed the issue in a timely manner. However, no evidence of any such increases was presented to the Court, and the Court cannot now say that it intended to waive something of which it was unaware.

Defendant has submitted evidence with his motion that no further salary increases are necessary based on current vacancy rates in the positions at issue. Such evidence would be relevant if the Receiver were seeking a further waiver of state law to increase salaries, or if any party were requesting an order that salaries be raised, but neither is the case here. The Court did not and does not now approve any salary increases beyond those contained in Exhibit 6 to the Receiver's September 12, 2006 motion for waiver of state law, and no party

---

[1] Of course, while adequate staffing "is a necessary predicate to achieving a constitutionally adequate medical health delivery system," Oct. 17, 2006 Order at 10, increased staffing alone could not and has not remedied the constitutional violations at issue in this case.

4

has requested such an order, let alone made the required showing that such increases are required to remedy the constitutional issues in this case. However, the Court also did not and does not now prohibit any salary increases that are implemented consistent with state law.

Defendant's motion is GRANTED IN PART and DENIED IN PART consistent with the above discussion.

**IT IS SO ORDERED.**

Dated:  08/25/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT