IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER DENYING DEFENDANTS'<br>MOTION FOR SIX-MONTH<br>EXTENSION AND PLAINTIFFS'<br>MOTION FOR ORDER TO SHOW<br>CAUSE RE: CONTEMPT</u> |

    Defendants made clear in their November 15, 2012 population report that they anticipate missing the December 27, 2012 deadline for reducing the prison population to no more than 147% design capacity. They ask that the Court grant a six-month extension of the deadlines for both the 147% benchmark and the final 137.5% benchmark. They further ask that they not be required to file a benchmark report that explains their failure to achieve a reduction to 147% design capacity by December 27, 2012. *See* Jan. 12, 2010 Order at 5 (discussing requirements of reports to be filed within fourteen days of each benchmark

deadline). Plaintiffs oppose these motions and request that the Court order defendants to show cause why they should not be held in contempt for their anticipated failure to timely achieve the 147% benchmark.

On October 11, 2012, the Court ordered the parties to develop and submit to the Court by January 7, 2013, plans by which defendants will achieve the 137.5% benchmark by June 27 and/or December 27, 2013. As part of that process, the parties shall advise us in their January 7 submissions whether they can agree on a six-month extension of the final 137.5% benchmark. Accordingly, the Court DENIES defendants' present motion for such an extension as premature. If the parties cannot agree that the 137.5% benchmark deadline should be extended to December 27, 2013 – and, by extension, that the 147% benchmark deadline should be extended to June 27, 2013 – they shall include a discussion of their respective positions in their January 7 filings.

These filings – submitted either separately or, preferably, jointly – should outline how defendants will achieve the 137.5% benchmark (by both dates specified above, unless the parties have agreed to a six-month extension). The Court therefore GRANTS defendants' motion to waive the December 27, 2012 benchmark report due by January 10, 2013. While the Court is concerned that defendants have not done everything in their power to achieve the 147% benchmark, the Court is more interested at this time in the additional steps that defendants will take to achieve the final 137.5% benchmark. Defendants shall file their regular monthly report on or before January 15, 2013.

Finally, the Court DENIES plaintiffs' motion to begin contempt proceedings. Plaintiffs have cited no authority for issuing an order to show cause regarding contempt based on anticipated, rather than actual, noncompliance with a court order. Nor, given the Court's order to submit plans by January 7, 2013, are contempt proceedings appropriate at this time.

Defendants correctly observe that substantial progress has been made as a result of this Court's orders and the Supreme Court's affirmance of the population reduction order. However, much work remains to be done, and defendants must take further steps to achieve

2

full compliance.  The Court expects the parties' proposed plans to provide a specific means for doing so, while providing all the specific information called for in this Order as well as in the October 11, 2012 Order, including without limitation paragraph four of the October Order.

In the January 7, 2013 report, defendants shall also advise the Court of their present intentions with respect to returning out-of-state prisoners, including numbers and dates, as well as the effect on their compliance with the Court's orders of the enactment of Proposition 36.  Defendants shall provide such information in advance to plaintiffs so that plaintiffs may have the opportunity to comment on this portion of the defendants' separate report, unless such information is contained in a joint report.

It remains the Court's hope that the parties will submit jointly proposed plans, and the Court reiterates that the Honorable Peter Siggins remains available to assist the parties if they are unable to reach agreement on their own.

**IT IS SO ORDERED.**

Dated:   12/06/12

STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated:   12/06/12

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated:   12/06/12

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA