1
2
3          IN THE UNITED STATES DISTRICT COURT
4          FOR THE NORTHERN DISTRICT OF CALIFORNIA
5
6
7    MARCIANO PLATA, et al.,
8                        Plaintiffs,                    NO. C01-1351 TEH
9              v.                                       ORDER GRANTING IN PART
                                                        AND DENYING IN PART
10   EDMUND G. BROWN JR., et al.,                       PLAINTIFFS' MOTIONS FOR
                                                        DISCOVERY
11                       Defendants.
12

13          This matter came before the Court on February 19, 2013, on Plaintiffs' February 14,
14   2013 motion for discovery.  Because time was of the essence, the Court issued an order
15   ruling on the motion, as well as on an argument construed as an oral motion, later that same
16   day.  This order explains the Court's reasoning and also sets a schedule for expert disclosures
17   if Defendants opt to file a termination motion.

18
19   **BACKGROUND**
20          On September 5, 2012, this Court set a framework for transitioning away from the
21   Receivership and also ordered the court experts to begin evaluating the quality of care at
22   individual institutions.  On February 12, 2013, Defendants represented that they "will file a
23   termination motion in a few months" if they conclude that the ongoing expert evaluations
24   have not been completed "in a reasonable period" or the experts "lose sight of the governing
25   constitutional standards."  Defs.' Feb. 12, 2013 Response & Obj. to Jan. 29, 2013
26   *Plata/Coleman* Order at 1 (Docket No. 2529).
27          Plaintiffs "recently learned" that Defendants "hired physicians from Texas to evaluate
28   the medical care at California's prisons," and that these physicians were scheduled to visit

United States District Court
For the Northern District of California

two prisons between February 20 and 22, 2013.  Specter Decl. ¶¶ 3-4.  Plaintiffs' counsel

contacted Defendants' counsel on February 11 and again on February 13 to request

permission to accompany the Texas physicians on their prison tours.  *Id.* ¶ 5.  Defendants did

not respond to these requests, *id.* ¶¶ 5-6, and Plaintiffs subsequently filed a motion for

discovery to be heard on shortened time.  Plaintiffs requested that discovery be re-opened

and that Plaintiffs' counsel be allowed to accompany Defendants' hired consultants on their

prison tours.

On February 14, 2013, the Court granted Plaintiffs' request to hear the motion on

shortened time.  Defendants filed a timely opposition the following day.

At oral argument, the parties also discussed Defendants' request for their consultants

to meet with members of the Receiver's executive staff in the afternoon following the motion

hearing.  The Court construed that discussion as an oral motion by Plaintiffs to be allowed to

participate in any such meetings.

**DISCUSSION**

The Court addresses each of Plaintiffs' requests in turn below.

**I.      Plaintiffs' Motion to Re-Open Discovery**

First, Plaintiffs request that discovery be re-opened to allow them "an opportunity to

investigate the current conditions in the California state prisons" in anticipation of the

potential termination motion under consideration by Defendants.  Mot. at 2.  Plaintiffs'

request stems primarily from the Prison Litigation Reform Act's ("PLRA's") automatic stay

provisions, which provide that a motion to terminate injunctive relief operates as an

automatic stay beginning 30 or 180 days after such a motion is filed.[1]  18 U.S.C.

§ 3626(e)(2).

---

[1]The timing of the automatic stay depends on whether the motion is made under 18 U.S.C. § 3626(b)(1) or (2), in which case the stay begins 30 days after the motion is filed, or under "any other law," in which case the stay begins 180 days after the motion is filed. *Id.* § 3626(e)(2).  "The court may postpone the effective date of [either] automatic stay . . . for not more than 60 days for good cause." *Id.* § 3626(e)(3).

United States District Court

For the Northern District of California

1    The Court finds Plaintiffs' concerns about the time limitations imposed by the PLRA

2   to be reasonable, particularly since it is not clear under which provision Defendants might

3   file a motion to terminate.  The Court finds it would be fundamentally unfair to allow

4   Defendants an unlimited time to prepare for filing a motion while permitting Plaintiffs only

5   the time allowed by the PLRA's automatic stay – less the time required for a hearing and for

6   the Court to make a ruling – to prepare an opposition that will likely involve substantial

7   evidence.  As the parties are well aware, this is a complex case, and the Court anticipates

8   that, absent a stipulation, determining whether this case should be terminated will require a

9   detailed factual inquiry.  In addition, Defendants' counsel acknowledged at oral argument

10  that they were not arguing that Plaintiffs have no right to begin preparing for a potential

11  motion to terminate.[2]  Indeed, just as Defendants are entitled to hire consultants to review

12  prison conditions, so are Plaintiffs.  Accordingly, Plaintiffs' motion to re-open discovery is

13  GRANTED to allow Plaintiffs an opportunity to prepare for a potential termination motion at

14  the same time as Defendants.

15    The Court expects the parties to act reasonably while they conduct discovery and

16  anticipates that the parties, acting in good faith, will be able to resolve most, if not all,

17  discovery disputes without further intervention.  If the parties have a dispute that they cannot

18  resolve among themselves, they shall telephone the Court's courtroom deputy and request a

19  referral to a magistrate judge for discovery purposes.

