PRISON LAW OFFICE
DONALD SPECTER #83925
STEVEN FAMA #99641
ALISON HARDY #135966
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621
ahardy@prisonlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR, et al.,<br><br>  Defendants. | No. C-01-1351 T.E.H.<br><br>AMENDED STIPULATION AND ORDER FOR COLLECTION OF UNDISPUTED ADDITIONAL ATTORNEYS' FEES AND COSTS FOR 2011 THROUGH FIRST QUARTER OF 2012<br><br>**IT IS SO ORDERED AS MODIFIED** |

On December 17, 2002, this Court established a procedure by which plaintiffs are to collect attorneys' fees and costs incurred in connection with the Stipulation for Injunctive Relief. This procedure requires plaintiffs' counsel to submit to defendants a quarterly statement of fees incurred in monitoring work, and permits defendants thirty (30) days from the receipt of plaintiffs' statement to notify plaintiffs of any disputed items. After the parties meet and confer on any of defendant's objections, counsel shall then prepare a stipulated order for payment of the fees not subject to defendants' objections. The Order also states that defendants shall have thirty (30) days from the entry of the order

Amended Stipulation and Order Re: Collection of Fees
*Plata v. Brown,* No. C-01-1351 T.E.H.

to pay the undisputed fees and that interest on any undisputed fees will run from the thirty-first day after the Order is filed, accruing at the rate provided by 28 U.S.C. § 1961.

Pursuant to this procedure, plaintiffs' counsel initially served billing statements to defendants for work performed during the second, third and fourth quarters of 2011 and for the first quarter of 2012. The parties reached stipulations for those quarters, and this Court entered those orders. See Docket Nos. 2489, 2431, 2441 and 2475.

Plaintiffs subsequently discovered, however, that the billing statements were incomplete for the period June 16, 2011, through March 31, 2012, as they omitted work performed for proceedings before the Three Judge Court. Because the parties had previously stipulated to delay plaintiffs' claims for Three Judge Court-related work pending the United States Supreme Court decision in this action (Dkt. No 2321), plaintiffs tracked those billings separately. Following the Supreme Court's decision, the parties reached a settlement for the pre-decision fees that covered plaintiffs' billings through June 15, 2011. (*See* Dkt. No. 2406.) Since the period covered by that order, plaintiffs counsel continued to record billing hours for Three Judge Court work separately from other *Plata* billing, and inadvertently omitted those hours from the quarterly billing statements submitted to defendants for *Plata* work. Plaintiffs explained this omission to opposing counsel, immediately after discovering it, in an email dated January 11, 2013.

Although this Court has previously entered orders approving the parties' stipulations for billing during the covered periods that settled those fees, under Rule 60(b)(1), a court may relieve a party from an order because of "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1), *In re Wagstaff*, 3 Fed.Appx. 612, 614 (9th Cir. 2001). When considering such relief, the Court should weigh "(1) the danger of prejudice to the adverse party; (2) the length of any delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith." *Wagstaff,* at 614. These factors favor relief from the previous orders in this instance.

Following a meet and confer, the parties agreed to payment of $15,239 in undisputed fees and costs billed by plaintiffs' counsel for work before the Three Judge Court on this action. This stipulation fully settles all costs and fees for this period.

WHEREFORE, defendants agree to pay plaintiffs' counsel $15,239 within 30 days of the signing of this Order. On the 31st day following the entry of this Order, interest on any unpaid amount will begin to accrue at the rate provided by 28 U.S.C. § 1961 (i.e., the weekly average 1 year constant maturity Treasury yield for the calendar week preceding the date of the Order.)

AGREED TO BY THE PARTIES:

Date: March 6, 2013

/s/
Alison Hardy
Attorney for Plaintiffs

Date:  March 6, 2013

/s/
Kyle A. Lewis
Supervising Deputy Attorney General
Attorney for Defendants

I, Alison Hardy, attest that Kyle Lewis signed this document on March 6, 2013.

**IT IS SO ORDERED.**

Date: _____03/07_____, 2013

Honorable Thelton E. Henderson
United States District Judge

Amended Stipulation and Order Re: Collection of Fees
*Plata v. Brown,* No. C-01-1351 T.E.H.            3