IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. 2:90-cv-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER REQUIRING LIST OF PROPOSED POPULATION REDUCTION MEASURES</u> |

    Concurrently with the filing of this order, this Court denies defendants' Motion to Vacate or Modify Population Reduction Order (*Plata* ECF No. 2506/*Coleman* ECF No. 4280). We reiterate that defendants must immediately take further steps to comply with this Court's June 30, 2011 Order, as amended on January 29, 2013 ("Order"), requiring defendants to reduce the overall prison population to 137.5% design capacity by December 31, 2013. To ensure that they do so, IT IS HEREBY ORDERED that:

    1.    Within 21 days of the date of this order, defendants shall submit a list ("List") of *all* prison population reduction measures identified or discussed as possible remedies in this Court's August 2009 Opinion & Order, in the concurrently filed Opinion & Order, or by

plaintiffs or defendants in the course of these proceedings (except for out-of-state prisoner housing, discussed in 2(g)).  Defendants shall also include on the List any additional measures that they may presently be considering.  Defendants shall list all of these measures in the order that defendants would prefer to implement them, without regard to whether in defendants' view they possess the requisite authority to do so.  For each measure, defendants shall include the following information:

      a.    Defendants' best estimate as to the extent to which the measure would, in itself, assist defendants in reducing the prison population to 137.5% design capacity by December 31, 2013, including defendants' best estimate as to the number of prisoners who would be "released," *see* 18 U.S.C. § 3626(g)(4), as a result of the measure.  If the measure permits retroactive application, defendants shall include two sets of estimates – one calculated on the basis of applying the measure prospectively only, and the other calculated on the basis of applying the measure both prospectively and retrospectively.

      b.    Whether defendants, including Governor Edmund G. Brown Jr., currently possess the authority to implement the measure and, if not, what action or actions must be taken by the Legislature or any administrative body or agency before defendants may implement the measure and, if such action or actions have not yet been taken, which specific constitutional provisions, statutes, regulations, or rules must be amended, modified, or waived in order for defendants to be able to implement the measure.

      c.    If defendants must obtain further authorization to implement the measure, the latest date by which that authorization must be obtained for the measure to have a substantial effect on defendants' ability to comply with the Order.

      d.    A list of specific steps necessary to implement the measure, other than those related to obtaining the necessary authorization, and the dates by which these specific steps must be taken for the measure to have a substantial effect on defendants' ability to comply with the Order.

//

//

2

2. Within 21 days of the date of this order, defendants shall submit a plan ("Plan") for compliance with the Order. This Plan shall identify measures from the List that defendants propose to implement, without regard to whether in defendants' view they possess the requisite authority to do so. The Plan shall include a number of additional measures (contingency measures) should any of these measures prove infeasible or fail to meet the anticipated numbers. Defendants shall also include the following information regarding the Plan:

    a. *For each measure in the Plan as to which defendants currently possess the requisite authority*: the dates by which the specific steps to implement the measure will be taken, and the person or persons responsible for taking each step.

    b. *For each measure in the Plan as to which defendants currently lack the requisite authority*: the necessary authorization, approval, or waivers, including listing the specific constitutional provisions, statutes, regulations, or rules involved.

    c. *For each measure in the Plan*: defendants' best estimate as to the extent to which the measure would assist defendants in reducing the prison population to 137.5% design capacity by December 31, 2013, including defendants' best estimate as to the number of prisoners who would be "released" as a result of the measure.

    d. *For the Plan as a whole but excluding contingency measures*: defendants' best estimate as to the total number of prisoners who would be "released" and defendants' best estimate as to the remaining prisoner population as a percentage of design capacity. These estimates shall not double count prisoners who may fall within more than one measure.

    e. *For the measures included in the List but not in the Plan*: defendants' reasons, excluding lack of authority, why they do not propose to implement these measures. Other reasons that shall be excluded are all reasons that were previously offered at the trial leading to this Court's August 2009 Opinion & Order and rejected in that Opinion & Order.

    f. An explanation of how the measures in the Plan would, individually and collectively, provide a durable solution to the problem of prison overcrowding, such that the

prison population would be sustained at a level at or below 137.5% design capacity beyond the December 31, 2013 deadline.

      g.      If defendants wish to include in the Plan a measure relating to slowing or eliminating the return of inmates being housed in out-of-state prisons, they shall include an estimate regarding the extent to which this measure would assist defendants in reducing the prison population to 137.5% design capacity by December 31, 2013.  They shall also explain the effect on durability of failing to return the number of prisoners anticipated to be returned in the Blueprint during the current year, and in particular whether those prisoners and other out-of-state prisoners will be added to the prison population in future years.

3.      All defendants, including the Governor, shall use their best efforts to implement the Plan.

      a.      *For each measure in the Plan as to which defendants currently possess the requisite authority*: Defendants shall immediately commence taking the steps necessary to implement the measure.

      b.      *For the remaining measures in the Plan*: Defendants shall forthwith attempt in good faith to obtain the necessary authorization, approval, or waivers from the Legislature or any relevant administrative body or agency.

4.      Following the filing of the List and the Plan, defendants shall include in their monthly status reports the following information:

      a.      *For each measure in the Plan as to which defendants currently possess the requisite authority*: the steps that have been taken towards such implementation.  If any step has not been taken by its intended date (as provided for in 2(a)), defendants shall explain the reasons and list specific steps, including revised dates and persons responsible, such that the measure will be implemented in time to have a substantial effect on defendants' ability to comply with the Order.  "Reasons" shall not include any explanation that challenges the validity of this Court's orders or the necessity of defendants' compliance.

        b.     *For the remaining measures in the Plan*: all actions that have been taken by defendants, including the Governor, to obtain the necessary authorization, approval, or waivers from the Legislature or any relevant administrative body or agency, and the specific actions taken by the Legislature or the administrative body or agency in response, if any.

      5.     Two years ago, the Supreme Court stated: "The three-judge court, in its discretion, may also consider whether it is appropriate to order the State to begin without delay to develop a system to identify prisoners who are unlikely to reoffend or who might otherwise be candidates for early release." *Brown v. Plata*, 131 S. Ct. 1910, 1947 (2011). We have inquired about defendants' ability to develop such a system, and they have advised us that they are able to do so. Defs.' Resp. to Sept. 7, 2012 Order at 5 (*Plata* ECF No. 2479/ *Coleman* ECF No. 4243). Given the passage of time and defendants' failure to take all steps necessary to comply with our Order thus far, we now order defendant to develop a system to identify prisoners who are unlikely to reoffend or who might otherwise be candidates for early release, to the extent that they have not already done so. If defendants fail to reduce the prison population to 137.5% design capacity in a timely manner, this system will permit defendants to nevertheless comply with the Order through the release of low-risk prisoners. Accordingly, defendants shall design the system such that it will be effective irrespective of defendants' partial or full implementation of some or all of the measures in the Plan. Within 100 days of the date of this order, defendants shall submit a report to this Court regarding the actions taken thus far regarding this identification system, its current status as of that date, and – if the system is not yet fully developed – defendants' best estimate as to when it will be fully developed.

//
//
//
//
//

For the purposes of this order, the term "defendants" shall refer to each defendant, individually and collectively.

**IT IS SO ORDERED.**

Dated: 04/11/13

STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 04/11/13

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 04/11/13

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA