1

2

3

4                      IN THE UNITED STATES DISTRICT COURT

5                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8    MARCIANO PLATA, et al.,

9                        Plaintiffs,                    NO. C01-1351 TEH

10                  v.                                   ORDER EXTENDING TIME FOR
                                                        COURT EXPERTS TO
11   EDMUND G. BROWN JR., et al.,                       COMPLETE WRITTEN
                                                        EVALUATIONS
12                       Defendants.

13

14        On September 5, 2012, this Court ordered the three court experts to "complete a

15   written evaluation of any institution that receives an overall third-round OIG [Office of

16   Inspector General] score of 85% as soon as feasible, and no later than six months after the

17   publication of the OIG report awarding that score."  Sept. 5, 2012 Order re: Receivership

18   Transition Plan & Expert Evaluations at 9.  The Court further provided that "[e]valuations

19   may, at the Receiver's and experts' discretion, also be scheduled at institutions that have

20   received overall OIG scores of between 75% and 85% in any round of the OIG inspections."

21   *Id.*  The Court anticipated the potential need for additional expert staff:

22
             The court experts and the Receiver, in consultation with the
23           parties, shall consider whether appointment of additional experts
             or hiring of other clinical personnel is necessary or desirable.
24           Any proposed additional experts or personnel, along with
             proposed hourly rates, shall be presented to the Court for
25           approval, preferably by stipulation.  All such individuals shall
             follow the methodology adopted by the three original court
26           experts when conducting their evaluations.

27   *Id.* at 10.

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    To date, the experts have timely completed written evaluations of four institutions.

2    The experts have requested, and the Receiver and Plaintiffs have agreed to, the appointment

3    of several additional clinical personnel to work under direction of the three original court

4    experts.  The primary impetus for the request has been the unexpected pace at which

5    institutions have been receiving OIG scores of 85% or higher.[1]  Defendants have not agreed

6    to the request, and the Receiver has recommended that the Court appoint all of the requested

7    additional personnel over Defendants' objections.

8    Upon careful consideration, this Court declines to adopt the Receiver's

9    recommendation.  As Defendants have observed, ensuring that all three of the original court

10   experts evaluate each institution will promote uniformity among the evaluations, and the

11   Court has confidence that the three experts will continue to produce detailed, comprehensive

12   evaluations that will assist the Court and the parties in determining how to move this case

13   forward.  Declining to appoint additional experts also has the potential to save Defendants

14   money, if the experts are ever able to recommend to the Court that a "particular overall OIG

15   score or set of sub-scores is sufficient to establish the adequacy of care without a subjective

16   evaluation," or they "conclude that they need not examine every institution individually to

17   determine that the overall system is adequate."  *Id.*  However, the trade-off in having fewer

18   expert staff and therefore greater consistency is delay; it is not possible for the three experts

19   to conduct thorough investigations of all institutions within the original six-month time

20   frame.  In this instance, the Court defers to Defendants' choice of potential monetary savings

21   over expediency.

22   Accordingly, with good cause appearing, IT IS HEREBY ORDERED that no

23   additional expert staff will be appointed at this time.  IT IS FURTHER ORDERED that the

24   six-month deadline for the experts to complete their written evaluations is VACATED.  The

25

26   [1]Unfortunately, as demonstrated by the court experts' review of R.J. Donovan
     Correctional Facility, these relatively high OIG scores do not mean, in all cases, that inmates
27   at those institutions are receiving adequate care.  Given this disconnect, it may be helpful for
     the OIG to meet with the court experts with the goal of refining the OIG audit instrument to
28   more accurately measure the adequacy of care.

1    experts shall proceed as quickly as possible to complete their evaluations of individual

2    prisons.  Any disputes over the timing of the court experts' evaluations will be mediated by

3    the Receiver.

4

5    **IT IS SO ORDERED.**

6

7    Dated:   04/18/13

                                          THELTON E. HENDERSON, JUDGE
8                                         UNITED STATES DISTRICT COURT

**United States District Court**

For the Northern District of California

3