UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCIANO PLATA, and others,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, and others,<br><br>　　　　Defendants. | Case No. 01-cv-01351 TEH (NC)<br><br>**ORDER DENYING PLAINTIFFS' REQUESTS FOR ADMISSIONS**<br><br>Re: Dkt. No. 2676 |

　　　　The long history of this case about medical care in California prisons is well-known to the parties, so a short summary of the discovery dispute presented will suffice. On February 14, 2013, plaintiffs filed an emergency motion seeking to re-open discovery. The stated purpose of the request was that defendants intended to move for termination of the court orders in this case imminently, and plaintiffs therefore needed "an opportunity to investigate the current conditions in the California state prisons." Dkt. 2534 at 2. The district court granted plaintiffs' motion, allowing plaintiffs "an opportunity to prepare for a potential termination motion at the same time as Defendants." Dkt. 2542 at 1; Dkt. 2546 at 3.

　　　　Plaintiffs then served two requests for admissions. The requests ask Governor Brown to admit that two newspaper articles "accurately reflect" statements he made. Plaintiffs later specified that the statements at issue are as follows:

1. "During the life of these lawsuits, the prison health care budget has gone from $700 million to $2 billion. . . . That money is coming out of the university, it's coming out of child care. It's a situation you wouldn't dream anyone would want."

2. Gov. Jerry Brown said Friday his administration will not comply with a federal court order rejecting his effort to avoid reducing California's prison population, pledging to litigate "until the Supreme Court tells us that we're not on the right track."

Defendants object to the requests on several grounds: (1) the requests are not relevant to the constitutionality of the prison health care system and are not reasonably calculated to lead to the discovery of admissible evidence; and (2) the requests are harassing and burdensome. On the burden objection, defendants assert that the Governor speaks to the press almost daily, and requiring him to admit what he said would be unfair. Furthermore, newspaper articles about the Governor's statements are self-authenticating under Federal Rule of Evidence 902(6), so it should not be necessary for the Governor to formally admit the statements.

This dispute is resolved through a straightforward application of the Federal Rules of Civil Procedure. Rule 36 permits a party to request another party to admit the truth of facts of any matters within the scope of Rule 26(b)(1). Rule 26(b)(1), in turn, permits discovery of nonprivileged matter that is relevant to a claim or defense. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Here, the requested admissions are not relevant because they are outside the scope of the discovery that the plaintiffs requested and the court permitted. Specifically, plaintiffs requested "an opportunity to investigate the current conditions in the California state prisons." The Governor's statements to the press about the prisons are not probative of the actual conditions of the prisons. The court might take judicial notice that the Governor has made many statements to the press about California's prisons. As the saying goes, talk is cheap. The imminent termination motion will not be decided based on press conferences, but rather by evidence from the prisons.

1     In sum, because the requested admissions seek information that is not relevant, the
2 defendants were justified in objecting. The plaintiffs' motion to compel answers to the
3 requests is therefore denied.
4     Under Federal Rule of Civil Procedure 72, any party may object to this
5 nondispositive ruling, but must do so within fourteen days of being served with the order.
6     IT IS SO ORDERED.

8     DATE: July 25, 2013

    NATHANAEL M. COUSINS
9     United States Magistrate Judge

Case No. 01-cv-01351 TEH (NC)
ORDER DENYING REQUESTS
FOR ADMISSIONS     3