IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER RESPONDING TO DEFENDANTS' REQUEST FOR CLARIFICATION AND MODIFYING STATUS REPORT REQUIREMENTS |

Defendants request that this Court clarify the extent to which our June 20, 2013 Order waives state laws. *See* Defs.' Request for Clarification (ECF. No. 2674/4686). This Court hereby provides such clarification by reiterating that all state laws that impede the implementation of the Amended Plan and any authorized substitutions to that Plan, *see* June 20, 2013 Op. & Order at 48-50 (ECF No. 2659/4662), are waived. As we stated in our Order:

> To the extent that any . . . state or local laws or regulations impede the immediate implementation of the Amended Plan, we waive [them] and direct defendants to provide us with a list of such laws and regulations within 20 days of this Opinion &

> Order. Our purpose for waiving these laws and regulations is to enable defendants to implement or commence implementation of all measures in the Amended Plan immediately. We will therefore not accept as a reason for non-compliance any contention that our Order failed to waive the necessary laws or regulations. Defendants must act forthwith as if they have full legal authorization to do so.

*Id.* at 44. This waiver includes all laws and constitutional provisions that defendants cite in their Request for Clarification as restricting the expenditure of state funds without legislative appropriation and as impeding the early release of prisoners. *See* Defs.' Request for Clarification at 1-2.

This Court emphasizes, however, that the waiver applies *only* to the extent that the laws impede the implementation of the Amended Plan including the authorized substitutions to that Plan as specified in our June 20 Order. It does not serve to waive statutory and constitutional requirements as to any measures not in the Amended Plan including authorized substitutions to that Plan. For example, the waiver extends to "slowing the return" of 3,569 out-of-state prisoners, as that measure is included in the Amended Plan. June 20, 2013 Op. & Order at 28-29. It does not apply to transferring *more* prisoners to out-of-state facilities, as that measure is neither in the state's Plan for compliance, submitted on May 2, 2013, nor in the List the state submitted on that same date of all measures discussed over the course of this litigation. *See* Defs.' Resp. to Apr. 11, 2013 Order (ECF No. 2069/4542). Defendants state in their Request for Clarification that "[d]efendants construe the June 20 order as providing the necessary authorization for Defendants to implement all aspects of the amended court-ordered plan . . . [n]otwithstanding the absence of any specific authorization under state law." Defs.' Req. for Clarification at 3. Defendants are correct. This Court's June 20 Order provides the necessary authorization for implementation of the Amended Plan and the authorized substitutions to that Plan – and not for any other action.

//
//
//
//

2

1 In the future, if defendants conclude that other laws need to be waived in order to
2 allow them to comply with our June 20 Order, they shall submit a list of such laws forthwith.
3 They need not, however, wait for "clarification," as we have already stated that all laws that
4 impede the implementation of our June 20 Order are waived. *See* June 20, 2013 Op. & Order
5 at 44.

6 The Court modifies defendants' reporting requirements as follows: Defendants shall
7 submit a report by **September 16, 2013**, informing us of their estimate of the prison
8 population as of the then-current date and as of December 31, 2013, and how they plan on
9 reaching the 137.5% design capacity ratio by the latter date. Specifically, defendants shall
10 report: (1) the status of the Low Risk List; (2) which measures of those allowed by our
11 June 20 Order they have chosen to implement; (3) how they plan on implementing those
12 measures by December 31, 2013; (4) the number of prisoners each measure selected will
13 directly affect, and the extent to which each such measure will serve to reduce the prison
14 population; and (5) any unexpected change to the prison population that will require further
15 action within the Amended Plan and authorized substitutions. Defendants shall continue to
16 submit biweekly reports thereafter updating this Court on that information and on any
17 changes thereto.[1]
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27
28 [1]Defendants shall also submit the biweekly reports due on August 15 and 29 as previously ordered in our June 20 Opinion & Order.

3

No effort to reduce the prison population by measures other than those authorized in the June 20 Order shall serve to excuse the failure to reduce the prison population to 137.5% design capacity by December 31, 2013. Nor will we "accept as a reason for non-compliance [with that Order] any contention that our Order failed to waive the necessary laws or regulations." *Id.* at 44.

**IT IS SO ORDERED.**

Dated: 08/09/13

STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 08/09/13

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 08/09/13

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA