FUTTERMAN DUPREE DODD CROLEY MAIER LLP
MARTIN H. DODD (104363)
180 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone:  (415) 399-3840
Facsimile:   (415) 399-3838
mdodd@fddcm.com

*Attorneys for Receiver*
J. Clark Kelso

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> *Defendants*. | Case No. C01-1351 TEH <br><br> **JOINT REQUEST FOR ORDER AUTHORIZING REFEEDING UNDER SPECIFIED CONDITIONS OF HUNGER STRIKING INMATE-PATIENTS AND ORDER THEREON** |

Plaintiffs, Defendants, and Receiver J. Clark Kelso ("Receiver") (collectively, the "Parties" and individually, a "Party")), by and through their respective attorneys, hereby submit this Joint Request for an order substantially in the form set forth below which authorizes the refeeding under specified conditions of inmate-patients who are participating in a current hunger strike.

1. On or around July 8, 2013, a very large number of inmates throughout the California prison system began refusing meals in connection with a hunger strike.  Since that time, the number of inmates refusing meals has dropped dramatically.  As of August 19, 2013, a core of approximately 129 inmates, of whom 69 have participated in the strike since the beginning, are currently refusing meals.  The hunger strikers are spread across six prisons (Centinela State Prison ("CEN"), California Men's Colony ("CMC"), California Medical Facility (CMF), Corcoran State Prison ("COR"), Pelican Bay State Prison ("PBSP") and,

Sacramento State Prison ("SAC").

2. A widespread, orchestrated hunger strike poses significant challenges in the prison setting and presents difficult, sometimes conflicting, policy questions concerning institutional safety and security, inmate-patient autonomy over their person and the receipt of medical treatment, the ability of medical staff to monitor and provide adequate care to striking inmates and medical ethical requirements pertaining to the protection of patients from harm while respecting patient autonomy.  See generally *Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261(1990); *Thor v. Superior Court*, 5 Cal. 4th 725 (1990).

3. California Correctional Health Care Services ("CCHCS") has adopted Policy 4.22.2 (the "Mass Hunger Strike Policy") which was intended to address at what point, and under what conditions, from a medical ethical standpoint, medical staff may attempt refeeding of hunger striking inmates.  The Mass Hunger Strike Policy is attached hereto as Exhibit A.

4. Experience has shown, however, that the Mass Hunger Strike Policy in its current form may be insufficiently flexible or detailed to address a number of issues posed by the hunger strike.  Among other things, CDCR is concerned that it does not account for security and safety concerns. Medical staff are concerned that it does not provide sufficient guidance with respect to when clinicians may refeed in the face of possible, but uncertain, coerced participation in the strike or coerced execution of "do not resuscitate" directives.  Plaintiffs' counsel is concerned that it may not provide adequate guidance regarding respecting inmate-patient autonomy.

5. The Parties have met and conferred and agree that the interests of the Parties, including medical and custodial staff, will be best advanced and protected during the current strike if the Court establishes appropriate conditions for when refeeding may occur and further agree that, as discussed in Paragraph 6 of this Joint Request, the Court may enter an order substantially in the form set forth below.

6. The Parties affirmatively agree to the provisions of paragraphs one and two of the proposed order below.  CDCR has requested, and the Receiver does not oppose, inclusion

of paragraph three in the order.  Plaintiffs do not object to the inclusion of paragraph three, provided that the order applies only to the current hunger strike and that following the strike CCHCS undertakes to revise the Mass Hunger Strike Policy to avoid the necessity of requesting ad hoc revisions from the Court under the pressured and difficult circumstances presented by a hunger strike.  Both CDCR and the Receiver agree that the conditions proposed by Plaintiffs are reasonable and may be included in the order.

7. The Parties also agree that, in making this joint request for the order set forth below, they are not waiving any arguments they may have made or may make in support of or in opposition to a request to refeed inmates during the current hunger strike or their right to object to any future hunger strike policy or the application thereof to a future hunger strike and are not agreeing to the authorization of refeeding, or to the conditions under which refeeding may be undertaken, during any future hunger strike.

Dated:  August 19, 2013            FUTTERMAN DUPREE DODD CROLEY MAIER LLP

By: _____/s/ Martin H. Dodd_____
    Martin H. Dodd
    Attorneys for Receiver J. Clark Kelso

Dated:  August 19, 2013            KAMALA D. HARRIS
                                   Attorney General of the State of California

By: _____/s/ Patrick McKinney_____
    Patrick McKinney

HANSON BRIDGETT LLP

By: _____/s/ Walter R. Schneider_____
    Walter R. Schneider
    Attorneys for Defendants

Dated: August 19, 2013             PRISON LAW OFFICE

By: _____/s/ Donald Specter_____
    Donald Specter
    Attorneys for Plaintiffs

ORDER

The Court having considered the Parties' Joint Request for an order authorizing refeeding under specified conditions of hunger striking inmates, and good cause appearing, IT IS HEREBY ORDERED that:

1. If the Chief Medical Executive ("CME") at an affected prison determines, to a reasonable degree of medical certainty, that a hunger striker is at risk of near-term death or great bodily injury in the absence of intervention or has become incompetent to give consent or make medical decisions, refeeding or other lifesaving measures may commence immediately without need of a further court order, provided that the hunger striker has not previously executed a valid "do not resuscitate" directive.

2. For purposes of this order, a previously executed "do not resuscitate" directive will not be considered valid if a) the CME, reasonably and in good faith, determines it was the result of coercion or otherwise not the product of the hunger striker's free will when executed; b) a court has determined the directive is invalid as a matter of law; or c) the hunger striker, or an attorney-in-fact for the hunger striker acting pursuant to a properly executed power of attorney, revokes such directive.

3. In addition, in view of the risk that inmates may be or have been coerced into participating in the hunger strike, for purposes of this order a 'do not resuscitate' directive executed by a participant in the hunger strike at or near the beginning of or during the strike will be deemed not valid.

4. This Order is applicable only to the refeeding of inmate-patients during the hunger strike which commenced on July 8, 2013, as described more fully in the Parties' joint request, and CCHCS is ordered to review and, if appropriate, revise the Mass Hunger Strike

//
//
//
//
//

Policy to address the issue of refeeding of hunger striking inmates in any future mass hunger strike.

IT IS SO ORDERED.

Dated: _____08/19_____, 2013          By: _____
                                          Hon. Thelton E. Henderson
                                          United States District Judge