# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCIANO PLATA, and others,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN JR., and others,<br><br>　　　　Defendants. | Case No. 01-cv-01351 TEH (NC)<br><br>**ORDER ON JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 2711 |

　　　The parties are familiar with the long procedural history in this case involving medical care in California prisons, so the Court will only recap recent events. On February 14, 2013, plaintiffs filed an emergency motion seeking to re-open discovery. The stated purpose of the request was that defendants intended to move for termination of the court orders in this case imminently, and plaintiffs therefore needed "an opportunity to investigate the current conditions in the California state prisons." Dkt. 2534 at 2. The district court granted plaintiffs' motion, allowing plaintiffs "an opportunity to prepare for a potential termination motion at the same time as Defendants." Dkt. 2542 at 1; Dkt. 2546 at 3.

　　　Defendants then served on Plaintiffs interrogatories and requests for production of documents. The parties filed a joint letter brief on September 13, 2013, outlining a dispute

regarding Plaintiffs' responses and objections to Defendants' interrogatories and requests for production. In the letter, Defendants ask the Court: 1) to compel Plaintiffs to supplement their interrogatories to name all witnesses that Plaintiffs intend to rely upon in opposing a future motion to terminate; and 2) to find that Plaintiffs waived their privilege objection based on Plaintiffs' initial responses to interrogatories and requests for production, and therefore to compel production of all withheld materials. Defendants' requests are GRANTED in part and DENIED in part.

Federal Rule of Civil Procedure 26 sets forth limits on the scope and frequency of discovery. Fed. R. Civ. P. 26(b)(1), (2). Rule 26(b)(2)(C) instructs that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Here, the Court finds that it is premature to compel Plaintiffs to name all potential witnesses they may rely upon in opposing a future motion to terminate. Considering the Defendants' access to information regarding inmates and CDCR staff, the currently hypothetical nature of a motion to terminate, and the volume of letters that the Prison Law Office receives from inmates, the Court finds that the burden on Plaintiffs to identify prisoners and CDCR staff outweighs the potential benefit to Defendants. At the hearing held on September 25, 2013, Plaintiffs' counsel explained the process by which Defendants receive notification of any inmate writing to Prison Law Office complaining of an unaddressed medical problem. Plaintiffs are ORDERED to supplement their interrogatories within 14 days by providing a written description of this process. The Court notes that it may become appropriate to disclose the identity and contentions of potential witnesses at a later date, when claims surrounding a motion to terminate have crystalized.

The Court also finds that Plaintiffs have not waived objections of privilege. Given the burden involved with logging each and every letter that Prison Law Office receives

1  from its clients, the Court finds a categorical privilege log was appropriate. *See PostX*
2  *Corp. v. Secure Data Motion*, No. 02-cv-04483 SI, 2004 WL 2623234, at *1 (N.D. Cal.
3  June 9, 2004) (citing *SEC v. Thrasher*, No. 92 CIV. 6987 (JFK)), 1996 WL 125661, at *1
4  (S.D.N.Y. March 20, 1996) (finding categorical privilege log appropriate where identifying
5  each withheld document "would be unduly burdensome and … the additional information
6  to be gleaned from a more detailed log would be of no material benefit to the discovering
7  party in the assessing whether the privilege claim is well grounded."). Therefore,
8  Defendants' request that all withheld letter be produced due to waiver of privilege is
9  DENIED.
10     Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

12     IT IS SO ORDERED.
13     Date: September 30, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 01-cv-01351 TEH (NC)
ORDER ON JOINT DISCOVERY   3
LETTER BRIEF