IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

           Plaintiffs,

v.

EDMUND G. BROWN JR., et al.,

           Defendants.

NO. C01-1351 TEH

ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S JULY 25, 2013 ORDER

Plaintiffs moved to compel responses to requests for admission that asked the Governor:

> to admit the accuracy of statements ascribed to him in articles published by the Sacramento Bee newspaper. Plaintiffs later specified that the statements at issue were as follows:
>
> 1. "During the life of these lawsuits, the prison health care budget has gone from $700 million to $2 billion. . . . That money is coming out of the university, it's coming out of child care. It's a situation you wouldn't dream anyone would want."
>
> 2. Gov. Jerry Brown said Friday his administration will not comply with a federal court order rejecting his effort to avoid reducing California's prison population, pledging to litigate "until the Supreme Court tells us that we're not on the right track."

July 17, 2013 Joint Letter Br. at 1 (ECF No. 2676). On July 25, 2013, Magistrate Judge Nathanael Cousins denied Plaintiffs' motion. He concluded that:

> [T]he requested admissions are not relevant because they are outside the scope of the discovery that the plaintiffs requested and the court permitted. Specifically, plaintiffs requested "an opportunity to investigate the current conditions in the California state prisons." The Governor's statements to the press about the prisons are not probative of the actual conditions of the prisons. The court might take judicial notice that the Governor has made many statements to the press about California's prisons. As the saying goes, talk is cheap. The imminent termination motion will not be decided based on press conferences, but rather by evidence from the prisons.

July 25, 2013 Order Denying Pls.' Req. for Admis. at 2 (ECF No. 2685).

Plaintiffs timely moved for relief from the magistrate judge's order, and the parties filed timely briefs in response to this Court's August 21, 2013 order. Plaintiffs have abandoned their request as to the second statement and seek only to compel a response to the request for admission as to the first statement listed above. This Court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Court cannot make those findings here. First, the magistrate judge correctly noted that Plaintiffs requested that discovery be reopened because they "must have an opportunity to investigate the current conditions in the California state prisons." Feb. 14, 2013 Pls.' Mot. for Disc. at 2 (ECF No. 2534). Second, it was not clear error for the magistrate judge to conclude that "statements to the press about the prisons are not probative of the actual conditions of the prisons." Third, even if the Court were to accept Plaintiffs' contentions that discovery should extend beyond the current conditions of the prisons, what the Governor says to the press is still not relevant. As the magistrate judge properly concluded, "[t]he imminent termination motion will not be decided based on press conferences, but rather by evidence from the prisons."

The gravamen of Plaintiffs' motion appears to be not this particular request for admission but, instead, that Defendants are refusing to provide other discovery based on the magistrate judge's order. Those issues are not before the Court, and if Plaintiffs seek to compel responses to other discovery requests, they must first present those disputes to the magistrate judge. Any disputes over the scope of permissible discovery should also be brought before the magistrate judge in the first instance.

**IT IS SO ORDERED.**

Dated: 10/02/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2