UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | Case No. 01-cv-01351-TEH<br><br>**ORDER MODIFYING REBUTTABLE PRESUMPTION UPON DELEGATION BY RECEIVER** |

As part of the plan for transitioning away from the Receivership, this Court ordered that, "[a]fter the OIG releases each medical inspection report, the Receiver shall determine whether that institution is suitable for return to CDCR control," and, if he finds that it is, "will execute a revocable delegation of authority to the Secretary of CDCR to take over management of that institution's medical care program." Mar. 10, 2015 Order Modifying Receivership Transition Plan at 5. The Court further ordered that "[a] revocable delegation will create a rebuttable presumption that care at the institution has reached a level of constitutional adequacy." *Id.* at 6.

The Court now modifies the rebuttable presumption to clarify that systemic problems will not prevent delegation as long as those problems are being adequately addressed. For example, the Healthcare Facilities Improvement Program ("HCFIP") has not been completed at any institution, and these facilities upgrades are necessary to provide adequate care sustainably. However, the ongoing nature of HCFIP, or other improvement initiatives such as the implementation of an electronic health record system, should not prevent delegation of an institution by the Receiver. Accordingly, Paragraph 4(b) of the March 10, 2015 order is hereby modified to read: "A revocable delegation will create a rebuttable presumption that care at the institution has reached a level of constitutional adequacy, subject to the completion of ongoing statewide or institution-specific initiatives to correct systemic deficiencies."

1    The Court finds that, in conjunction with the March 10, 2015 order, this order is
2 narrowly drawn, extends no further than necessary to correct the violation of Plaintiffs'
3 constitutional rights concerning inmate medical care, and is the least intrusive means
4 necessary to correct the violation of those rights.

6 **IT IS SO ORDERED.**

8 Dated:   05/27/15                              _____
                                                 THELTON E. HENDERSON
9                                                United States District Judge