FUTTERMAN DUPREE DODD CROLEY MAIER LLP
MARTIN H. DODD (104363)
180 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
mdodd@fddcm.com

*Attorneys for Receiver*
J. Clark Kelso

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> *Defendants*. | Case No. 01-cv-1351-TEH <br><br> **STIPULATION FOR AN AMENDED ORDER AND [PROPOSED] ORDER WAIVING STATE LAW AS IT PERTAINS TO THE INTRANASAL ADMINISTRATION OF NALOXONE BY LICENSED VOCATIONAL NURSES AND PSYCHIATRIC TECHNICIANS WORKING IN CDCR INSTITUTIONS** |

1. On March 10, 2017, the Court entered a stipulated order (Doc. No. 2929) waiving state law as it pertains to the administration of naloxone[1] to inmate/patients by licensed vocational nurses ("LVNs") working in institutions under the jurisdiction of the California Department of Corrections and Rehabilitation ("CDCR").

2. Subsequently, the parties to this stipulation determined that interpretations of existing state law, regulations, policies, and procedures may, in the absence of direction by a physician or registered nurse, prohibit psychiatric technicians ("PTs"), as well as LVNs, from carrying naloxone to the location of a medical emergency, assessing whether a patient requires the administration of the drug and then administering naloxone intranasally to the patient.[2]

---

[1] Naloxone, also available under the brands of Narcan®, Evzio®, and other trade names, is an opioid antagonist, used to counteract the depression of respiratory function during an opioid overdose.

[2] For example, Business and Professions Code section 2860.5 states that a licensed vocational nurse "… when directed by a physician and surgeon …" may administer medications via hypodermic needle.

3. Permitting an independent assessment for the administration of naloxone by PTs as well as LVNs, and administration of the drug by PTs and LVNs in a medical emergency will maximize the utility of this drug and result in more rapid response to inmates who are experiencing depression of respiratory function due to an opioid overdose.

4. California Correctional Health Care Services has claimed that failure to do so may result in an impermissible risk of serious harm to California's inmates, in violation of their Eighth Amendment right to be free from cruel and unusual punishment.

5. The purpose of this stipulation is to amend the March 10 order to reflect the parties' agreement and mutual request that the court issue an order waiving state law and regulations that create an actual or perceived bar to LVNs and PTs (a) administering naloxone to inmate/patients; independently, without physician or registered nurse involvement, assessing the patient; and alone determining the need for administration of naloxone intranasally to inmate/patients and (b) authorizing California Correctional Health Care Services to develop policies and procedures to permit LVNs and PTs to assess the need for administration of naloxone, carry naloxone to site of an emergency and then administer naloxone intranasally, even in the absence of a patient specific prescription from a physician or registered nurse.

6. Specifically, the parties agree and by this stipulation request that the court issue an order waiving the following provisions, only to the extent that they would or may otherwise bar a licensed vocational nurse and/or a psychiatric technician from carrying or administering naloxone to an inmate housed in an institution under the jurisdiction of the California Department of Corrections and Rehabilitation:

    a. California Business and Professions Code, Division 2, Chapter 6.5, Vocational Nursing;

---

Similarly, Business and Professions Code section 2859 refers to the practice of vocational nursing as the provision of services "… practiced under the direction of a licensed physician, or registered professional nurse …" And Business and Professions Code section 4502 (e.g., subsection (b)) states that in part the responsibilities of a psychiatric technician can include "… the carrying out of treatments and medications as prescribed by a licensed physician and surgeon or a psychiatrist." These provisions have, in some cases, created the perception that LVNs and PTs would need to receive an order from a physician that naloxone be administered to the particular patient who is experiencing the medical emergency, and that, absent that order, the administration of naloxone by the LVN or PT would be in violation of law.

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

    b.  California Code of Regulations, Title 16, Division 25, Chapter 1, Vocational Nursing;

    c.  California Business and Professions Code, Division 2, Chapter 10, Psychiatric Technicians;

    d.  California Code of Regulations, Title 16, Division 25, Chapter 2, Psychiatric Technicians; and,

    e.  California Civil Code § 1714.22(f) (regarding administration of an opioid antagonist (naloxone)).

