UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>Defendants. | Case No. 01-cv-01351-JST<br><br>**ORDER MODIFYING ADVISORY BOARD'S ACCESS TO DOCUMENTS**<br><br>Re: ECF No. 1369 |

The requirement that the Receiver redact patient and, in some cases, physician information from documents provided to the Advisory Board is hereby eliminated. ECF No. 1369 at 1. Instead, the Advisory Board shall be covered by the stipulation and protective order entered in this case. *See* Dkt. No. 125 (allowing disclosure of confidential information to "[a]ny outside expert or consultant retained by either party or the Court for purposes of this action").

Individual Advisory Board members have engaged, and in the future may engage, in independent contracts with the Receiver or the California Department of Corrections and Rehabilitation.[1] This order does not limit the use of data obtained under those contracts. It

/ / /

/ / /

/ / /

/ / /

---

[1] For example, "[e]ffective January 1, 2018, the Receiver has contracted with The Regents of the University of California, San Francisco (UCSF), for consulting services to be provided by Brie Williams, MD, MS, and other UCSF personnel. Dr. Williams and her team will consult regarding various topics, which may include, but are not limited to," the Office of Inspector General medical inspection program, death reviews, maintaining a qualified provider workforce, and patient safety. ECF No. 3008 at 30.

governs only information obtained by Advisory Board members in their capacity as Advisory Board members.

**IT IS SO ORDERED.**

Dated: November 6, 2018



_____
JON S. TIGAR
United States District Judge