UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al., <br> Plaintiffs, <br> v. <br> GAVIN NEWSOM, et al., <br> Defendants. | Case No. 01-cv-01351-JST <br><br> **ORDER RE: RESOLVING DISPUTES CONCERNING DISCLOSURE OF ROOT CAUSE ANALYSIS DOCUMENTS** |

On January 25, 2019, the Correctional Treatment Center at Salinas Valley State Prison ("SVSP CTC") was closed following the death of one patient and another patient's severely injuring himself. Because these circumstances indicated threats to patient safety, the Receiver directed his staff to undertake root cause analyses ("RCAs") to determine appropriate interventions. An RCA is a "structured and standardized process by which a multidisciplinary team analyzes a health care incident, near miss, or sentinel event, determines the fundamental reasons why the event occurred, and designs and implements a plan of action to prevent similar events from occurring in the future." Cal. Dep't of Corr. & Rehab., Cal. Corr. Health Care Servs. ("CCHCS"), *Health Care Department Operations Manual*, "Health Care Definitions," https://cchcs.ca.gov/wp-content/uploads/sites/60/HC/HCDOM-Definitions.pdf (last visited Dec. 30, 2019). The focus of an RCA is "prevention, not punishment," and the analysis focuses "on the 'how' and the 'why'" and "not on the 'who.'" U.S. Dep't of Veterans Affairs, Nat'l Ctr. for Patient Safety, "Root Cause Analysis," https://www.patientsafety.va.gov/professionals/onthejob/rca.asp (last visited Dec. 30, 2019).

In the July 9, 2019 joint case management statement, Plaintiffs noted that they "were informed on July 3 that the RCAs done regarding the SVSP CTC were completed, and have asked

for copies of them, so that the problems identified and improvements to be made can be adequately understood and monitored." ECF No. 3137 at 8. Plaintiffs repeated their request for a copy of the RCAs in the October 29, 2019 joint case management statement. ECF No. 3163 at 5. In that statement, the parties noted that "CCHCS denied [Plaintiffs'] request for copies of the RCAs, based on what it believes is the privileged peer review nature of the RCA process and the discouraging effect it believes disclosure would likely have on staff sharing information during future RCAs." *Id.* at 7. Plaintiffs explained that they "will request a meet-and-confer with the Receiver regarding RCAs. If necessary thereafter we will ask the Court to resolve this issue." *Id.* Defendants noted their agreement with the Receiver's reasons for declining to provide full RCA documentation to Plaintiffs. *Id.* at 7-8.

The Court understands there are competing interests at stake. On the one hand, Plaintiffs' counsel have an obligation to the Plaintiff class to monitor the quality of medical care provided to patients, which includes monitoring the ability of the system to identify and correct problems. On the other hand, maintaining confidentiality of RCAs is critical to obtaining the candid information necessary to identify and address causes of medical error because health care staff are more forthcoming when they know their answers will be kept in confidence.[1]

The Court further understands that the Receiver has recently provided to Plaintiffs a summary document of the RCA findings, and that he has scheduled a formal meet-and-confer with the parties to discuss what, if any, additional information concerning RCAs can be disclosed without compromising the integrity of the process or violating any privileges.

---

[1] This order does not exhaustively analyze questions of confidentiality, or of related privilege questions, because those issues are not now before the Court. It appears to be widely recognized, however, that protecting confidentiality of RCAs is essential and that, at least in some cases, the information is privileged. *See, e.g.*, U.S. Dep't of Veterans Affairs, Nat'l Ctr. for Patient Safety, *Root Cause Analysis Tools: Root Cause Analysis (RCA) Step-by-Step Guide*, at 2, https://www.patientsafety.va.gov/docs/RCA_Step_By_Step_Guide_REV7_1_16_FINAL.pdf (last visited Dec. 30, 2019) (noting that RCAs "are confidential and privileged under 38 U.S.C. [section] 5705 and its implementing regulations"); The Joint Commission, "Public Information Policy," https://www.jointcommission.org/about-us/policies-and-financials/public-information-policy/ (last visited Dec. 30, 2019) (noting that "it is important that confidentiality of certain information be maintained to encourage candor in the accreditation and certification process" and explaining that the Joint Commission will not disclose "[a]n organization's comprehensive systematic analysis and related documents prepared in response to a sentinel event or in response to other circumstances specified by The Joint Commission").

Any disputes regarding disclosure of the RCA documents that the parties and the Receiver cannot resolve will be decided by this Court. The parties shall provide an update on the meet-and-confer discussions in their joint case management statement due by March 9, 2020. If the parties and the Receiver have not reached agreement, the parties should propose a deadline for completing the meet-and-confer process, if they believe further discussions might prove fruitful, and/or a briefing schedule by which the matter will be presented to the Court for resolution. The latter must include an opportunity for the Receiver to respond to Plaintiffs' motion for additional disclosures.

**IT IS SO ORDERED.**

Dated: December 30, 2019

_____
JON S. TIGAR
United States District Judge