XAVIER BECERRA
Attorney General of the State of California
MONICA N. ANDERSON
Senior Assistant Attorney General
DAMON C. MCCLAIN
ADRIANO HRVATIN
Supervising Deputy Attorneys General
NASSTARAN RUHPARWAR - 263293
ELISE OWENS THORN - 145931
TYLER V. HEATH - 271478
KYLE A. LEWIS - 201041
LUCAS HENNES - 278361
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone:  (415) 703-5500
Facsimile:  (415) 703-5843
Email:  Nasstaran.Ruhparwar@doj.ca.gov

HANSON BRIDGETT LLP
PAUL B. MELLO - 179755
SAMANTHA D. WOLFF - 240280
KAYLEN KADOTANI - 294114
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:      (415) 541-9366
pmello@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et. al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>  Defendants. | CASE NO. 2:90-cv-00520 KJM DAD P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>  Defendants. | CASE NO. 4:01-1351 JST<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REQUEST TO MODIFY BRIEFING SCHEDULE AND HEARING DATE REGARDING PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER** |

## I. INTRODUCTION

On Wednesday, March 25, 2020, at approximately 8:15 P.M., a 37-page "emergency motion" was filed by the plaintiffs in the *Coleman v. Newsom* (Case No. 2:90-cv-00520-KJM-DB P [E.D.Cal.]) and *Plata v. Newsom* (Case No. 01-cv-1351-JST [N.D. Cal]) actions, pursuant to Federal Rule of Civil Procedure 60(b)(6) and the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626 (the "Motion"). The Motion, along with its seven declarations and over fifty exhibits, seeks, among other things, an immediate order that reduces the State's prison population in light of concerns raised by the spread of the COVID-19 virus and the various "social distancing" recommendations and stay-at-home orders issued throughout the State.

On Thursday, March 26, 2020, shortly after 6:00 P.M., the Three-Judge Court issued an order setting the briefing schedule and hearing date on the Motion, which set the date for Defendants' opposition on March 30, 2020 at 12:00 P.M. and a telephonic hearing on April 1, 2020 ("Briefing Order"). In effect, the Briefing Order provides Defendants with approximately two-and-a-half business days to oppose the 37-page motion, assess and object to Plaintiffs' voluminous evidence, marshal their own evidence, and otherwise attempt to protect Defendants' legal rights and operations.

Accordingly, Defendants request a modest extension of the current briefing and hearing schedule, as follows: The deadline for Defendants to file an opposition is extended from Monday March 30, 2020 at 12:00 P.M. to Wednesday, April 1, 2020 at 5:00 P.M., and the hearing is continued from Wednesday, April 1, 2020 at 1:15 P.M. to Friday, April 3, 2020 at 1:15 P.M.

By filing this request, Defendants do not misunderstand or understate the importance of these issues. In fact, Governor Newsom and the State generally have been at the forefront of these unique and complex issues, and have issued some of the more-aggressive protective measures in the nation, if not the world, in an attempt to control the spread of COVID-19. Rather, Defendants seek a very reasonable and modest extension of time to fully brief and respond to Plaintiffs' motion in light of the numerous legal, factual, logistical, and practical issues that are involved in a matter of this magnitude. Indeed, Governor Newsom's administration is already considering and analyzing further protective measures related to the relief sought in the Motion.

## II. ARGUMENT

### A. THERE IS GOOD CAUSE TO GRANT DEFENDANTS' REQUEST FOR A SHORT EXTENSION OF TIME.

Governor Newsom and CDCR have already implemented significant COVID-19 risk reduction strategies, and are currently working on further unprecedented measures to protect the inmate populations.

The COVID-19 pandemic has raised numerous important and complex issues across all levels of government, public and private institutions, commerce, and beyond – the full extent of which are likely not yet realized. Most of these issues are brand new or have existed only in theory. There is no playbook or precedent, so we must rely on the sound judgment of our applicable decision-makers to address these new issues in a manner that takes all relevant factors into consideration.

To date, California has issued some of the most aggressive and progressive policies and orders in response to COVID-19, including, for example, the first statewide "stay-at-home" mandate on March 19, 2020 (Executive Order N-33-20). Further, and relevant here, on March 24, 2020, Governor Newsom issued an executive order that directly addressed the California Department of Corrections and Rehabilitation's ("CDCR") COVID-19 response. (Executive Order N-36-20). Critically, this order has suspended the intake of new inmates into CDCR facilities for 30 days subject to further 30-day extensions as needed in order "to protect the health, safety, and welfare" of CDCR inmates and staff. The effect of this order not only reduces the risk of transmission to the current CDCR populations, but also has the effect of reducing the overall population by several thousand for each month the suspension is in effect.

