XAVIER BECERRA
Attorney General of the State of California
MONICA N. ANDERSON
Senior Assistant Attorney General
DAMON C. MCCLAIN
ADRIANO HRVATIN
Supervising Deputy Attorneys General
NASSTARAN RUHPARWAR - 263293
ELISE OWENS THORN - 145931
TYLER V. HEATH - 271478
KYLE A. LEWIS - 201041
LUCAS HENNES - 278361
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone:  (415) 703-5500
Facsimile:  (415) 703-5843
Email:  Nasstaran.Ruhparwar@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone:  (415) 777-3200
 Fax:  (415) 541-9366
 E-mail: pmello@hansonbridgett.com

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>     **v.**<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                    Defendants. | 2:90-cv-00520 KJM-DB<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>                                    Plaintiffs,<br><br>     **v.**<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                    Defendants. | C01-1351 JST<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF HEIDI DIXON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER** |

I, H. Dixon, declare:

1. I began working for the California Department of Corrections and Rehabilitation (CDCR) in 1990. Since about 1990, my work for CDCR has been primarily in area of case records, and since 2018, I have held the position of Career Executive Assignment – Chief of Case Records Services.

2. I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so. I submit this declaration in support of Defendants' opposition to Plaintiffs' emergency motion to reduce the inmate population because of the COVID-19 pandemic.

3. As the Chief of Case Records I am very familiar with the important steps that Case Records staff perform during the prerelease audit process before inmate releases from CDCR either on parole or when there term of confinement expires. Some of these steps, which I have described below are essential for public safety.

4. I am aware that Plaintiffs have filed an emergency motion seeking the release of inmates because of the COVID-19 crisis. I would be very concerned if the Court were to order the release of a large number of inmates before Case Records had an opportunity to complete all of the steps in the release process that are critical to public safety. Below I discuss a few of the most critical steps that my staff complete related to public safety, but there are many others.

5. From about 105 to 120 days before an offender's release, staff perform a comprehensive audit of the inmate's file to confirm that critical case factors are appropriately noted and accounted for in the file. Accurate and complete case-factor data is important because parole agents and probation officers who are responsible for supervising individuals released from prison rely heavily on the information contained in the offender's file to determine an adequate and appropriate level of supervision and criminogenic needs.

6. One basic function of the audits is to confirm that release dates were calculated based on correct conviction offenses and sentencing information. The audit process has prevented violent and dangerous offenders, who would pose a threat to the public if released early, from

1

Decl. H. Dixon Supp. Defs.' Opp'n Pls.'Emergency Mot. Modify Population Reduction Order
Case Nos. 2:90-cv-00520 KJM-DB & C01-1351 JST

being mistakenly released early based on inaccurate conviction and sentencing information in their files.

7. Critically, during the audit, staff also confirm whether parolees are statutorily required to register with the counties in which they will reside because of sex offenses or arson convictions, and make sure those registration requirements are prominently noted in their files. This ensures that their probation officers and parole agents are aware of, and enforce, these requirements, which in turn improves public safety.

8. During the audit, staff also determine whether inmates were convicted of particular violent felonies. State law requires that notice be provided to the counties where these offenders will reside 60 days before their release dates, and Case Records staff send these notices. Staff also determine whether similar notifications are required for offenders convicted of child abuse, sex crimes against children, stalking, and arson, and send the required notices. And the law also requires that release notices be provided to victims and their families for certain crimes, such as child abuse and sex crimes against children. These steps in the audit process help to safeguard the public by putting local law enforcement agencies, victims, and victims' families on notice that potentially dangerous offenders and offenders who committed crimes against children will be released to their jurisdictions.

9. For these reasons, if the court were to order the immediate release of a large number of inmates for whom Case Records staff have not completed the prerelease audit process, I believe the public safety would be put at significant risk.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on March 31, 2020, at Sacramento, California.

/s/ *Heidi Dixon*
_____
Heidi Dixon, Career Executive Assignment – Chief of Case Records, California Department of Corrections and Rehabilitation
(*Original signature retained by counsel*)

2
Decl. H. Dixon Supp. Defs.' Opp'n Pls.'Emergency Mot. Modify Population Reduction Order
Case Nos. 2:90-cv-00520 KJM-DB & C01-1351 JST