PRISON LAW OFFICE
DONALD SPECTER (83925)
STEVEN FAMA (99641)
ALISON HARDY (135966)
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704
ahardy@prisonlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> *Defendants* | No. C-01-1351 JST <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY ISO PLAINTIFFS' EMERGENCY MOTION REGARDING PREVENTION AND MANAGEMENT OF COVID-19** |

Plaintiffs respectfully submit this Notice to inform the Court of a recent decision in *Gray v. County of Riverside*, Case No. 5:13-cv-0444-VAP-OPx (C.D. Cal.). On April 14, the *Gray* Court granted Plaintiffs' Emergency Motion regarding COVID-19 and ordered Defendant County of Riverside "to submit a plan to the Court to implement the Governor's order for physical distancing for all Californians housed in the jails." *See* Minute Order Granting "Emergency Motion to Enforce Consent Decree" at 5 (ECF 191) (attached hereto as Exhibit 1).[1]

---

[1] The *Gray* Court has not yet issued a formal order on the motion, but has requested Plaintiffs submit a Proposed Order. The Proposed Order, which has been approved for form by the Defendant, is attached hereto as Exhibit 2.

NOTICE OF SUPPLEMENTAL AUTHORITY
*Plata v. Newsom,* No. C-01-1351 J.S.T.

As Defendants have argued in this case, *see* ECF 3273 at 4-16, the County in *Gray* argued that it had taken reasonable steps to respond to the threat of COVID-19, and that an order requiring the jail to implement physical distancing requirements was an impermissible "prisoner release order" under the Prison Litigation Reform Act (PLRA).  The Court rejected both arguments.

  First, the Court concluded that "[t]he County's assurances that it has provided unlimited free soap to prisoners and advised prisoners to remain physically distant—without establishing that it is physically possible to do so—is unlikely to be sufficient to defeat a claim of deliberate indifference (or sufficient to defeat the request to transfer prisoners for health reasons)."  Minute Order at 5.  Second, citing this Court's 2013 Valley Fever Order, the Court also rejected the County's argument that the requested relief was a "prisoner release order" under the PLRA.  *Id.* at 4-5.  The Court concluded that "nothing in the PLRA prohibits a district judge from ordering the transfer of prisoners in response to violations of their constitutional rights, as the district court did in *Brown v. Plata*, 2013 WL 3200587, No. C01-1351 TEH (N.D. Cal. June 24, 2013), nor would it prohibit the Court from ordering the Sheriff to use his authority under § 8658 to transfer prisoners."  *Id.*

Dated: April 15, 2020         _____/s/ *Alison Hardy*_____
                    Alison Hardy
                    *Attorney for Plaintiffs*

# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:13-cv-0444-VAP-OPx | Date | April 14, 2020 |
| Title | *Quinton Gray v. County of Riverside* | | |

| | |
|---|---|
| Present: The Honorable | VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE |

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) MINUTE ORDER GRANTING "EMERGENCY MOTION TO ENFORCE CONSENT DECREE" [DKT. 177]**

On April 6, 2020, Plaintiff Quinton Gray ("Plaintiff") filed a document captioned "Emergency Motion[1] to Enforce Consent Decree." ("Motion," Dkt. 177). Pursuant to this Court's April 8, 2020 Minute Order, (Dkt. 182), Defendant County of Riverside ("Defendant") opposed the Motion on April 10, 2020 ("Opp.," Dkt. 183). After considering all papers submitted in support of, and in opposition to, the Motion, as well as the arguments advanced during the telephonic hearing on April 13, 2020, the Court GRANTS the Motion.

In 2016, the Parties entered into a Consent Decree "to ensure the provision of constitutional health care and to ensure non-discrimination for inmates with disabilities in the Riverside County Jails." (Dkt. 173 ¶ 1). The plaintiff class includes three distinct subclasses: the medical subclass, which comprises "[a]ll prisoners who are now, or will in the future be, subjected to the medical care policies and practices of the Riverside

---

[1] The Court notes that an "Emergency Motion" is procedurally improper. Plaintiff should have filed an ex parte application to shorten time for hearing on a motion, in conformance with Local Rule 7-19. In the interests of justice, the Court will treat Plaintiff's Motion as though it had been filed properly.

