OFFICES OF

**PAVONE & FONNER, LLP**

A LAW PARTNERSHIP

**BENJAMIN PAVONE, ESQ.**
**STATE BAR NUMBER 181826**
600 WEST BROADWAY, SUITE 700
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: 619 224 8885
FACSIMILE: 619 224 8886
EMAIL: bpavone@cox.net

ATTORNEYS FOR THE VALLEY FEVER INTERVENORS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, *et al.*, <br><br> Plaintiffs, <br> v. <br> GAVIN NEWSOM, *et al*. <br><br> Defendants. <br> ———————————— <br><br> In re VALLEY FEVER inmates, <br><br> Intervenors. | **CASE NO: 4:01-cv-01351-JST** <br><br> **VALLEY FEVER PLAINTIFFS' OBJECTION TO STATUS CONFERENCE REPORT ON THE ISSUE OF THE RECEIVER'S AUTHORITY AND CONDITIONAL REQUEST TO INTERVENE** <br><br> **Date: April 29, 2020** <br> **Time: 2:00 pm** <br> **Dept: 6 - 2nd Floor** <br> **Courtroom: 1301 Clay Street,** <br>                 **Oakland, CA 94612** <br><br> **(Telephonic Hearing Only)** |

# **OBJECTION TO STATUS REPORT**

I, Benjamin Pavone, am an attorney licensed to practice in all state and federal courts in California. If called to testify, I could and would testify competently to the following:

1. I represent a bulk of valley fever victims afflicted with this disease during the 2004-2014 epidemic. We previously moved to intervene in this action as a matter of protecting our rights against the risk of Covid-19 infection and were denied by orders dated April 1, 2020 and April 3, 2020.

2. We move again to conditionally intervene for a different reason, on a timeline so rushed that we cannot complete it to normal motion standards before the hearing.

3. The valley fever victims already had the disease when they requested my office's help. I could not file an injunctive lawsuit to assist them or cure them. The only justice for these victims lies in compensation. Per its practice, PLO did litigate to preventatively help unafflicted inmates in two prisons, by moving them out of harm's way, in an injunctive ruling secured on June 24, 2013 in this case. Meanwhile, my firm and at least six other law firms sought justice for those persons that were afflicted, on the only metric available to them.

4. I have spent the last eight years seeking justice for them. I have spent the last six years of that challenging the qualified immunity doctrine, in various forums, including in arguments and supplemental arguments presented to California federal district courts, to the Ninth Circuit and to the US Supreme Court.

5. Notably, yesterday the CATO Institute announced that there may be a breakthrough for the cause, in detailing dynamics suggesting that the Supreme Court is positioning itself procedurally to reconsider the entire doctrine, which would have implications not only for all prisoners but all citizens of this country.

6.	One aspect of the ongoing valley fever litigation involves an action against the Receivers' office, filed in the wake of much criticism directed at the Receiver in relation to the valley fever epidemic, and as a timing matter, in the wake of a tolling agreement.  That case was filed in this Court in January, in case number 20-cv-00731-JST.  However, it was dismissed, temporarily, based on the defense contention that an action against a receiver ought to be first subject to perfected administrative exhaustion.

7.	The argument in that case relates to an exception to judicial immunity, of which a receiver can be a beneficiary.  In cases where the receiver exceeds his authority, immunity may not apply.

8.	In the "Joint Case Management Conference Statement" filed this morning (Dkt. 3304), PLO and the State submit a joint contention that "on April 10, 2020, Receiver Clark Kelso directed CDCR to facilitate distancing…. ."  They later jointly characterize it as "the Receiver's directive."

9.	The parties also jointly contend that the Receiver has authority to issue "directives" based on the following paragraph in their status report:

> Accordingly, Plaintiffs hereby request that the Receiver exercise his authority to develop and implement necessary restrictions to ensure that people housed in state prisons are not exposed to an unreasonable risk of harm, consistent with the sound principles of public health and evidence-based medicine. The Receiver's authority to enforce such a plan derives from the February 14, 2006 Order Appointing the Receiver stating that he shall "exercise all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation and financing of the California prison medical health care system." Order at 4 (Dkt. No. 473). Additionally, this Court recognized the Receiver's power to impose housing restrictions related to health care risk in the Valley Fever Exclusion Order. ECF No. 2661 at 24. Alternatively, Plaintiffs request that the Court direct the Receiver to so exercise his authority.

10. Any serious study of the orders discussing the Receiver's original appointment indicates that its office did not have authority to issue preventative directives to CDCR or give orders relating to facilities management. Its authority was limited to reforming the medical care delivery system. PLO in particular might wish to be careful about undermining the claims of persons they previously represented, as someone could interpret such representations as a conflict of interest, in particular, breach of fiduciary duty, that duty being one of loyalty.

11. The Receiver's actual "directive" is not worded in quite so strong of language as the State and PLO submit. In that document, the current receiver, Messr. Kelso, runs right up against the line of where his authority ends, included here as Exhibit A, in language establishing CCHCS's own guidelines and what CDCR "should" do in response given them.

12. In this regard, the valley fever plaintiffs, who are also at Covid-19 risk, applaud and welcome the Receiver's involvement and distancing recommendations to CDCR. In fact, we continue to admire PLO's sustained legal effort, in an environment that continues to pose serious risk of Covid infection, and potential death for persons with pre-existing valley fever and other vulnerabilities, as reflected by recent news about the far more dire situation in prisons in other states.

13. However, the ongoing Covid-19 litigation is not the time nor the place to litigate the Receiver's original grant of authority. CDCR appears to respect the Receiver's suggestions for the science-based input they represent. This Court need not delve into the question of what the Receiver's 2005 grant of authority exactly was or whether it can issue "directives" for CDCR to comply, and certainly not without input by a large number of people – intervenors – potentially impacted by any statements or rulings the Court may make about this specific issue.

14. This is especially so for parties that have been litigating for many years in pursuit of justice, and even more so, by having to tender a rushed declaration in response to a CMC filing received on the same day as the hearing. Indeed, the valley fever

plaintiffs are unable to so quickly respond to such a matter so as to complete this submission before aforesaid hearing and are now required to monitor its outcome (and attempt to obtain the transcript), after having been previously precluded from participating in these proceedings.

15. In summary, the valley fever plaintiffs respectfully request the Court to either commit to avoid this issue so that they can go on with their own litigation without having to police the Covid-19 litigation's daily skirmishes, or alternatively, they respectfully request the Court to grant them the right to intervene in this action as a matter of right or discretion, in order to protect themselves from problems and tactics by the aforementioned parties, who may be incentivized to collude with one another, or at least not realize that they are proposing to secure a litigation advantage for the receiver's office at the valley fever plaintiffs' expense, in our absence.

I hereby declare under penalty of perjury under the laws of the State of California that to the best of my knowledge, information and belief, the foregoing is true and correct.

Date: April 29, 2020                                              \s\Benjamin Pavone, Esq.