UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No. 01-cv-01351-JST<br><br>**ORDER TO SHOW CAUSE RE: BASELINE STAFF TESTING FOR COVID-19** |

The Court issues this order in its continuing effort to address the COVID-19 pandemic as it relates to the California state prison system.

As the parties noted in their June 8, 2020 joint case management statement, "[t]he Receiver has identified prison staff as the main vector for spreading COVID-19 in the state prisons and has recommended that all staff at all institutions be tested for COVID-19." ECF No. 3345 at 3. At the June 9, 2020 case management conference, the Court and the parties discussed staff testing at San Quentin and California State Prison, Corcoran. Without objection, the Court entered an oral order, subsequently memorialized in writing, for Defendants to test all staff at San Quentin and CSP-Corcoran within four business days.[1] ECF No. 3353 at 2. The state substantially complied with that order at both prisons. ECF No. 3356 at 7 & n.2 (reporting that 94.9% of San Quentin staff and 92.6% of CSP-Corcoran staff were tested, and explaining that not all staff were tested "for a number of reasons, including employees out on sick leave, disability leave, parental leave, vacation, and remote assignment").

---

[1] The Court ordered that staff who had contact with any incarcerated person who transferred from the California Institution for Men into San Quentin or CSP-Corcoran between May 28 and May 30, 2020, be tested within two business days. ECF No. 3353 at 2.

The Court also ordered Defendants to "produce a comprehensive plan for testing staff at all prisons in the California Department of Corrections and Rehabilitation to Plaintiffs by June 16, 2020." *Id.* The parties reported in their June 18, 2020 joint case management statement that Defendants complied with this deadline, and Defendants' plan was attached as an exhibit to the parties' joint statement. ECF 3356 at 5; ECF No. 3356-1. In accordance with California Department of Public Health recommendations for skilled nursing facilities, the plan provides for "universal baseline testing of all staff" at three institutions: California Health Care Facility ("CHCF"), California Medical Facility ("CMF"), and Central California Women's Facility ("CCWF"). ECF No. 3356 at 5. However, Defendants' plan does not contemplate baseline testing at any other institution. *See* ECF No. 3356-1. Instead, the plan proposes surveillance testing at "institutions that currently do not have any newly diagnosed COVID-19 cases among inmates or staff within the last 14 days." *Id.* at 2. At institutions where at least one COVID-19 positive inmate or staff is identified, the plan proposes "serial retesting of all staff . . . every 14 days until no new cases are identified in two sequential rounds of testing," and that such "retesting" be done "[a]s soon as possible."[2] *Id.* at 5. The use of the word "retesting" assumes that baseline testing has been done, but Defendants' plan does not appear to provide for baseline testing and the Court is not aware that any such testing has occurred except at San Quentin and CSP-Corcoran.

Defendants reported on June 18 that the California Department of Corrections and Rehabilitation ("CDCR") had "already entered into a contract with a lab to provide the staff testing for" CHCF, CMF, and CCWF, and that testing at those institutions was to "commence this week." ECF No. 3356 at 7. Defendants further reported that the process of completing "expedited

---

[2] The plan proposes that staff retesting be limited to yards where positive inmates are housed or positive staff are assigned "as long as staff are not moving among buildings to provide services." ECF No. 3356 1 at 5. As far as the Court is aware, although the Receiver has recommended consideration of staff cohorting so that staff interact only with limited groups of inmates, no such cohorting has been implemented. To the contrary, Defendants have stated that, "CDCR is making efforts to ensure that primary-post positions are permanently filled, which should limit the number of different staff who are working in various housing units. But in such a large and complex system, it is impossible to completely and permanently limit the staff who work in various locations throughout the prisons." ECF No. 3332 at 15. Thus, the Court anticipates that all staff will be serially retested under Defendants' plan, without limitation to particular yards.

emergency contracts that will cover the remainder of the testing called for by the testing plan" was "nearly complete," and they expected testing under the contract to begin "next week" – i.e., the week of June 22. *Id.* Thus, at least some level of staff testing should have already begun.

The Court anticipates that Defendants intend to provide updates on the level of staff testing performed to date in the joint case management statement due on July 1, 2020. The Court also anticipates that the parties intend to report on the results of their further meeting and conferring about Defendants' comprehensive testing plan at that time. However, upon consultation with the Receiver, it appears imperative that baseline staff testing occur immediately, and the Court has concluded that waiting until the July 2 case management conference to discuss this issue with the parties would result in unnecessary delay. Given how quickly the disease can be transmitted, every day counts.

As of today, CDCR is reporting that, within the last 14 days, 828 new COVID-19 cases have been confirmed among the inmate population at San Quentin; 212 new cases have been confirmed at California Correctional Center ("CCC"); and 106 new cases have been confirmed at California Correctional Institution ("CCI"). CDCR, *Population COVID-19 Tracking*, https://www.cdcr.ca.gov/covid19/population-status-tracking/ (last visited June 28, 2020). Other prisons have also reported new cases during that time period, but these three institutions have had the largest recent outbreaks. *Id.* Baseline staff testing at CCC and CCI, as well as staff retesting at San Quentin, therefore appear to be of the highest priority.

The Court is aware of no authority that would counsel against baseline staff testing to help control the spread of disease and to protect CDCR's inmate and staff populations, as well as surrounding communities, or against retesting of all staff at San Quentin now that it has been approximately 14 days since baseline testing was completed there. Accordingly, good cause appearing, Defendants are ordered to show cause as to why they should not do all of the following:

1. Test all staff at San Quentin by July 2, 2020;
2. Test all staff at CCC and CCI by July 3, 2020; and

3. Test all staff at all remaining CDCR institutions, including California City, by July 6, 2020.

For purposes of this order, "staff" shall have the same definition as the one contained in Defendants' current comprehensive testing plan: "any individual whose work assignment is to a particular institutional facility, including but not limited to, CDCR and California Correctional Health Care Services staff, registry, contract, Division Adult Parole Operations, Prison Industry Authority and Board of Parole Staff who interact with inmates." ECF No. 3356-1 at 6. These actions shall be in addition to any comprehensive plan Defendants ultimately adopt for ongoing testing. The Court looks forward to discussing Defendants' comprehensive testing plan with the parties at the July 2 case management conference.

Any objections to this order must be filed by June 30, 2020, at 5:00 p.m., and must be supported by a memorandum of points and authorities not longer than ten pages. If any party files a timely objection, the Court will take the matter under submission without a hearing unless otherwise ordered. If no timely objection is filed, the above will become an order of the Court without further action.

**IT IS SO ORDERED.**

Dated: June 28, 2020



JON S. TIGAR
United States District Judge

4