XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
DAMON G. MCCLAIN - 209508
Supervising Deputy Attorney General
NASSTARAN RUHPARWAR - 263293
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone: (415) 703-5500
Facsimile: (415) 703-3035
Email:   Nasstaran.Ruhparwar@doj.ca.gov

HANSON BRIDGETT LLP
PAUL B. MELLO - 179755
SAMANTHA D. WOLFF -  240280
KAYLEN KADOTANI - 294114
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777--3200
Facsimile:      (415) 541-9366
pmello@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>  Defendants. | CASE NO. 01-1351 JST<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: BASELINE STAFF TESTING FOR COVID-19**<br><br>Judge:   Hon. Jon S. Tigar |

## INTRODUCTION

Defendants' respectfully submit this response and objection to the Court's Order to Show Cause on the grounds that (1) an order from the Court requiring baseline testing is unnecessary because CDCR already intended to conduct baseline testing at some institutions and now, after considering Plaintiffs' and the Court's concerns, intends to conduct baseline testing at each of the institutions and (2) it is not feasible to conduct baseline testing at all of the institutions between now and July 6, 2020, but CDCR should be able to complete the baseline testing by July 16, 2020.

**I.  CDCR HAS ALREADY CONDUCTED SIGNIFICANT STAFF TESTING IN THE INSTITUTIONS.**

The Court's Order to Show Cause indicated that, aside from the Court ordered testing at

San Quentin and California State Prison, Corcoran, the Court may not have been aware of staff testing at other institutions. CDCR's testing efforts to date have been extensive and are summarized below:

- 1,603 staff tested at California Institution for Men in May and June;
- 1,725 staff tested at San Quentin in mid-June and retesting of all San Quentin staff is scheduled to begin today;
- 1,949 staff tested at Corcoran in mid-June;
- 286 staff tested at California Institution for Women on June 8, 2020;
- 380 staff tested at California Men's Colony on June 11, 2020;
- 1,164 staff tested at Avenal State Prison in late May and serial testing at Avenal commenced on June 23, 2020;
- 1,939 staff tested at California Medical Facility from June 24-30, 2020;
- 2,959 staff tested at California Health Care Facility from June 24-30, 2020;
- 1,018 staff tested at Central California Women's Facility from June 26-30, 2020; and
- 1,142 staff tested at California State Prison, Solano from June 26-30, 2020. (Decl. J. Osborn ¶ 3.)

Furthermore, voluntary staff testing commenced at California Correctional Center on June 18, 2020. Mandatory testing of the remaining staff at that institution is already scheduled to commence on July 1, 2020, and serial testing is scheduled to begin on July 15, 2020. (*Id.* at ¶ 4.) Finally, testing of all staff at High Desert State Prison was already scheduled to commence on July 1, 2020. (*Id.* at ¶ 5.) As this data shows, CDCR takes staff testing extremely seriously, and has made significant efforts to test staff even before a statewide staff testing plan has been implemented.

## II. THE COURT'S PROPOSED TESTING ORDERS ARE UNNECESSARY AND WOULD IMPOSE AN UNREASONABLE DEADLINE.

The Court is correct that the staffing plan Defendants filed with the Court did not require baseline testing at every institution, but as Defendants have repeatedly emphasized, CDCR's

planned responses to the pandemic are subject to frequent changes as the situation evolves and new information and recommendations are evaluated. On the issue of staff testing, CDCR has decided to change course and now plans to conduct baseline staff testing at each institution and will prioritize the testing at California Correctional Institution and other prisons that have significant outbreaks. (*Id.* at ¶ 6.) In addition, retesting of all staff at San Quentin was already scheduled to commence on June 30, 2020, before the Court issued the Order to Show Cause. (*Id.* at ¶ 3.) And testing of the remaining staff at California Correctional Center was already scheduled to commence on July 1, 2020, again, before the Court issued the Order to Show Cause. (*Id.* at ¶ 4.) Thus, the Court's proposed order for baseline testing at all prisons is not necessary.

Additionally, the Court's proposed order is objectionable because the deadline it would impose for completion of testing is simply not feasible. (*Id.*) This is due to the time required to complete contracts with testing providers, the time required to schedule and arrange for testing, additional administrative complications related to completing contracts during the transition from one fiscal year to the next, and anticipated difficulties in making progress on this project through the holiday weekend when many staff will be on vacation. (*Id.*) Based on consultations with the primary contractor that will likely conduct the bulk of the baseline staff testing, CDCR estimates that it can complete the baseline testing by July 16, but will endeavor to complete it sooner. (*Id.*) CDCR anticipates, however, that staff testing at institutions with significant outbreaks, including California Correctional Institution, will be completed well before July 16 because testing at those institutions will be completed first. (*Id.*)

Lastly, in light of the fact that some of the staff testing contemplated in the Court's Order to Show Cause was already underway, and the fact that CDCR now intends to conduct baseline staff testing at every institution and will complete that testing by July 16 at the latest, the orders contemplated in the Order to Show Cause could not satisfy the Prison Litigation Reform Act's (PLRA) needs-narrowness-intrusiveness requirements. 18 U.S.C. § 3626(a)(2). To the contrary, those contemplated orders would not be the least intrusive means to correct a constitutional violation, and they extend further than necessary to correct a harm in violation of the of the PLRA.

# CONCLUSION

The orders contemplated in the Court's Order to Show Cause are unnecessary because CDCR already planned to conduct baseline testing at some of the prisons and is now committed to conducting baseline testing at all of the prisons. Additionally, the Court's deadlines for completing the baseline testing are objectionable because they are simply not feasible. But as discussed above, CDCR expects that baseline testing can be completed at all prisons by July 16 and will endeavor to complete baseline testing sooner. Finally, the Court should not issue the orders contemplated in the Order to Show Cause because they cannot satisfy the PLRA's needs-narrowness-intrusiveness requirement.

DATED: June 30, 2020          HANSON BRIDGETT LLP


By:     */s/ Paul B. Mello*
PAUL B. MELLO
SAMANTHA D. WOLFF
KAYLEN KADOTANI
Attorneys for Defendants

DATED: June 30, 2020          XAVIER BECERRA
Attorney General of California


By:     */s/ Damon McClain*
DAMON MCCLAIN
Supervising Deputy Attorney General
NASSTARAN RUHPARWAR
Deputy Attorney General
Attorneys for Defendants

-4-          Case No. 01-1351 JST

Defs.' Response OSC Re: Baseline Staff Testing COVID-19

# CERTIFICATE OF SERVICE

Case Name:  *Plata, et al. v. Brown, et al.*     No.  01-cv-01351-JST

I hereby certify that on June 30, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: BASELINE STAFF TESTING FOR COVID-19**
2. **DECLARATION OF JENNIFER OSBORN IN SUPPORT OF DEFENDANTS' RESPNOSE TO ORDER TO SHOW CAUSE RE: BASELINE STAFF TESTING FOR COVID-19**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 30, 2020, at San Francisco, California.

| N. Codling | /s/ N. Codling |
|---|---|
| Declarant | Signature |

CA2001CS0001
42248938.docx