Brian M. Pomerantz (CA Bar #214264)
P.O. Box 853
Carrboro, NC 27510
Telephone: (323) 630-0049
Habeas@protonmail.com

Attorney for Petitioner
ANTHONY WALDRIP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ANTHONY WALDRIP, | Case No. 4:20-cv-04253-KAW |
| Petitioner, | (related Case No. 4:01-cv-01351-JST) |
| v. | |
| RON BROOMFIELD, Acting Warden of California State Prison at San Quentin, | **NOTICE OF RELATED CASE AND REQUEST FOR IMMEDIATE TRANSFER** |
| and | |
| RALPH DIAZ, Secretary, Department of Corrections and Rehabilitation, | ***IMMEDIATE RELIEF SOUGHT*** |
| Respondents. | |

1

1  Petitioner Anthony Waldrip was not sentenced to death, but if something is not done
2  immediately, he very well may suffer that fate.  Two weeks ago, Mr. Waldrip filed a Petition
3  with this Court pursuant to 28 U.S.C. § 2241.  Mr. Waldrip served the California Attorney
4  General's office, counsel for Respondents, with the Petition on June 26, 2020, the morning
5  after the Petition was filed.  Mr. Waldrip's 2241 relied on the risk of death due to the
6  constantly increasing threat of COVID-19 at San Quentin State Prison ("San Quentin").  At
7  the time, San Quentin had 523 infected prisoners.  The number of confirmed cases has more
8  than tripled since then, and nine inmates have died since the filing of the Petition.[1]

   Critically, Counsel received third-hand information this morning that Mr. Waldrip has
10 tested positive for COVID-19, and that he is being quarantined within his cell with another
11 inmate who also tested positive for COVID-19.  Based on that information, Counsel feels it
12 is imperative to prod the Court to action.  Counsel for Mr. Waldrip has patiently waited for
13 this Court to take up this matter, but now moves for a decision because Mr. Waldrip is in the
14 midst of the exact risk that this Court was warned about two weeks ago.  Mr. Waldrip
15 appears to have a virus that might kill him.

16 Mr. Waldrip indicated to this Court in his initial filing the severity of the situation and
17 the immediate need for action, terming it an "emergency petition" requesting "immediate
18 relief." Mr. Waldrip also explained that this case was related to Case No. 4:01-cv-01351-JST
19 (Dkt. No. 1-2) and filed a letter addressed to the clerk describing the relationship. (Dkt. No.
20 1-1.)  That letter explained that:

> This lawsuit concerns the sudden COVID-19 outbreak at San Quentin State Prison.  *Plata v. Newsom*, Case No. 4:01-cv-01351-JST, another action before this Court, has been dealing with the foundational facts of this Petition For Writ of Habeas Corpus.  The ongoing COVID-19 outbreak at San Quentin State Prison is an extremely time sensitive issue and Petitioner Anthony Waldrip is seeking expedited relief.  For that reason, because the Honorable Jon S. Tigar is already extremely familiar with the underlying critically time sensitive issues, there

---

[1] Six condemned prisoners have died: Richard Stitely, Joseph Cordova, Manuel Machado Alvarez, Scott Erskine, DeWayne Carey, David Reed, as well as three from the general population.

> would undoubtedly be a judicial economy to this habeas being assigned to Judge Tigar. Mr. Waldrip therefore respectfully suggests that all involved may best be served by directing this lawsuit to Judge Tigar.

Mr. Waldrip posits that this Court's unfamiliarity with the situation at San Quentin may be impeding its recognition of the severity of the situation. He therefore moves that this case be transferred to Judge Tigar. For instance, due to his familiarity with the *Plata* litigation, Judge Tigar surely knows that prisoners with COVID-19 are three times more likely to die than Americans in general. *See* Brendan Saloner, Ph.D., Kalind Parish, M.A., Julie A. Ward, MN, RN, et al., *COVID-19 Cases and Deaths in Federal and State Prisons* (July 8, 2020), available at https://bit.ly/2ZfTn2h, last visited on July 10, 2020.

Just this week, Judge Tigar met with Governor Gavin Newsom at the California Medical Facility where many inmates with ill health are incarcerated. "It is not known what they discussed but Judge Tigar has previously made pleas for Newsom to free some inmates to allow for safe and isolated housing of those that must remain in prison during the pandemic." *See* Milly Vincent, *Third of San Quentin's 4,000 prisoners have been diagnosed with coronavirus, including six who have died*, DAILY MAIL (July 9, 2020), available at https://www.dailymail.co.uk/news/article-8505599/Third-San-Quentins-4-000-prisoners-diagnosed-coronavirus-six-died.html, last visited on July 10, 2020. Thus, Judge Tigar is clearly situated to best analyze the claimed constitutional violation herein.

Mr. Waldrip reminds this Court that he has been incarcerated for over twenty years because he removed someone else's gun from the play area of an eight-year-old boy and his younger sister. That fact is undisputed. Mr. Waldrip, a former felon, was charged with being a felon in-possession of a firearm and sentenced to twenty-five years to life in state prison pursuant to California's "Three Strikes" law. This was a strict liability crime, despite his good deed. Mr. Waldrip is only seven months from parole eligibility,[2] but may not make it

---

[2] While the Petition says ten months, a recently announced change shortens that time by twelve weeks. *See* Michael McGough, *California releasing most prison inmates 12 weeks early to clear space amid coronavirus*, SACRAMENTO BEE (July 10, 2020), available at

out of San Quentin, despite his exemplary prison record, without immediate action from the federal court. As explained in the Petition, Mr. Waldrip has factors that place him at higher risk for death from COVID-19.

To be clear, Mr. Waldrip is not arguing that his sentence was imposed in violation of the Constitution or laws of the United States, or that the sentencing court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. *See Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019). He is arguing that his sentence is being improperly executed and that he should therefore be released. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Mr. Waldrip can get better medical treatment and has a substantially better chance of surviving COVID-19 outside of prison. He has a wife, sister, and mother, and a stable home to live in. Section 2241 compels his release. Therefore, Mr. Waldrip requests that the case be immediately transferred to Judge Tigar who is familiar with the many underlying facts that affect the evaluation of his 2241 Petition.

Dated:  July 10, 2020                             By: */S/ Brian M. Pomerantz*
                                                                           BRIAN M. POMERANTZ

                                                                           Attorney for Petitioner
                                                                           ANTHONY WALDRIP

---

https://bit.ly/2Ofj8d2, last visited on July 10, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the appellate CM/ECF system.

By: */S/ Brian M. Pomerantz*
BRIAN M. POMERANTZ