IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>EDMUND G. BROWN, et al.,<br><br>                                    Defendants. | Case No. 01-cv-01351-JST<br><br>**[PROPOSED] ORDER RE: QUARANTINE AND ISOLATION SPACE** |

On July 7, 2020, the Court ordered the parties to meet and confer with the Receiver regarding the need for "sufficient space at each institution to allow the institution to follow public health guidance on isolating and quarantining patients in the event of a COVID-19 outbreak," and to submit a joint proposed order on that subject, or competing proposed orders on that subject, for the Court's consideration.  On Wednesday, July 15, 2020, the parties submitted competing proposed orders and briefing.  The parties have now filed responses to each other's proposed orders.  Defendants have also filed another proposed order and have advised that CDCR intends to vacate a minimum of one entire housing unit at 30 to 32 of the 35 prisons for use in the event of an outbreak, and that each of these reserved units will have a minimum of 100 beds and possibly more.  The remaining 3-5 prisons will identify and reserve other viable space to allow a

1 minimum of 100 beds for use in the event of an outbreak.  CDCR intends to complete the process of creating these reserved spaces within thirty days.  Defendants have further advised that CDCR will consider whether additional space is needed at each prison, and if so, how it will be provided.

In light of this development, the Court adopts Defendants' proposed order, which provides the following:

1. Within ten days, CDCR will report which housing unit it will vacate at each prison and the number of beds in that housing unit, or will otherwise identify the spaces that will be reserved;

2. Within fifteen days, CDCR will assess whether it thinks additional space is needed at each prison for isolation and quarantine purposes, and if so, whether that space will be reserved or otherwise provided (e.g., activation of gymnasiums, installation of tents, alternative converted space) in the event of an outbreak;

3. Thereafter, if either party believes the amount of space set aside for quarantine and isolation purposes at a particular prison should be modified, that party can present the concern to the Receiver, who will provide a recommendation concerning the requested modification.  If the parties cannot reach an agreement after meeting and conferring and considering the Receiver's input, the Receiver shall refer the matter to the Court;

4. The Receiver shall continually monitor whether isolation and quarantine space reserves are appropriate in light of changing circumstances, and advise the parties if he believes reserve levels should be modified at a particular prison.  If the parties cannot reach an agreement concerning a recommendation from the Receiver, the Receiver shall refer the matter to the Court.

/ / /

/ / /

5. In the event of an emergency at a prison, such as a fire, riot, or natural disaster, CDCR may house inmates in the vacant housing unit if necessary, but shall only do so for the period that the emergency requires that arrangement. If such an emergency causes CDCR to transfer inmates into a reserved housing unit, Defendants will ==immediately== advise the Receiver and Plaintiffs, and meet and confer with the Receiver and Plaintiffs concerning what steps need to be taken to ensure that there is adequate space at the prison in the event of a COVID-19 outbreak.

6. ==This order will terminate in 180 days unless the parties reach an agreement to extend it.==

IT IS SO ORDERED

Dated: _____       _____
                                           The Honorable Jon S. Tigar