PRISON LAW OFFICE
DONALD SPECTER (83925)
STEVEN FAMA (99641)
ALISON HARDY (135966)
SARA NORMAN (189536)
RANA ANABTAWI (267073)
SOPHIE HART (321663)
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704
dspecter@prisonlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GAVIN NEWSOM., et al.,<br><br>*Defendants*. | Case No. 4:01-cv-1351 JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR AN EXTENSION OF TIME TO COMPLY WITH DEADLINE TO PREPARE ISOLATION AND QUARANTINE SPACE FOR OCCUPANCY** |

Plaintiffs oppose Defendants' request for additional time to comply, at thirteen of the 35 prisons, with this Court's July 22, 2020 Order (ECF No. 3401) to set aside quarantine and isolation space for use in the event of a COVID-19 outbreak.[1] We do so because the risk of significant harm to Plaintiffs at those thirteen prisons is simply too great to permit further compliance delays. Thousands of people became infected and

---

[1] Specifically, Defendants seek an extension of the requirement at page 4, lines 14-15 of the July 22 Order that required that by September 2 they set aside all bed space identified in accord with the process set forth at page 4, lines 6-13 of that Order.

1

dozens of people died at prisons, including San Quentin, California Institution for Men, and Avenal State Prison, where COVID-19 spread rapidly, in large part because those prisons lacked adequate quarantining and isolation space. The need for available space to adequately respond to outbreaks at every prison is critical, and it is urgent.

To address this issue, this Court ordered the parties to meet and confer with the Receiver in early July regarding the need for sufficient space at each prison to permit the isolation and quarantine of patients, consistent with public health guidance, in the event of a COVID-19 outbreak. ECF 3381. The parties ultimately submitted different proposed orders to identify and set aside space. The Experts for both parties concurred that setting aside space for isolation and quarantine in the event of an outbreak is necessary. *See* ECF No. 3391-1¶ 5 (Decl. of Adam Lauring) ["Without adequate space to accomplish . . . separation, minor outbreaks can quickly flare up to a disastrous level"] and ECF No. 3398-1 ¶ 10 (Dec. of Anne Spaulding) ["it is important to have space available for quarantine and isolation purposes in the event of an outbreak of COVID-19 in CDCR's prisons"].

On July 22, finding that there was "no dispute" that each prison must allocate and set aside isolation and quarantine space, and that there was "no reason to delay implementation" of that plan, this Court ordered Defendants to identify at least 100 beds at every prison by August 5, to assess whether additional beds were required to respond to a COVID-19 outbreak by August 19, and, by September 2, to have those spaces ready for occupancy. ECF No. 3401 at 4-5.

Defendants provided their assessment of additional beds for the 35 prisons to

PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION
PLATA V. NEWSOM, NO. C01-1351 JST

Plaintiffs on August 27. *See* ECF 3439-2 (Exhibit A to Gipson Declaration). These are the beds that Defendants were required to have vacated by September 2. However, on September 1, Defendants asked Plaintiffs to stipulate to an order extending the compliance date. Noting the substantial risk to Plaintiffs in the event of an outbreak at any of the prisons, and the availability of additional options to Defendants, including the option of releasing additional people from prison, Plaintiffs did not agree to the extension.

On September 2, Defendants asked this Court to extend the deadline for compliance to September 25 for ten prisons, and to October 31 for three additional prisons. Defendants asserted that, at those thirteen prisons, the spaces identified for quarantine and isolation cannot be made ready for occupancy until CDCR transfers people to other prisons. ECF No. 3439 at 2.

The only evidence offered to support their position is a declaration from Connie Gipson, Director of CDCR's Division of Adult Institutions, stating that "inmate transfers will be required to open up some of the identified spaces needed" for quarantine and isolation, and that the transfers would be done with the cooperation of the Receiver, in compliance with the matrix. ECF No. 3439-2 at ¶ 2. According to Ms. Gipson, for three of the prisons, California Medical Facility, California Institution for Men and California State Prison—Los Angeles, the people who must be transferred will be difficult to place at other prisons because of "their disability, medical, and mental health status." *Id.* at ¶ 6. Defendants claim that, pending the transfers, the thirteen prisons have "a substantial amount" of quarantine and isolation space ready for occupancy. ECF 3439 at 2-3.

3

In fact, Defendants' chart showing the quarantine and isolations space Defendants have reserved, at least eight of the thirteen prisons have vacated only half or less than half of the space Defendants deem necessary to respond to an outbreak.[2] ECF 3439 at 5-7. Indeed, at one prison, Sierra Conservation Center, no space has yet been vacated, leaving the prison with no available space for quarantine or isolation of patients who have, or have been exposed to, COVID-19. *Id.* at 7. Defendants must expedite their efforts to ensure that these spaces are promptly emptied and prepared for occupancy for the next round of outbreaks.

Regarding the amount of time Defendants will require to empty the identified spaces, Defendants have provided no information regarding the number of people who they believe must be transferred out of each prison in order to vacate those buildings. A request for an extension of this kind must, we submit, be supported by specific evidence, not general assertions entirely devoid of factual foundation. Cf. *Walker v Sumner*, 917 F.2d 382, 386 ("Prison authorities cannot rely on general or conclusory assertions to support their policies").

Plaintiffs respectfully request that this Court deny Defendants' application, and order immediate compliance with the July 22 Order requiring that isolation and quarantine space be available for occupancy at all 35 prisons.

---

[2] Avenal State Prison, Calipatria State Prison, Centinela State Prison, Chuckawalla Valley State Prison, High Desert State Prison, Sierra Conservation Center, Wasco State Prison, and California Institution for Men.

Respectfully submitted,

DATED: September 8, 2020     PRISON LAW OFFICE

By: *Alison Hardy*
    Donald Specter
    Steven Fama
    Alison Hardy
    Sara Norman
    Rana Anabtawi
    Sophie Hart

Attorneys for Plaintiffs