United States District Court
Northern District of California

1
2
3
4          UNITED STATES DISTRICT COURT
5         NORTHERN DISTRICT OF CALIFORNIA
6
7    MARCIANO PLATA, et al.,              Case No. 01-cv-01351-JST
8              Plaintiffs,                **ORDER GRANTING IN PART AND**
                                          **DENYING IN PART DEFENDANTS'**
9         v.                             **REQUEST FOR EXTENSION OF TIME**
                                          **RE: ISOLATION AND QUARANTINE**
10   GAVIN NEWSOM, et al.,                **SPACE**
11             Defendants.                Re: ECF No. 3439
12
13        The Court previously ordered Defendants to plan for and set aside isolation and quarantine
14   space at each institution to help manage the spread of COVID-19.  ECF No. 3401.  Pursuant to
15   that order, the parties, the Receiver, public health experts, and other stakeholders worked
16   diligently over several weeks, and Defendants have now identified space at each institution that
17   they believe would satisfy public health recommendations.  All such space was required to be
18   ready for occupancy no later than September 2, 2020.  *Id.* at 4.  Defendants have complied with
19   the order as to twenty-two prisons.  ECF No. 3439-2 ¶ 1.
20        On September 2, Defendants requested an extension of time as to the remaining thirteen
21   prisons: to September 25, 2020, at ten prisons, and to October 31, 2020, at three prisons.  ECF No.
22   3439.  Defendants state, without providing specifics, that they require such extensions because
23   they cannot vacate the identified space at these institutions without inter-institution transfers, and
24   that they could not meet the September 2 deadline in part because the transfer matrix "was only
25   recently finalized and implemented."  *Id.* at 2; ECF No. 3439-2 ¶ 2.
26        Defendants' request is granted in part and denied in part.  The Court agrees with Plaintiffs
27   that "Defendants must expedite their efforts to ensure that [the identified] spaces are promptly
28   emptied and prepared for occupancy."  ECF No. 3441 at 4.  However, just as no one questions the

United States District Court
Northern District of California

importance of setting aside adequate isolation and quarantine space, it is also beyond dispute that transferring incarcerated persons within and between institutions must be done in a manner that complies with public health guidance.  The parties' submissions do not contain enough information for the Court to make an informed decision setting a firm deadline for Defendants' compliance with the Court's prior order.

Accordingly, the Court directs the Receiver to meet and confer with the parties, and to include public health experts as appropriate, to identify an expedited timeline for preparing all identified isolation and quarantine space for occupancy.  If the parties can reach agreement, they shall file a stipulation and proposed order by September 16, 2020.  If the parties cannot reach agreement, then the Receiver shall file his proposed timeline by the same date and attach the parties' objections and counter-proposals for the Court's consideration.  To the extent that transfers are necessary and can be done in accordance with public health guidance, the transfer process shall begin as soon as possible, without waiting for the Court to set a final compliance deadline.

**IT IS SO ORDERED.**

Dated:  September 10, 2020



JON S. TIGAR
United States District Judge