PRISON LAW OFFICE
DONALD SPECTER (83925)
STEVEN FAMA (99641)
ALISON HARDY (135966)
SARA NORMAN (189536)
SOPHIE HART (321663)
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704
dspecter@prisonlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | CASE No. 01-1351 JST<br><br>**[PROPOSED] ORDER REGARDING STAFF COMPLIANCE WITH FACE COVERING AND PHYSICAL DISTANCING REQUIREMENTS** |

Case No. 01-1351 JST
[PROPOSED] ORDER REGARDING STAFF COMPLIANCE WITH FACE COVERING AND PHYSICAL DISTANCING REQUIREMENTS

170014802.1

On October 26, 2020, California's Office of the Inspector General (OIG) released a report reviewing CDCR's distribution and use of personal protective equipment (PPE) during the COVID-19 pandemic. *See* Office of the Inspector General, *COVID-19 Review Series, Part Two: The California Department of Corrections and Rehabilitation Distributed and Mandated the Use of Personal Protective Equipment and Cloth Face Coverings; However, Its Lax Enforcement Led to Inadequate Adherence to Basic Safety Protocols* (Oct. 2020), https://www.oig.ca.gov/wp-content/uploads/2020/10/OIG-COVID-19-Review-Series-Part-2-%E2%80%93-Face-Coverings-and-PPE.pdf. The OIG found that, although CDCR had provided PPE and communicated face covering and physical distancing requirements to staff, in practice staff frequently failed to adhere to both requirements during the period monitored (between May 19, 2020 and July 29, 2020). *Id.* at 2. The OIG directly observed staff's failure to follow face covering requirements during their monitoring visits. *Id.* at 2, 22-30. The OIG also surveyed more than 12,000 staff members; 31% reported they had observed staff or incarcerated persons failing to properly wear face coverings. *Id.* at 2, 31. The OIG concluded that the failure to follow these requirements "was likely caused at least in part by the department's supervisors' and managers' lax enforcement of the requirements." *Id.* at 2. The OIG observed that CDCR had referred only seven employees (out of more than 63,000) for formal investigation or punitive actions for misconduct relating to face covering or physical distancing requirements since February 1, 2020. *Id.* at 2-3, 35.

The Court discussed the OIG's report with the parties at a Case Management Conference on November 5, 2020. During the Conference, the Court issued a tentative order from the bench, directing Defendants to submit to Plaintiffs and the Receiver biweekly reports of staff noncompliance with face covering and physical distancing requirements. There were no objections to the Court's tentative order. The Court therefore issues the following order:

    1.    Defendants shall produce to Plaintiffs and the Receiver biweekly (every two

-2-   Case No. 01-1351 JST
[PROPOSED] ORDER REGARDING STAFF COMPLIANCE WITH FACE COVERING AND PHYSICAL DISTANCING REQUIREMENTS

weeks) reports regarding staff noncompliance with face covering and physical distancing requirements as outlined in CDCR's October 27, 2020 Memorandum for each of the 35 prisons. At a minimum, each report shall include: (a) the classification of each staff person who failed to comply with CDCR's October 27, 2020 Memorandum regarding face covering and physical distancing requirements, including whether it is a repeat offense; (b) the institution and unit where the violation occurred; (c) a summary of the specific violation, including date; and (d) a summary of the action taken, if any, by CDCR in response to the violation as of the date of the production of the report.

2. For the purposes of this order, "staff" refers to all non-incarcerated persons working in the prisons (including all healthcare, custody, non-uniformed workers, contract, and CDCR or CCHCS headquarters or regional staff when on site at an institution).

IT IS SO ORDERED.

Dated: November 20, 2020

THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT COURT JUDGE

*Approved as to form*:

Dated:  November 19, 2020

XAVIER BECERRA
Attorney General of California


*/s/ Damon McClain*
DAMON MCCLAIN
Supervising Deputy Attorney General
RYAN GILLE
IRAM HASAN
Deputy Attorney General
Attorneys for Defendants

| | | |
|---|---|---|
| 1 | Dated: November 19, 2020 | HANSON BRIDGETT LLP |

*/s/ Samantha Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
Attorneys for Defendants