PRISON LAW OFFICE
DONALD SPECTER (83925)
STEVEN FAMA (99641)
ALISON HARDY (135966)
SARA NORMAN (189536)
RANA ANABTAWI (267073)
SOPHIE HART (321663)
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Fax: (510) 280-2704
dspecter@prisonlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GAVIN NEWSOM., et al.,<br><br>*Defendants*. | Case No. 4:01-cv-1351 JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO MODIFY BRIEFING SCHEDULE** |

I.  **Introduction**

Plaintiffs plan to seek a modification of Defendants' quarantine set-aside space. Since the Court requires such requests to be made through joint briefing, Plaintiffs on November 16 proposed to Defendants the following briefing schedule: the parties would exchange preliminary positions on December 3, and then exchange modified positions and file the joint brief on December 10 for a December 17 hearing.  Declaration of Sara Norman in Support of Plaintiffs' Opposition to Defendants' Administrative Motion, ¶ 2, Ex. A (email of November 16, 2020).  At the Case Management Conference several days

1

later, Defendants indicated that they would accept those dates with "minor modifications," but proposed December 23 for the hearing. Transcript of November 19, 2020, ECF 3494 at 12:1-2. Accordingly, the Court set the hearing for December 23. Scheduling Order Re: Plaintiffs' Intended Motion Regarding Quarantine and Isolation Space (November 20, 2020), ECF No. 3493 at 1.

The day after the Case Management Conference, the Court issued an order rejecting Plaintiffs' suggestion that the matter proceed in a more traditional way, with a motion followed by opposition and reply rather than through a joint brief. Instead, the Court favored a process that "will require the parties to exchange their positions" and then work collaboratively to identify areas of agreement and dispute to be set forth in a joint brief. *Id.* The Court offered December 23 or January 14 as hearing dates. *Id.* Accordingly, Plaintiffs selected December 23 and proposed a schedule for exchange of briefs (on December 4) to be followed by joint production of the joint sections as required by the Court. Declaration of Ryan Gille in Support of Defendants' Administrative Motion to Modify Briefing Schedule on Plaintiffs' Motion Re: Quarantine and Isolation Space, Ex. A. at 6-7 (email of November 24, 2020).

Defendants reject this schedule and protest that Plaintiffs must provide their "moving papers" on December 1 so that they can generate their "opposition" the day before the joint brief is due to be filed. Defendants' Administrative Motion to Modify Briefing Schedule, ECF No. 3495 at 5. In so doing, they reject the Court's clear direction that the parties exchange positions and file a joint brief in lieu of "a motion, opposition, and reply." ECF No. 3493 at 1. They also reject a schedule nearly identical to one which

they had previously accepted (with "minor modifications"). They present no persuasive arguments for this change of course.

## II. The Court should deny Defendants' motion because they fail to show "substantial harm or prejudice" from a briefing schedule they had already accepted and which complies with the Court's required format

Northern District Local Rule 6-3 requires that a motion to enlarge or shorten time must "[i]dentif[y] the substantial harm or prejudice that would occur if the court did not change the time."[1] Defendants have identified no harm or prejudice to Plaintiffs' proposal because they cannot.

First, Plaintiffs have been clear for many weeks on our grounds for requesting modifications to the quarantine set-aside space. We object to the failure to ensure that quarantine of people with known exposure is done in solid-door cells and to the failure to set aside space for precautionary quarantine (prior to and following transfers). The first modification was requested on September 16 and the second on October 27. Norman Decl., ¶¶ 3-4. There is no harm or prejudice to Defendants in generating an initial position for the exchange of briefs when the matter has been before them for so long. Defendants have had ample time to discuss the matter with the Receiver and their public health experts.

Second, Defendants have also had ample time to discuss the matter with Plaintiffs. Despite repeated offers to speak if they had questions about our position, Ex. A to Gille

---

[1] Plaintiffs oppose Defendants' motion using the standards set forth in Northern District Local Rule 6-3 because that is the rule under which Defendants move. It is not clear that this rule applies, however, because Defendants are not moving to change Court-ordered dates so much as disagreeing with Plaintiffs over how the time is to be allocated prior to the filing. In any event, the rule provides a fitting standard to evaluate the merits of Defendants' request to alter dates to which they already substantially agreed.

3

Decl. (emails of November 24 and 25, 2020), they chose instead to ask the Court to intervene. To date, Defendants have not made a single attempt to engage with us to learn more about these concerns. Norman Decl., ¶ 5.

Third, there can be no harm or prejudice in requiring Defendants to follow a schedule nearly identical to one they already accepted "with minor modifications." Defendants say that Plaintiffs "make much of" this fact. Defs' Motion, ECF No. 3495 at 4. There is much to be made: it completely upends their argument and any possibility of claiming harm or prejudice.

Finally, Defendants ask the Court to adopt an adversarial approach it has already rejected. The order they propose ignores the Court's clear direction to file a joint motion based on an exchange of positions, instead substituting a motion-opposition-reply format pasted into a single document. Their proposal, that they provide their position the day before the brief is due, makes meaningful discussion impossible.

Plaintiffs remain open to meaningful discussion. We have been engaging with the Receiver and his staff on these issues. We intend to continue those discussions and are open to a direct communication between our public health expert and any experts relied on by Defendants. To that end, we have today provided Defendants and the Receiver a draft declaration from Dr. Adam Lauring, our expert, on these issues. Norman Decl., ¶ 6.

Any prejudice, if this matter is put off to January 14, as Defendants request in the alternative, is to the Plaintiff class. The virus is raging through multiple CDCR prisons, and the number of infections is the highest it has ever been. Plaintiffs have waited long enough to be heard, and it is both fair and equitable to require Defendants to follow the

4

briefing schedule and format originally proposed two weeks ago.

### III. Conclusion

For the forgoing reasons, the Court should deny Defendants' motion and require the parties to exchange preliminary positions on December 4 and file the joint brief on December 9 to be heard on December 23.

                                          Respectfully submitted,

DATED:  November 30, 2020        PRISON LAW OFFICE

                                    By:  *Sara Norman*
                                         Donald Specter
                                         Steven Fama
                                         Alison Hardy
                                         Sara Norman
                                         Rana Anabtawi
                                         Sophie Hart

                                         Attorneys for Plaintiffs