PRISON LAW OFFICE
DONALD SPECTER (83925)
STEVEN FAMA (99641)
ALISON HARDY (135966)
SARA NORMAN (189536)
SOPHIE HART (321663)
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704
dspecter@prisonlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | CASE NO. 01-1351 JST<br><br>**DECLARATION OF SARA NORMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION** |

I, Sara Norman, declare,

1. I am an attorney at law admitted to practice before this Court and the courts of the state of California. I am the managing attorney at the Prison Law Office and counsel for Plaintiffs in this litigation. If called as a witness, I would and could competently testify to the facts stated herein, all of which are within my personal knowledge.

2. On November 16, 2020, I emailed Defendants' counsel Damon McClain to propose, for our motion to enforce, that the parties exchange their preliminary positions on December 3, and then exchange any modifications to those positions and file the joint brief on December 10. I also proposed we request a hearing date of December 17. I have attached a true and correct copy of that email as Exhibit A.

3. On September 16, 2020, I emailed Clark Kelso a request that he consider modifying the set-aside space for isolation and quarantine at certain institutions. I copied the email to Defendants' counsel.

4. On October 27, 2020, I emailed Clark Kelso a request that he consider whether the reserve levels of set-aside space at all prisons should be modified to account for the expansion of intake and the growing number of inter-prison transfers, in order to accommodate pre- and post-transfer quarantine in celled housing. I copied the email to Defendants' counsel.

5. Defendants write that they do not know what specific arguments Plaintiffs intend to present to the Court. Defendants have never reached out to me to request further information about what those arguments will be, although I have repeatedly offered to answer any questions they might have.

6. This morning, I emailed to counsel for Defendants and for the Receiver a copy of the draft declaration of Adam Lauring, MD, our public health expert, that we anticipate filing in this matter.

7. Plaintiffs will be relying on Dr. Lauring's expertise to support our Motion to Enforce the Court's Order to Set Aside Isolation and Quarantine Space. Although the declaration is not finalized, it accurately sets forth Dr. Lauring's position regarding the use of housing units with common airspace to quarantine individuals who have been exposed to COVID-19.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 30, 2020, in Berkeley, CA.

_____/s/_____
Sara Norman

-3-   Case No. 01-1351 JST

DECLARATION OF SARA NORMAN

# EXHIBIT A



Sophie Hart <sophieh@prisonlaw.com>

## Nov.19 CMC Statement

**Sara Norman** <snorman@prisonlaw.com>                                        Mon, Nov 16, 2020 at 4:16 PM
To: Damon McClain <Damon.McClain@doj.ca.gov>
Cc: "Paul B. Mello" <Pmello@hansonbridgett.com>, "Laurel E. O'Connor" <LOConnor@hansonbridgett.com>, Samantha Wolff <SWolff@hansonbridgett.com>, Iram Hasan <Iram.Hasan@doj.ca.gov>, Ryan Gille <Ryan.Gille@doj.ca.gov>, Alison Hardy <ahardy@prisonlaw.com>, Sophie Hart <sophieh@prisonlaw.com>, Steven Fama <sfama@prisonlaw.com>, Rana Anabtawi <rana@prisonlaw.com>, Don Specter <dspecter@prisonlaw.com>

Hi Damon,

As you can see from our isolation/quarantine section in the CMC Statement, we are planning to raise with the Court two disagreements over the adequacy of Defendants' set-aside space. These disagreements are set forth in my emails to Clark of September 16 (Concern #1 regarding set-aside space in solid-door cells) and October 27. The July 22 order directs the parties, if unable to reach agreement on a dispute over the adequacy of the space, to "present a joint brief to the Court setting forth their respective positions, supported by evidence from health experts." I thought I'd reach out now to start talking about scheduling for the joint brief, given the upcoming holidays.

We propose that the parties exchange preliminary positions on December 3, and then exchange any modifications to our positions and file the joint brief on December 10, and request that the Court hear the matter on December 17. Let us know what you think.

--Sara

**From:** Ryan Gille [mailto:Ryan.Gille@doj.ca.gov]
**Sent:** Monday, November 16, 2020 3:33 PM

[Quoted text hidden]

[Quoted text hidden]