PRISON LAW OFFICE
DONALD SPECTER (83925)
STEVEN FAMA (99641)
ALISON HARDY (135966)
SARA NORMAN (189536)
RANA ANABTAWI (267073)
SOPHIE HART (321663)
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Fax: (510) 280-2704
dspecter@prisonlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GAVIN NEWSOM., et al.,<br><br>*Defendants*. | Case No. 4:01-cv-1351 JST<br><br>**[PROPOSED] ORDER ON QUARANTINE SPACE** |

The Court finds that it is the unanimous opinion of public health experts from both parties, the Receiver, and the Centers for Disease Control and Prevention (CDC) that people in CDCR on quarantine for known coronavirus exposure are at significantly greater risk of contracting COVID-19 if they are placed in cells with porous or barred doors or in dormitories instead of in cells with solid doors.  That is because contact through the air in shared air spaces[1] is one of the primary modes of transmission of the disease.

---

[1] The term "shared air spaces" refers to places where there is no meaningful barrier separating people breathing the same air, such as cell walls and solid doors.

According to the CDC, when people with known exposure are housed together with other quarantined people, rather than in cells with solid doors, they are placed at a "high risk of transmission from infected to uninfected individuals."  Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, posting date October 7, 2020 (https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html).  Thus,

> **Facilities should make every possible effort to individually quarantine close contacts of individuals with confirmed or suspected COVID-19.** Cohorting multiple quarantined close contacts could transmit SARS-CoV-2 from those who are infected to those who are uninfected. Cohorting should only be practiced if there are no other available options.

*Id.* (emphasis in original).

In accordance with this national Guidance, the Receiver has directed that "post-exposure quarantine housing should be solid-door cells occupied by only one person," but that double celling is allowable: "Quarantine cohorting as defined in the Interim Guidance is to be used with no more than 2 persons per shared airspace housing."  The Receiver further noted that there are five prisons -- Avenal State Prison, California Rehabilitation Center, Chuckawalla Valley State Prison, Folsom State Prison, and San Quentin State Prison -- where "the available facilities are insufficient" to comply with these standards.  In those prisons, the Receiver directed that "[a]ll efforts should be made . . . to find quarantine alternatives that satisfy the purposes of a post-exposure quarantine as set forth above."  The Court finds this approach strikes a reasonable balance between what is safe and what is possible for Defendants to achieve, given that according to Defendants, approximately three quarters of people on quarantine for exposure to the

virus are already single- or double-celled.

Defendants knowingly place people at substantial risk of serious harm when they fail to set aside sufficient space to quarantine people in a cell with a solid door.  Failure to take appropriate measures to provide quarantine in a solid-door cell thus constitutes deliberate indifference to the serious health needs of the patient population.  Order Denying Plaintiffs' Emergency Motion to Modify Population Reduction Order, April 4, 2020, ECF No. 3261 at 8 ("the Eighth Amendment requires Defendants to take adequate steps to curb the spread of disease within the prison system"); *see also Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996) ("correctional officials have an affirmative obligation to protect inmates from infectious disease").

Plaintiffs have demonstrated that CDCR has to date failed to take adequate steps to prevent this risk of harm to the people in its custody.  Defendants have housed people in shared air spaces for quarantine at prisons with celled housing available or that could have been made available.  They have failed to pursue all reasonable options at those prisons with no or very few solid-door cells, such as reducing population density or providing alternative safe locations for quarantine.

In addition, CDCR has not set aside quarantine space at individual prisons for the separation of newly arrived residents from the rest of the population (precautionary quarantine).  This failure violates the Receiver's clear direction and places class members at risk of harm.

Accordingly, the Court hereby orders the following:

1. In light of the current surge in COVID-19 cases and the extreme risk to the

CDCR population, within seven days of the date of this Order, Defendants shall use only solid-door cells to quarantine people known to have been exposed to the virus. The first choice for post-exposure quarantine shall be solid door cells occupied by only one person. Defendants shall not quarantine people post-exposure in cohorts larger than two.

2.  Defendants shall set aside enough cells with solid doors for quarantine purposes to accomplish this end. Defendants shall explore the activation of unused space in the prisons for isolation or quarantine purposes and shall identify and create options for housing in order to accomplish this end. Defendants may consult CCHCS and public health experts regarding whether people who have already recovered from COVID-19 maybe be quarantined together in shared air spaces.

3.  Within seven days of the date of this Order, Defendants shall set aside enough space at each prison for precautionary quarantine pursuant to the Receiver's direction. Precautionary quarantine need not be in solid-door cells.

4.  The space set aside for quarantine and isolation purposes at each prison shall be used consistent with the following direction:

(a) Congregate or shared air living spaces shall not be used for quarantine following exposure but may be used for isolation;

(b) solid-door celled housing shall be prioritized for use for quarantine over isolation; and

(c) Precautionary modified programs may be used in shared air living spaces where there was significant potential but not positive exposure pending appropriate testing of the potential contact.

5. Avenal State Prison, California Rehabilitation Center, Chuckawalla Valley State Prison, Folsom State Prison, and San Quentin State Prison are prisons with relatively few, if any, cells with solid doors. Thus, the people housed in those institutions are particularly at risk. Once quarantine is medically necessary, Defendants must place these people in cells with solid doors, alone where possible and where not possible, with one other person, or use another alternative that satisfies the purposes of a post-exposure quarantine.

6. In recognition of the materially different missions and operations at California Health Care Facility and California Medical Facility, decisions about post-exposure housing at those prisons are committed to the discretion of their medical leadership and the Receiver.

The Court finds that this Order is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

IT IS SO ORDERED.

Dated: December __, 2020            _____

THE HONORABLE JON S. TIGAR
U.S. DISTRICT COURT JUDGE