UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　　Defendants. | Case No. 01-cv-01351-JST<br><br>**ORDER RE: QUARANTINE SPACE**<br><br>Re: ECF No. 3502 |

　　　　Plaintiffs' motion regarding quarantine space, ECF No. 3502, is now under submission. It became clear at today's hearing that the Court would benefit from additional information, including the following:

　　　　1.　　The extent to which each institution has set aside enough cells with solid doors to comply with the Receiver's December 4, 2020 and December 18, 2020 guidance;[1]

　　　　2.　　For those institutions with insufficient cells to comply with the Receiver's guidance, the efforts Defendants have made "to find quarantine alternatives that satisfy the purposes of a post-exposure quarantine," including at the seven institutions identified by the Receiver as lacking sufficient facilities or having a medical mission, ECF No. 3503 at 8;

　　　　3.　　If Plaintiffs contend that the efforts identified in Paragraph 2 are insufficient, the basis for that contention and what more Plaintiffs propose should be done;

　　　　4.　　Whether Defendants refuse to comply or, despite their best efforts, cannot comply with any parts of the Receiver's current guidance, or any modifications to that guidance that might

---

[1] The December 4, 2020 guidance can be found at ECF No. 3503 at 8. The parties' most recent case management statement refers to the Receiver's December 18, 2020 guidance, *see* ECF No. 3520 at 8-9, but that guidance is not yet part of the record. The parties are directed to attach it to their next case management statement.

occur between now and the filing of the parties' January 13, 2021 case management statement; and

     5.     The extent to which changes in science, public health guidance, recommendations from the Receiver, or the state of the pandemic have changed the relief Plaintiffs seek.

Absent informal resolution of Plaintiffs' motion, the parties shall include evidence and argument on the above topics in their January 13, 2021 case management statement.

There are several reasons for the Court's order. First, the Court shares Defendants' concern that any order this Court might issue must be flexible enough to accommodate changing science and health information that, in turn, is likely to result in changing guidance from the Receiver and, perhaps, a modification of any relief requested by Plaintiffs. Second, it is not clear to what extent, if at all, Defendants are refusing to follow the Receiver's guidance or are otherwise not in compliance with it. Third, as both parties acknowledged, there are additional issues remaining for discussion – for example, when an institution should stop being afforded the discretion provided by the Receiver's December 18, 2020 addendum.

If the parties are unable to resolve their disputes, the Court looks forward to further discussion of the issues raised by the motion, and the additional information required by this order, at the January 14, 2021 case management conference.

**IT IS SO ORDERED.**

Dated: December 23, 2020



                            JON S. TIGAR
                         United States District Judge