1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    MARCIANO PLATA, et al.,                    Case No. 01-cv-01351-JST

8              Plaintiffs,

9         v.                                    **ORDER TO SHOW CAUSE RE:
                                                RECEIVER'S RECOMMENDATION
                                                ON MANDATORY VACCINATION**
10   GAVIN NEWSOM, et al.,

11             Defendants.                      Re: ECF No. 3638

12

13        The question of whether COVID-19 vaccinations should be mandatory for CDCR staff has

14   been present in this case since at least February 2021.  *See* ECF No. 3548 at 4-5.  On August 4,

15   2021, the Receiver filed a report and recommendation concluding that:

16            based on the advice of medical and public health professionals,
              including Dr. Joseph Bick, Director of Healthcare Services,
17            California Correctional Health Care Services (CCHCS), that given
              the rapid and ongoing spread of the Delta variant in California,
18            *mandatory COVID-19 vaccination for institutional staff is necessary
              to provide adequate health protection for incarcerated persons*.  Once
19            COVID-19 infection has been introduced into a prison, it is virtually
              impossible to contain, and staff are indisputably a primary vector for
20            introducing into the prison the infection now spreading rapidly in the
              larger community.  Therefore, the only method to ensure adequate
21            protection and care for incarcerated persons is vaccination of all
              persons who can bring infections into the prison. The Receiver also
22            accepts the view of medical and public health professionals that such
              a policy protects the health of staff and the surrounding communities.
23

24   ECF No. 3638 at 5 (emphasis added).  The Receiver recommends "that access by workers to

25   CDCR institutions be limited to those workers who establish proof of vaccination (or have

26   established a religious or medical exemption to vaccination)," and he further recommends "that

27   incarcerated persons who desire to work outside of the institution (e.g., fire camps) or to have

28   in-person visitation must be vaccinated (or establish a religious or medical exemption)."  *Id.* at 2.

1    He has also concluded that "[d]elaying a mandatory vaccination policy until the next wave is upon

2    us will not produce results until it is too late and the worst of the wave is over." *Id.* at 26.

3           On August 5, 2021, the State Public Health Officer issued an order mandating full

4    COVID-19 vaccination for workers in certain health care facilities, including skilled nursing

5    facilities, dialysis centers, hospice facilities, and clinics and doctor offices.  Cal. Dep't of Pub.

6    Health ("CDPH"), *Order of the State Public Health Officer Health Care Worker Vaccine*

7    *Requirement* (Aug. 5, 2021), https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-

8    19/Order-of-the-State-Public-Health-Officer-Health-Care-Worker-Vaccine-Requirement.aspx.

9    The order defines "worker" to include "all paid and unpaid individuals who work in indoor

10   settings where (1) care is provided to patients, or (2) patients have access for any purpose," and to

11   specifically include "persons not directly involved in patient care, but who could be exposed to

12   infectious agents that can be transmitted in the health care setting," including "security."  *Id.*

13          The State Public Health Officer explained that vaccination "is the most effective means of

14   preventing infection with the COVID-19 virus, and subsequent transmission and outbreaks"; that

15   "[r]ecent outbreaks in health care settings have frequently been traced to unvaccinated staff

16   members"; and that he was issuing the order "to reduce the chance of transmission to vulnerable

17   populations."  *Id.*  He also characterized the settings in which vaccines were being mandated as

18   "particularly high-risk settings where COVID-19 outbreaks can have severe consequences for

19   vulnerable populations including hospitalization, severe illness, and death," and explained that

20   "the settings in this order share several features.  There is frequent exposure to staff and highly

21   vulnerable patients, including elderly, chronically ill, critically ill, medically fragile, and disabled

22   patients.  In many of these settings, the patients are at high risk of severe COVID-19 disease due

23   to underlying health conditions, advanced age, or both."  *Id.*

24          These descriptors would appear to apply equally to CDCR prisons, all of which include

25   clinics, and some of which include other health care facilities specifically identified in the order.

26   Perhaps for that reason, the California Correctional Peace Officers' Association ("CCPOA") has

27   indicated that the order, "if legal, would appear to potentially preempt the Receiver's

28   Recommendation."  ECF No. 3644 at 2.  However, CDPH has so far taken the position that the

United States District Court
Northern District of California

2

August 5 order does not apply to "State and Local Correctional Facilities" and has stated its intent

to issue "forthcoming guidance . . . that considers the unique circumstances of health care

integrated into a congregate setting."  CDPH, *FAQ – Health Care Worker Vaccine Requirement*

(Aug. 5, 2021),  https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/FAQ-Health-

Care-Worker-Vaccine-Requirement.aspx.  Thus, the Receiver's recommendations are not moot.

Accordingly, the Court orders the parties to show cause as to why it should not order that

the Receiver's recommendations be implemented.[1]  The Court has reviewed the proposed briefing

schedules submitted by the parties, the Receiver, and CCPOA, ECF Nos. 3642-45, and now orders

as follows:

1.      The parties shall file written responses to this order to show cause no later than

August 23, 2021.  CCPOA may file a response by the same date, with or without seeking

intervention.

2.      Any requests for intervention or permission to file amicus briefs shall be filed by

the same date.  Requests for intervention shall be accompanied by the proposed complaint in

intervention as well as the proposed brief in response to this order to show cause.  Proposed

intervenors shall indicate in their request for intervention whether the parties oppose or support

intervention.  Requests to appear as amicus curiae shall be accompanied by the proposed brief in

response to this order to show cause.

3.      The parties, CCPOA, and any intervenors whose requests to intervene have been

granted may file reply briefs no later than September 3, 2021.  The Receiver may file a reply by

the same deadline.  Unless otherwise ordered, amicus curiae and proposed intervenors whose

requests to intervene are denied may not file reply briefs.

4.      In addition to making any legal arguments, the parties, CCPOA, and any proposed

intervenors must state their opinion on whether they agree or disagree with the public health

conclusions described in the Receiver's report.  If they disagree, they shall support their position

by declarations.  They must also state their position, supported by argument or admissible

---

[1] Nothing in this order precludes the Receiver from implementing his recommendations without a court order if he determines that it is appropriate to do so.

United States District Court
Northern District of California

evidence as appropriate, on whether the rationale behind the State Public Health Officer Order of August 5, 2021, applies to some or all of CDCR's employees.

     5.     The Court tentatively sets this matter for hearing on September 16, 2021, at 2:00 p.m.  This date is subject to change if, for example, the Court concludes that an evidentiary hearing is necessary to explore whether there is any public health basis for rejecting the Receiver's recommendations, particularly in light of the State Public Health Officer's August 5, 2021 order.

     **IT IS SO ORDERED.**

Dated:  August 9, 2021



JON S. TIGAR
United States District Judge