JAMIE L. DUPREE (SBN: 158105)
jdupree@fddcm.com
JAIME G. TOUCHSTONE (SBN: 233187)
jtouchstone@fddcm.com
FUTTERMAN DUPREE DODD CROLEY MAIER LLP
601 Montgomery Street, Suite 333
San Francisco, California 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838

BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
KATHERINE M. FORSTER (State Bar No. 217609)
katherine.forster@mto.com
JACOB S. KREILKAMP (State Bar No. 248210)
jacob.kreilkamp@mto.com
ROBERT E. BOWEN (State Bar. No. 335932)
robert.bowen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Receiver
J. Clark Kelso

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　　Defendants. | Case No. 4:01-cv-01351-JST<br><br>**REPORT OF MEET AND CONFER ON IMPLEMENTATION PLAN (ECF 3705).** |

1      On August 4, 2021, the Receiver submitted a Report to the Court containing a recommendation that the Court order mandatory vaccination for workers who visit institutions and for incarcerated persons with outside contacts. The Receiver made this recommendation in response to the unprecedented challenge COVID-19 has posed to his mission to cure constitutional insufficiencies in the delivery of healthcare in California Department of Corrections and Rehabilitation (CDCR) institutions. On September 27, 2021, the Court found that CDCR was deliberately indifferent to a substantial risk of serious harm to incarcerated persons by failing to act reasonably to control COVID-19 and ordered that the Receiver's recommendation be implemented. ECF No. 3684.

       Twenty-three days after this Court issued its order, implementation has not yet begun. After two weeks of cooperation between CCHCS and CDCR developing the framework for implementing the Court's order, on October 11, 2021, counsel for Defendants informed the Reciever's counsel that Defendants wanted to delay the implementation plan by three weeks. Forster Decl. ¶ 4, Ex. C. The Receiver declined to agree to the delay, and Defendants and the Receiver submitted a joint implementation plan committing to full compliance with this Court's order by November 29, 2021, though Defendants also noted their preference for a later implementation date. Forster Decl. ¶ 6, Ex. C; ECF No. 3694 at 5. Four days later, Defendants suggested to this Court that they were not bound to follow the agreed-upon and submitted timeframe. ECF No. 3703 at 2-3 ("[A]s noted in the implementation plan . . . Defendants and the Receiver disagreed about the appropriate timeframe for implementation. It does not appear that any specific timeframe governs compliance with this Court's September 27 order . . . .").

       After the Court ordered Defendants and the Receiver to meet and confer over this apparent misunderstanding, Defendants indicated during an October 18, 2021 meet and confer that they would not commit to *any* date for implementation. Forster Decl. ¶ 9. Defendants stated that they needed additional time to consult with CDCR's labor relations staff, have them confer with CCHCS labor relations staff, and determine a way to implement this Court's order in compliance with the Dills Act. *Id*. Defendants also asserted, for the first time, that they were unwilling to

implement this Court's order prior to meeting and conferring with bargaining units under the Dills Act. *Id*. They offered two reasons for this position.

First they contended that, despite having filed an implementation plan with this Court committing to compliance by a certain date, there was no specific date by which Defendants were obligated to comply with the Court order. Forster Decl. ¶ 10. *See also* ECF No. 3703 at 3 ("no specific timeframe governs compliance with this Court's September 27 order . . . ."). They further suggested that, in the absence of a Court-ordered deadline, they may have to meet and confer with bargaining units prior to implementation. *Id*.

Second, Defendants suggested that COVID-19 may not currently constitute an emergency permitting implementation prior to bargaining.[1] *Id*.

In that October 18 meet and confer over the timeline for implementation, Defendants also asserted that they need more time in order to have their motion for a stay decided prior to implementation. Forster Decl. ¶ 11. But that motion still has not been filed, more than three weeks after this Court's order. Asked about the timing of that filing, Defendants declined to say any more than that it "may" come this week. *Id*. In any event, whether implementation of the Court's order should be delayed is the precise question that would be posed by Defendants' anticipated motion for a stay. Delaying implementation until Defendants eventually ask this Court for a stay would in effect grant Defendants the relief they state they intend to seek without this Court deciding that a stay is warranted.

At the Receiver's urging, a further meet and confer was scheduled to include the pertinent labor relations staff. Forster Decl. ¶¶ 12, 13. At that conference, Defendants stated definitively that, absent a court order or emergency, they would need to provide notice to the unions and an

---

[1] The Dills Act requires that a government employer meet and confer with all bargaining units about a change within the scope of their representation prior to implementation, except in cases of emergency. Gov. Code § 3516.5. Defendants have the discretion to invoke an emergency exception obviating the need to provide notice and bargain prior to implementation. "In cases of emergency *when the employer determines* that a law, rule, resolution, or regulation must be adopted immediately without prior notice or meeting . . . the administrative officials . . . shall provide such notice and opportunity to meet in confer in good faith at the earliest practical time following the adoption of such law, rule, resolution, or regulation." Gov. Code § 3516.5 (emphasis added).

opportunity to bargain over impacts prior to implementation. *Id*. Defendants reiterated that a court order would allow implementation to begin immediately. *Id*. Defendants also stated that they have not reached a decision on whether they would be willing to invoke the Dills Act's emergency exception. *Id*.

In light of Defendants' statement that they would proceed with the implementation plan of the Court's September 27, 2021 order immediately if this Court ordered implementation on a particular timeline, but that they will not cooperate on implementation prior to bargaining absent this Court ordering a specific timeline, the Receiver is lodging with the Court a Proposed Order that the parties' previously-submitted implementation plan be adopted, with dates slightly modified given the delay that has already occurred, as reflected in the accompanying proposed order.

Any claim that there is no ongoing emergency is strongly contradicted by the facts. In just the last two weeks, there were major outbreaks in California State Prison Corcoran (93 cases); Wasco State Prison (51 cases); High Desert State Prison (23 cases); Centinela State Prison (16 cases); and North Kern State Prison (10 cases).[2] The Governor's Proclamation of a State of Emergency from COVID-19 remains in effect.[3]

As this Court previously found, remedying the ongoing violation of the Eighth Amendment rights of every incarcerated person in CDCR custody, and protecting incarcerated persons from an ongoing public health emergency, is a matter of great urgency warranting the implementation of this Court's prior order. Defendants have made clear that implementation will

//
//
//

---

[2] California Department of Corrections and Rehabilitation, Population COVID-19 Tracking (accessed Oct. 19, 2021), https://www.cdcr.ca.gov/covid19/population-status-tracking/.

[3] *See* Executive Department, State of California, Proclamation of a State of Emergency (Mar. 4, 2020), https://www.gov.ca.gov/wp-content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf.

not proceed in a timely manner absent another order from this Court ordering implementation of the Court's order on a specific timeline.

DATED: October 20, 2021          MUNGER, TOLLES & OLSON LLP

By:   /s/ *Katherine M. Forster*
      KATHERINE M. FORSTER
    Attorneys for Receiver J. Clark Kelso