ANNE M. GIESE, Chief Counsel (SBN 143934)
THERESA C. WITHERSPOON, Assistant Chief Counsel (SBN 227055)
**SERVICE EMPLOYEES INTERNATIONAL UNION, Local 1000**
1808 14th Street
Sacramento, CA 95811
Telephone: (916) 554-1279
Facsimile: (916) 554-1292
agiese@seiu1000.org

Attorneys for Amicus Curiae,
SERVICE EMPLOYEES INTERNATIONAL UNION, Local 1000

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al., | CASE NO. 01-cv-01351-JST |
| Plaintiffs, | AMICUS CURIAE SEIU'S SUBMISSION FOR CASE MANAGEMENT CONFERENCE |
| v. | |
| GAVIN NEWSOM, et al., | Hearing Date: October 28, 2021 |
| Defendants. | Time: 2:00 p.m. |
| | Judge: Hon. Jon S. Tigar |
| | Courtroom: 6 |

Amicus Curiae, Service Employees International Union, Local 1000 ("SEIU"), is the exclusive representative for over 12,000 workers at California Department of Corrections and Rehabilitation ("CDCR") institutions, who will be subject to the vaccination mandate ordered by the Court. The Ralph C. Dills Act (Cal. Govt. Code, §§ 3512 - 3524) (hereinafter "the Dills Act") provides recognized employee organizations with collective bargaining rights on behalf of the employees they represent, including the right to meet and confer "prior to arriving at a determination of policy or course of action." (Cal. Gov. Code, § 3517.) On September 27, 2021, the Court ordered the Receiver and Defendants to implement a mandatory vaccination policy for CDCR institutional staff. However, the Court acknowledged the affected unions' right to meet and confer regarding the policy and left implementation of the policy up to the Receiver and Defendants to work out within the confines of the law. Despite the Receiver's claims of urgency

1

AMICUS CURIAE SEIU'S SUBMISSION FOR CASE MANAGEMENT CONFERENCE
MARCIANO PLATA, et al. v. GAVIN NEWSOM - CASE NO. 01-cv-01351-JST

in an effort to circumvent the Dills Act, no such emergency exists that would permit CDCR to forego its duty to meet and confer with affected unions prior to implementation of the new policy. Thus, SEIU has a direct interest in protecting its represented workers' rights and asserting its collective bargaining rights in regards to the vaccination policy implementation.

### I. CDCR Has An Obligation To Bargain With SEIU Prior To Implementation Under The Ralph C. Dills Act

As stated previously, under the Dills Act and Public Employment Relations Board (PERB) precedent, CDCR has the obligation to negotiate with SEIU over aspects of the mandatory vaccination policy that impact matters within the scope of representation before the policy is actually implemented. (See *Regents of the University of California* PERB Dec. No. 2783-H (2021).) PERB recently held that an employer "was not privileged to implement [a] vaccination policy before completing negotiations over its effects because the [employer] did not meet and confer in good faith prior to implementation". (*Id*. at 3.)

In its September 27, 2021, Order Re: Mandatory Vaccinations, the Court deliberately did not order a specific implementation date, nor did it excuse Defendants from following the law. Rather, the Court implied that in executing implementation of the policy and determining the compliance deadline, the Receiver and Defendants would consider CDCR's duty to meet and confer with affected unions. (See Order Re: Mandatory Vaccinations, p. 21.)

However, the Receiver appears to be pushing for implementation of the policy before CDCR has had the opportunity to fulfill its duty to meet and confer with SEIU and other affected unions. The Receiver's Report of Meet and Confer on Implementation Plan dated October 20, 2021, indicates that CDCR is requesting more time to meet its obligations under the Dills Act and meet and confer with bargaining units prior to implementation of the vaccination policy. (Receiver's Report of Meet and Confer on Implementation Plan, p. 2-3.) Whereas, the Receiver appears to be trying to circumvent the Dills Act by claiming an emergency exists that requires the policy to be implemented without regard for CDCR's obligations under the Dills Act.

SEIU-represented employees are the ones who will be affected by and will suffer the consequences of the vaccination policy. Their rights need to be considered and protected as

well. SEIU has been communicating with CDCR in an attempt to set a meeting regarding the vaccination policy implementation, but a meeting has not been set as of the date of this writing. Thus, SEIU requests that CDCR be permitted to delay implementation in order to fulfill its obligations under the Dills Act and meet and confer with all bargaining units, including those represented by SEIU.

## II. There Is No True Emergency That Would Excuse Defendant's Obligations Under the Dills Act.

In its October 20, 2021, Report of Meet and Confer on Implementation Plan, the Receiver advocates for Defendants to invoke the emergency exception to the Dills Act requirement of meeting and conferring with the exclusive representative(s) of impacted employees before implementation of a policy. However, under PERB precedential decisions, this exception is very narrow. (*County of San Bernardino (Office of the Public Defender)*, PERB Dec. No. 2423-M, p. 54 (2015) ("[U]nder exceptionally limited circumstances, an employer may be excused from negotiating on the basis of true emergency that provides a basis for claiming that a business necessity excused a unilateral change").) To establish an emergency exception, the employer must make "a specific and actual showing of an emergency" that leaves no alternative to the action taken and allows no time for meaningful negotiations before taking action. (*City of Davis*, PERB Dec. No. 2271-M, p. 25 (2012); *Calexico Unified School District*, PERB Dec. No. 357 (1983), adopting proposed decision at p. 20.)

While this Court has ordered the specific action – a vaccine mandate – it left the timing of implementation to the parties. Moreover, the Court explicitly did not excuse Defendant from its duties under the Dills Act. Allowing the parties to propose the timeline makes it possible to build in the time necessary for Defendants to properly notice and meet and confer with SEIU and the unions representing other impacted employees. This meet and confer process is vital to maintaining labor relations generally and is of particular importance during this pandemic, where policies are rapidly changing and leaving employees uncertain of what is expected of them. Invocation of the emergency exception would be inappropriate here because time does allow meaningful negotiation to take place over the impacts of the vaccine mandate before

3

AMICUS CURIAE SEIU'S SUBMISSION FOR CASE MANAGEMENT CONFERENCE
MARCIANO PLATA, et al. v. GAVIN NEWSOM - CASE NO. 01-cv-01351-JST

implementing it.  SEIU agrees with and supports Defendant's efforts to build the time necessary to meet and confer into the proposed implementation plan.

### III.    CONCLUSION

For the foregoing reasons, SEIU continues to advocate for its represented workers and assert its bargaining rights in regards to the implementation of the vaccination policy.  SEIU requests that Defendants be permitted to delay implementation long enough to adequately meet and confer with all affected unions.

Dated: October 26, 2021                                  Respectfully Submitted,

By:     **/S/  Theresa C .Witherspoon**
Theresa C. Witherspoon, Asst. Chief Counsel for SEIU LOCAL 1000
Amicus Curiae

**Certifications**

IT IS HEREBY CERTIFIED THAT:

1. SEIU Local 1000 is not aware of any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities, other than the named parties to the action, to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. (Civil L.R. 3-15(a).)

2. There is no parent or publicly held corporation that owns 10% or more of SEIU Local 1000's stock. (Rule 26.1, Federal Rules of Appellate Procedure, Corporate Disclosure Statement.)

Dated: October 26, 2021          By:     **/S/ Theresa C. Witherspoon**
                                         Theresa C. Witherspoon, Asst. Chief Counsel for
                                         SEIU LOCAL 1000
                                         Amicus Curiae