UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al., | Case No. 01-cv-01351-JST |
| Plaintiffs, | |
| v. | **AMENDED RECEIVERSHIP** |
| | **TRANSITION PLAN ORDER** |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

The following order supersedes the March 10, 2015 Order Modifying Receivership Transition Plan, ECF No. 2841, as previously amended by ECF Nos. 2857 and 3028:

1.     The court experts shall assist the Receiver as requested by the Receiver or directed by the Court.  Defendants shall continue to pay the experts through the Court registry under the existing procedure.

2.     The Receiver and Defendants shall continue to identify and secure appropriate revisions or additions to state law and regulations, as well as to CDCR's Department Operations Manual, that institutionalize the reforms that have been made.  These changes should eliminate, as much as possible, the need for any continued or future waivers of state law while this case remains pending.

3.     The process of revocable delegations of authority as to headquarters and systemwide functions shall continue.  The Receiver shall evaluate on a continuous basis when additional revocable delegations of authority to CDCR are appropriate.

4.     The Receiver shall determine when institutions are suitable for return to CDCR control.  In making that determination, the Receiver shall consider available OIG reports, as well as data from internal monitoring tools.

United States District Court
Northern District of California

a.      If the Receiver determines that an institution is suitable for return to CDCR control, he will execute a revocable delegation of authority to the Secretary of CDCR to take over management of that institution's medical care program.  After delegation, the institution's chief executive officer for healthcare will be ultimately accountable to the Secretary of CDCR instead of to the Receiver.  The Receiver and the Secretary shall jointly determine how delegation will affect intermediate reporting relationships.

b.      A revocable delegation will create a rebuttable presumption that care at the institution has reached a level of constitutional adequacy, subject to the completion of ongoing statewide or institution-specific initiatives to correct systemic deficiencies.

c.      Plaintiffs will maintain the ability to monitor care at the institution, including by conducting monitoring visits and accessing documentary evidence, for a period of one-year following delegation.  Monitoring by Plaintiffs shall cease after one year unless the Receiver revokes the delegation of authority or Plaintiffs bring a successful motion for revocation. However, after Plaintiffs' monitoring has ceased at a particular institution, Plaintiffs shall be able to conduct a site visit, which shall include physical access and relevant documents, upon notice to the parties and the Receiver and upon a determination by the Receiver that good cause exists for each requested site visit.

5.      Prior to executing any delegation of authority, the Receiver shall meet and confer with the parties.

6.      The Receiver shall evaluate regularly, and no less frequently than monthly, whether any delegations should be revoked.  Prior to revoking any delegation of authority, the Receiver shall meet and confer with the parties.

7.      Any party who disagrees with the Receiver's decision to delegate or not delegate, or to revoke or not revoke a previous delegation, may challenge that decision by filing a motion before this Court.  The moving party shall bear the burden of proof.

8.      While the Receiver will gradually take on more of a monitoring function as additional activities and institutions are delegated back to CDCR, transitioning from the Receivership to a special master or monitor would eliminate the revocability of the delegations. Accordingly, while the Receiver will ultimately become a monitor in function, he will remain a

2

receiver and retain his powers over the prison medical care system until this case terminates.

9. Once all headquarters functions and institutions have been revocably delegated to CDCR, the Receiver shall file a notice certifying this fact.

10. Within 30 days of the Receiver's certification, Defendants shall file an updated plan for post-Receivership governance. Plaintiffs must file any motion challenging Defendants' plan no later than 30 days after the plan's filing. The Court encourages the parties to begin meeting and conferring on an appropriate plan as soon as possible to avoid unnecessary litigation.

11. If the Receiver leaves all delegations in place without revocation for a one-year period after certifying that all functions and institutions have been delegated, a rebuttable presumption of constitutional adequacy and sustainability will be created. Plaintiffs must file any motion challenging this presumption within 120 days of the expiration of the one-year period. If no such motion is filed, the parties shall promptly file a stipulation and proposed order terminating the Receivership and this case.

**IT IS SO ORDERED.**

Dated: October 29, 2021



_____
JON S. TIGAR
United States District Judge