FILED

**NOT FOR PUBLICATION**

APR 25 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCIANO PLATA; et al., | No.   21-16696 |
| Plaintiffs-Appellees, | D.C. No. 4:01-cv-01351-JST |
| v. | |
| GAVIN NEWSOM, Governor of the State of California; KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Defendants-Appellants, | |
| _____ | |
| J. CLARK KELSO, | |
| Receiver-Appellee. | |

| | |
|---|---|
| MARCIANO PLATA; et al., | No.   21-16816 |
| Plaintiffs-Appellees, | D.C. No. 4:01-cv-01351-JST |
| v. | |
| CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION, | |

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                 Intervenor-Appellant,

     and


  GAVIN NEWSOM, Governor of the State
 of California; KATHLEEN ALLISON,
 Secretary of the California Department of
 Corrections and Rehabilitation,

          Defendants,

 ------------------------------

 J. CLARK KELSO,

          Receiver-Appellee.
```

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted March 15, 2022
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,** District
Judge.

Defendants and Intervenor appeal the district court's orders adopting, and

setting a deadline to implement, the court-appointed Receiver's recommendation

that California prison officials enact a mandatory COVID-19 vaccination policy

---

** The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

requiring workers who regularly access California Department of Corrections and

Rehabilitation (CDCR) facilities be vaccinated (except in cases of medical or

religious exemptions).  Defendants and Intervenor argue the district court erred by

ruling that CDCR acted with deliberate indifference by failing to require all staff

members to vaccinate, and that the district court failed to narrowly tailor its remedy

pursuant to the Prison Litigation Reform Act (PLRA).  We have jurisdiction

pursuant to 28 U.S.C. § 1292(a)(1), and we vacate the district court's orders.

Because the parties are familiar with the facts, we recite only those necessary to

decide this appeal.

Defendants and Intervenor argue that CDCR did not act with deliberate

indifference by requiring only workers in healthcare settings, and not all prison

workers (subject to exemptions), to be vaccinated statewide.  The parties dispute

whether we review the district court's determination of deliberate indifference de

novo or for abuse of discretion, but we conclude Plaintiffs failed to show deliberate

indifference under either standard.

To establish an Eighth Amendment violation based on a failure to prevent

harm, the inmate must make both an objective showing that he is incarcerated

under conditions posing a substantial risk of serious harm, *Lemire v. Cal. Dep't of

Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013), and a subjective showing

that the defendants demonstrated "'deliberate indifference' to inmate health or

safety," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "Deliberate indifference is

a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

For a successful showing of deliberate indifference, the defendant must provide

medically unacceptable care in conscious disregard of an excessive risk to the

plaintiff's health.  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019)

(quoting *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)).

Disagreements about the best medical course of action do not meet the deliberate

indifference standard, nor does negligence or malpractice.  *Toguchi*, 391 F.3d at

1057–58, 1060; *see also Hamby*, 821 F.3d at 1092 (9th Cir. 2016).

 We conclude that CDCR's COVID-19 vaccination policy was not

deliberately indifferent because the agency took significant action to address the

health risks posed by COVID-19, including making vaccines and booster doses

available to prisoners and correctional staff, enacting policies to encourage and

facilitate staff and prisoner vaccination, requiring staff to wear personal protective

equipment, and ensuring unvaccinated staff members regularly test for COVID-19.

Defendants also employed other widely accepted mitigation measures to reduce the

risk of prisoners contracting COVID-19, including symptom screening for all

individuals entering the prisons; enhanced cleaning in the facilities; adopting an

outbreak action plan; upgrading ventilation; establishing quarantine protocols for

medically vulnerable patients; and testing, masking, and physical distancing among

inmates.  In light of these uncontested facts, Defendants did not ignore or fail to

respond to the risk of COVID-19 generally, nor did they disregard the importance

of vaccination as a key mitigation measure specifically.

Plaintiffs and the Receiver argue Defendants' approach was deliberately

indifferent because: (1) CDCR disregarded the Receiver's conclusion that, "given

the rapid and ongoing spread of the Delta variant in California, *mandatory COVID-*

*19 vaccination for institutional staff is necessary to provide adequate health*

*protection for incarcerated persons*"; and (2)  "[o]nce COVID-19 infection has

been introduced into a prison, it is virtually impossible to contain"; and (3) staff are

the primary vector for introducing the virus to correctional facilities.  Plaintiffs

further argue that a staff vaccination mandate is necessary to protect inmates from

the risks of COVID-19 because CDCR's other mitigation measures are

insufficient—masking and physical distancing are inconsistently enforced in

prison, and testing offers only limited protection.  In support of this position, the

Receiver points to a study showing that full vaccination consistently reduces

household viral spread of the alpha and delta variants of COVID-19.  The Receiver

also notes that, in the absence a full staff vaccination mandate, CDCR experienced

approximately 2.5 times the infection rate of the California general population during the peak of the Omicron variant.

A decision to adopt an approach that is not the most medically efficacious does not itself establish deliberate indifference, *see Toguchi*, 391 F.3d at 1057–58, and the record does not include evidence demonstrating how much more effective a vaccine mandate would be compared to Defendants' existing measures to mitigate the introduction and spread of COVID-19 in a custodial environment, nor is it clear from the record that this is an unquantifiable figure.  Moreover, the Receiver's authority extends to the prison's health care system, not overall prison administration.  Defendants are tasked with meeting non-medical imperatives such as maintaining sufficient staffing to operate the state's correctional institutions safely.  Defendants and Intervenor stress that over 700 correctional officers are currently eligible to retire, and suggest some correctional staff may do so rather than continue to work in the face of a vaccine mandate.  The district court's orders denying Defendants' and Intervenor's motions for stay deemed Defendants' staffing concerns "speculative," but the district court did not make specific findings regarding the total number of correctional personnel, the impact the loss of up to 700 correctional officers would have on CDCR's ability to safely operate the prisons and provide programming, the likelihood that staff eligible to retire

might do so rather than receive vaccinations, nor CDCR's ability to hire replacement staff.  In the absence of such findings, we must defer to the prison's balancing of administrative concerns.  *See Farmer*, 511 U.S. at 845 (concluding courts must give "due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions,'" (quoting *Spain v. Procunier*, 600 F.2d 189, 193 (9th Cir. 1979)); *Helling v. McKinney*, 509 U.S. 25, 37 (1993).  On this record, Plaintiffs did not meet their burden of establishing Defendants' vaccination policy was deliberately indifferent, and we vacate the district court's orders on appeal concluding otherwise.  *See Helling*, 509 U.S. at 306 (holding that deliberate indifference "should be determined in light of the prison authorities' current attitudes and conduct").  We need not address Defendants' and Intervenor's argument that the district court's remedy was overbroad.  *See* 18 U.S.C. § 3626(a)(1)(A).[1]

**VACATED.**

---

[1]     The American College of Correctional Physicians' motion for leave to file an amicus brief (No. 21-16996, Dkt. #50) is granted.  *See* Fed. R. App. P. 29(a).