# Exhibit C

 

# MEMORANDUM

Date         :   October 7, 2022

To           :   Alison Hardy, Prison Law Office

Subject      :   **PRISON LAW OFFICE NON-PARAGRAPH 7 CONCERN RELATING TO CCHCS' RELEASE OF PHI TO BPH**

California Correctional Health Care Services (CCHCS) providing the italicized information below in response to your email inquiry dated August 30, 2022.

1. Given HCDOM 2.21(a), what specific CCHCS policy provision or other law permits or requires CCHCS to Disclose patients' Personal Health Information (PHI), without their consent, to the Board of Parole Hearing (BPH)?

   *The authority to disclose personal health information (PHI) to the Board of Parole Hearings (BPH) is based on the California Code of Regulations (CCR), Title 15, Section 3370 and Federal and State law. Both the Health Information Portability and Accountability Act (HIPAA) and California's Confidentiality of Medical Information Act (CMIA) provide for disclosure of PHI when required by law. In addition, California Civil Code Section 56.10(b)(2) requires disclosure to "a board, commission, or administrative agency for purposes of adjudication pursuant to its lawful authority."*

   *Under CCR, Title 15, Sections 2240 and 2281 and California Penal Code Sections 2962 and 3055, BPH is required to consider all relevant and reliable information in evaluating whether an inmate presents a threat to public safety, including pertinent medical and mental health care factors as part of a comprehensive risk assessment when determining an inmate's suitability for parole.*

2. Is CCHCS' disclosure of patients' substance use disorder treatment records and information consistent with 42 C.F.R. part 2, 2.13? If you believe it is, please explain.

   *The disclosure of CCHCS' Substance Use Disorder (SUD) treatment records is subject to the protections of HIPAA and CMIA, not Title 42 of the Code of Federal Regulations (CFR),. Part 2, Section 2.13. The confidentiality protections afforded SUD records under 42 C.F.R. Part 2 apply only to records generated by a "Part 2 program" as defined in the regulations. The Medication Assisted Treatment provided by CCHCS is integrated into the general medical delivery system. It is not a stand-alone program providing alcohol or drug abuse diagnosis, treatment, or referral as defined by the CFR.*

3. Were the rejections of ▓▓▓▓▓▓▓▓▓▓ 602-HC, Health Care Grievance, appropriate? Please provide a detailed explanation as to whether the rejection was warranted or not and the reasons behind your answer.

   *▓▓▓▓▓▓▓▓▓▓ health care grievance was inappropriately rejected, as the release of PHI is under CCHCS' jurisdiction. CCHCS headquarters will direct California Correctional Institution (CCI) to*

# MEMORANDUM

Re: CCHCS' Release of PHI to BPH

*process the health care grievance and provide an Institutional Level Response to ▇▇▇▇▇▇▇▇. Pursuant to CCR, Title 15, Section 3999.230(k), CCI will have 30 calendar days to complete this action.*

Thank you.

cc:     Clark Kelso, Receiver
        Directors, CCHCS
        CCHCS Office of Legal Affairs
        Office of Legal Affairs, CDCR
        Office of the Attorney General
        Hanson Bridgett, LLP
        Jackie Clark, Deputy Director, Institution Operations, CCHCS
        DeAnna Gouldy, Deputy Director, Policy and Risk Management Services, CCHCS
        Robin Hart, Associate Director, Risk Management Branch, CCHCS
        Kristine Martin, Chief (A), Health Care Correspondence and Appeals Branch, CCHCS