20

21  **II.    Plaintiffs' Motion to Accompany Defendants' Consultants on Prison Visits**

22    Plaintiffs next request an order allowing Plaintiffs' counsel to attend all prison tours

23  by Defendants' consultants or experts.  Defendants object to this request on grounds that

24  granting it would intrude on privileged communications between Defendants' counsel and

25  their consultants.  For support, Defendants rely on Federal Rule of Civil Procedure

26  26(b)(4)(C), which protects communications between a party's attorney and designated

27

28    [2]Counsel argued only that accompanying Defendants' consultants on prison visits
should not be the basis for Plaintiffs' preparation.

1    expert witnesses except for three delineated areas, as well as a brief order from Magistrate

2    Judge Edmund Brennan relying on Rule 26(b)(4)(C) to deny a request similar to the one

3    Plaintiffs have made in this case. *Mitchell v. Cate*, Case No. 2:08-CV-01196 JAM EFB

4    (E.D. Cal.), Oct. 17, 2012 Order re: Discovery Dispute (Ex. A to Defs.' Req. for Judicial

5    Notice).[3]

6          At oral argument, Plaintiffs' counsel made clear that they do not intend to interfere

7    with any communications between Defendants' counsel and their consultants or experts, or

8    with any communications the consultants or experts may have among themselves.  Instead,

9    Plaintiffs' counsel intend merely to observe, as well as to be present in case any consultant or

10   expert wishes to speak to a member of the Plaintiff class whom counsel represents.

11         The Court rejects the *Mitchell* court's conclusory decision that accompanying experts

12   on a prison tour "would constitute an impermissible invasion into privileged communications

13   between Defendants, their counsel, and their expert consultants as they work together to

14   evaluate Plaintiffs' claims and prepare a defense, and would also violate the work-product

15   privilege," *id.* at 2, and Defendants have cited no other authority to support their position.  To

16   the contrary, Defendants' own position regarding their right to accompany Plaintiffs' counsel

17   on any prison visits demonstrates that Defendants do not themselves believe that observation

18   of a consultant's prison tours by opposing counsel violates any privilege.  Defendants'

19   counsel insist that they must be present for all prison tours by Plaintiffs' consultants or

20   experts – which would be barred by Rule 26 if the Court were to accept Defendants' position

21   in opposition to the instant motion.  Likewise, Defendants' counsel stated at oral argument

22   that they must attend Plaintiffs' monitoring visits because they represent prison staff who

23   have a right to have their attorney present when opposing counsel visit.  The same rationale

24   applies to Plaintiffs' counsel, who represent prison inmates with whom Defendants'

25   consultants may wish to speak.

26         Consequently, the Court finds good cause to GRANT Plaintiffs' motion to accompany

27   Defendants' consultants or experts on their prison visits.  All counsel will be permitted to

28
           _____
                [3]The Court grants Defendants' unopposed request for judicial notice.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  accompany all consultants and experts on prison tours, but opposing counsel shall not be

2  permitted to participate or listen in on any communications between retained consultants and

3  experts and their counsel, or between consultants and experts retained by the same party.

4  Reasonable notice of any prison visits by consultants or experts must be provided to

5  opposing counsel.[4]

6      In addition, to ensure that both parties have sufficient time for discovery if Defendants

7  file a motion to terminate, and given the restrictions of the PLRA's automatic stay

8  provisions, IT IS HEREBY ORDERED that:

9      1.  Defendants shall disclose the identity of any expert witnesses and provide expert

10  reports in compliance with Federal Rules of Civil Procedure 26(a)(2)(A)-(C) at least 120

11  days prior to filing any motion to terminate.

12      2.  Plaintiffs shall disclose the identity of any expert witnesses and provide expert

13  reports in compliance with Rules 26(a)(2)(A)-(C) no later than 14 days after Defendants'

14  expert disclosures.

15      3.  Expert discovery shall be completed within 120 days after Defendants' expert

16  disclosures.

17

18  **III.    Plaintiffs' Oral Motion to Accompany Defendants' Consultants in Meetings with**

19  **Receiver's Executive Staff**

20      Finally, the Court construed Plaintiffs' argument regarding meetings between

21  Defendants' consultants and the Receiver's executive staff as an oral motion that Plaintiffs'

22  counsel be permitted to attend such meetings.  These meetings do not have the client

23  concerns present during prison visits, and Defendants' counsel do not assert any right to

24  participate in meetings between the Receiver's staff and Plaintiffs' counsel, consultants, or

25  experts.  Plaintiffs have not persuaded the Court that good cause exists to grant their oral

26  _____

27      [4]The Court expects the parties to cooperate on what constitutes "reasonable notice."
Any disputes over whether notice was reasonable will be resolved by a magistrate judge.  If

28  the judge determines that notice provided for any particular prison visit was not reasonable,
then testimony based on that visit will not be permitted.

1  motion, and the motion is therefore DENIED.  Both parties' consultants, experts, and counsel

2  may communicate with the Receiver's executive staff without the presence of opposing

3  counsel.

4

5  **IT IS SO ORDERED.**

6

7  Dated:   02/21/13

8  THELTON E. HENDERSON, JUDGE
   UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California