    In addition, the parties request that the Court specifically authorize California Correctional Health Care Services to adopt amended policies and procedures permitting LVNs and PTs independently, without physician or registered nurse involvement, to assess need for administration of naloxone to inmate/patients; to carry naloxone to the site of a medical emergency and then administer naloxone intranasally to inmate/patients.

    7.  This stipulation may be executed in counterparts and, as so executed, shall constitute one Agreement binding on all Parties. Any signed copy of this stipulation or of any document or agreement referred to herein, or copy or counterpart thereof, delivered by facsimile or email transmission, shall, for all purposes, be deemed an original signed copy notwithstanding that one or more parties' signature appears as a copy or facsimile copy, and such copy or facsimile copy signature(s) shall be binding upon each party in the same manner as though an original signed copy had been delivered.

**IT IS SO STIPULATED AND AGREED.**

  /s/ J. Clark Kelso          Dated: June 8, 2017
J. CLARK KELSO, Receiver

  /s/ Maneesh Sharma         Dated: June 8, 2017
MANEESH SHARMA
Deputy Attorney General
California Department of Justice
Attorney for Defendants

///

|                                      |                    |
|--------------------------------------|--------------------|
| /s/ Donald Specter                   | Dated: June 8, 2017 |
| DONALD SPECTER, Director             |                    |
| Prison Law Office                    |                    |
| Attorney for Plaintiffs              |                    |

|                                      |                    |
|--------------------------------------|--------------------|
| /s/ Martin Dodd                      | Dated: June 8, 2017 |
| MARTIN H. DODD                       |                    |
| FUTTERMAN DUPREE DODD CROLEY MAIER, LLP |                |
| Attorney for Receiver                |                    |

Pursuant to Local Rule 5.1. I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

/s/ Martin Dodd
MARTIN H. DODD

## [PROPOSED] ORDER

Pursuant to the foregoing stipulation, supported by the Declaration of Receiver J. Clark Kelso, filed herein on March 8, 2017 (Doc. No. 2928-1) and the Supplemental Declaration of Receiver J. Clark Kelso, simultaneously submitted with the stipulation, the Court finds that the constraints currently imposed by state law on the intranasal administration of naloxone by licensed vocational nurses and psychiatric technicians working under the jurisdiction of CDCR are clearly preventing the Receiver from carrying out his duties prescribed in the Order Appointing Receiver, dated February 14, 2006 and that other alternatives are inadequate. Accordingly, the Court hereby waives the following provisions of state law, but only to the extent that they would otherwise bar a licensed vocational nurse or psychiatric technician working under the jurisdiction of CDCR from independently assessing that an inmate/patient is in need of the administration of naloxone and, in the absence of a patient specific prescription, carrying naloxone to the site of a medical emergency and/or administering naloxone intranasally to an inmate/patient housed in an institution under the jurisdiction of the CDCR:

a) California Business and Professions Code, Division 2, Chapter 6.5, Vocational Nursing;

b) California Code of Regulations, Title 16, Division 25, Chapter 1, Vocational Nursing;

c) California Business and Professions Code, Division 2, Chapter 10, Psychiatric

Technicians;

    d)    California Code of Regulations, Title 16, Division 25, Chapter 2, Psychiatric Technicians and,

    e)    California Civil Code § 1714.22(f) (regarding administration of an opioid antagonist (naloxone)).

In addition, California Correctional Health Care Services is hereby authorized to adopt amended policies and procedures to effectuate this order, including specifically to permit licensed vocational nurses and psychiatric technicians independently, without physician or registered nurse involvement, to assess the patient; to carry naloxone to the site of a medical emergency and to administer naloxone intranasally to inmate/patients.

The Court finds that the foregoing relief is necessary to correct the violation of California inmates' Eighth Amendment rights and that the requested relief is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to correct this violation.

This Order supersedes the order, dated March 10, 2017 (Doc. No. 2929), waiving state law.

IT IS SO ORDERED.

Dated: June 12, 2017

THELTON E. HENDERSON
United States District Judge

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

5

STIPULATION AND [PROPOSED] ORDER RE ADMINISTRATION OF NALOXONE
CASE NO. C01-1351 TEH