Additionally, CDCR has already implemented numerous other proactive and preventative measures to reduce the risk of COVID-19 in its facilities. For example, CDCR has already implemented: mandatory health screening before entering CDCR facilities; additional deep-cleaning efforts; increased supply of disinfectants, soap, hand sanitizer, and personal protective equipment; limitations and suspensions of inmate transfers; quarantine protocols; all normal visiting at CDCR facilities has been canceled until further notice, while telephone and electronic

1  messaging access has been increased, including opportunities for free use of each; providing
2  regular and open communication from CDCR officials and resources regarding COVID-19
3  precautions; among many others.  (A full list of CDCR's regular updates and expanded
4  precautions in light of COVID-19 can be found here:  https://www.cdcr.ca.gov/covid19/.)
5       Finally, as of the date of this Request, Governor Newsom's administration is working on
6  additional protective and preventative measures to further address the health and safety of CDCR
7  inmates and staff.  Governor Newsom and CDCR should be afforded deference in their handling
8  of the COVID-19 virus and in formulating an appropriate response with regard to its prison
9  system.  *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (acknowledging that  "[r]unning a prison is
10 an inordinately difficult undertaking that requires expertise, planning, and the commitment of
11 resources, all of which are peculiarly within the province of the legislative and executive branches
12 of government.").  Because Governor Newsom and CDCR have already implemented many
13 aggressive and progressive policy changes and mandates in response to COVID-19 in just the last
14 week alone, the Court should permit this administration to continue its important work before
15 issuing any orders on Plaintiffs' Motion.  A brief extension on the briefing and hearing on the
16 Motion will allow Governor Newsom, CDCR, and their legal team sufficient time to continue to
17 focus on these efforts while preparing a fair and reasoned response to the Motion.

**B.   The Briefing Order raises serious concerns of due process and fundamental fairness.**

While District Courts have inherent power to control their dockets, such authority must not deprive a litigant of due process of law within the meaning of the Fifth and Fourteenth Amendments of the U.S. Constitution.  *See*, *Barona Group of Captain Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 824 F.2d 710, 721-22 (9th Cir. 1987), amended by 840 F.2d 1394, 1405-06 (9th Cir. 1988).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Here, the Briefing Order, which gives Defendants approximately two-and-a-half business days to fully and fairly respond to a 37-page motion and seven declarations with over fifty

exhibits, fails to provide Defendants a meaningful opportunity to respond to Plaintiffs' Motion, and is therefore a violation of due process and fundamental fairness. While Defendants acknowledge and appreciate the underlying urgency of the issues involved, it is plainly unreasonable and unfair to require Defendants to adequately respond to this voluminous motion, including preparing and marshaling Defendants' own evidence, in such a short period of time. Two-and-a-half days would be unreasonable and unfair even under normal circumstances, but Defendants are faced with even more adversity given the uncertainty, delays, and difficulties caused by limited working and communication capabilities in light of the State's stay-at-home orders. In addition, on the morning of Friday, March 27, 2020, Plaintiffs' counsel sent an email offering to make his four experts available for deposition over the weekend (March 28-March 29) "assuming they are available." (Declaration of Paul Mello in Support of Request for Extension ("Decl. Mello"), Ex. A. Defendants do not even have adequate time to fully and fairly oppose the Motion, let alone to prepare for and take four expert depositions over the weekend. Plaintiffs' counsel would not agree, however, to Defendants' proposed extension requested here, despite acknowledging the "very tight briefing schedule." (*Id.*)

In sum, requiring Defendants to oppose Plaintiffs' voluminous and complex motion seeking the extreme remedy of a prisoner release order on two-and-a-half business days' notice is unfair and unreasonable. Defendants request a modest extension of time to fully and fairly respond to this important Motion.

**III.   CONCLUSION**

For the reasons discussed above, Defendants request a modest extension of time to fully brief the Motion filed by Plaintiffs. Defendants propose the following new schedule:

The deadline for Defendants to file an opposition is extended from Monday March 30, 2020 at 12:00 P.M. to Wednesday, April 1, 2020 at 5:00 P.M., and the hearing is continued from Wednesday, April 1, 2020 at 1:15 P.M. to Friday, April 3, 2020 at 1:15 P.M.

/ / /

/ / /


| | | |
|---|---|---|
| 1 | DATED: March 27, 2020 | HANSON BRIDGETT LLP |
| 4 | | By: */s/ Paul B. Mello* <br> PAUL B. MELLO <br> SAMANTHA D. WOLFF <br> KAYLEN KADOTANI <br> Attorneys for Defendants |
| 7 | DATED: March 27, 2020 | XAVIER BECERRA <br> Attorney General of California |
| 10 | | By: */s/ Damon McClain* <br> DAMON MCCLAIN <br> Supervising Deputy Attorney General <br> NASSTARAN RUHPARWAR <br> Deputy Attorney General <br> Attorneys for Defendants |