Jails"; the mental health subclass, which comprises "[a]ll prisoners who are now, or will in the future be, subjected to the mental health care policies and practices of the Riverside Jails"; and the disability subclass, which comprises "all prisoners who are now, or will be in the future, subjected to policies and practices of the Riverside jails regarding specialized or sheltered housing for prisoners due to their mobility impairments and need for assistive devices, and the provision and confiscation of accommodations for prisoners with mobility impairments[.]" (Dkt. 173 ¶ 3).

The Parties to the Consent Decree negotiated a Remedial Plan, which "is designed to meet the minimum level of health care necessary to fulfill Defendant's obligations under the Eighth and Fourteenth Amendments, as well as to ensure non-discrimination against inmates with disabilities in the areas addressed by the Plan, as required by the ADA and Section 504 of the Rehabilitation Act." (Dkt. 173 ¶ 9).  In light of the coronavirus ("COVID-19") pandemic[2], "Plaintiffs seek to enforce the Consent Decree by requiring the County to submit a plan to the Court to implement the Governor's order for physical distancing for all Californians housed in the jails and to provide sanitation and other essential services generally accepted as necessary in correctional facilities to provide for the basic health needs of incarcerated people." (Motion at 3-4).

As Defendant argues, the Consent Decree specifies a dispute resolution process which provides that the Parties first conduct negotiations to resolve informally matters in dispute, then, if they are unable to resolve the dispute, to request that the Relevant Court experts evaluate the issue and prepare a report.  Following preparation of this report, if the parties still are unable to resolve the issue, they may request mediation with Judge Raul Ramirez.  Only after having mediated are the parties to file a motion for relief with this Court. (Dkt. 173 ¶¶ 26–29).  Here, the parties have conducted the first two steps, but have not yet mediated.  Nevertheless, "[g]iven the urgent nature of the proceedings, Plaintiffs request the Court modify the Consent Decree to allow for urgent appeal for enforcement directly to the Court." (Motion at 17 n.2).

---

[2] The pandemic has caused unprecedented disruption to daily life.  On March 13, 2020, the President of the United States declared a National Emergency in response to the Coronavirus Disease- 2019 ("COVID-19") pandemic pursuant to the National Emergencies Act (50 U.S.C. § 1601, et seq.).  California Governor Gavin Newson has declared a state of emergency in response to the COVID-19 outbreak and, in his March 19, 2020 Executive Order N-33-20, "require[d] physical distancing to keep Californians at least six feet apart at all times and to prepare hospitals and health care workers for the coming surge in cases." (Motion at 2).

The Court finds good cause to modify the Consent Decree to permit appeal to this Court. "[A] party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. . . . . A party seeking modification of a consent decree may meet its initial burden by showing either a significant change either in factual conditions or in law.'" *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383–84 (1992). The party seeking modification need not prove the change in circumstance was "unforeseen and unforeseeable" at the time of entering into the consent decree, but "[o]rdinarily, . . . modification should not be granted where a party relies upon events that *actually were anticipated* at the time it entered into a decree." *Id.* at 385 (emphasis added). Here, clearly, the emergency resulting from the pandemic constitutes a "significant change in circumstances" that was not actually foreseen at the time the parties entered into the Consent Decree. *Id.* at 383.

The parties therefore meet the standard to modify the Consent Decree to permit appeal to this Court. In light of the urgency of the matter, the Court orders a two-track dispute resolution mechanism. The Parties are to proceed with mediation before Judge Ramirez on April 17, 2020, or an earlier date, if possible. (*See* Opp. at 10). The Court simultaneously assumes jurisdiction to enforce the Consent Decree to the extent specified in this Order.

The Court next turns to Defendant's obligations under the Consent Decree. Plaintiff seeks to enforce the Consent Decree's mandate to "meet the minimum level of health care necessary to fulfill Defendant's obligations under the Eighth and Fourteenth Amendments," (Dkt. 173 ¶ 9), by ensuring that Defendants implement the physical distancing recommendations made by the Court's experts, (*see* Dkt. 178, Ex. J, Allen Expert Report, ¶¶ 9-10, 14-16; Dkt. 178, Ex. K, Gage Expert Report, ¶¶ 5-10.). Plaintiff argues that the County has several options available to limit the spread of the disease within the jails, including transferring prisoners to new, currently empty, John J. Benoit Detention Center ("JJBDC") in Indio, California; relocating particularly vulnerable prisoners; and even release people to allow for physical distancing. (Motion at 4). At the hearing, Defendant did not have information regarding conditions in the existing county jail facilities, insisted that moving prisoners to a newly completed, empty jail in Indio was not feasible, and admitted that it had not researched alternative housing options such as recreation centers, halfway houses, and hotels. Rather than having created a plan to safeguard those most vulnerable to the COVID-19 virus, Defendant conceded that it has not conducted an analysis of its own records to identify particularly vulnerable prisoners. It also has not conducted an analysis of its jail population to determine whether there are any low-level offenders who might be eligible for early release.

Despite Defendant's insistence that conditions in the Riverside County jails are compliant with public health recommendations regarding social distancing, its counsel lacked information to respond to the Court's questions regarding the ability to maintain 6 feet distance between all prisoners in the jail, at all times, its plan for doing so, the size of cells and dormitories, and the number of prisoners per room.

Defendant failed to provide satisfactory information about the feasibility of transfer of prisoners to other jail or non-jail facilities, including transfers of prisoners currently confined in crowded jails to the new, empty, John J. Benoit Detention Center ("JJBDC") in Indio, California. The County states that it is "not-yet-ready to be populated" but provides no details as to why. (Opp. at 13). The County stated at the hearing that the facility was completed in February 2020, but maintained that it is not yet ready for prisoners. In their papers and at the hearing, Defendant argued that "[t]he Sheriff's Department is currently in the midst of a ninety day 'transition period' of the facility to determine whether any issues arise that will need to be resolved before JJBDC can be populated with inmates." (Dkt. 183-4, "Graves Decl." ¶ 4). The County states that the technology used in the JJBDC facility differs from that of other County facilities, but did not explain, in its papers or at the hearing, why this would prevent the transfer of inmates in an emergency situation. (Graves Decl. ¶ 5).

Should the County be unable to implement adequate social distancing within its existing jail facilities and take other necessary steps to decrease risk of infection, this Court has the authority to order the transfer of prisoners to different facilities. Under California law, the Sheriff has the authority to relocate prisoners to respond to emergency situations:

> In any case in which an emergency endangering the lives of inmates of a state, county, or city penal or correctional institution has occurred or is imminent, the person in charge of the institution may remove the inmates from the institution. He shall, if possible, remove them to a safe and convenient place and there confine them as long as may be necessary to avoid the danger, or, if that is not possible, may release them.

Other courts, including the Superior Court for the County of Sacramento County, already have ordered the Sheriff to use its authority under Cal. Gov't Code § 8658 to respond to the coronavirus emergency. *See* Order Authorizing Sacramento County Sheriff's Department to Grant Release (Cal. Super. Ct., Sac. Cty., Mar. 25, 2020).

Defendant argues that the Prison Litigation Reform Act ("PLRA") precludes this Court from ordering the release of prisoners. Even assuming this is true, nothing in the

PLRA prohibits a district judge from ordering the transfer of prisoners in response to violations of their constitutional rights, as the district court did in *Brown v. Plata*, 2013 WL 3200587, No. C01-1351 TEH (N.D. Cal. June 24, 2013), nor would it prohibit the Court from ordering the Sheriff to use his authority under § 8658 to transfer prisoners.

"[A]n order to transfer any single inmate out of a prison to correct the violation of a constitutional right" where a "transfer was necessary for the inmate to obtain appropriate medical care" is not a "prisoner release order," but rather a transfer. *Plata v. Brown*, 2013 WL 3200587 at *8. The same is true of "a policy that would result in transfer of a large group of inmates." *Id*. Indeed, several potential courses of action qualify as "transfer" for the purposes of the PLRA. Relocation to halfway houses, for example, is a "transfer" rather than "release." The PLRA defines a "residential reentry center" as a form of "prerelease custody." See 18 U.S.C. § 3624(g)(2)(B) ("A prisoner placed in prerelease custody pursuant to this subsection who is placed at a residential reentry center shall be subject to such conditions as the Director of the Bureau of Prisons [(BOP)] determines appropriate."). Ninth Circuit case law assumes that a person in a "residential reentry center" is a "prisoner" and subject to BOP control. *See, e.g.*, *Bottinelli v. Salazar*, 929 F.3d 1196, 1200 (9th Cir. 2019) (citing 18 U.S.C. § 3624(c)(1) as "requiring that the BOP, 'to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term' in prerelease custody").

In *Plata v. Brown*, the court declined to decide which standard governs the court's review of such requests for transfer, finding that the *Plata* plaintiffs could satisfy the most burdensome standard. That standard "would require [them] to demonstrate that the [transfer] policy must be enforced because failure to do so would result in deliberate indifference under the Eighth Amendment." *Id*. at *10. The Court makes no determination here as to whether Plaintiff has met this standard, but notes that the County's recitation of "aggressive and swift" measures it has taken in response to COVID-19, *none* of which concern jails, suggests that the County's failure to act to protect inmates does indeed constitute deliberate indifference. (Opp. at 16). The County's assurances that it has provided unlimited free soap to prisoners and advised prisoners to remain physically distant—without establishing that it is physically possible to do so—is unlikely to be sufficient to defeat a claim of deliberate indifference (or sufficient to defeat the request to transfer prisoners for health reasons).

In sum, Defendant has failed to demonstrate that it is currently taking adequate precautions to protect the health of the prisoners in the county jails. Plaintiff's request that Defendant be required "to submit a plan to the Court to implement the Governor's order for physical distancing for all Californians housed in the jails" (Motion at 3-4), is therefore GRANTED.

Plaintiffs are instructed to submit a proposed order detailing the findings and outstanding questions from the April 13, 2020 hearing no later than 4:00 p.m. on April 15, 2020. Prior to submission to the Court, Plaintiff shall share the proposed order with Defendant, who may approve the it as to form and content or submit objections to Court thereafter.

**IT IS SO ORDERED.**

# Exhibit 2

**PRISON LAW OFFICE**
DONALD SPECTER (SBN 83925)
SARA NORMAN (SBN 189536)
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704
Email: dspecter@prisonlaw.com
 snorman@prisonlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| QUINTON GRAY, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>COUNTY OF RIVERSIDE,<br>Defendant. | Case No. EDCV13-0444 VAP (OP)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO ENFORCE CONSENT DECREE** |

Before this Court is Plaintiffs' Emergency Motion to Enforce the Consent Decree. This Court, having considered the briefing, relevant legal authority, and the record in this case, GRANTS Plaintiffs' motion as follows:

**IT IS HEREBY ORDERED that:**

A. Defendant shall develop and implement a plan to minimize the spread of COVID-19 in the Riverside County jails, consistent with the guidance of the Centers for Disease Control and Prevention (CDC) and the Court experts. The plan shall include:

1. An evaluation of current jail capacity to house people safely consistent with physical distancing to reduce transmission of COVID-19, including:

    (a) a description of the size of all cells and dormitories noting how many people can be housed safely in each;

    (b) the distance between beds (including the distance between upper and lower bunks);

    (c) the size and location of shared toilet and shower facilities and the number of people who use each at one time;

    (d) the size of each dayroom and the number of people who are permitted to use each one at the same time consistent with physical distancing; and

    (e) the number and location of all people who are sleeping in plastic "boats" instead of beds, if any, as of April 14, 2020.

2. A plan to safely house and care for people incarcerated in the jails who are at high risk for severe complications from COVID-19 based on guidance from the CDC and the Court experts. Defendant shall identify each such person and shall indicate:

    (a) COVID-19 risk factor(s) as determined by the CDC;

    (b) age;

    (c) charges if pre-trial or current criminal conviction and sentence if already sentenced;

    (d) length of stay in the Riverside jails as of April 14, 2020; and

    (e) expected release date, if known.

3. Adequate hygiene and cleaning measures, including education of the people incarcerated in the jails, consistent with the CDC's guidelines.

4. Measures to address the mental health needs of people held in

quarantine or isolation, as noted by the Court mental health expert.

  B. The parties shall participate in mediation with Judge Raul Ramirez on Friday, April 17, to resolve any disputes over the adequacy of the plan and the production of underlying data. Defendants shall provide Plaintiffs with a draft of a proposed plan on Thursday April 16.

  C. The Court shall hold further proceedings on this matter during the week of April 20 or as determined by further order of this Court.

  The Court finds that this relief meets the requirements of 18 U.S.C. § 3626. In so doing, the Court finds that the relief is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

Dated: April ___, 2020

              _____
              Hon. Virginia A. Phillips, Judge
              United States District Court

Approved as to form:
Dated: April 14, 2020       __/s/_____
              James E. Brown
              Assistant County Counsel